# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERRY CAPITAL LLC**, *et al.*,  Plaintiffs,  v.  **JACOB J. LEW**, *et al.*,  Defendants. | Civil Action No. 13-cv-1025 (RLW) |
| **FAIRHOLME FUNDS, INC.**, *et al.*,  Plaintiffs,  v.  **FEDERAL HOUSING FINANCE AGENCY**, *et al.*,  Defendants. | Civil Action No. 13-cv-1053 (RLW) |
| **MARY MEIYA LIAO**, *et al.*,  Plaintiffs,  v.  **JACOB J. LEW**, *et al.*,  Defendants. | Civil Action No. 13-cv-1094 (RLW) |
| **JOSEPH CACCIAPELLE**, *et al.*,  Plaintiffs,  v.  **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, *et al.*,  Defendants. | Civil Action No. 13-cv-1149 (RLW) |

| | |
|---|---|
| **AMERICAN EUROPEAN INSURANCE COMPANY**,<br><br>   Plaintiff,<br><br>   v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, *et al.*,<br><br>   Defendants. | Civil Action No. 13-cv-1169 (RLW) |
| **JOHN CANE**, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>**FEDERAL HOUSING FINANCE AGENCY**, *et al.*,<br><br>   Defendants. | Civil Action No. 13-cv-1184 (RLW) |
| **FRANCIS J. DENNIS**, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>**FEDERAL HOUSING FINANCE AGENCY**, *et al.*,<br><br>   Defendants. | Civil Action No. 13-cv-1208 (RLW) |
| **MARNEU HOLDINGS CO.**, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>**FEDERAL HOUSING FINANCE AGENCY,** *et al.*,<br><br>   Defendants. | Civil Action No. 13-cv-1421 (RLW) |

| | |
|---|---|
| **ARROWOOD INDEMNITY COMPANY,** *et al.*, <br><br>             Plaintiffs, <br><br> v. <br><br> **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** *et al.*, <br><br>             Defendants. | Civil Action No. 13-cv-1439 (RLW) |
| **BARRY P. BORODKIN**, *et al.*, <br><br>             Plaintiffs, <br><br> v. <br><br> **FEDERAL HOUSING FINANCE AGENCY**, *et al.*, <br><br>             Defendants. | Civil Action No. 13-cv-1443 (RLW) |

**PRELIMINARY CASE MANAGEMENT ORDER No. 1**
**IN THE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE**
**AGREEMENT LITIGATIONS**

On July 7, 2013, an investment manager filed a complaint in this court against a number of parties, including the Department of the Treasury ("Treasury") and the Federal Housing Finance Agency ("FHFA"), in its capacity as the conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"). *Perry Capital LLC v. Lew*, 13-cv-1025. The plaintiff in that case manages investment funds that own junior preferred stock and common stock in both Fannie Mae and Freddie Mac, and the complaint challenges the lawfulness of an August 17, 2012 agreement between Treasury

3

and FHFA concerning senior preferred stock in Fannie Mae and Freddie Mac that is owned by Treasury.  *Id.*, Dkt. No. 1 ¶ 23.  Specifically, the complaint alleges that the August 17, 2012 agreement, known as the "Third Amendment" to the preferred stock purchase agreements ("PSPAs"), "fundamentally and unfairly alters the structure and nature" of the senior preferred stock owned by Treasury, "impermissibly destroys value" in the junior preferred and common stock owned by the plaintiff's funds, and "illegally begins to liquidate" Fannie Mae and Freddie Mac.  *Id*. at p. 2.  The action seeks review of the defendants' actions in adopting the Third Amendment, pursuant to the Administrative Procedure Act (5 U.S.C. §§ 551-559, 701-706) (the "APA") and the Housing and Economic Recovery Act of 2008, 12 U.S.C. §§ 1455, 1719, 4617 ("HERA"), and it seeks declaratory and injunctive relief, as well as costs and attorneys' fees.  *Id*. ¶ 95.

Subsequently, nine additional cases have been filed in this court against FHFA and/or Treasury, Fannie Mae and Freddie Mac – all challenging the legality of the Third Amendment to the PSPAs.  Because those cases are "related" to the *Perry Capital* case within the meaning of LCvR. 40.5, each of those subsequent cases has been assigned to this Court.  These ten cases appear in the combined caption above, but for ease of reference, they are listed below:

1. *Perry Capital LLC* v. Lew, 13-cv-1025
2. *Fairholme Funds, Inc. v. FHFA*, 13-cv-1053
3. *Liao v. Lew*, 13-cv-1094
4. *Cacciapelle v. FNMA*, 13-cv-1149
5. *Am. European Ins. Co. v. FNMA*, 13-cv-1169
6. *Cane v. FHFA*, 13-cv-1184

4

    7. *Dennis v. FHFA*, 13-cv-1208

    8. *Marneu Holdings Co. v. FHFA*, 13-cv-1421

    9. *Arrowood Indemnity Co. v. FNMA*, 13-cv-1439

   10. *Borodkin v. FNMA*, 13-cv-1443

While there are many similarities between the cases, and they all appear to arise from a common set of facts, there are also differences. Some of the subsequent cases are brought only on behalf of holders of junior preferred stock, while others are brought on behalf of holders of both junior preferred stock and common stock. Some of the subsequent cases have been filed as putative class actions, and some have not. All of the subsequent cases appear to seek damages, rather than solely declaratory and equitable relief as in the *Perry Capital* case. Some of the subsequent cases have asserted a variety of common law claims in addition to those under the APA, such as claims for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Some of the subsequent cases have no APA claims at all. A couple of the subsequent cases also include constitutional claims brought under the Takings Clause, and the Court notes that several cases challenging the Third Amendment to the PSPAs and raising takings claims are currently pending in the Court of Federal Claims (with some overlap in plaintiffs and counsel in the cases before that court and in this Court).

A fundamental duty of this Court is "to secure the just, speedy and inexpensive determination" of these lawsuits. Fed. R. Civ. P. 1. Where matters pending before the Court "involve common question[s] of law or fact", the Court may "join for hearing or trial" those common questions, formally "consolidate" the lawsuits, or "issue any other orders to avoid

5

unnecessary cost or delay." Fed. R. Civ. P. 42(a). Because of the overlap of issues, common facts, and complexity of these ten cases, the Court stayed all proceedings in them while it seeks to determine whether, and if so, to what extent, consolidation, coordination or any other "special procedures," Fed. R. Civ. P. 16(c)(2)(L), should be employed to manage these cases efficiently and fairly going forward.

The Court would like input from the parties to assist in this determination. Specifically, the Court orders the parties to meet and confer on the following issues:

A. What common issues of fact exist between all of the cases, or subsets of the cases.

B. What common issues of law exist between all of the cases, or subsets of the cases.

C. Whether the proposed case management and briefing schedule developed by the parties for the APA claims in *Perry Capital LLC* v. Lew, 13-cv-1025 (see Dkt. No. 20) can and should be adopted (as is or as modified) for any or all of the other cases raising APA claims.

D. Whether consolidation of any or all of the cases, the filing of a consolidated multi-plaintiff complaint, and/or the filing of a consolidated class action complaint is necessary or beneficial at this juncture or, alternatively, whether the briefing, argument and decision of any common legal questions that will be raised in anticipated motions to dismiss and/or for summary judgment could occur efficiently (and jointly, where possible) through some form of coordination short of formal consolidation of any or all of the cases.

E. Whether it is necessary or beneficial to appoint interim lead or liaison plaintiffs' counsel in the putative class action cases at this time.

    F.  Whether the Court should defer consideration of any takings claims pending action by the Court of Federal Claims, and if not, how those claims and the cases raising them should be handled.

    G.  Whether there are any issues, in addition to those listed above, that the Court should examine or decide at this juncture.

The Court directs plaintiffs' counsel in the *Perry Capital* case to take the lead role in organizing the meeting and conferring among the plaintiffs' counsel in these ten cases, and that process should commence immediately.

It appears that the defendants in all of these ten cases are represented by the same group of lawyers, thereby making things easier, but among the defense counsel are lawyers from the Department of Justice, which has been affected by furloughs due to the shutdown of the federal government. The Court cannot and will not order government lawyers to work while on furlough, so the Court directs private defense counsel and non-furloughed Justice Department lawyers to begin the process of meeting and conferring among themselves on these issues immediately.

The Court directs that counsel for the plaintiffs and defendants convene at least one joint meeting in person and/or by videoconference or telephone conference no later than October 30, 2013 to discuss the issues in this Order. The Court will leave it to the parties to decide whether and how to exchange any written ideas or proposals prior to the initial meeting. The Court directs plaintiff's counsel in the *Perry Capital* case and private counsel for defendant FHFA to take the lead in coordinating the meetings between and among counsel for the parties, and to take the lead in filing a Joint Status Report no later than November 6, 2013, outlining in detail, with

explanation where necessary, the positions of all of the parties on the issues specified above. The Joint Status Report shall be filed in all ten pending cases using the combined caption appearing on this Order. All parties shall appear for a status hearing in this matter on November 12, 2013 at 2:00 pm to discuss the issues specified in this Order. Other than this Joint Status Report, all briefing (including responses to pending motions) and obligations to answer, or otherwise respond to complaints, are still stayed until further notice of the Court.

The just and efficient resolution of this litigation will depend, in large measure, on the way you as attorneys comport yourselves and overcome the temptations and trepidations inherent in cases of this magnitude. The *Manual for Complex Litigation*, 4th recognizes that judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, the added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court. The Court expects, indeed insists, that professionalism and courteous cooperation permeate this proceeding from now until this litigation concludes. Failure to heed this admonition will most assuredly inure to your detriment.

**SO ORDERED.**
October 9, 2013

_____
Robert L. Wilkins
United States District Judge