# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERRY CAPITAL LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>JACOB J. LEW, *et al.*,<br><br>        Defendants. | Civil Action No. 13-cv-1025 (RLW)<br><br>**JOINT STATUS REPORT IN RESPONSE TO PRELIMINARY CASE MANAGEMENT ORDER NO. 1 IN THE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT LITIGATIONS** |
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>       Defendants. | Civil Action No. 13-cv-1053 (RLW) |
| MARY MEIYA LIAO,<br><br>        Plaintiff,<br><br>   v.<br><br>JACOB J. LEW, *et al.*,<br><br>       Defendants. | Civil Action No. 13-cv-1094 (RLW) |
| JOSEPH CACCIAPELLE, *et al.*<br><br>        Plaintiffs,<br><br>   v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,<br><br>       Defendants. | Civil Action No. 13-cv-1149 (RLW) |

Case 1:13-cv-01053-RCL   Document 20   Filed 11/06/13   Page 2 of 15

| | |
|---|---|
| AMERICAN EUROPEAN INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,<br><br>        Defendants. | Civil Action No. 13-cv-1169 (RLW) |
| JOHN CANE,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>        Defendants. | Civil Action No. 13-cv-1184 (RLW) |
| FRANCIS J. DENNIS,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>        Defendants. | Civil Action No. 13-cv-1208 (RLW) |
| MARNEU HOLDINGS COMPANY, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>        Defendants. | Civil Action No. 13-cv-1421 (RLW) |

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,<br><br>                    Defendants. | Civil Action No. 13-cv-1439 (RLW) |
| BARRY P. BORODKIN, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>                    Defendants. | Civil Action No. 13-cv-1443 (RLW) |

**JOINT STATUS REPORT
IN RESPONSE TO PRELIMINARY CASE MANAGEMENT ORDER NO. 1
IN THE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE
AGREEMENT LITIGATIONS**

On October 9, 2013, the Court issued Preliminary Case Management Order No. 1 in the above-captioned cases, which directed the parties to confer on various issues and to file a Joint Status Report by November 6, 2013, setting forth their positions on several issues. The parties have met and conferred as directed, and have agreed on a framework for proceeding with these matters. The parties submit this Joint Status Report to the Court.

**A.** Plaintiffs in the seven cases styled as class actions (*Liao*, *Cacciapelle*, *American European Insurance Co.*, *Cane*, *Dennis*, *Marneu Holdings Co.*, and *Borodkin*) have agreed that consolidation of those cases is appropriate and propose to file a consolidated class action complaint that will assert common law claims (breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty), and Takings Clause claims that do not

exceed $10,000, measured per class member. The consolidated class action complaint will not assert claims under the Administrative Procedure Act ("APA") and will not add new causes of action. The filing of the consolidated class action complaint is not intended to waive any rights putative class members may have and the putative class reserves all rights. Counsel in the seven putative class actions have also stipulated, after multiple discussions among counsel, to the appointment of Boies, Schiller & Flexner LLP (*Cacciapelle*), Kessler Topaz Meltzer & Cheek, LLP (*Cacciapelle*), Grant & Eisenhofer P.A. (*Dennis* and *Marneu*), and Bernstein Litowitz Berger & Grossman LLP (*Cane*) as interim co-lead class counsel. Counsel for the parties in each of the putative class actions respectfully submit for the Court's approval the attached Stipulation And Proposed Consolidation Order, which reflects the foregoing agreements and would resolve the need for separate briefing in each class action case. *See* Exhibit A.

  **B.** All parties support consolidation of the class actions. Plaintiffs in the three cases not styled as class actions (*Perry Capital*, *Fairholme*, and *Arrowood*) do not believe it is necessary or appropriate to consolidate the remaining cases. Defendants do not believe consolidation of the remaining cases is required, so long as all of the cases are coordinated for briefing purposes.

  **C.** As a result of consolidation, the number of cases before the Court would be reduced from ten to four. The four cases would fall into three categories: one case pursuing common law claims and Takings Clause claims (the consolidated class action), two cases pursuing both common law claims and APA claims (*Fairholme* and *Arrowood*), and one case pursuing only APA claims (*Perry Capital*).

  **D.** Plaintiffs in the anticipated consolidated class action propose to hold Takings Clause claims before this Court in abeyance pending adjudication of the class action Takings Clause litigation now pending before the Court of Federal Claims, provided that they have a meaningful

opportunity to participate in any discovery taken in those class action cases and a meaningful opportunity to provide substantive comments to drafts of any briefs and other argument by plaintiffs in those class action cases regarding dispositive motions. These conditions are likely to be satisfied (and effectuated) in light of the overlap between counsel in the consolidated class action and several of the cases styled as class actions pending before the Court of Federal Claims, most of which have been consolidated. In particular, the class actions challenging "the August 2012 Third Amendment" have been consolidated. An additional class action challenging "the September 2008 conservatorship" has been coordinated with the consolidated class action challenging the Third Amendment. *See* Order 1-2, *Cacciapelle v. United States*, No. 13-465 (Ct. Fed. Cl. Oct. 29, 2013), ECF No. 18.

Defendants are unable to take a position at this time, in advance of a review of the forthcoming consolidated class complaint, as to whether any Takings Clause claims asserted in that complaint should be deferred pending action in the Court of Federal Claims. Defendants reserve the right to move to dismiss any such claims. Defendants do not concede that plaintiffs would be entitled to discovery, in this Court or in the Court of Federal Claims, on any such claims.

**E.** All parties agree that initial motions with respect to all claims in all cases should be briefed and argued on the same schedule. The parties have agreed to the following schedule:

| | |
|---|---|
| Interim co-lead class counsel file a consolidated class action complaint. | December 3, 2013 |
| Defendants file the administrative record | December 17, 2013 |
| Defendants file dispositive motions | January 17, 2014 |
| Plaintiffs file oppositions to defendants' motions and cross-motions | February 19, 2014 |

3

| | |
|---|---|
| Defendants file replies in support of their motions and oppositions to plaintiffs' cross-motions | April 2, 2014 |
| Plaintiffs file replies in support of their cross-motions | May 2, 2014 |

This schedule is without prejudice to parties' rights to oppose any summary judgment motions under Federal Rule of Civil Procedure 56(d), in whole or in part, on the ground that further factual development is needed. Defendants FHFA and DeMarco maintain that they are not required to file an administrative record in these circumstances, wherein the conduct at issue concerns actions allegedly taken by FHFA in its conservatorship capacity. Defendants FHFA and DeMarco do, however, intend to file an administrative record or to provide equivalent materials explaining the rationale for their actions.

**F.** The parties respectfully submit for the Court's approval the attached Proposed Order Regarding Briefing Schedule In All Cases, which reflects the schedule set forth above. *See* Exhibit B.

In addition to the above, the parties provide the following responses to the Order:

**1. What common issues of fact exist between all of the cases or subsets of the cases?**

The APA claims are very likely to be resolved through cross-motions and will likely turn on undisputed facts that are generally common to all cases. The common law claims and Takings Clause claims may or may not involve disputed facts. Further, as noted above, if the Court determines that the Takings Clause claims should not be dismissed, the Court may choose to hold in abeyance the Takings Clause claims in the anticipated consolidated class action pending adjudication by the Court of Federal Claims.

Plaintiffs believe that all claims will depend, to some extent on the following issues of fact:

- the justifications given by the Federal Housing Finance Agency ("FHFA") to place Fannie Mae and Freddie Mac into conservatorship;
- the financial status and outlook of Fannie Mae and Freddie Mac at various times between 2008 and the present;
- the terms of various investment vehicles
- the nature of and circumstances surrounding Treasury's investments in Fannie Mae and Freddie Mac between 2008 and the present;
- how, when, under what circumstances, and for what reasons Treasury and the FHFA agreed to allow Treasury to make those investments; and
- how, when, under what circumstances, and for what reasons Treasury and the FHFA agreed to change the terms of the agreements governing those investments, including through execution of the Third Amendment in August 2012.

Plaintiffs believe the various claims raise distinct factual questions as well. For example, common law claims (the consolidated class action, *Fairholme*, and *Arrowood*) and claims under the Takings Clause (the consolidated class action) may turn on the effects of defendants' conduct on various securities offered by Fannie Mae and Freddie Mac and held by one or more groups of plaintiffs, whereas resolution of such questions is likely to be unnecessary with respect to APA claims (*Perry Capital*, *Fairholme*, and *Arrowood*).

Defendants believe that any issues of fact relate to the execution of the Senior Preferred Stock Purchase Agreements ("SPSAs") in September 2008, and the execution of the Third Amendment to the SPSAs in August 2012. Treasury contends that any issues of fact would be determined on the basis of the record review principles of the Administrative Procedure Act.

**2. What common issues of law exist between all cases, or subsets of cases?**

As described above, the consolidated class action, *Fairholme*, and *Arrowood* all pursue similar theories under common law causes of action, namely breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty. *Perry Capital*, *Fairholme*, and *Arrowood* all pursue similar theories under the APA. Plaintiffs contend that

there is minimal overlap between the issues of law raised by the common law causes of action and the APA claims, and thus minimal overlap between the consolidated class action and *Perry Capital*. Further, certain of the legal questions that must be addressed to resolve the Takings Clause claims are largely distinct from those that underlie the common law claims and the APA claims, and as noted above, that claim may be held in abeyance pending action by the Court of Federal Claims.

Defendants contend that the following issues of law, among possible others, are implicated by each of the cases:

- Whether plaintiffs have standing to challenge the Third Amendment to the Senior Preferred Stock Purchase Agreement;
- Whether plaintiffs' claims are barred under 12 U.S.C. § 4617, including but not limited to 12 U.S.C. § 4617(f), which provides that "no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator";
- With respect to claims asserted under the APA, whether defendants acted arbitrarily and capriciously, or otherwise not in accordance with law;
- With respect to common law and contractual claims, whether defendants are subject to such claims, and, if so, whether they breached any common law or contractual duties owed to plaintiffs; and
- With respect to Takings Clause claims, whether this Court has jurisdiction over such claims.

**3. Should the proposed case management and briefing schedule developed by the parties for the APA claims in *Perry Capital LLC v. Lew*, 13-cv-1025 (*see* Dkt. No. 20) be adopted (as is or as modified) for any or all of the other cases raising APA claims?**

As described above, all parties agree that motions with respect to all claims should initially be briefed and argued on the same schedule. The schedule outlined above and set forth in Exhibit B is a modified version of the schedule developed by the parties in *Perry Capital* in which the dates are advanced by approximately 60 days.

**4. Should the court order that any or all of the cases be consolidated, that the parties file a multi-plaintiff complaint, and/or that the cases styled as class actions file a consolidated class action complaint or, alternatively, should the court order that briefing, argument and decision of any common legal questions be accomplished through some form of coordination short of formal consolidation?**

As discussed above and as set forth on Exhibit A, the parties believe that the putative class actions should be consolidated and that a consolidated class action complaint should be filed on or before December 3, 2013.  The parties further believe that the four cases remaining after that step is accomplished should not be formally consolidated, but that they proceed through coordinated briefing of motions and cross-motions with respect to all claims.

**5. Is it necessary or beneficial to appoint interim lead or liaison plaintiffs' counsel in the putative class action cases at this time?**

As discussed above and as set forth in Exhibit A, the parties to the putative class actions have stipulated to the appointment of interim co-lead class counsel.  Defendants reserve the right to oppose any later motion for class certification.

**6. Should the Court defer consideration of any Takings Clause Claims pending action by the Court of Federal Claims, and if not, how should those claims be handled?**

As discussed above, plaintiffs in the anticipated consolidated class action believe the Court should hold their Takings Clause claims in abeyance pending action by the Court of Federal Claims, provided that they are able to meaningfully participate in discovery and dispositive briefing in those cases.  Defendants are unable to take a position at this time, in advance of a review of the forthcoming consolidated class complaint, as to whether any Takings Clause claims asserted in that complaint should be deferred pending action in the Court of

Federal Claims. Defendants reserve the right to move to dismiss any such claims. Defendants do not concede that plaintiffs would be entitled to discovery, in this Court or in the Court of Federal Claims, on any such claims.

**7. Are there other issues that the Court should examine at this time?**

The parties do not believe that the Court needs to examine any other issues at this time.

Respectfully submitted,

/s/ Theodore B. Olson
THEODORE B. OLSON, SBN 367456
tolson@gibsondunn.com
DOUGLAS R. COX, SBN 459668
dcox@gibsondunn.com
MATTHEW D. MCGILL, SBN 481430
mmcGill@gibsondunn.com
NIKESH JINDAL, SBN 492008
njindal@gibsondunn.com
DEREK S. LYONS, SBN 995720
dlyons@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Perry Capital LLC*

/s/ Charles J. Cooper
CHARLES J. COOPER, SBN 248070
ccooper@cooperkirk.com
VINCENT J. COLATRIANO, SBN 429562
vcolatriano@cooperkirk.com
DAVID H. THOMPSON, SBN 450503
dthompson@cooperkirk.com
PETER A. PATTERSON, SBN 998668
ppatterson@cooperkirk.com

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.

/s/ Joel McElvain
JOEL MCELVAIN
joel.mcelvain@usdoj.gov

THOMAS DAVID ZIMPLEMAN
thomas.d.zimpleman@usdoj.gov

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Telephone:  202.514.2988
Facsimile:  202.616.8460

*Attorneys for the Department of the Treasury*

/s/ Asim Varma
ASIM VARMA
asim.varma@aporter.com
HOWARD N. CAYNE
howard.cayne@aporter.com
DAVID B. BERGMAN
david.bergman@aporter.com

ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C.  20004
Telephone:  202.942.5000
Facsimile:  202.942.5999

*Attorneys for the Federal Housing Finance Agency*

Washington, D.C. 20036
Telephone: 202.220.9600
Facsimile: 202.220.9601

*Attorneys for Fairholme Funds, Inc., et al.*

/s/ Michael G. McClellan
MICHAEL G. MCLELLAN , SBN 489217
mmclellan@finkelsteinthompson.com

FINKELSTEIN THOMPSON LLP
1077 30th Street, N.W., Suite 150
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

REUBEN A. GUTTMAN , SBN 414781
rguttman@gelaw.com

GRANT & EISENHOFER, P.A.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: 202.386.9500
Facsimile: 202.386.9505

EX KANO S. SAMS, II
esams@glancylaw.com

GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310.201.9150
Facsimile: 310.201.9160

*Attorneys for Mary Meiya Liao*

/s/ Hamish P.M. Hume
HAMISH P.M. HUME, SBN 449914
hhume@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: 202.237.2727
Facsimile: 202.237.6131

LEE D. RUDY
lrudy@ktmc.com

/s/ Paul Clement
PAUL CLEMENT
pclement@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W., Suite 470
Washington, D.C. 20036
Telephone: 202.234.0090
Facsimile: 202.234.2806

*Attorneys for the Federal National Mortgage Association*

/s/ Michael Joseph Ciatti
MICHAEL JOSEPH CIATTI
mciatti@kslaw.com
GRACIELA MARIA RODRIGUEZ
gmrodriguez@kslaw.com

KING & SPALDING, LLP
1700 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Telephone: 202.626.5508
Facsimile: 202.626.3737

*Attorneys for the Federal Home Loan Mortgage Corp.*

9

ERIC L. ZAGAR
ezagar@ktmc.com
MATTHEW A. GOLDSTEIN
mgoldstein@ktmc.com

KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610.667.7706
Facsimile: 610.667.7056

*Attorneys for Joseph Cacciapalle, et al.*

/s/ Michael G. McClellan
MICHAEL G. MCLELLAN, SBN 489217
mmclellan@finkelsteinthompson.com

FINKELSTEIN THOMPSON LLP
1077 30th Street, N.W., Suite 150
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

JEREMY A. LIEBERMAN
jalieberman@pomlaw.com
LESLEY F. PORTNOY
lfportnoy@pomlaw.com

POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212.661.1100
Facsimile: 212.661.8665

PATRICK V. DAHLSTROM
pdahlstrom@pomlaw.com

POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

REUBEN A. GUTTMAN, SBN 414781
rguttman@gelaw.com

GRANT & EISENHOFER, P.A.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: 202.386.9500
Facsimile: 202.386.9505

*Attorneys for American European Insurance Company* and *Marneu Holdings Co., et al.*

/s/ David L. Wales
DAVID L. WALES, SBN 417440
dwales@blbglaw.com

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212.554.1409
Facsimile: 212.554.1444

BLAIR A. NICHOLAS
blairn@blbglaw.com
DAVID R. KAPLAN
davidk@blbglaw.com

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

*Attorneys for John Cane*

/s/ Ruben A. Guttman
REUBEN A. GUTTMAN, SBN 414781
rguttman@gelaw.com

GRANT & EISENHOFER, P.A.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: 202.386.9500
Facsimile: 202.386.9505

GEOFFREY C. JARVIS
gjarvis@gelaw.com

GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE  19801
Telephone:  302.622.7000
Facsimile:  302.622.7100

*Attorneys for Francis J. Dennis*

/s/ Drew W. Marrocco
DREW W. MARROCCO, SBN 453205
drew.marrocco@dentons.com

DENTONS US LLP
1301 K Street, N.W., Suite 600, East Tower
Washington, D.C.  20005
Telephone:  202.408.6400
Facsimile:  202.408.6399

MICHAEL H. BARR
Michael.barr@dentons.com
RICHARD M. ZUCKERMAN
richard.zuckerman@dentons.com
SANDRA HAUSER
sandra.houser@dentons.com

DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone:  212.768.6700
Facsimile:  212.768.6800

*Attorneys for Arrowood Indemnity Co., et al.*

/s/ Barbara J. Hart
BARBARA J. HART (admitted *pro hac vice*)
bhart@lowey.com
THOMAS M. SKELTON (admitted *pro hac vice*)
tskelton@lowey.com

LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway, Suite 509
White Plains, NY  10601
Telephone:  212.997.0500
Facsimile:  212.997.0035

CRAIG L. BRISKIN, SBN 980841
cbriksin@findjustice.com

MEHRI & SKALET, PLLC
1250 Connecticut Avenue, N.W., Suite 300
Washington, D.C.  20036
Telephone:  202.822.5100
Facsimile:  202.822.4997

*Attorneys for Barry P. Borodkin, et al.*