# EXHIBIT 4
# No. 13-cv-1053-RCL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) No. 13-cv-1053-RCL |
| THE FEDERAL HOUSING FINANCE AGENCY, *et al.*, | ) |
| *Defendants*. | ) |

**DECLARATION OF VINCENT J. COLATRIANO IN SUPPORT OF PLAINTIFFS' MOTION FOR SUPPLEMENTATION OF THE ADMINISTRATIVE RECORDS, FOR LIMITED DISCOVERY, FOR SUSPENSION OF BRIEFING ON DEFENDANTS' DISPOSITIVE MOTIONS, AND FOR A STATUS CONFERENCE**

Pursuant to 28 U.S.C. § 1746, I, Vincent J. Colatriano, declare and state as follows:

1. I am an attorney for the Plaintiffs in this action and make this declaration supporting Plaintiffs' motion, filed this date, for (1) supplementation of the administrative record submissions produced by both sets of Defendants; (2) limited discovery into the completeness of the administrative records produced by Defendants; (3) discovery, pursuant to Fed. R. Civ. P. 56(d), necessary to allow Plaintiffs to present facts essential to their opposition to the FHFA Defendants' motion for summary judgment on Plaintiffs' claim for breach of fiduciary duty; and (4) suspension of briefing on Defendants' dispositive motions until such supplementation of the records and limited discovery is completed.

2. Plaintiffs Fairholme Funds, Inc., *et al.*, are owners of non-cumulative preferred stock issued by the Federal National Mortgage Association ("Fannie") and the Federal Home Loan Mortgage Corporation ("Freddie") (collectively, the "Companies" or the "Enterprises").

1

The Defendants are the Department of Treasury ("Treasury"), the Federal Housing Finance Administration ("FHFA") in its capacity as conservator for Fannie and Freddie, and the FHFA's Director.

3. The above-captioned matter was commenced on July 10, 2013, when Plaintiffs filed their complaint in this action.

4. The complaint challenges Defendants' actions in instituting and giving effect to an amendment (the "Third Amendment"), to preferred stock purchase agreements ("PSPAs") between Treasury and the FHFA, that effectively seeks to transfer to Treasury the entire positive net worth of Fannie and Freddie and thus effectively confiscate the value of Plaintiffs' shares of preferred stock. Plaintiffs allege that this so-called "Net Worth Sweep," pursuant to which the FHFA, as conservator for Fannie and Freddie, has already transferred tens of billions of dollars from the Enterprises into Treasury, is beyond the statutory authority of both the FHFA and Treasury, and is otherwise arbitrary and capricious, and must therefore be set aside as unlawful under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.* Plaintiffs further allege that by entering into the Net Worth Sweep, the FHFA and its Director breached their fiduciary duty to Plaintiffs and other preferred shareholders of Fannie and Freddie, and also breached Plaintiffs' contract rights and the implied covenant of good faith and fair dealing.

5. On January 17, both the Treasury Defendants and the FHFA Defendants filed dispositive motions seeking dismissal of all of the claims raised by Fairholme (as well as the claims challenging the Net Worth Sweep raised by the other plaintiffs in these related actions). Both sets of Defendants, request, in the alternative, the entry of summary judgment with respect to the APA claims. Plaintiffs' opposition to that motion is currently due on February 19, 2014.

6.      Although the FHFA Defendants style their request for dismissal of Plaintiffs' fiduciary duty claim as a motion for dismissal for failure to state a claim, they rely on disputed material facts and matters outside the pleadings to support their request. In Plaintiffs' view, the FHFA Defendants' reliance on matters outside the pleadings means that their motion with respect to the breach of fiduciary duty claims must, under Fed. R. Civ. P. 12(d), be treated as one for summary judgment. Plaintiffs need discovery in order to develop facts that are essential to their opposition to the FHFA's motion for summary judgment with respect to this claim.

7.      As relating to their breach of fiduciary claim, Plaintiffs have alleged, among other things, that (1) FHFA used its control over Fannie and Freddie to agree to and implement the Net Worth Sweep (Complaint ¶ 139); (2) as a federal agency, FHFA was interested in, and benefited from, the Net Worth Sweep, which essentially expropriated for the Government Fannie's and Freddie's entire net worth (*id.* ¶ 140); (3) FHFA had a conflict of interest with respect to the Net Worth Sweep transaction, which amounted to self-dealing (*id.* ¶ 141); (4) Defendants' purpose in implementing the Net Worth Sweep was to ensure "that every dollar of earnings that Fannie Mae and Freddie Mac generate will be used to benefit taxpayers" (*id.* ¶ 71); (5) the Net Worth Sweep constituted waste, gross and palpable overreaching, and an abuse of discretion (*id.* ¶ 143); and (6) the Net Worth Sweep did not further any valid business purpose or legitimate business objective of Fannie or Freddie, did not reflect FHFA's good faith business judgment regarding Fannie's or Freddie's best interests, and was grossly unfair to the Enterprises and their preferred shareholders (*id.* ¶ 144). Plaintiffs have therefore alleged that the Net Worth Sweep, as agreed to and implemented by FHFA, did not serve or advance any legitimate interest of Fannie, Freddie, or their private shareholders, and was designed instead to serve the interests of the Federal Government at the expense of the Enterprises and their shareholders.

8.      The FHFA Defendants have responded to these well-pled allegations by disputing them on the merits.  They argue that Plaintiffs' breach of fiduciary duty count fails to state a claim because the decision to institute the Net Worth Sweep was "consistent with, and undertaken to promote, the public missions in the [Fannie and Freddie] charters and HERA." FHFA Br. 56.  Integral to this argument are the FHFA Defendants' factual assertions that the purpose of the Net Worth Sweep was to end "the circular practice of the Enterprises drawing funds *from* Treasury merely to make dividend payments *to* Treasury," because that practice "threatened to erode the amount of the Treasury commitment available to" Fannie and Freddie under the PSPAs.  *Id.* (emphasis in original).  They further assert that this "potential erosion was the source of growing concern to the housing finance markets because it exposed the Enterprises to greater risk and increased the potential for instability in housing finance."  *Id.  See also id.* at 23-25.  Thus, in responding to Plaintiffs' breach of fiduciary duty claims, the FHFA Defendants have relied upon factual contentions regarding the purposes underlying the Net Worth Sweep that are not only outside the well-pled allegations of Plaintiffs' complaint, but are in direct conflict with those allegations.

9.      Plaintiffs cannot fully respond to Defendants' factual allegations relating to the Third Amendment without the opportunity to conduct discovery.  In Plaintiffs' view, discovery is likely to disclose information highly relevant to the disputed question of why the FHFA entered into the Third Amendment, and whether it acted independently, or at the direction of Treasury, in agreeing to the Net Worth Sweep.  Discovery is also likely to disclose information relevant to the FHFA Defendants' assertions that the Net Worth Sweep was necessary to address concerns regarding the "potential erosion," FHFA Br. 56, in Treasury's financial commitment under the PSPAs allegedly threatened by Treasury's circular practice of loaning funds to Fannie

4

and Freddie in order to finance the dividends that were then to be paid back to Treasury.  Such information is likely to include communications and documents of FHFA, Treasury, and other Government agencies concerning the agencies' analyses of the financial and other considerations implicated by the decision to enter into the Net Worth Sweep, including internal projections of Fannie's and Freddie' expected financial performance and profitability, as well as the FHFA's consideration of alternatives to the Net Worth Sweep that could address the supposed concerns regarding the erosion of Treasury's commitment.  Also directly relevant to these disputed factual issues is information relating to any other purposes that Defendants may have had in instituting the Net Worth Sweep.

10. Plaintiffs believe that it is virtually certain that the FHFA Defendants are in possession of discoverable evidence and information – including but not limited to e-mails and other communications and documents – regarding the above matters, all of which are directly relevant to the issue of whether the FHFA violated its fiduciary duties.  Plaintiffs likewise believe that it is a virtual certainty that Treasury, FHFA, and perhaps other Government agencies have conducted financial analyses about the current and projected financial condition and earnings of Fannie and Freddie.  It is also a near-certainty, in Plaintiffs' view, that the FHFA and/or other agencies have formulated nonpublic long-term strategic plans for Fannie and Freddie, and it is highly likely as well that there exist strategy documents and communications between and among Treasury, FHFA, and other Government agencies and officials that will disclose what role Treasury played in FHFA's decision to enter into the Third Amendment.  Plaintiffs believe that through targeted written discovery, document requests, and depositions of knowledgeable witnesses (including depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6)), they will be able to develop evidence bearing upon these critical matters.

11. Because discovery in this case has not yet begun, and the information discussed above is not publicly available, Plaintiffs were not able to obtain the types of facts and evidence discussed above before Defendants filed their recent dispositive motions.

12. Both the Treasury Defendants and the FHFA Defendants have also moved for summary judgment on the merits of Plaintiffs' APA claims. With respect to this aspect of their respective motions, both sets of Defendants purport to rely upon their compilation of materials relating to the Defendants' decision to enter into the Net Worth Sweep. In Plaintiffs' view, and as discussed in more detail in Plaintiffs' motion, these *post hoc* compilations suffer from multiple deficiencies that call into question whether they constitute the whole administrative records and that necessitate both supplementation of the records and limited discovery into the completeness of those records. Should the Court authorize such discovery, Plaintiffs anticipate that they would be able in short order to propound interrogatories, document requests, and requests for admissions concerning, among other things, the procedures Defendants followed in assembling their submissions to this Court, the steps they took to satisfy themselves that their submissions were complete (assuming they attempted to do so), and the explanation for various gaps and inconsistencies in their submissions. Plaintiffs would also anticipate taking depositions, under Fed. R. Civ. P. 30(b)(6), of Treasury and the FHFA with respect to the above topics, as well as the deposition of FHFA's declarant, Mr. Mario Ugoletti, in order to discover the bases for the statements made in his declaration. Plaintiffs believe that, with Defendants' cooperation in such efforts, such limited discovery into the completeness of Defendants' record submissions would take a few weeks to complete.

13. Defendants have also moved for dismissal of this action for lack of jurisdiction. In Plaintiffs' view, there is considerable overlap between Defendants' jurisdictional arguments

and their arguments on the merits. Defendants' primary jurisdictional argument is their contention that Plaintiffs' claims are barred by 12 U.S.C. § 4617(f), which provides that "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator." *See* FHFA Br. 19-32; Treas. Br. 21-29. Because Defendants concede that section 4617(f) does not bar relief when the FHFA is acting in excess of its statutory powers, *see* FHFA Br. 21; Treas. Br. 23, Defendants devote a considerable portion of their jurisdictional argument to their defense of FHFA's actions as within its statutory powers. This defense is, in turn, devoted primarily to a justification of FHFA's and Treasury's decisions to agree to the Net Worth Sweep; integral to this justification are Defendants' claims regarding their supposed desire to strengthen Treasury's financial commitment to Fannie and Freddie by eliminating the need for the Enterprises to draw funds from Treasury in order to pay dividends back to Treasury. *See* FHFA Br. 22-26; Treas. Br. 24. There is substantial, overlap between this "jurisdictional" argument and Defendants' merits arguments defending the Third Amendment. For that reason, the discovery Plaintiffs seek bears upon both Defendants' jurisdictional and merits arguments.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed on February 11, 2014, in Washington, D.C.

*[signature]*
Vincent J. Colatriano