IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FAIRHOLME FUNDS, INC., et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 13-cv-1053-RCL |
| THE FEDERAL HOUSING FINANCE AGENCY, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFFS' NOTICE OF FILING OF DISCOVERY ORDER ISSUED
BY UNITED STATES COURT OF FEDERAL CLAIMS**

Plaintiffs Fairholme Funds, Inc. et al. ("Fairholme") hereby respectfully file this notice of the February 26, 2014 Order ("CFC Order") by the United States Court of Federal Claims ("CFC") in *Fairholme Funds, Inc. v. United States*, No. 13-465C (Fed. Cl.).  A copy of the CFC Order is attached hereto as Exhibit A.

As the Court is aware, the *Fairholme* action in the CFC is one of a number of actions currently pending in that court raising claims pertaining to the same "Net Worth Sweep" that is at issue in this and related actions pending before this Court.  As in this case, the Government has moved to dismiss the CFC actions on a number of grounds, including lack of jurisdiction and failure to state a claim.  Also as in this case, Fairholme moved in the CFC for an order permitting discovery with respect to several factual issues placed in dispute by the Government's motion to dismiss.  As reflected in the attached CFC Order, the CFC granted Fairholme's motion, finding that Fairholme "[was] entitled to conduct fact discovery for the purposes of addressing whether [the CFC] possesses jurisdiction and responding to defendant's motion to dismiss for failure to

1

state a claim." CFC Order at 4.

Yesterday, Defendants in this action filed oppositions to Fairholme's February 12, 2014 Motion for Supplementation of the Administrative Records, For Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and For a Status Conference (Doc. 31) ("Motion"). In their oppositions, Defendants acknowledge the CFC Order granting discovery but argue that it is irrelevant to resolution of the issues raised in the Motion.[1] Defendants did not, however, attach a copy of the CFC Order to their oppositions.

As Fairholme will elaborate in its forthcoming reply in support of its Motion, and as a straightforward reading of the CFC Order demonstrates, Defendants' suggestion that there is no overlap at all between the discovery allowed under the CFC Order and the discovery Fairholme seeks under its pending Motion is not correct. *See, e.g.*, CFC Order at 3 (allowing discovery into "the factual dispute between plaintiffs and defendant regarding each party's assessment of [Fannie Mae's and Freddie Mac's] future profitability"); *id.* (allowing discovery into "whether the FHFA acted at the direct behest of the Treasury" in implementing the Net Worth Sweep); *id.* at 4 (allowing discovery into "the disputed factual issues about Fannie and Freddie's solvency and the reasonableness of expectations about their future profitability" and "why the government allowed the preexisting capital structure and stockholders to remain in place").

---

[1] *See* Department of the Treasury's Memorandum in Opposition to Fairholme Funds' Motion To Supplement the Administrative Records, To Take Discovery, To Suspend the Agreed Briefing Schedule, and for a Status Conference (Doc. 33) (filed Mar. 4, 2014) at 16 n.6; Opposition of Defendants Federal Housing Finance Agency as Conservator for Fannie Mae and Freddie Mac, FHFA Director Melvin L. Watt, Fannie Mae, and Freddie Mac to Plaintiffs' Motion for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference (Doc. 34) (filed Mar. 4, 2014) at 35-36.

Date:   March 5, 2014                              Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070)
ccooper@cooperkirk.com
Vincent J. Colatriano (Bar No. 429562)
David H. Thompson (Bar No. 450503)
Peter A. Patterson (Bar No. 998668)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)