IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FAIRHOLME FUNDS, INC., et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 13-cv-1053-RCL |
| v. | ) ) ) | |
| THE FEDERAL HOUSING FINANCE AGENCY, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFFS' REPONSE TO THE FHFA DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

FHFA brings to the Court's attention an order entered in what it calls the "Iowa Action," *Continental Western Insurance Co. v. FHFA*, No. 4:14-cv-00042-RP-RAW (S.D. Iowa). The "Iowa Order," FHFA claims, "is directly relevant" to this Court's disposition of Plaintiffs' Motion for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference, Doc. 31 ("the Motion for Supplementation"). FHFA Defendants' Notice of Supplemental Authority at 3, Doc. 53. To the extent the Iowa Order is relevant at all, however, it demonstrates that in deciding FHFA's motion to dismiss this Court should either grant Plaintiffs the discovery they have requested or ignore Defendants' factual claims that the Net Worth Sweep was something other than a naked attempt to nationalize Fannie and Freddie and expropriate the value of Plaintiffs' stock for the benefit of the federal government.

Continental Western, the plaintiff in the Iowa Action, is a subsidiary of Berkley Regional Insurance Company ("Berkley"), one of the plaintiffs in the *Fairholme* action. True, as FHFA notes, Continental Western challenges the Net Worth Sweep on many of the same grounds

1

advanced by Berkley and the other plaintiffs in this action. But Continental Western's claims are not, as FHFA asserts, identical to Berkley's in this case. To the contrary, Continental Western challenges not only the Net Worth Sweep but also, among other things, the very circular dividend practice that FHFA and Treasury assert as the justification for the Net Worth Sweep. *See, e.g.*, Iowa Complaint ¶¶ 103, 112, 159-64, *Continental Western* (Feb. 5, 2014), ECF No. 1.

FHFA and Treasury have pursued a starkly different strategy in responding to Continental Western's claims than they have to the claims brought in this Court. Here, the agencies combined their motions to dismiss with alternative motions for summary judgment with respect to Plaintiffs' APA claims. In the Iowa Action, by contrast, they have carefully omitted any request for summary judgment, moving exclusively to dismiss the complaint on jurisdictional grounds. As FHFA's counsel insisted in the Iowa Action, this is a "significant difference between the status of" the cases, July 10 Hearing Transcript at 18 ("Tr."), *Continental Western* (attached as Exhibit A), and as a result neither FHFA nor Treasury has produced an administrative record (or a "document compilation," in FHFA's preferred formulation) in the Iowa Action. The Iowa Order thus has no bearing on Plaintiffs' requests for *supplementation* of the administrative record or for discovery regarding its *completeness* because no record has even been *produced* in that case. Indeed, FHFA itself insisted that the materials in the administrative record "produced in D.D.C." were "utterly irrelevant" to the issues before the court in the Iowa Action. Tr. at 19.

Of course, FHFA and Treasury purport to move exclusively to dismiss Plaintiffs' common-law claims in this case. But in their motions to dismiss, they have contradicted the core factual allegations of Plaintiffs' complaint: that the Net Worth Sweep was wholly unnecessary and that its purpose and effect was to nationalize Fannie and Freddie and to expropriate the value

of private investors' shares for the federal government.  *See, e.g.*, Complaint ¶¶ 10-11, Doc. 1.  FHFA denies these factual allegations, insisting instead that the Net Worth Sweep "ended the circular practice of the Enterprises drawing funds *from* Treasury merely to make dividend payments *to* Treasury" and the concomitant "threat[ ] to erode the amount of the Treasury commitment available to the Enterprises."  FHFA Motion To Dismiss at 56, Doc. 28 (emphasis in original).

Despite the fact that FHFA and Treasury appear to have consciously omitted in the Iowa Action a number of fact-laden arguments that they raise before this Court, the agencies nevertheless made similar factual allegations regarding the purpose and effect of the Net Worth Sweep, and for that reason Continental Western sought to compel production of the administrative record.  As the Iowa Court explained, Continental Western's motion was

> prompted by the fact that in their briefs on the motions to dismiss defendants make factual assertions about the necessity and purpose of the net worth sweep inconsistent with the Complaint's allegations on the same subjects.  In particular, Continental Western targets statements in defendants' briefs which justify the net worth sweep as necessary to save the Companies from insolvency.

Iowa Order at 4.

At the hearing on Continental Western's motion to compel production of the administrative record, however, FHFA and Treasury expressly and repeatedly *disavowed* their factual allegations contradicting the allegations of Continental Western's Complaint.  *See, e.g.*, Tr. at 17-18 ("[F]or purposes of Defendants' motions to dismiss, we accept . . . the correctness of every factual allegation.") (FHFA); *id*. at 18 ("This is . . . a plain vanilla motion to dismiss . . . taking as true for purposes of our motion every single fact alleged.") (FHFA); *id*. at 22-23 ("Our position remains [that] we're entitled to dismissal because . . . we've accepted the allegations.") (FHFA); *id.* at 29 ("THE COURT: . . . [A]s I understand [Continental Western's] argument, the guts of it is that the anti-injunction statute does not apply because the FHFA was acting outside

3

of its proper function as a conservator when it approved the net worth sweep and, as described by the Plaintiff, ended up essentially nationalizing Fannie Mae and Freddie Mac. . . . [I]f that is their argument, can that still be decided on the face of the pleadings? MR. CAYNE: Yes, Your Honor. I also understand that to be their argument, and in accepting, for purposes of our motion, those factual allegations, we believe that those factual allegations do not change the legal conclusions here.") (FHFA); *id*. at 34 ("There is no factual dispute. You can take the allegations of the complaint as true . . . .") (Treasury).

And it was on the basis of that disclaimer that the Court in the Iowa Action denied Continental Western's motion to compel:

> As noted, defendants contend that they make only a facial challenge to the Complaint. It is true that in their briefing they describe the net worth sweep in positive terms as a means to save the Companies from the insolvency they were facing under the dividend structure in effect prior to the Third Amendment. . . . Defendants having disclaimed a factual challenge, the Court must take Continental Western's factual assertions bearing on its jurisdictional theory—that the net worth sweep was unnecessary and improperly motivated—as true.

Iowa Order at 6 (footnote omitted).

Here, FHFA *purports* to raise a purely facial challenge to the complaint in its motion to dismiss, but it never has disclaimed its insistence that the Net Worth Sweep was necessary to save Fannie and Freddie from the circular dividend practice that FHFA foisted upon them. Indeed, in opposing Plaintiffs' Motion for Supplementation FHFA insists that "[t]he Court can— and should—consider" its assertions regarding the purpose and effect of the Net Worth Sweep "in resolving the Motion to Dismiss the breach of fiduciary duty claims." FHFA Opposition to Plaintiffs' Motion for Supplementation at 15, Doc. 34. But as the Iowa Court correctly concluded, those assertions contradict Plaintiffs' factual allegations. Thus, the Court should either (a) grant Plaintiffs' pending motion to allow Plaintiffs to take limited discovery, or (b) ignore FHFA's attempts to justify the Net Worth Sweep and accept as true, as the Iowa Court

has, Plaintiffs' allegations "that the net worth sweep was unnecessary and improperly motivated" simply to expropriate the value of Plaintiffs' preferred stock in Fannie and Freddie.  *See* Iowa Order at 6.  Plaintiffs submit that the former option is preferable in light of the circumstances of this case, *see* Plaintiffs' Reply in Support of Their Motion for Supplementation at 23-24, Doc. 36, but what is plainly not permissible is to allow FHFA to attempt to seek dismissal of Plaintiffs' claims on the basis of factual assertions that contradict the central allegations of the complaint.[1]

Dated: September 3, 2014                                             Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070)
ccooper@cooperkirk.com
Vincent J. Colatriano (Bar No. 429562)
David H. Thompson (Bar No. 450503)
Howard C. Nielson, Jr. (Bar No. 473018)
Peter A. Patterson (Bar No. 998668)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

---

[1] As Plaintiffs have previously indicated, Plaintiffs in the *Fairholme* case have been granted the right to take limited discovery in their action challenging the Net Worth Sweep in the Court of Federal Claims.  Although that discovery initially was scheduled to close on July 31, 2014, *see* Plaintiff Fairholme Funds, Inc.'s Notice of Filing of Discovery Scheduling Order by United States Court of Federal Claims at 1, Doc. 41, that no longer is the case.  Indeed, the Government's document production only began in late July, and remains ongoing.