### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>      Defendants. | Civil No. 13-1053 (RCL) |
| ARROWOOD INDEMNITY COMPANY, *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCATION, *et al.*,<br><br>      Defendants. | Civil No. 13-1439 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document related to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

### **JOINT LOCAL RULE 16.3 REPORT**

  The Parties, through undersigned counsel, conferred on October 15, 2018, and discussed the following issues consistent with Local Rule 16.3(c). This Joint Report identifies those portions of Local Rule 16.3(c) on which the parties were able to reach an agreement and states the separate positions of the parties where agreement could not be reached. Attached hereto is a Proposed Scheduling Order.

1

With respect to the matters outlined in Local Rule 16.3(c), the parties report as follows:

(1) *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Defendants have moved for reconsideration of this Court's September 28, 2018 decision upholding Plaintiffs' implied covenant claims. Plaintiffs will be filing their opposition to that motion on November 5, 2018, and Defendants will be filing their reply on November 19, 2018.

To the extent Defendants' motion for reconsideration does not resolve this case, the Parties believe this case may be resolved by summary judgment. The Parties have addressed a briefing schedule for summary judgment motions below.

(2) *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The Parties do not anticipate the need to join additional parties or amend the pleadings, but it is possible that information learned in discovery could lead one of the Parties to seek to amend or add additional parties. The Parties propose that the deadline for seeking leave to add additional parties or amend the pleadings be 30 days after the close of fact discovery.

The factual and legal issues have already been narrowed substantially though motion practice in this Court and an appeal to the D.C. Circuit. At this time it is unlikely that they can be further agreed upon or narrowed.

(3) *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The Parties agree that the case should not be assigned to a magistrate judge.

(4)   *Whether there is a realistic possibility of settling the case.*

Plaintiffs' Position: This is an action for money damages, and Plaintiffs believe that there is a realistic possibility of settling the case.

Defendants' Position: Defendants do not believe there is a realistic possibility of settling the case.

(5)   *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Plaintiffs' Position: Given that they believe there is a reasonable probability for settlement, Plaintiffs believe the case could benefit from ADR procedures such as mediation. Plaintiffs' counsel have discussed ADR and their response to this provision with their clients. While Plaintiffs believe that ADR procedures could be useful, they do not believe that proceedings in the case should be delayed during the pendency of any such procedures.

Defendants' Position:  Defendants do not believe ADR would be productive.

(6)   *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The Parties believe that the possibility of the case being resolved on summary judgment is sufficiently high as to warrant the filing of summary judgment motions. The Parties propose the following schedule for resolving cross-motions for summary judgment:

- Defendants' motion for summary judgment: on or before December 13, 2019.
- Plaintiffs' response and cross-motion for summary judgment: due 30 days after

the filing of Defendants' motion for summary judgment

- Defendants' reply and response: due 30 days after the filing of Plaintiffs' response and cross-motion for summary judgment

- Plaintiffs' reply: due 14 days after the filing of Defendants' response

- Proposed decision date: No later than July 31, 2020

*(7)   Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.*

The Parties agree that initial disclosures should be made on November 5, 2018.

*(8)   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The Parties propose a period of nine months for completion of all fact discovery, closing on July 15, 2019. To the extent an amendment of the pleadings after this time raises new claims, defenses, issues, or parties, or otherwise necessitates additional discovery, the non-amending Parties will have an opportunity to produce additional discovery as they deem necessary and may request reasonable additional discovery from the amending Parties. If such discovery is requested, the Parties will negotiate in good faith a revised schedule for the remaining proceedings. The Parties propose that the limits on discovery set by the Federal and Local rules govern absent stipulation or, failing that, a court order to the contrary. A protective order is appropriate, and the Parties will propose an order substantially similar to the protective order in *Fairholme Funds, Inc. v. United States*, No. 13-465 (Fed. Cl.) ("CFC Action").

(9) *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The Parties will not seek to duplicate discovery that already has taken place in the CFC Action, and they will seek agreement amongst themselves and from the appropriate Department of Justice officials to allow the documents produced and depositions taken in that case to be used in this case.

(10) *Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

The Parties will include in their proposed protective order a procedure for asserting claims of privilege after production under Federal Rule of Evidence 502.

(11) *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The Parties propose the following expert discovery schedule:

    a) Plaintiffs' expert witness reports produced by August 14, 2019,

    b) Depositions of Plaintiffs' experts conducted by September 13, 2019,

    c) Defendants' rebuttal expert witness reports produced by October 14, 2019,

    d) All expert discovery, including depositions of Defendants' experts, completed by November 13, 2019.

(12) *In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

To the extent discovery is necessary it can take place during the time for fact discovery. The Parties propose the following schedule with class certification briefing; the time for a hearing and decision may be determined at a later date:

- Plaintiffs' motion for class certification: August 31, 2019
- Defendants' opposition: October 14, 2019
- Plaintiffs' reply: November 26, 2019

(13)   *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The Parties believe that trial and/or discovery should not be bifurcated or managed in phases.

(14)   *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The Parties believe the pretrial conference should be held 30 to 60 days before trial.

(15)   *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The Parties propose that the Court set a firm trial date of October 19, 2020.

(16)   *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

Dated:  October 29, 2018

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper, SBN 24870
David H. Thompson, SBN 450503
Vincent J. Colatriano, SBN 429562
Peter A. Patterson, SBN 998668
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036
Telephone:  202.220.9600
Facsimile:  202.220.9601

*Attorneys for Plaintiffs Fairholme Funds, Inc. et al.*


s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 626-5508
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*


s/ Hamish P.M. Hume
Hamish P.M. Hume (D.C. Bar # 449914)
Stacey K. Grigsby (D.C. Bar # 491197)
James A. Kraehenbuehl
(D.C. Bar 1017809)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue NW
Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com
sgrigsby@bsfllp.com
jkraehenbuehl@bsfllp.com


Eric L. Zagar (pro hac vice)
KESSLER TOPAZ MELTZER &
CHECK LLP
280 King of Prussia Road

s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*


/s/ Howard N. Cayne
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
David B. Bergman (D.C. Bar # 435392)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Howard.Cayne@arnoldporter.com
Asim.Varma@arnoldporter.com
David.Bergman@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency and Director Melvin L. Watt*
DENTONS US LLP

By: /s/ Michael H. Barr
Michael H. Barr

Radnor, PA 19087
Tel: (610) 667-7706
ezagar@ktmc.com

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
David R. Stickney (*pro hac vice*)
David R. Kaplan (*pro hac vice*)
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
davids@blbglaw.com
davidk@blbglaw.com

GRANT &EISENHOFER, P.A.
Michael J. Barry (*pro hac vice*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

*Lead Counsel for Class Plaintiffs*

Richard M. Zuckerman
Sandra Hauser
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 768-6700
Fax: (212) 768-6800
michael.barr@dentons.com
richard.zuckerman@dentons.com
sandra.hauser@dentons.com

Drew W. Marrocco (D.C. Bar # 453205)
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 496-7500
Fax: (202) 496-7756
Drew.Marrocco@dentons.com

*Attorneys for Plaintiffs Arrowood Indemnity Co., et al.*