# Exhibit B

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,<br><br>*Defendants.* | Case No. 1:13-cv-1439-RCL |

**INITIAL DISCLOSURES OF PLAINTIFFS ARROWOOD INDEMNITY COMPANY, ARROWOOD SURPLUS LINES INSURANCE COMPANY, AND FINANCIAL STRUCTURES LIMITED**

Pursuant to Rule 26(a)(1), Plaintiffs Arrowood Indemnity Company, Arrowood Surplus Lines Insurance Company, and Financial Structures Limited (collectively, "Plaintiffs" or the "Arrowood Plaintiffs") make the following initial disclosures.

**I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS**

**A.   Defendant Officers and Employees with Discoverable Information.**

The following individuals are likely to have information that Plaintiffs may use to show that Defendants acted arbitrarily and unreasonably in imposing the Net Worth Sweep, thereby violating the reasonable expectations of the holders of junior preferred shares in Fannie Mae and Freddie Mac ("the Companies"). Per the Court's Memorandum Opinion of September 28, 2018, such information is relevant to Plaintiffs' claim that Defendants breached the implied covenant of good faith and fair dealing.

Plaintiffs are currently unaware of these individuals' addresses and telephone numbers, but relevant current or former positions are listed based upon information and belief.

### 1. FHFA

- Peter Brereton, Associate Director for Congressional Affairs.
- Jan Brown, Office of the Director.
- Wanda DeLeo, Deputy Director, Division of Examination Programs and Support.
- Ed DeMarco, Acting Director.
- Christopher Dickerson, Office of Systemic Risk and Market Surveillance.
- John Greenlee, Deputy Director, Enterprise Regulation.
- Patrick Lawler, Chief Economist.
- James Lockhart, Director.
- Thomas Jamie Newell, Miscellaneous Administration and Program.
- Nick Satriano, Chief Accountant.
- Jeffrey Spohn, Deputy Director, Conservatorship Operations.
- Naa Awaa Tagoe, Senior Associate Director.
- Mary Ellen Taylor, Associate Director, Division of Conservatorship; Associate Director for Agency Communication.
- Mario Ugoletti, Special Advisor (also Director, Treasury Office of Financial Institutions).

### 2. Fannie Mae

- David Benson, Executive Vice President, Capital Markets.
- Terry Edwards, Executive Vice President, Credit Portfolio Management.
- Timothy Mayopoulos, President and Chief Executive Officer.
- Susan McFarland, Executive Vice President and Chief Financial Officer.

### 3. Freddie Mac

- Devajyoti Ghose, Senior Vice President, Division of Investment and Capital Markets.
- Edward Golding, Senior Vice President, Division of Models, Mission, and Research.
- Ross Jay Kari, Chief Financial Officer.
- Donald Layton, Chief Executive Officer.
- Paul Mullings, Senior Vice President and Interim Head of Single-Family Business, Operations, and Information Technology.
- Jerry Weiss, Executive Vice President and Chief Administrative Officer.

### B. Third Parties with Discoverable Information.

The following individuals are also likely to have information that Plaintiffs may use to show that Defendants acted arbitrarily and unreasonably in conducting the Net Worth Sweep.

Plaintiffs again are unaware of these individuals' addresses and telephone numbers, but relevant current or former positions are listed based upon information and belief.

### 1. Treasury

- Timothy Bowler, Deputy Assistant, Office of Capital Markets.
- Jeff Foster, Senior Policy Advisor.
- Timothy Geithner, Treasury Secretary.
- Jeffrey Goldstein, Under Secretary for Domestic Finance.
- Dan Jester, Contractor.
- Mary Miller, Under Secretary for Domestic Finance.
- Beth Mlynarczyk, Senior Advisor to the Counselor on Housing Finance Policy; Office of Capital Markets.
- Jeremiah Norton, Deputy Assistant Secretary for Financial Institutions.
- Henry Paulson, Secretary.
- Michael Stegman, Counselor to the Secretary for Housing Finance Policy.
- Sam Valverde, Deputy Executive Secretary.

### 2. Other Government Officials.

- Jim Parrott, Senior Advisor, National Economic Council.
- Ben Bernanke, Chair of the Federal Reserve.
- Gene Sperling, Director, National Economic Council.

### 3. Grant Thornton

- Anne Eberhardt, Forensics and Investigation Practice.

### 4. PwC

- Michael English, Partner.
- Ben Evans, Senior Manager.
- Bill Lewis, Partner.
- John Oliver, Partner.
- Diana Stoltzfus, Partner.
- Ryan Trzasko, Senior Manager.

### 5. Deloitte

- Jeff Swormstedt, Lead Client Service Partner.
- Adam VanFossen, Audit Senior Manager.
- Troy Vollertsen, Partner.

### C. Plaintiffs' Officer with Discoverable Information.

The following individual is likely to have information that the Arrowood Plaintiffs may use to show the holdings of Arrowood Indemnity Company, Arrowood Surplus Lines Insurance Company, and Financial Structures Limited of preferred stock in Fannie Mae and Freddie Mac, and may use to show investment decisions, including decisions to purchase and decisions to sell, with respect to such stock.

- David Shumway, Chief Investment Officer, Arrowpoint Capital Corp. 3600 Arco Corporate Drive, Charlotte, NC 28273; Telephone (704) 522 3491.

## II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS IN PLAINTIFFS' CUSTODY THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS.

### A. Liability

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiffs herein describe the category and location of the documents and other information showing that Defendants acted arbitrarily and unreasonably in imposing the Net Worth Sweep, thereby violating the reasonable expectations of the holders of junior preferred shares. This evidence includes:

- Materials produced by the United States and third parties in *Fairholme Funds, Inc. v. United States,* Case No. 1:13-cv-00465-MMS (Fed. Cl.).

- Certain of the Defendants' own public statements and other publicly available information, which have been described or provided over the course of this litigation. *See, e.g.,* Joint Appendix at 78, 83, 89, 95, 97, 206, 125, 528, 2428, 2438, 4026, *Perry Capital LLC v. Mnuchin*, Case No. 14-5243 (Feb. 16, 2016).

- The provisions of the stock certificates for each series of junior preferred shares that Plaintiffs own or owned as of the date of the Net Worth Sweep, which are in Defendants' possession. *See, e.g.,* Ex. C. to Defs'. Mtn. to Dismiss (Jan. 10, 2018) (Fannie preferred);

4

Ex. D. to Defs'. Mtn. to Dismiss (Jan. 10, 2018) (Freddie preferred). Provisions of each series are also described in the offering documents for those series, compiled at Fannie Mae's Stock Information webpage[1] and Freddie Mac's Preferred Stock webpage.[2]

Plaintiffs reserve the right to use any information already shared between the parties or referred to in filings in this or in the Court of Federal Claims litigation to prove all elements of their claim.

### B. Damages.

The documents relevant to Plaintiffs' damages computations are described in Part III.

## III. COMPUTATION OF EACH CATEGORY OF DAMAGES THAT PLAINTIFFS CLAIM.

Plaintiffs are entitled to recover the highest of either restitution, expectancy damages, or reliance damages for Defendants' breach of the implied covenant of good faith and fair dealing. *See* RESTATEMENT (SECOND) CONTRACTS § 378.

Each measure of damages is based on the number of shares of preferred stock in Fannie Mae and Freddie Mac that each of the Arrowood Plaintiffs held as of the date of the Net Worth Sweep.

As of the date of the Net Worth Sweep, Arrowood Indemnity Company held the following shares of preferred stock in Fannie Mae and Freddie Mac:

---

[1] http://www.fanniemae.com/portal/about-fm/investor-relations/stock-information.html.

[2] http://www.freddiemac.com/investors/preferred-stock.html.

| Entity | CUSIP | Coupon Rate | Series | Shares | Par Value Per Share | Aggregate Par Value |
|---|---|---|---|---|---|---|
| Fannie Mae | 313586844 | 5.125% | L | 38,800 | $ 50.00 | $ 1,940,000 |
| Fannie Mae | 313586877 | 5.375% | I | 78,000 | $ 50.00 | $ 3,900,000 |
| Fannie Mae | 313586885 | 5.81% | H | 149,400 | $ 50.00 | $ 7,470,000 |
| Freddie Mac | 313400855 | 5.10% | H | 160,000 | $ 50.00 | $ 8,000,000 |
| Freddie Mac | 313400731 | 5.70% | R | 100,000 | $ 50.00 | $ 5,000,000 |
| Freddie Mac | 313400772 | 5.81% | O | 119,750 | $ 50.00 | $ 5,987,500 |
| Freddie Mac | 313400749 | 6.00% | P | 60,000 | $ 50.00 | $ 3,000,000 |
| | | | Total | 705,950 | | $ 35,297,500 |

As of the date of the Net Worth Sweep, Arrowood Surplus Lines Insurance Company held the following shares of preferred stock in Fannie Mae and Freddie Mac:

| Entity | CUSIP | Coupon Rate | Series | Shares | Par Value Per Share | Aggregate Par Value |
|---|---|---|---|---|---|---|
| Fannie Mae | 313586877 | 5.375% | I | 22,000 | $ 50.00 | $ 1,100,000 |
| Freddie Mac | 313400772 | 5.81% | O | 40,000 | $ 50.00 | $ 2,000,000 |
| Freddie Mac | 313400749 | 6.00% | P | 40,000 | $ 50.00 | $ 2,000,000 |
| | | | Total | 102,000 | | $ 5,100,000 |

As of the date of the Net Worth Sweep, Financial Structures Limited held the following shares of preferred stock in Freddie Mac; it did not hold stock in Fannie Mae:

| Entity | CUSIP | Coupon Rate | Series | Shares | Par Value Per Share | Aggregate Par Value |
|---|---|---|---|---|---|---|
| Freddie Mac | 313400772 | 5.81% | O | 40,000 | $ 50.00 | $ 2,000,000 |
| | | | Total | 40,000 | | $ 2,000,000 |

The following computations of each category are preliminary. Plaintiffs' final computations are expected to rely upon expert reports and testimony, which Plaintiffs will disclose pursuant to Rule 26(a)(2) and any scheduling order entered in this case.

### A. Restitution.

Plaintiffs are entitled to restitution equal to the prices originally paid by Plaintiffs for the preferred shares that Plaintiffs owned in the Companies as of the date of the Net Worth Sweep, plus prejudgment interest including, at a minimum, interest running from the date of the Net Worth Sweep. With respect to those shares held by Plaintiffs as of the date of the Net Worth Sweep but later sold, the amount actually received by Plaintiffs upon such sale should be deducted from the amount of restitution.

The original share prices are provided in the offering documents for each series of share. Plaintiffs understand that these documents are already in Defendants' possession.[3]

The prejudgment interest rate is set by state law. *See* 6 Del. Code § 2301(a) (interest rate under Delaware law, which Fannie Mae bylaws designate as controlling); Va. Code § 6.2-302 (interest rate under Virginia law, which Freddie Mac bylaws designate as controlling).

### B. Expectancy Damages.

Plaintiffs are entitled to expectancy damages equal to the value that Plaintiffs could reasonably have expected to enjoy from the shares that they held as of the date of the Net Worth Sweep had the Net Worth Sweep not been imposed, plus prejudgment interest including, at a minimum, interest running from the date of the Net Worth Sweep. With respect to those shares held by Plaintiffs as of the date of the Net Worth Sweep but later sold, the amount actually received by Plaintiffs upon such sale should be deducted from the amount of expectancy damages.

---

[3] The offering documents for the Companies' preferred shares are compiled as referenced above in footnotes 1 and 2.

The determination of the value that Plaintiffs could reasonably have expected to enjoy from the shares that they held as of the date of the Net Worth Sweep is based on, among other things, the financial status and capital structure of the Companies as of the date of the Net Worth Sweep, absent the Net Worth Sweep.  Plaintiffs believe that such amount is not less than the par value of the share set forth in the tables above.

### C. Reliance Damages.

Plaintiffs are entitled to reliance damages equal to the costs of preparing to perform and of performing the shareholder's obligations under Plaintiffs' preferred shares. Such reliance damages are equal to the prices originally paid by Plaintiffs for the preferred shares that Plaintiffs owned in the Companies as of the date of the Net Worth Sweep, plus prejudgment interest including, at a minimum, interest running from the date of the Net Worth Sweep.  With respect to those shares held by Plaintiffs as of the date of the Net Worth Sweep but later sold, the amount actually received by Plaintiffs upon such sale should be deducted from the amount of restitution.

### IV. INSURANCE AGREEMENTS.

Plaintiffs are unaware of any insurance policies applicable under Rule 26(a)(1)(A)(iv).

*     *     *

Plaintiffs reserve the right to supplement this disclosure upon discovery of additional material information.

November 5, 2018	Respectfully submitted,

/s/ Drew W. Marrocco
Drew W. Marrocco  (Bar No. 453205)
drew.marrocco@dentons.com
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Tel.: (202) 496-7500
Fax: (202) 496-7756

Michael H. Barr (pro hac vice)
michael.barr@dentons.com
Richard M. Zuckerman (pro hac vice)
richard.zuckerman@dentons.com
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 768-6700
Fax: (212) 768-6800

*Attorneys for Plaintiffs*
*Arrowood Indemnity Co. et al.*