# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 13-1053 (RCL) |
| | ) | |
| FEDERAL HOUSING FINANCE | ) | |
| AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| ARROWOOD INDEMNITY COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 13-1439 (RCL) |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| In re Fannie Mae/Freddie Mac | ) | |
| Senior Preferred Stock Purchase Agreement | ) | |
| Class Action Litigations | ) | Miscellaneous No. 13-1288 (RCL) |
| | ) | |
| | ) | |
| This Order relates to: | ) | <u>CLASS ACTION</u> |
| ALL CASES | ) | |

## ORDER

Defendants move for partial reconsideration of the Court's Memorandum Opinion and Orders entered on September 28, 2018, in each of the above-captioned cases.[1] They argue that the Court's rationale for dismissing plaintiffs' breach-of-contract claims calls for the dismissal of plaintiffs' implied covenant claims as well. Defs' Mot. Partial Recons. 1. The Court disagrees and **DENIES** the motion.

In its opinion, the Court dismissed plaintiffs' claims that the Third Amendment breached plaintiffs' express contractual rights to receive a liquidation preference. *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, 13-cv-1053, 13-cv-1439, 13-mc-1288, 2018 WL 4680197, at *7 (D.D.C. Sep. 28, 2018). The claims sounded in anticipatory breach, *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 633 (D.C. Cir. 2017), but ran afoul of a limitation to that doctrine, which precludes recovery for anticipatory breach for unilateral contracts. *Fairholme*, 2018 WL 4680197, at *6–7. By entering into the Third Amendment, plaintiffs argued defendants had effectively repudiated their contractual obligations with regards to the liquidation preference by rendering performance in the future impossible. *Id.* at *6. But because "the only remining performance [on plaintiffs' contracts] is payment of the preference by Fannie Mae or Freddie Mac upon liquidation (if it ever occurs)," the Court found the parties' contract unilateral, meaning the limitation to anticipatory breach kicked in. *Id.* Thus, the breach-of-contract claims as to liquidation preferences could not move forward. *Id.* at *7.

Separately, the Court held that plaintiffs' claims for breach of the implied covenant of good faith and fair dealing relating to dividends and liquidation preferences could proceed. *Id.* at *7. Specifically, the Court found that plaintiffs "plausibly allege[d] that they could not have

---

[1] Defendants' motion can be found at ECF No. 87 in 13-cv-1053, ECF No. 95 in 13-cv-1439, and ECF No. 89 in 13-mc-1288.

reasonably expected their rights to dividends and liquidation preferences to be extinguished by the Third Amendment." *Id.* at *14.

Defendants argue that the Court's breach-of-contract and implied covenant holdings were inconsistent. Defs' Mot. Partial Recons. 2. In their view, the implied covenant is "nothing more than a species of breach-of-contract claim, and the same limitations on anticipatory breach apply whether the alleged breach is of an express contractual obligation or the implied covenant duties that attach to and supplement those express terms." *Id.*

But defendants misunderstand the differing focus of plaintiffs' claims. Anticipatory breach is "a doctrine of accelerated ripeness." *Perry Capital*, 864 F.3d at 632–33 (quoting *Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 294 (4th Cir. 2010)). It allows a promisee, in certain situations, to sue for breach of a contractual provision before performance by the other party is actually due. *Id.* The implied covenant, on the other hand, is an ongoing obligation; performance is always due. For the length of the contractual relationship, the implied covenant requires a party "'to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits' of the bargain." *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (quoting *Wilgus v. Salt Pond Inv. Co.*, 498 A.2d 151, 159 (Del. Ch. 1985)).

Plaintiffs' implied covenant claims do not seek to hold defendants presently accountable for a future breach of an express provision. Rather, plaintiffs seek to hold defendants presently accountable for a present breach of an implied promise inherent in every contract—that both parties will operate in good faith and not violate their co-contracting party's reasonable expectations. Plaintiffs allege that defendants acted arbitrarily and unreasonably by entering into the Third Amendment and agreeing to provide Treasury a quarterly dividend equal to 100% of

each company's net worth without receiving any increased funding commitment from the government. They allege that the Third Amendment had the effect of preventing plaintiffs from receiving the fruits of their bargain: their rights to dividends and liquidation preferences. This alleged breach was not a repudiation of a future obligation. It was a present breach of the implied covenant. The rights to share in Fannie Mae and Freddie Mac's profits or assets through dividends or liquidation preferences, respectively, were priced into the parties' bargained-for exchange. And thus, the Third Amendment "immediately harmed [the plaintiffs] by diminishing value in their shares." *See Perry*, 864 F.3d at 632.

The anticipatory breach claim and the implied covenant claims are not identical. One alleges a breach of an express provision on which performance is not yet due and the other alleges a breach of an implied provision that must be adhered to throughout the life of the contract. The limitation on anticipatory breach does not apply to the alleged breaches of the implied covenant because those breaches are not anticipatory. Defendants' motion is **DENIED**.

   **IT IS SO ORDERED.**

Date: 5/16/19

ROYCE C. LAMBERTH
United States District Judge

4