# ATTACHMENT D

# Vince Colatriano

**From:** Edney, Marsha (CIV) <Marsha.Edney@usdoj.gov>
**Sent:** Friday, June 07, 2019 9:18 AM
**To:** Brian Barnes; Merritt, Robert C. (CIV)
**Cc:** Vince Colatriano; David Thompson; Pete Patterson
**Subject:** RE: Fairholme Funds, Inc. v. FHFA, No. 13-1053 (D.D.C.)

Vince and Brian,

We appreciate you taking the time to speak with us on Tuesday and to send your proposal for handling your Rule 45 subpoena. As we consider this offer with our client, it would be helpful if you could provide us a little bit more information. Specifically, we think it would be helpful if you could give us a general summary of your final agreement with FHFA - it is a bit difficult to track the nature of the agreement through the multiple letters you sent us. Second, we discussed this briefly on the phone, but could you spell out why, generally, you believe that internal Treasury documents, beyond any documents you will receive from FHFA, are relevant to the question of whether FHFA violated the implied covenant of good faith and fair dealing? Are there particular requests that you believe get at this issue, or particular Treasury documents you have in mind, or is it your position that Treasury documents are relevant to your claim to the same extent that FHFA documents are? As we explained on the phone, our view is that the remaining claim is a contractual one exclusively against FHFA which is why we objected to providing documents to many of your requests. And we do not agree that Treasury's dismissal from these cases is a "technical" matter. However, in the interest of reaching some agreement, we believe clearer answers to these questions will be useful information for our client in considering your proposal.

As we mentioned, Charlie and I will be out of the country next week, so if you can provide us a response today, then I can share the additional information with the client before we leave. We are willing to continue the discussions once we are back in the office on June 17.

Marsha Stelson Edney
Senior Trial Counsel
202-514-4520

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, June 04, 2019 9:26 PM
**To:** Edney, Marsha (CIV) <MEdney@CIV.USDOJ.GOV>; Merritt, Robert C. (CIV) <rmerritt@CIV.USDOJ.GOV>
**Cc:** Vince Colatriano <vcolatriano@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Pete Patterson <ppatterson@cooperkirk.com>
**Subject:** Fairholme Funds, Inc. v. FHFA, No. 13-1053 (D.D.C.)

Dear Marsha and Charlie,

Thank you for taking the time this morning to meet and confer on Treasury's response to our subpoena. As discussed, I've attached our correspondence with FHFA, which captures the agreement we ultimately reached with that agency regarding some very similar document requests.

Broadly speaking, our proposal is that Treasury should take an approach that is similar to the one that FHFA agreed to. As part of such a compromise, we are willing to drop some of our requests, including RFP 9, RFP 15(e), RFP 27, RFP 28,

1

and RFPs 31-37. We are also willing to limit our other requests in a manner that is substantially similar to the compromise we reached with FHFA on analogous requests.

As you know, we are challenging a joint action by FHFA and Treasury that has resulted in many billions of dollars of profits for Treasury, and any payment of damages by the defendants could reduce future dividend payments Treasury receives from Fannie and Freddie by a similar amount. Given these circumstances, we think FHFA and Treasury are very similarly situated for purposes of discovery even though Treasury is not technically a named defendant in the case.

We're of course happy to discuss this proposal in greater detail, but a threshold question is whether Treasury will agree to this basic approach or if the parties are so far apart that it makes sense to tee up the dispute for resolution by the Court.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.