# ATTACHMENT E

# Vince Colatriano

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, June 07, 2019 7:53 PM
**To:** Edney, Marsha (CIV); Merritt, Robert C. (CIV)
**Cc:** Vince Colatriano; David Thompson; Pete Patterson
**Subject:** RE: Fairholme Funds, Inc. v. FHFA, No. 13-1053 (D.D.C.)
**Attachments:** Spreadsheet on FHFA and Treasury RFPs.xlsx

Dear Marsha,

I've attached a spreadsheet that summarizes plaintiffs' agreement with FHFA on specific RFPs and that also identifies the corresponding RFPs plaintiffs sent to Treasury. I should stress that we've prepared this summary for your convenience and the convenience of your client. FHFA has not reviewed this summary, and the actual agreement is captured in the correspondence I sent on Tuesday. In addition to expanded topics, FHFA also agreed to use custodians and date ranges that were not included as part of the limited jurisdictional discovery that was taken in the Court of Federal Claims. Date ranges were limited by custodian rather than by topic because this facilitated use of Technology Assisted Review. For a number of custodians the search period is July 1, 2008 through January 31, 2014, and for others it is more limited.

In terms of why internal Treasury documents are relevant, probably the best place to start is page 22 of the Court's opinion of September 28, 2018. There the Court explained that one of the issues relevant to our implied covenant claims is whether the defendants acted "arbitrarily or unreasonably" in agreeing to the Third Amendment and that we plausibly alleged as much in part because the complaint says that "at the time the Third Amendment was enacted . . . *Treasury* understood that the GSEs were about to achieve sustained profitability." (emphasis added). As I tried to explain during our call on Tuesday, whether a particular action is "arbitrary or unreasonable" for these purposes is an objective test. Like FHFA, Treasury had access to non-public information about the Companies' prospects when the Third Amendment was adopted. Internal Treasury documents assessing that non-public information and the likely effects of the Net Worth Sweep are thus just as relevant to the reasonableness of the Third Amendment as internal FHFA documents that speak to the same issues. I make this point by way of example, and it should not be taken as a concession as to the scope of internal Treasury documents that are relevant. For further discussion of this issue, see paragraphs 5 and 6 of the declaration we attached to the Treasury subpoena.

For the reasons explained in my note of June 3, we continue to think that our agreement with FHFA provides the appropriate baseline for Treasury's response to our document requests.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623


**From:** Edney, Marsha (CIV) <Marsha.Edney@usdoj.gov>
**Sent:** Friday, June 07, 2019 9:18 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>
**Cc:** Vince Colatriano <vcolatriano@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Pete Patterson <ppatterson@cooperkirk.com>
**Subject:** RE: Fairholme Funds, Inc. v. FHFA, No. 13-1053 (D.D.C.)

Vince and Brian,

1

| FHFA RFP | General Topic | Agreement Between FHFA and Plaintiffs | Corresponding Treasury RFP |
|---|---|---|---|
| RFP 1 | Financial projections | FHFA to produce responsive documents. | RFP 1 |
| RFP 2 | Scenarios in which Treasury would have received more under the Net Worth Sweep than it would have received under the original terms of the PSPAs. Valuations of Treasury's warrants to purchase Fannie/Freddie common stock. | FHFA to produce responsive documents. | RFP 2 |
| RFP 3 | | FHFA to produce responsive documents. | RFP 3 |
| RFP 4 | Documents relating to decision to leave the Companies' existing capital structure in place during conservatorship. Standards or factors for determining when, whether, or how to terminate conservatorships. | FHFA to produce responsive documents. | RFP 4 |
| RFP 5 | Treasury's authority to prevent termination of the conservatorships. | FHFA to produce responsive documents. | RFP 5 |
| RFP 6 | Commitment or intent to ensure that existing equity holders would not have access to positive earnings from the Companies. | FHFA to produce responsive documents. | RFP 6 |
| RFP 7 | | FHFA to produce responsive documents. | RFP 7 |
| RFP 8 | Policies to reduce Companies' size | FHFA to produce documents relating to development of policies and actions taken pursuant to policies to implement the goal of shrinking the size of Fannie and Freddie -- i.e., documents that relate to the goal of contracting the GSEs and wind up/wind down. | RFP 8 |
| RFP 9 | Communications between FHFA and/or Treasury and the Companies' Boards and executives relating to termination of the conservatorships. | FHFA to produce responsive documents. | RFP 10 |

| | | |
|---|---|---|
| RFP 10 | Expectations the Companies will not continue as before | FHFA to produce documents relating to development of policies and actions taken pursuant to policies to implement the goal of shrinking the size of Fannie and Freddie -- i.e., documents that actually relate to the goal of contracting the GSEs and wind up/wind down. RFP 8 |
| RFP 11 | Communications between FHFA and Treasury on the decision to place the Companies in conservatorship, terms of the PSPAs, amendments to the PSPAs, practices of making draws on Treasury funding commitment to finance dividends, the periodic commitment fee, and FHFA's strategic plan for Fannie/Freddie. | FHFA to produce responsive documents. RFP 11 |
| RFP 12 | FHFA's determination that it is obligated to maximize Treasury's return on its investment in the Companies. | FHFA to produce documents relating to payment of dividends to Treasury and the interests of taxpayers. RFP 12 |
| RFP 13 | Decision of FHFA and Treasury to enter into the Net Worth Sweep | FHFA to produce responsive documents. RFP 13 |
| RFP 14 | Factors taken into account when Net Worth Sweep was imposed. | FHFA to produce responsive documents. RFP 14 |
| RFP 15 | Communications between FHFA and/or Treasury and various other entities relating to the Net Worth Sweep | FHFA to produce responsive documents. RFP 15 |
| RFP 16 | Communications of the FHFOB relating to the Net Worth Sweep. | FHFA to produce responsive documents. RFP 16 |
| RFP 17 | Second amendment to PSPAs | FHFA to produce responsive documents. RFP 17 |

| | | | |
|---|---|---|---|
| RFP 20 | Periodic Commitment Fee | FHFA to produce responsive documents. | RFP 18 |
| RFP 22 | Deferred tax assets, loan loss reserves, private label securities lawsuits | FHFA to produce documents on deferred tax assets only; time period used varies by custodian, with key custodians' ESI searched for full period from July 1, 2008 through January 31, 2014. | RFP 20 |
| RFP 23 | Decision to compensate Treasury with warrants to purchase Fannie/Freddie common stock. | FHFA to produce responsive documents. | RFP 21 |
| RFP 24 | Dividends on Treasury's senior preferred stock | FHFA to produce responsive documents. | RFP 22 |
| RFP 25 | Whether and under what circumstances the Companies could buy back Treasury's senior preferred stock | FHFA to produce documents on whether and under what circumstances the Companies could redeem the senior preferred stock or pay down the size of its liquidation preference. | RFP 23 |
| RFP 26 | Meetings between FHFA and Treasury on amendments to the PSPAs | FHFA to produce responsive documents. | RFP 24 |
| RFP 28 | Effect of NWS on profitability of Fannie and Freddie | FHFA to produce responsive documents. | RFP 25 |
| RFP 29 | Communications between FHFA and Treasury on loan loss reserves and deferred tax assets. | FHFA to produce responsive documents. | RFP 26 |