# ATTACHMENT F

# Vince Colatriano

| | |
|---|---|
| **From:** | Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov> |
| **Sent:** | Friday, June 21, 2019 3:13 PM |
| **To:** | Brian Barnes; Edney, Marsha (CIV) |
| **Cc:** | Vince Colatriano; David Thompson; Pete Patterson |
| **Subject:** | RE: Fairholme Funds, Inc. v. FHFA, No. 13-1053 (D.D.C.) |

Counsel --

We have consulted with our clients and considered your proposal for responding to the third-party subpoena. For the reasons set forth below, you still have failed to show any particularized need for the requested Treasury documents.

Fundamentally, we disagree with your statement that "Treasury and FHFA are very similarly situated for purposes of discovery even though Treasury is not technically a named defendant in the case." Treasury is not a defendant because the D.C. Circuit upheld dismissal of all claims against it. This is not the result of a technicality, but of the D.C. Circuit's legal conclusion that Treasury did not engage in any actionable conduct relating to the subject matter of this case. Rule 45 explicitly shields non-parties like Treasury from "significant expense resulting from compliance," and, as the D.C. Circuit has recognized, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Watts v. SEC, 482 F.3d 501, 509 (D.C. Cir. 2007) (citation omitted). Your contention that Treasury and FHFA are "very similarly situated for purposes of discovery" is inconsistent with these standards and fails to account for the fact that it is FHFA, not Treasury, against whom you have brought your implied covenant claim.

Additionally, as explained in our May 10, 2019 letter, Treasury's Touhy regulations require it to consider, among other things, "whether the request demonstrates that the information requested is relevant and material to the action pending, genuinely necessary to the proceedings, unavailable from other sources, and reasonable in its scope." 31 C.F.R. § 1.11(e). Despite our requests for this information, you have failed to make this showing. Your 37 RFPs do not account for the fact that you have already received extensive discovery (approximately 32,000 documents from Treasury alone) relating to the very same issues in the Court of Federal Claims ("CFC"). You have made no efforts to tailor your current requests to specific date ranges not covered by the CFC discovery or, more importantly, explain why documents beyond these date ranges – which cover the events (placement of the GSEs into conservatorship, execution of the Third Amendment) that are relevant to your surviving claim – are likely to be relevant to your claim. See, e.g., Opinion on Motion to Dismiss at 15, ECF No. 82 (noting that D.C. Circuit remanded to evaluate plaintiffs' implied covenant claims "under the correct legal standard, namely, whether the Third Amendment violated the reasonable expectations of the parties").

In addition, you have not adequately explained your need for internal Treasury documents to prove your claim that FHFA acted arbitrarily and unreasonably in carrying out its contractual duties to GSE shareholders. You assert that the implied covenant standard imposes an "objective test" to gauge the reasonableness of FHFA's actions, but you have not explained how internal Treasury documents assessing "non-public information" are relevant to such an objective test. FHFA either objectively behaved reasonably or it did not. Even if, as you suggest, there were internal Treasury documents regarding the likely effects of the Third Amendment, if those documents/conclusions were never communicated to FHFA, it is unclear how they could demonstrate that FHFA's actions were unreasonable.

Thus, we cannot agree to respond to your current discovery requests, which subject Treasury to the same discovery burden as the parties to the case and are not limited to specific time periods or specific topics. If you believe there are particular relevant Treasury documents, during particular time periods, that have not already been produced (or will not be produced by FHFA), we are willing to work with you to respond to such a request. We think such a discussion would be appropriate after you have received documents from FHFA, which should address almost all of the topics on which

1

you seek documents from Treasury. At that point, you will be in a better position to determine if it is necessary to send Treasury a tailored request for documents that are unavailable from FHFA.

Finally, we also wanted to get back to you regarding RFP No. 19. As we indicated we would in our May 10 letter, we conducted a search for documents reflecting communications between Treasury and the Federal Reserve Board between September 1, 2008 and August 31, 2012. After conducting a reasonable search, we did not locate any responsive documents.

Let us know if you want to discuss further.

-Charlie

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, June 07, 2019 7:53 PM
**To:** Edney, Marsha (CIV) <MEdney@CIV.USDOJ.GOV>; Merritt, Robert C. (CIV) <rmerritt@CIV.USDOJ.GOV>
**Cc:** Vince Colatriano <vcolatriano@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Pete Patterson <ppatterson@cooperkirk.com>
**Subject:** RE: Fairholme Funds, Inc. v. FHFA, No. 13-1053 (D.D.C.)

Dear Marsha,

I've attached a spreadsheet that summarizes plaintiffs' agreement with FHFA on specific RFPs and that also identifies the corresponding RFPs plaintiffs sent to Treasury. I should stress that we've prepared this summary for your convenience and the convenience of your client. FHFA has not reviewed this summary, and the actual agreement is captured in the correspondence I sent on Tuesday. In addition to expanded topics, FHFA also agreed to use custodians and date ranges that were not included as part of the limited jurisdictional discovery that was taken in the Court of Federal Claims. Date ranges were limited by custodian rather than by topic because this facilitated use of Technology Assisted Review. For a number of custodians the search period is July 1, 2008 through January 31, 2014, and for others it is more limited.

In terms of why internal Treasury documents are relevant, probably the best place to start is page 22 of the Court's opinion of September 28, 2018. There the Court explained that one of the issues relevant to our implied covenant claims is whether the defendants acted "arbitrarily or unreasonably" in agreeing to the Third Amendment and that we plausibly alleged as much in part because the complaint says that "at the time the Third Amendment was enacted . . . *Treasury* understood that the GSEs were about to achieve sustained profitability." (emphasis added). As I tried to explain during our call on Tuesday, whether a particular action is "arbitrary or unreasonable" for these purposes is an objective test. Like FHFA, Treasury had access to non-public information about the Companies' prospects when the Third Amendment was adopted. Internal Treasury documents assessing that non-public information and the likely effects of the Net Worth Sweep are thus just as relevant to the reasonableness of the Third Amendment as internal FHFA documents that speak to the same issues. I make this point by way of example, and it should not be taken as a concession as to the scope of internal Treasury documents that are relevant. For further discussion of this issue, see paragraphs 5 and 6 of the declaration we attached to the Treasury subpoena.

For the reasons explained in my note of June 3, we continue to think that our agreement with FHFA provides the appropriate baseline for Treasury's response to our document requests.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623