**Exhibit A**

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FAIRHOLME FUNDS, Inc., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13-465C |
| v. ) | (Judge Sweeney) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34, Plaintiffs hereby propound upon Defendant the following Requests for Production. Defendant is requested to produce and/or permit the Plaintiffs to inspect and copy each of the requested documents that may be in Defendant's possession, custody, or control, or those which are in the possession, custody, or control of Defendant's attorneys, agents, or representatives. Under the Court's order of April 4, 2014 (doc. 40), responses to these requests are due within 30 calendar days. Document production should be delivered to the offices of Cooper & Kirk, PLLC, 1523 New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location and time to which counsel mutually agree.

### DEFINITIONS

As used herein, the following terms shall have the following meanings:

1.  "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among more than one person, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

1

2. "Companies" refers to the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) collectively.

3. "Defendant" refers to the United States, including but not limited to agencies of the United States such as the Department of Treasury (Treasury) and the Federal Housing Finance Agency (FHFA).

4. "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined above. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information,

including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

5. "Government Stock" refers to the Senior Preferred Stock Treasury received from the Companies pursuant to the PSPAs.

6. "Models" refers to any and all models, assumptions, data, and analyses.

7. "Net Worth Sweep" refers to the provision of the Third Amendment to the PSPAs that requires the Companies to pay to Treasury each quarter their entire net worth, less a gradually decreasing capital reserve amount.

8. "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

9. "Profitability" refers to any and all information relating to the Companies' financial performance, prospects, income, and liabilities, including both their profits and losses.

10. "Projections" refers to any and all financial projections, stress tests, forecasts, and any other evaluations of the Companies' financial condition and/or profitability.

11. "PSPAs" refers to the Senior Preferred Stock Purchase Agreements under which Treasury agreed to provide the Companies with funding in exchange for, *inter alia*, Government Stock and warrants to purchase 79.9% of the Companies' common stock.

12. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

13. The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

14. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

15. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

16. The word "each" shall be construed to include "every" and vice versa.

17. The word "any" shall be construed to include "all" and vice versa.

18. The present tense shall be construed to include the past tense and vice versa.

19. The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

## INSTRUCTIONS

1. Pursuant to RCFC 26(e)(1), these Requests are continuing in nature and Defendant shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendant's responses.

2.     Each Request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3.     Each Request seeks documents that are in any way in Defendant's possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents to which the Defendant has access, including all documents in the possession, custody, or control of contractors, experts, consultants, or the Companies.

4.     A document is deemed to be in Defendant's "control" if Defendant or Defendant's attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.     If a requested document was, but no longer is, in Defendant's possession, custody, or control, Defendant shall identify the document, its current location, and the person who has possession, custody, or control of the document; if such information is unavailable, Defendant shall identify the last known location and person who had possession, custody, or control of the document and explain the reason for and circumstances under which the document left Defendant's possession, custody, or control.

6.     If any of the documents requested herein has been destroyed, Defendant shall furnish a list identifying each such document, its author and addressee, each person to whom copies of the documents were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) upon which it was destroyed, and the reason it was destroyed.

7.     If Defendant does not answer any Request or part thereof, on the basis of privilege, Defendant shall provide with respect to each such document the following:

   a. The date of the document;

    b. The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;

    c. The nature of the document (letter, memorandum, spreadsheet, presentation, report, etc.);

    d. A description of the subject matter of the document;

    e. A list of all attachments or enclosures to the document;

    f. The name(s) of the author(s) and of any recipient(s) of the document;

    g. The name and address of any person who is not included in response to subpart (f) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document; and

    h. The nature of the privilege asserted.

8. For each Request or part of a Request that Defendant refuses to answer on grounds of burdensomeness, Defendant shall explain in as much detail as possible the basis for its contention.

9. If Defendant objects to any Request, or portion of a Request herein, Defendant must produce all documents covered by the Request, or portion of the request, not subject to the objection. Similarly, if Defendant objects to production of a document, Defendant must produce the parts of the document that are not subject to objection, redacting and clearly indicating the parts of the document that are subject to the objection.

10. Defendant shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

## REQUESTS RELATING TO PROFITABILITY[1]

**REQUEST NO. 1:** Any and all projections, from the time Defendant began considering whether to place the Companies into conservatorship to the present, including any models relating to those projections. This request includes, but is not limited to, the following:

a. Projections produced, reviewed, or provided to FHFA or Treasury in connection with the Companies' conservatorships, *see, e.g.*, T88[2];

b. Projections produced, reviewed, or provided to FHFA or Treasury in connection with the second amendment to PSPAs, *see, e.g.*, T176;

c. Projections provided to Defendant by Moody's or Grant Thornton, *see, e.g.*, T3285, T3786, T3837;

d. Projections prepared by the Companies and the assumptions, models, data, and analyses relating to those evaluations, *see, e.g.*, FHFA 2421;

e. Any models relating to FHFA's October 2010 (FHFA 1379) and October 2011 (FHFA 2408) financial projections;

f. Any models relating to Treasury's May 2012 (T3775), June 2012 (T3833), July 2012 (T3884), and August 2012 (T3900) financial projections, including scenarios developed by Treasury staff to produce any such projections, *see, e.g.*, T3887, T3894;

g. Any and all documents relating to scenarios in which Treasury would have received more in some quarters under the Net Worth Sweep than it would have received under the original terms of the PSPAs, *see, e.g.*, T3802;

h. Any models relating to the Office of Management and Budget's recent projections of future Government Stock dividends, *see* Office of Management & Budget, *Fiscal Year 2015 Analytical Perspectives: Budget of the U.S. Government* 323 (2014), http://www.whitehouse.gov/sites/default/files/omb/budget/fy2015/assets/spec.pdf.

---

[1] These requests for production are organized by subject matter, but many of the requests call for information that pertains to more than one topic as to which the Court has authorized discovery. Accordingly, the inclusion of particular requests under particular headings is not intended to suggest, and should not be read to suggest, that those requests do not also pertain to other authorized topics.

[2] For ease of reference and purely by way of example, we refer herein to documents Defendants submitted in *Fairholme Funds, Inc. et al. v. Federal Housing Finance Agency, et al.*, No. 13-cv-1053 (D.D.C.). Citations to materials included in FHFA's "document compilation" are preceded by "FHFA" and citations to materials included in Treasury's administrative record are preceded by "T."

7

i. Any and all documents relating to the impact that guarantee fee increases would have on the Companies' revenues;

j. Any and all documents relating to the Periodic Commitment Fee authorized by the PSPAs, including without limitation the decision about whether to charge the Periodic Commitment Fee and the costs the Companies were expected to incur in paying the Periodic Commitment Fee, *see, e.g.*, T2359;

k. Any and all documents relating to significant sources of revenue for the Companies, including deferred tax assets, loan loss reserves, and proceeds from private label securities lawsuits.

**RESPONSE:**

**REQUEST NO. 2:** Any and all documents relating to the decision to compensate Treasury for its financial commitment by awarding it warrants to purchase 79.9% of the Companies' common stock.

**RESPONSE:**

**REQUEST NO. 3:** Any and all documents relating to any valuations of Treasury's warrants to purchase the Companies' common stock, including but not limited to any analyses underlying valuations of the warrants in the following Treasury reports: Treasury's 2008 Agency Financial Report (FHFA 204); Treasury's 2009 Agency Financial Report (FHFA 987); Treasury's 2010 Performance and Accountability Report (FHFA 1395); Treasury's 2011 Agency Financial Report; Treasury's 2012 Agency Financial Report (FHFA 4073); and Treasury's 2013 Agency Financial Report.

**RESPONSE:**

**REQUEST NO. 4:** Any and all documents relating to the decision to leave the Companies' existing capital structure in place during the conservatorships.

**RESPONSE:**

8

**REQUEST NO. 5:**  Any and all documents relating to Government Stock dividends, including without limitation: the circular practice of requesting draws on Treasury's funding commitment to pay cash dividends to Treasury, requests to make draws on Treasury's funding commitment, the provisions of the PSPAs that permit the Companies to add Government Stock dividends to Treasury's liquidation preference rather than paying those dividends in cash, and authorizations to declare dividends during the conservatorships pursuant to 12 C.F.R. § 1237.12.

**RESPONSE:**

## REQUESTS RELATING TO TERMINATION OF CONSERVATORSHIPS

**REQUEST NO. 6:**  Any and all documents relating to the standards for determining when, whether, and how to terminate the conservatorships of the Companies, including but not limited to documents relating to Treasury's authority to prevent termination of the conservatorships by withholding consent to termination of the conservatorships.

**RESPONSE:**

**REQUEST NO. 7:**  Any and all documents relating to Defendant's commitment to ensure that existing equity holders will not have access to positive earnings from the GSEs, including the development of this policy and actions taken pursuant to this policy. *See, e.g.*, T202.

**RESPONSE:**

**REQUEST NO. 8:**  Any and all documents relating to Defendant's policies to reduce the Companies' role in the mortgage market and to wind the Companies down, including development of those policies and actions taken pursuant to those policies. *See, e.g.*, T207.

**RESPONSE:**

**REQUEST NO. 9:**  Any and all documents reflecting communications between FHFA and/or Treasury, on the one hand, and the Companies' board members and executives, on the other hand, relating to termination of the conservatorships.

**RESPONSE:**

**REQUEST NO. 10:**  Any and all documents relating to Defendant's expectation that the Companies will not continue as they existed before the conservatorships.  *See, e.g.*, T2390.

**RESPONSE:**

### REQUESTS RELATING TO WHETHER FHFA IS THE UNITED STATES

**REQUEST NO. 11:**  Any and all documents reflecting communications between FHFA and Treasury relating to the following subjects: the decision to place the Companies in conservatorship, the terms of the PSPAs, amendments to the PSPAs, the practice of making draws on Treasury's funding commitment to fund dividends on Government Stock, the Periodic Commitment Fees authorized by the PSPAs, and FHFA's strategic plan for the conservatorships released in February 2012.

**RESPONSE:**

**REQUEST NO. 12:**  Any and all documents relating to whether and under what circumstances the Companies could buy back the Government Stock or otherwise reduce the size of the Government Stock's liquidation preference.

**RESPONSE:**

**REQUEST NO. 13:**  Any and all documents relating to FHFA's determination that it is obligated to maximize Treasury's return on its investment in the Companies or otherwise prioritize the interests of taxpayers.  *See, e.g.*, T2376.

**RESPONSE:**

**REQUEST NO. 14:**  Any and all documents relating to FHFA's and/or Treasury's decision to enter into the Net Worth Sweep.

**RESPONSE:**

**REQUEST NO. 15:**  Any and all documents reflecting communications between Treasury and the Justice Department relating to the Net Worth Sweep.  *See, e.g.*, T4332.

**RESPONSE:**

**REQUEST NO. 16:**  Any and all documents relating to the considerations Defendant took into account when it imposed the Net Worth Sweep and the purposes of the Net Worth Sweep, including:

a. Helping to ensure the Companies' financial stability;

b. Fully capturing benefits for taxpayers;

c. Acting upon the commitment that the Companies will be wound down and not allowed to return to the market in their prior form; and

d. Eliminating the need for the Companies to continue to make draws on Treasury's funding commitment to pay cash dividends on the Government Stock.

**REQUEST NO. 17:**  Any and all documents reflecting communications relating to the Net Worth Sweep between FHFA and/or Treasury, and:

a. Fannie and Freddie Boards of Directors and Executives;

b. The Companies' lawyers;

c. The Companies' auditors;

d. Rating agencies or other market analysts.

**RESPONSE:**

**REQUEST NO. 18:**  Any and all documents reflecting communications between members of the Federal Housing Finance Oversight Board (FHFA Director, Treasury Secretary, HUD

Secretary, and SEC Chair) or their staffs, or any other person acting at their direction, relating to the imposition of the Net Worth Sweep.

**RESPONSE:**

**REQUEST NO. 19:** Any and all documents relating to the steps the United States has taken to ensure that potentially relevant evidence is not destroyed during the pendency of this action.

**RESPONSE:**

Date:   April 7, 2014                                                    Respectfully submitted,

                                                                                            s/ Charles J. Cooper
                                                                                            Charles J. Cooper
                                                                                            *Counsel of Record for Plaintiffs*
                                                                                            COOPER & KIRK, PLLC
                                                                                            1523 New Hampshire Avenue, N.W.
                                                                                            Washington, D.C. 20036
                                                                                            (202) 220-9600
                                                                                            (202) 220-9601 (fax)
                                                                                            ccooper@cooperkirk.com

                                                                                            *Of Counsel:*
                                                                                            Vincent J. Colatriano
                                                                                            David H. Thompson
                                                                                            COOPER & KIRK, PLLC
                                                                                            1523 New Hampshire Avenue, N.W.
                                                                                            Washington, D.C. 20036
                                                                                            (202) 220-9600
                                                                                            (202) 220-9601 (fax)