**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>                     Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, *et al.*,<br><br>                     Defendants. | Civil Action No. 13-1053 (RCL) |

**DECLARATION OF MICHELLE A. DICKERMAN**

I, Michelle A. Dickerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Deputy Assistant General Counsel for Litigation, Oversight, & Financial Stability at the Department of the Treasury (Treasury). My duties include advising on significant litigation involving Treasury. The matters attested to herein are based on my personal knowledge and information provided to me in the course of my official duties.

2.      I am aware of the above-captioned litigation, the subpoena for the production of documents made by Plaintiffs, and the correspondence between the Department of Justice (DOJ), Federal Programs Branch, and the law firm of Cooper & Kirk, PLLC, counsel for Plaintiffs. The purpose of this declaration is to support Treasury's assertion that responding to Plaintiffs' broad subpoena for documents from Treasury, a non-party to the above-captioned litigation, will be unduly burdensome and is not proportional to the needs of the case.

3.      In connection with my official duties, I am familiar with Treasury's process for collecting and responding to subpoenas and requests for production in connection with litigation matters as well as the resources available for responding to such requests.

4.      Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs currently seek documents responsive to 27 requests for production broadly relating to the conservatorships of Fannie Mae and Freddie Mac and the Senior Preferred Stock Purchase Agreements (PSPAs) between Treasury and Fannie Mae and Freddie Mac. Given the lone narrow issue remaining in the litigation—whether FHFA and the GSEs breached the implied covenant of good faith and fair dealing in agreeing to the Third Amendment to the PSPAs—the vast scope of Plaintiffs' requests for production, and the correspondingly vast amount of material potentially covered by such requests, compliance with Plaintiffs' subpoena would impose an undue burden on Treasury that is not proportional to the needs of the case.

5.      Plaintiffs' requests for production seek documents created between July, 2008 and January, 2014. Searching for responsive documents during this five and a half year time period is unduly burdensome given Treasury's non-party status and because the Third Amendment was agreed to in August, 2012.

6.      Plaintiffs' requests for production are not limited by custodian or office, nor are they properly tailored to seek any documents relevant to the one narrow remaining issue. This lack of relevance to the remaining issue further supports Treasury's assertion of undue burden. In addition, I am aware that Plaintiffs' requests are duplicative of requests they have made to parties in the litigation.

7.      Plaintiffs' requests for production do not take into account that Treasury has already engaged in significant discovery in parallel litigation in the Court of Federal Claims ("CFC litigation"). Plaintiffs served document requests on the United States that are substantially similar to their document requests to Treasury in the instant case and obtained an extensive document production (over 32,000 documents) from Treasury that covered 25 of the

67 months Plaintiffs seek documents from. To complete this production, Treasury spent a significant amount of time collecting and providing documents from numerous Treasury employees to DOJ.

8.  The time periods of the prior discovery in the CFC litigation cover the events relevant to both that litigation and this litigation (*i.e.*, FHFA's placement of the GSEs into conservatorship and execution of the PSPAs, including execution of the Third Amendment to the PSPAs). As such, requiring Treasury to perform additional document collections and review for the events that were covered extensively by discovery that already took place in the CFC litigation imposes an undue burden on Treasury.

9.  Additionally, as I am aware from the CFC litigation, many of Plaintiffs' requests implicate documents that are subject to government privileges and/or attorney-client privilege. Assessing these documents for privilege will require careful review which will require significant additional time and resources. In the CFC litigation, Treasury attorneys worked with DOJ to prepare and review a privilege log that included thousands of entries. Treasury attorneys devoted hundreds of hours of time to reviewing the documents and their corresponding entries on the privilege log.

10. Treasury has not yet undertaken a search for the documents potentially responsive to Plaintiffs' broad subpoena because to do so would be unreasonably burdensome and time-consuming. However, Treasury attorneys who handled the discovery in the CFC litigation have evaluated Plaintiffs' subpoena and concluded that it would take hundreds of hours to review Treasury records for responsive material. And, additional time would be necessary to review the material for applicable privileges and create a privilege log. Thus, compliance with Plaintiffs' sweeping requests would require the expenditure of significant resources at the expense of other

important Treasury functions.

I declare under penalty of perjury that the matters set forth in this declaration are correct and true to the best of my information, knowledge, and belief.

Executed this 2nd day of August, 2019

*Michelle A. Dickerman*
Michelle A. Dickerman
Deputy Assistant General Counsel
(Litigation, Oversight, and Financial Stability)
U.S. Department of the Treasury