# ATTACHMENT A

No. 13-465C
(Judge Sweeney)

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FAIRHOLME FUNDS, INC., *et al.*,

Plaintiffs,

v.

UNITED STATES,

Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

KENNETH M. DINTZER
Acting Deputy Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

June 17, 2014                                           Attorneys for Defendant

privileged communications between Treasury and the Department of Justice. A61. Request 17 demands communications with Fannie Mae, Freddie Mac, and rating agencies, and market analysts. A62-63. Request 18 demands all communications between members of the Federal Housing Finance Oversight Board. A63.

On their face, these requests go well beyond the relationship between FHFA and Treasury, as well as the time frame for the core issue in plaintiffs' case, the August 2012 Third Amendment to the stock agreements. Plaintiffs declare that "the question whether FHFA should be considered the United States for purposes of the Tucker Act poses a 'fact-intense inquiry.'" Pls.' Opp. at 23 (quoting February 26 Order at 3). That is not a reason to transform the specific question of "whether the FHFA acted at the direct behest of the Treasury" (February 26 Order at 3) into a wide-ranging investigation. The context of this case is framed by plaintiffs' complaint, which challenges *only* the August 2012 Third Amendment. Plaintiffs are not entitled to every document ever exchanged between FHFA and Treasury in hopes of finding a shard of evidence to support their theory that FHFA did Treasury's bidding when it agreed to the Third Amendment.

Plaintiffs misleadingly refer to the liberal relevance standard in RCFC 26, Pls.' Opp. at 25, but that standard has no application here. Although discovery in the context of the merits of a case is "broadly construed," this case is in a very different posture. The Court here has authorized narrow discovery that is (1) sufficient to respond to certain aspects of the Government's motion to dismiss; and (2) limited to specific topics. This is not surprising, given

---

document, FHFA's February 2012 Strategic Plan, states: "FHFA has reported on numerous occasions that, with taxpayers providing the capital supporting Enterprise operations, this 'preserve and conserve' mandate directs FHFA to minimize losses on behalf of taxpayers." *See* http://www.fhfa.gov/AboutUs/Reports/ReportDocuments/20120221_StrategicPlanConservatorships_508.pdf, at 7.

16

that it is widely recognized that discovery while a motion to dismiss is pending should be "narrow as possible." *Lakeland Partners, LLC v. United States*, 88 Fed. Cl. 124, 138 (2009).

For these reasons, with respect to the subject of whether FHFA acted at the behest of Treasury in executing the Third Amendment, the Court should limit plaintiffs to the responsive materials identified in Requests 11, 14, and 16. Discovery beyond this is improper.

### C. Summary

In sum, the Government respectfully requests that the Court limit discovery in accordance with the following chart. The scope of discovery identified below will facilitate production of all documents required to resolve the issues identified by the Court without encroaching on core internal decision-making processes. This table takes into consideration the document search terms and custodians that have been under discussion by the parties. *See* Pls.' Opp. at 26-27. In accordance with ordinary document production practices, all documents will be reviewed for both responsiveness and privilege. We respectfully request that the Court enter a protective order striking the remainder of plaintiffs' document requests.