# ATTACHMENT C

```
 1                UNITED STATES COURT OF FEDERAL CLAIMS
 2
 3
 4    FAIRHOLME FUNDS, INC., ET AL.,)
 5              Plaintiffs,         ) Case No.
 6                  vs.             ) 13-465C
 7    THE UNITED STATES OF AMERICA, )
 8              Defendant.          )
 9
10
11
12                         Courtroom 4
13              Howard T. Markey National Courts Building
14                      717 Madison Place, N.W.
15                         Washington, D.C.
16                      Thursday, June 19, 2014
17                           11:00 a.m.
18              Defendant's Motion for Protective Order
19
20
21           BEFORE:  THE HONORABLE MARGARET M. SWEENEY
22
23
24
25    Elizabeth M. Farrell, CERT, Digital Transcriber
```

Fairholme Funds, Inc., et al. v. USA

13
6/19/2014

```
 1              THE COURT:  The date of the third amendment?
 2              MS. HOSFORD:  Yes.
 3              Moving on to the second issue that we raised in our
 4    motion, we would ask that the Court limit the proposed scope
 5    of discovery to the issues that were actually raised in the
 6    February 26th order.  And as we've set forth in our motion
 7    and in the chart that we attached to our reply, we have
 8    agreed to provide documents on whether FHFA was an agent and
 9    arm of the Treasury in response to requests 1, 11, 14 and 16.
10    But the other requests that are grouped under requests
11    relating to whether FHFA is the United States vastly exceed
12    the scope of that issue.
13              Like we are willing to produce anything that bears
14    on the relationship between the two agencies, but we are not
15    going to respond to any and all documents reflecting
16    communications between Treasury and the Justice Department,
17    which has no relevance to that issue, or documents relating
18    to whether -- FHFA's determination that it's obligated to
19    maximize Treasury's return on its investment.
20              Obviously, many of those documents are also going
21    to be privileged, but they're not even responsive to the
22    Court's order, which was a pre -- you know, the Court ordered
23    this discovery, as the Court knows, in advance of a motion to
24    dismiss.  And by definition, in advance of a motion to
25    dismiss, discovery should be limited to the narrow scope of
```

Fairholme Funds, Inc., et al. v. USA

14
6/19/2014

1   the issues on which the discovery is required.  This is not
2   the normal situation under Rule 26 where you -- you know, all
3   relevant documents to the case should be produced.
4           So, therefore, we've suggested that we will respond
5   to request 1A and request 4 and for the date range of July 1
6   to December 31st, 2008.
7           The question about whether FHFA -- I'm sorry.  On
8   the question of the solvency of the enterprises and
9   expectations of profitability at the time of the
10  conservatorship, we would respond to requests 1A and 4
11  because they're directly responsive to the Court's order.
12  The first one is financial projections in the possession of
13  FHFA and/or Treasury in connection with the conservatorship,
14  and the second one is documents relating to the decision to
15  leave the GSE's existing capital structure in place.  That's
16  exactly what the Court ordered in the order and that's
17  exactly what we're willing to produce documents on, and
18  within a reasonable time frame, July 1st to December 31st,
19  2008.
20          Now, in their opposition brief, Plaintiffs claim
21  that they had actually suggested that they were looking for
22  documents regarding the solvency of the enterprises, not only
23  in 2008, but throughout basically the conservatorships and
24  focusing on 2012.  But if you read their motion for discovery
25  and the declaration attached thereto, there was no mention of