# ATTACHMENT D

## Vince Colatriano

**From:** Schwind, Gregg (CIV) <Gregg.Schwind@usdoj.gov>
**Sent:** Tuesday, October 14, 2014 2:18 PM
**To:** David Thompson
**Cc:** Vince Colatriano; Brian Barnes; Hosford, Elizabeth (CIV)
**Subject:** RE: 10-6-14 Letter to DOJ Re Agreement on RFPs (clean) (1 40pm)-1.pdf
**Attachments:** 10-6-14 Letter to DOJ Re Agreement on RFPs (clean) (1 40pm)-1.pdf

David:

The revised letter dated October 6, 2014, accurately captures the parties' agreement with respect to plaintiffs' April 7, 2014 requests for production. I note that the pdf of the letter that you signed and sent contains two residual redline edits (see attached). Neither is significant or affects our agreement.

Regards,

Gregg

-----Original Message-----
From: David Thompson [mailto:dthompson@cooperkirk.com]
Sent: Monday, October 06, 2014 6:43 PM
To: Schwind, Gregg (CIV); Hosford, Elizabeth (CIV)
Cc: Vince Colatriano; Brian Barnes
Subject: 10-6-14 Letter to DOJ Re Agreement on RFPs (clean) (1 40pm)-1.pdf

Gregg,

And here's the clean copy that I have executed.

Best regards,
David


Annotations in the attached document can be seen with Acrobat Reader on the computer. To view annotations on iOS device, use compatible app like PDF Expert.


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

October 6, 2014

**BY EMAIL AND FIRST CLASS MAIL**

Gregg M. Schwind
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U. S. Department of Justice
P.O. Box 480 Ben Franklin Station
Washington, D.C. 20044

   Re: *Fairholme Funds, Inc., et al. v. United States* (No. 13-465C) (Fed. Cl)

Dear Gregg:

  On April 7, 2014, Plaintiffs served requests for production ("RFPs") on the Government. The Government served its responses and objections on Plaintiffs on May 2 and moved for a protective order regarding many of Plaintiffs' RFPs on May 30. After extensive negotiations in recent weeks, the parties have reached an agreement regarding the RFPs that remain in dispute. This letter sets forth that agreement.

  In addition to the RFPs to which the Government has previously committed to responding (identified in Vince's letter of August 14 and in the chart below), the Government agrees to produce all nonprivileged materials from the dates identified in the Court's July 16, 2014 order (Doc. 72) that are responsive to the following RFPs: 1(a), 1(c), 1(g), 3, 14, 16, 17, and 18. With respect to the portion of RFP 11 that concerns FHFA's February 2012 strategic plan and all of RFP 13, the Government will produce all responsive nonprivileged materials from June 1, 2011 through September 30, 2012. For the remainder of RFP 11, the Government will produce all responsive nonprivileged materials from the dates identified in the Court's July 16 order. The Government further agrees to produce all nonprivileged materials from the relevant date ranges that are responsive to RFP 1(d), except that the Government will not produce models under that request. Under RFP 1(a), the Government will produce not only projections provided to FHFA or Treasury but also projections produced by or reviewed by FHFA or Treasury.

Gregg M. Schwind
Senior Trial Counsel
September 17, 2014
Page 2

In return, Plaintiffs agree to drop RFPs 1(b), 1(i), 2, 5, 12, 15, and 19. Plaintiffs also abandon their request under RFP 13 for documents from 2008 and their request under RFP 11 for documents from 2008 relating to FHFA's February 2012 strategic plan. Plaintiffs reserve the right to move to compel production of models under RFPs 1(d), 1(e), 1(f), and 1(h) if the projections produced under RFP 1 are not sufficiently detailed to enable meaningful review. Plaintiffs would confer with the Government before filing a motion to compel with respect to any models. Plaintiffs further agree not to move to compel on RFPs 1(j) and 1(k) at this time but reserve the right, after reviewing the productions of Fannie and Freddie, to renew those requests and to move to compel if the parties are not able to reach an agreement.

The table below summarizes the parties' agreement with respect to each of the RFPs. To the extent that the table indicates that the Government will produce nonprivileged materials that are responsive to a particular RFP, that means the Government will produce only those responsive and nonprivileged materials (and a detailed log of the responsive documents for which the Government asserts a privilege) that fall within the date ranges established by the Court's July 16 order. In addition to the terms of the Court's July 16 order, the agreement is also subject to the parties' previous agreement as to search terms and document custodians. Finally, the agreement is also subject to plaintiffs' right to seek, and the Government's right to oppose, discovery in the event the Court authorizes full merits discovery.

| RFP | Summary of Request | Parties' Agreement |
|---|---|---|
| 1(a), 1(c), 1(g) | Financial projections associated with Companies' conservatorships; financial projections provided to the Government by Moody's or Grant Thornton; documents relating to scenarios in which Treasury would have received more in some quarters under the Net Worth Sweep than it would have received under the original terms of the PSPAs | Government *will produce* all responsive nonprivileged documents |
| 1(b), 1(i) | Financial projections associated with second amendment to PSPAs; documents relating to guarantee fee increases | Plaintiffs *abandon these requests* |

Gregg M. Schwind
Senior Trial Counsel
September 17, 2014
Page 3

| **RFP** | **Summary of Request** | **Parties' Agreement** |
|---|---|---|
| 1(d) | Financial projections prepared by the Companies and the assumptions, models, data, and analyses relating to those evaluations | Government *will produce* all responsive nonprivileged documents, except that it will not produce models; Plaintiffs reserve the right to move to compel production of models if the projections produced are not sufficiently detailed to enable meaningful review |
| 1(e), 1(f), 1(h) | Models relating to FHFA's October 2010 and 2011 financial projections; models relating to Treasury's May, June, July, and August 2012 projections; models relating to OMB's 2014 financial projections | Government *will not produce* documents; Plaintiffs will not move to compel production at this time but reserve the right to move to compel if projections produced under other RFPs are not sufficiently detailed to enable meaningful review |
| 1(j), 1(k) | Documents relating to the Periodic Commitment Fee; documents relating to significant sources of revenue for the Companies | Government *will not produce* documents; Plaintiffs will not move to compel production at this time but reserve the right to move to compel after reviewing productions from Fannie and Freddie |
| 2 | Documents relating to decision to award Treasury warrants | Plaintiffs *abandon this request* |
| 3 | Documents relating to valuation of Treasury warrants | Government *will produce* all responsive nonprivileged documents |
| 4 | Documents relating to decision to leave Companies' capital structure in place | Government *will produce* all responsive nonprivileged documents |
| 5 | Documents relating to Government Stock dividends | Plaintiffs *abandon this request* |
| 6 | Standards relating to termination of conservatorships | Government *will produce* all responsive nonprivileged documents |
| 7 | Documents relating to commitment to ensure that existing equity holders will not have access to Companies' positive earnings | Government *will produce* all responsive nonprivileged documents |

Gregg M. Schwind
Senior Trial Counsel
September 17, 2014
Page 4

| RFP | Summary of Request | Parties' Agreement |
|-----|-------------------|---------------------|
| 8 | Documents relating to policies to reduce Companies' role in mortgage market and to wind them down | Government *will produce* all responsive nonprivileged documents |
| 9 | Documents reflecting communications between FHFA/Treasury and Companies relating to termination of conservatorships | Government *will produce* all responsive nonprivileged documents |
| 10 | Documents relating to expectation that Companies will not continue as they existed prior to conservatorships | Government *will produce* all responsive nonprivileged documents |
| 11 | Documents reflecting communications between FHFA and Treasury relating to specified subjects | Government *will produce* all responsive nonprivileged documents except that, with respect to documents related to FHFA's 2012 strategic plan, the Government will produce responsive documents only in the date range June 1, 2011 through September 30, 2012; Plaintiffs withdraw their request for documents from 2008 concerning FHFA's strategic plan. |
| 12 | Documents relating to whether and how Companies could buy back Government Stock or reduce liquidation preference | Plaintiffs *abandon this request* |
| 13 | Documents relating to FHFA determination that it is obligated to maximize Treasury's return on investment | Government *will produce* all responsive nonprivileged documents only in the date range June 1, 2011 through September 30, 2012; Plaintiffs withdraw their request for documents from 2008. |
| 14 | Documents relating to decision to enter into Net Worth Sweep | Government *will produce* all responsive nonprivileged documents |
| 15 | Documents reflecting communications between Treasury and DOJ relating to Net Worth Sweep | Plaintiffs *abandon this request* |

Gregg M. Schwind
Senior Trial Counsel
September 17, 2014
Page 5

| RFP | Summary of Request | Parties' Agreement |
|---|---|---|
| 16 | Documents relating to purposes of Net Worth Sweep and considerations taken into account in connection with this decision | Government *will produce* all responsive nonprivileged documents |
| 17 | Documents reflecting communications regarding Net Worth Sweep between FHFA/Treasury and Companies' boards, executives, lawyers, auditors, ratings agencies, market analysts | Government *will produce* all responsive nonprivileged documents |
| 18 | Documents reflecting communications regarding Net Worth Sweep between members of Federal Housing Finance Oversight Board | Government *will produce* all responsive nonprivileged documents |
| 19 | Documents relating to document preservation efforts | Plaintiffs *abandon this request* |

Furthermore, in accordance with the Court's July 16 order, Plaintiffs reserve the right to seek documents that fall outside the timeframes authorized in this phase of discovery. If the Court allows a second phase of discovery before Plaintiffs respond to the Government's motion to dismiss, then Plaintiffs would have the right to seek additional documents only for those topics on which the Government has agreed to produce documents in connection with the current phase of discovery. The Government reserves the right to oppose a second phase of discovery, and this agreement is without prejudice to its ability to argue for a narrower set of topics if the Court authorizes a second phase.

Finally, this agreement does not resolve the parties' dispute over whether the Government should provide Plaintiffs with hit reports detailing the number of documents returned by each of the Government's ESI searches.

Please confirm your agreement with the terms described in this letter by signifying your agreement in an email or letter.

Sincerely,

Gregg M. Schwind
Senior Trial Counsel
September 17, 2014
Page 6

                                David H. Thompson
                                Counsel for Plaintiffs