# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE FEDERAL HOUSING FINANCE AGENCY, et al., <br><br> *Defendants.* | Case No. 1:13-cv-1053-RCL <br><br> **Oral Argument Requested** |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS <br><br> *Defendants*. | Case No. 1:13-cv-1288-RCL <br><br> **Oral Argument Requested** |

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs move for partial summary judgment as to the enforceability of Sections 3.2(b) of the Preferred Share Purchase Agreements entered into between FHFA, acting as conservator on behalf of Fannie Mae and Freddie Mac, and the U.S. Treasury Department. These agreements govern the terms of assistance between Treasury and the Companies. Section 3.2(b) refers to a "Periodic Commitment Fee" to be paid to Treasury in return for Treasury's "Commitment" to the Companies, in addition to the considerable additional compensation that the agreements required.

Section 3.2(b) was unenforceable under governing New York law because it left the amount of the fee to be determined later through mutual agreement and because it provided no readily ascertainable objective criteria, methodology, or extrinsic source for determining the "market value" of the Commitment, or for determining whether and at what point Treasury otherwise had been fully compensated "with reference to" that market value in light of the

significant other compensation provided. *See Teutul v. Teutul*, 912 N.Y.S.2d 664, 665-66 (N.Y. App. Div. 2010). Additionally, the provision violated federal law prohibiting the Executive Branch from charging any fee in relation to securities issued by the Companies. *See* 12 U.S.C. §§ 1455(i), 1719(f). Finally, even if the fee were initially enforceable and otherwise lawful, FHFA and Treasury failed to mutually agree on the amount of the fee at any point and before December 31, 2010—the deadline for setting the fee amount for at least the next five-year period under the terms of the agreements. Thus, and in addition to the reasons that the provision was unenforceable, the fee amount could not be set until January 2016 at the earliest.

For these reasons and those set forth in the accompanying brief, the Court should grant partial summary judgment in Plaintiffs' favor by holding that the provisions of the PSPAs that provided for a periodic commitment fee were unenforceable as a matter of law.

Dated: March 21, 2022                                   Respectfully submitted,

                                                  By: s/ Charles J. Cooper
Charles J. Cooper (Bar No. 24870)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601
ccooper@cooperkirk.com

David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (Bar No. 1018419)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601
dthompson@cooperkirk.com
vcolatriano@cooperkirk.com

ppatterson@cooperkirk.com
bbarnes@cooperkirk.com

*Counsel for Plaintiffs Fairholme Funds Inc., et al.*

*/s/ Eric L. Zagar              .*
Eric L. Zagar (*Pro Hac Vice*)
KESSLER TOPAZ MELTZER
  & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Hamish P.M. Hume (Bar No. 449914)
Samuel Kaplan (Bar No. 463350)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*