UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., et al.,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>　　　　　　　　*Defendants*. | Case No. 1:13-cv-1053-RCL |

**PLAINTIFFS' MOTION TO SEVER AND STAY THE FAIRHOLME PLAINTIFFS' CLAIMS AND TO ORDER A JURY TRIAL FOR THE BERKLEY PLAINTIFFS TO THE EXTENT THE PARALLEL CLASS ACTION IS TRIED BEFORE A JURY**

Plaintiffs request severance of the claims brought by Fairholme Funds, Inc. and The Fairholme Fund (the Fairholme Plaintiffs) from the claims of all other Plaintiffs (the Berkley Plaintiffs) and a stay of the Fairholme Plaintiffs' claims pending resolution of the parallel class action raising an identical claim in this Court. *See In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, Miscellaneous No. 13-1288 (RCL). The Berkley Plaintiffs have opted out of the class action and will litigate their action individually. In contrast, the Fairholme Plaintiffs are members of the class and will therefore be bound by the outcome in that class action. Because there is no need for the Fairholme Plaintiffs to continue litigating their individual action alongside the Berkley Plaintiffs, the Court should sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims.

In addition, the Court should stay the Fairholme Plaintiffs' individual action so that they will preserve the ability to litigate their claim individually in the event the class is decertified or the class action for some other reason does not lead to a determination of the Fairholme Plaintiffs'

1

claims. Therefore, the Court should exercise its discretion to sever the Fairholme Plaintiffs' claims and stay their individual action pending resolution of the parallel class action.

Lastly, Plaintiffs ask the Court to exercise its discretion under Federal Rule of Civil Procedure 39(b) to order a jury trial for the Berkley Plaintiffs to the extent that the parallel class action is tried before a jury. This result would avoid the unnecessary and duplicative work that would result from using different finders of fact in Berkley's case and the class action. Due to the efficiency interest served by this request and the lack of prejudice to Defendants, the Court should grant Plaintiffs' motion to order a jury trial for the Berkley Plaintiffs' individual action if the class action is tried before a jury.

On May 3, Plaintiffs conferred with Defendants regarding this motion, and Defendants indicated they were unable to consent to the motion without additional time to consider their position.

Dated: May 5, 2022                                                  Respectfully submitted,

<u>By: s/ Charles J. Cooper</u>
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (Bar No. 1018419)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601
ccooper@cooperkirk.com
dthompson@cooperkirk.com
vcolatriano@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com

*Counsel for Plaintiffs Fairholme Funds Inc., et al.*