UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., et al., *Plaintiffs*, v. THE FEDERAL HOUSING FINANCE AGENCY, et al., *Defendants*. | Case No. 1:13-cv-1053-RCL |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER AND STAY THE FAIRHOLME PLAINTIFFS' CLAIMS AND TO ORDER A JURY TRIAL FOR THE BERKLEY PLAINTIFFS TO THE EXTENT THE PARALLEL CLASS ACTION IS TRIED BEFORE A JURY**

**INTRODUCTION**

This motion seeks to both streamline the litigation before this Court and avoid the prospect of duplicative litigation. This action involves two sets of plaintiffs—the Fairholme Plaintiffs (consisting of plaintiffs Fairholme Funds, Inc. and The Fairholme Fund) and the Berkley Plaintiffs (consisting of all other plaintiffs). The Fairholme Plaintiffs are members of the parallel class action raising identical claims in this court, *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, Miscellaneous No. 13-1288 (RCL). In contrast, the Berkley Plaintiffs opted out of the class action.

Because the Fairholme Plaintiffs are members of the class, they will be bound by the outcome of that class action. To promote judicial economy and efficiency, Plaintiffs move to sever and stay the Fairholme Plaintiffs' claims in this case pending resolution of the parallel class action. Severance and a stay would avoid duplicative litigation and ensure that the Fairholme Plaintiffs preserve the ability to litigate their claims individually in the event the class is decertified or the

class action for some other reason does not lead to a resolution of their claims. Given the equitable considerations that guide this Court's exercise of discretion to sever and stay a proceeding, the Court should grant Plaintiffs' motion to sever and stay the Fairholme Plaintiffs' claims.

In addition, Plaintiffs have litigated this case in parallel with the class action for several years. The class action plaintiffs included a jury demand in their complaint, but Plaintiffs did not. To streamline the litigation of this case—and require only one trial with a single finder of fact— Plaintiffs ask the Court to exercise its discretion under Federal Rule of Civil Procedure 39(b) to order a jury trial in the Berkley Plaintiffs' individual action to the extent the class plaintiffs do not withdraw their request for a jury trial. Granting this motion would avoid the unnecessary and duplicative work that would result from using different finders of fact in the Berkley Plaintiffs' case and the class action. Due to the efficiency interest served by this request and the lack of prejudice to Defendants, the Court should grant Plaintiffs' motion to order a jury trial for the Berkley Plaintiffs' individual action if the class action is tried before a jury.

## FACTUAL BACKGROUND

This case arises out of the Federal Housing Finance Agency's decision to effectively nationalize Fannie Mae and Freddie Mac by agreeing, as their conservator, to pay all their profits to the Department of Treasury in perpetuity. The Fairholme and Berkley Plaintiffs are owners of stock in Fannie Mae and Freddie Mac. Am. Compl. For Declaratory & Inj. Relief & Damages, Doc. 75 ¶¶ 5-16 (Feb. 1, 2018). In July 2013, they filed this lawsuit, challenging FHFA's decision on several grounds. *See* Compl. For Declaratory & Inj. Relief & Damages, Doc. 1 (July 10, 2013). Multiple class actions were subsequently filed raising similar claims, and those actions have been consolidated before this Court. *See* Consolidation Order, *In re Fannie Mae/Freddie Mac Senior*

2

*Preferred Stock Purchase Agreement Class Action Litigations*, No. 13-mc-1288-RCL, Doc. 1 (Nov. 18, 2013). Under the Court's most recent scheduling order, trial is set for July.

On April 23, 2022, the deadline passed to opt out of the parallel class action. The Berkley Plaintiffs elected to opt out of the class and litigate their claims individually. In contrast, the Fairholme Plaintiffs elected to remain in the class. Given these different postures, Plaintiffs move to sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims and to stay the Fairholme Plaintiffs' individual action pending resolution of the parallel class action. In addition, to streamline the litigation before the Court, Plaintiffs ask this Court to exercise its discretion to order a jury trial in the Berkley Plaintiffs' action if the class plaintiffs maintain their demand for a jury trial so that the two actions may be tried together before a single finder of fact.

## ARGUMENT

### I. The Court Should Sever the Fairholme Plaintiffs' Claims from the Berkley Plaintiffs' Claims and Stay the Fairholme Plaintiffs' Individual Action Pending Resolution of the Class Action.

"Courts disfavor duplicative litigation" because "it has the potential to waste judicial resources, muddy legal waters with conflicting rulings, and can strain the capabilities of litigants." *UnitedHealthCare Ins. Co. v. Price*, 255 F. Supp. 3d 208, 210 (D.D.C. 2017) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). This Court has several tools to avoid these results.

First, the Court has the power to "sever any claim." FED. R. CIV. P. 21. The decision to sever a claim under Rule 21 is "addressed to the broad discretion of the district court." 7 Wright & Miller, Fed. Prac. & Proc. Civ. § 1689 (3d ed. Apr. 2022 update). Rule 21 "gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants." *Hisp. Aff. Project v. Perez*, 206 F. Supp. 3d 348, 373–74 (D.D.C. 2016) (internal quotation marks omitted); *see also id.* ("[t]he trial court thus has

3

great discretion to restructure an action to promote the efficient administration of justice" (quoting 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 21.05 (3d ed. 2013))).

Second, this Court possesses the "ability to stay proceedings" through the exercise of "its inherent authority to manage its own docket." *UnitedHealthCare*, 255 F. Supp. 3d at 210. The Court's decision to stay a case is governed by "'equitable considerations.'" *Id.* (quoting *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003)).

Courts frequently exercise their inherent power to stay individual proceedings when a parallel class action is ongoing. Several courts "have approved the practice of staying a case" when "the plaintiff is a member of a parallel class action." *Richard K. v. United Behavioral Health*, No. 18-CV-6318, 2019 WL 3083019, at *7 (S.D.N.Y. June 28, 2019), *adopted by* 2019 WL 3080849 (S.D.N.Y. July 15, 2019) (internal quotation marks omitted); *see also Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (affirming stay of individual proceedings pending resolution of related class action); *Jiaming Hu v. United States Dep't of Homeland Sec.*, No. 17-cv-02363, 2018 WL 1251911, at *4 (E.D. Mo. Mar. 12, 2018) (granting stay of individual action pending resolution of related class action); *Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014) (same); *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 692 (N.D. W. Va. 2010) (same); *Schwarz v. Prudential-Bache Secs., Inc.*, No. 90-6074, 1991 WL 137157 (E.D. Pa. July 19, 1991) (same).

Although courts retain discretion to dismiss without prejudice, rather than stay, an individual action while a parallel class action is ongoing, equitable considerations often require a stay. *See, e.g.*, *Hu*, 2018 WL 1251911, at *4–5; *see also Wormley v. United States*, 601 F. Supp. 2d 27, 43 (D.D.C. 2009) (staying an individual's action and denying a motion to dismiss due to an ongoing parallel class action). The court's analysis in *Richard K.* is illustrative. There, a defendant

4

sought a dismissal or, in the alternative, a stay of an individual action pending resolution of a parallel class action. *Richard K.*, 2019 WL 3083019, at *7. The court determined that a stay, rather than dismissal, was "the better course" for several reasons. *Id.* at *8. Among them was the fact that "dismissal presents the risk that plaintiffs' claims, even if not resolved by the judgment in" the class action "will become time-barred." *Id.* (citing *Hu*, 2018 WL 1251911, at *4–5); *see also id.* ("'Federal courts have cautioned against dismissing a case outright due to the pendency of a related case, given the prejudice that may result.'" (quoting *Thakkar v. United States*, 2019 WL 1993782, at *6 (D. Mass. May 6, 2019))).

Here, to promote efficiency, judicial economy, and the principles of equity, the Court should exercise its discretion to sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims and then stay the Fairholme Plaintiffs' individual action pending resolution of the class action. The Berkley Plaintiffs have opted out of the class action and therefore will litigate their action individually. In contrast, the Fairholme Plaintiffs have *declined* to opt out of the class and therefore will be bound by the outcome of the class action. Accordingly, there is no need for the Fairholme Plaintiffs to continue litigating their individual action in parallel. The Court should therefore sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims "in the interest of efficiency and judicial economy." *Hispanic Affairs Project*, 206 F. Supp. 3d at 374.

Once the Fairholme Plaintiffs' claims are severed, equitable considerations warrant staying the Fairholme Plaintiffs' individual action. *See Maverick Ent. Grp., Inc. v. Does 1-2, 115*, 810 F. Supp. 2d 1, 11 (D.D.C. 2011) ("Severance of claims under Rule 21 results in the creation of separate actions." (brackets omitted)). Although the Fairholme Plaintiffs are members of the class, they could face "the risk that" their "claims, even if not resolved by the judgment" in the class action, "will become time-barred" under the applicable statute of limitations if this case is

dismissed rather than stayed. *Richard K.*, 2019 WL 3083019, at *8; *see also Angel v. Fed. Home Loan Mortg. Corp.*, No. 1:18-cv-01142, 2019 WL 1060805, at *6 (D.D.C. Mar. 6, 2019) (Lamberth, J.).

Ordinarily, class members need not worry about the statute of limitations due to the Supreme Court's decision in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). There, the Court held that "the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018). But the application of *American Pipe* to plaintiffs who have already filed an individual action is unsettled. *Compare Wyser-Pratte Mgmt. Co. v. Texlon Corp.*, 413 F.3d 553, 569 (6th Cir. 2005) (holding that plaintiffs lose the benefit of *American Pipe* tolling by filing individual claims before class certification), *with Aly v. Valeant Pharm. Int'l Inc.*, 1 F.4th 168, 175 (3d Cir. 2021) (joining the Second, Ninth, and Tenth circuits in holding the opposite). For this reason, a dismissal rather than a stay would prejudice the Fairholme Plaintiffs by creating "the risk that" their "claims, even if not resolved by the judgment in" the class action, could "become time-barred." *Richard K.*, 2019 WL 3083019, at *8. Therefore, the "equitable considerations" counsel in favor of this Court exercising "its inherent authority" to stay the Fairholme Plaintiffs' action pending resolution of the class action. *UnitedHealthCare Ins. Co.*, 255 F. Supp. 3d at 210.

In sum, the merits of the Fairholme Plaintiffs' claims almost surely will rise and fall with the class. Therefore, they need not litigate their individual action while the identical claims are being litigated by the class. In contrast, the Berkley Plaintiffs have opted out of the class and will litigate their claims individually. For this reason, in the interest of judicial economy and efficiency, the Court should sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims. In addition, the Court should stay the Fairholme Plaintiffs' individual action given the uncertainty

surrounding the application of *American Pipe* to class members who previously filed individual actions. Therefore, the Court should sever the Fairholme Plaintiffs' claims and stay their individual action pending resolution of the class action.

## II. The Court Should Exercise Its Discretion Under Federal Rule 39(b) to Order a Jury Trial for the Berkley Plaintiffs If the Class Action is Tried Before a Jury.

Under Rule 39(b), this Court has discretion to order a jury trial for "[i]ssues on which a jury trial" was "not properly demanded." FED R. CIV. P. 39(B). "To invoke the judicial discretion afforded by th[is] Rule," a party who did not demand a jury in its complaint may "file a motion or provide some similar manifestation of [its] desire to have a jury trial." 9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2334 (4th ed. Apr. 2022 update). Rule 39(b) "is often employed in cases in which there are multiple parties with conflicting jury demands." *FDIC v. Cafritz*, 770 F. Supp. 28, 30 (D.D.C. 1991).

"It is well established that a district court should grant a Rule 39(b) motion in the absence of strong and compelling reasons to the contrary." *Hiotis v. Sherman Dist. of Maryland, Inc.*, 607 F. Supp. 217, 219 (D.D.C. 1984) (internal quotation marks omitted). This decision is committed to the trial court's discretion. *Rendall-Speranza v. Nassim*, 942 F. Supp. 621, 629 (D.D.C. 1996), *rev'd on other grounds*, 107 F.3d 913 (D.C. Cir. 1997). Courts will therefore consider numerous factors, including "the effects on scheduling and trial preparedness" and "whether any party will be prejudiced by granting the [movant] relief." *Cafritz*, 770 F. Supp. at 30; *see also Rendall-Speranza*, 942 F. Supp. at 629 (granting request for jury under Rule 39(b) given "the lack [of] any alleged prejudice to the defendant").

Here, if the parallel class action is tried to a jury, the most efficient course is to use the same jury as the finder of fact in the Berkley Plaintiffs' case. This would spare the Court the

prospect of simultaneously conducting a bench trial alongside a jury trial or the prospect of having an "effect[] on scheduling," *Cafritz*, 770 F. Supp. at 30, by requiring separate trials.

Moreover, Defendants will suffer no prejudice if this Court grants Plaintiffs' motion. Indeed, Defendants would seemingly only benefit from combining and streamlining the Berkley Plaintiffs' action and the class action because Defendants would therefore be facing only one trial rather than two. Moreover, the timing of this motion was driven by the deadline for opting out of the class action—which occurred only on April 23, 2022. Given the lack of prejudice to Defendants and the efficiency of trying the Berkley Plaintiffs' action together with the class action in one trial before one jury, the Court should exercise its discretion to grant Plaintiffs' motion for a jury trial in the Berkley Plaintiffs' action if the class action is tried before a jury.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims, to stay the Fairholme Plaintiffs' individual action, and to order a jury trial for the Berkley Plaintiffs if the class action is tried before a jury.

Date: May 5, 2022                                          Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper (Bar No. 24870)
ccooper@cooperkirk.com
David H. Thompson (Bar No. 450503)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (admitted pro hac vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.220.9600
Facsimile:  202.220.9601
*Attorneys for Plaintiffs Fairholme Funds, Inc., et al.*