**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br> Defendants. | Civil No. 13-1053 (RCL) |

**DEFENDANTS' RESPONSE AND PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO SEVER AND STAY THE FAIRHOLME PLAINTIFFS' CLAIMS AND TO ORDER A JURY TRIAL FOR THE BERKLEY PLAINTIFFS**

Defendants hereby respond to Plaintiffs' Motion to Sever and Stay the Fairholme Plaintiffs' Claims and to Order a Jury Trial for the Berkley Plaintiffs to the Extent the Parallel Class Action is Tried Before a Jury (ECF Nos. 155, 155-1) (the "Motion"). Defendants do not oppose the Fairholme Plaintiffs' request for severance and a stay but do oppose the Berkley Plaintiffs' request to undo their waiver of a jury trial. In the almost nine years since this case was filed, and despite having multiple opportunities to do so, the Berkley Plaintiffs never demanded a jury trial. Now, with trial a matter of weeks away, the Berkley Plaintiffs request relief from their waiver, yet cite no reason for their delay. The Court should deny the request.

**I.   The Fairholme Plaintiffs' Request for Severance and Stay**

Defendants do not oppose the Fairholme Plaintiffs' request for severance and a stay. *See* Motion at 3–7 (ECF No. 155-1). However, the Court should dismiss with prejudice the Fairholme Plaintiffs' individual claims as soon as the class action is resolved on the merits. This is because, as the Fairholme Plaintiffs acknowledge in the Motion, their individual claims are

"identical" to those in the class action, they have not opted out of the class action, and they "will be bound by the outcome of [the] class action."

## II.     The Berkley Plaintiffs' Belated Request for a Jury Trial

Defendants oppose the Berkley Plaintiffs' request under Rule 39(b) of the Federal Rules of Civil Procedure to undo their waiver of a jury trial. The Berkley Plaintiffs waived their right to a trial by jury when they failed to demand one at the outset of this action, as required by Federal Rule of Civil Procedure 38. *See* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."). Now, almost nine years later, the Berkley Plaintiffs belatedly seek to "avoid waiver" by inviting the Court to exercise its discretion pursuant to Federal Rule of Civil Procedure 39(b) to order a jury trial. *BCCI Holdings (Luxembourg), S.A. v. Khalil*, 214 F.3d 168, 172 (D.C. Cir. 2000). The Berkley Plaintiffs' Motion should be denied because the request is not justified.

In *BCCI Holdings*, the D.C. Circuit endorsed "the factors enunciated by the Supreme Court in *Pierce v. Underwood*," as the touchstone for determining whether district courts should exercise their discretion to relieve a "defaulting party" of the consequences of its waiver. *Id.* at 173. Those factors are referred to by the *Pierce* Court as "two guidelines for exercise of the discretionary power"—the first of those two guidelines "relate[s] to the justifiability of the tardy litigant's delay," and the second relates to 'the absence of prejudice to [the tardy litigant's] adversary." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 562 (1988)). In embracing these two guidelines, the D.C. Circuit expressly rejected the view that "a trial court must indulge a presumption in favor of the neglectful party." *Id.* at 172.

The D.C. Circuit's holding affirmed a district court opinion, which thoroughly surveyed a range of decisions by other courts that have "developed presumptions" about how to apply Rule 39(b), some favoring a "permissive view" of the application of Rule 39(b) and others favoring a

"restrictive view." *BCCI Holdings (Luxembourg), S.A. v. Khalil*, 182 F.R.D. 335, 337 (D.D.C. 1998). Under the "permissive view," the district court explained, "a Rule 39(b) motion should be 'granted in the absence of strong and compelling reasons to the contrary.'" *Id.* (citation omitted). Under the "restrictive view, the moving party must demonstrate special circumstances for a Rule 39(b) motion to be granted." *Id*. Analyzing the considerations underlying both the permissive and restrictive views, the district court concluded that because those "considerations are in equipoise," Rule 39 does not "require[] the gloss of a presumption either way." *Id*. The district court went on to cite and adopt the *Pierce* Court's "express[ion] [of] a presumption-neutral view," holding that "[n]o predisposition toward granting or denying a Rule 39(b) motion is required, and each such motion should stand or fall on its own merits in light of the *Pierce* factors in the context of the unique circumstances of a given case." *Id*.

Under the first *Pierce* factor, the vast majority of courts, in this District and elsewhere, have denied Rule 39(b) motions absent at least some attempt to establish "the justifiability of the tardy litigant's delay." Indeed, courts in this District have denied Rule 39(b) motions absent satisfying the first prong of *Pierce* regardless of whether there has been a showing of "prejudice to the adversary." For example, in *Bricks, Blocks & Concrete Co., Inc. v. Frontier Insurance Company*, the D.C. Circuit affirmed the district court's denial of the movant's Rule 39(b) motion without reference to any prejudice to the opposing party. *See* 39 F. App'x. 610, 611 (D.C. Cir. 2002).

Conversely, decisions granting Rule 39(b) motions—including decisions cited by the Berkley Plaintiffs in their Motion—typically involved a movant that had provided a justification for the failure to timely demand a jury trial, even if it was nothing more than an assertion of excusable neglect. *See, e.g.*, *FDIC v. Cafritz*, 770 F. Supp. 28, 30 (D.D.C. 1991) (finding that

3

the movant had provided "an adequate explanation for the reversal of position on the jury trial issue" because of excusable neglect); *Hiotis v. Sherman Distributors*, 607 F. Supp. 217, 219 (D.D.C. 1984) (movant proffered "inadvertence . . . [as] the reason for the delay in making a proper and timely demand for jury trial" and "the court f[ound] that th[e] inadvertence was not the result of inexcusable neglect").

Here, the Berkley Plaintiffs waived their right to a jury trial years ago.[1] In seeking now to avoid that waiver, they make no attempt to justify their nearly nine year delay, nor do they give any reason at all for their "reversal of position on the jury trial issue." All the Berkley Plaintiffs can muster is a statement that the timing of their Motion "was driven by the deadline for opting out of the class action." Motion at 8 (ECF No. 155-1). But this explanation rings hollow. The Berkley Plaintiffs offer no explanation for why the recent passing of the opt-out deadline either explains their failure previously to make a timely jury demand in their pleadings, or their years-long delay in seeking relief pursuant to Rule 39(b). The Berkley Plaintiffs knew from the outset that their case was proceeding in tandem with a putative class action case and that there would be an opt-out deadline for the class action if the classes were certified. They could have demanded a jury, or sought relief under Rule 39(b), at any time since 2013.

The Berkley Plaintiffs also take the position that because "the parallel class action is [to be] tried to a jury, the most efficient course is to use the same jury as the finder of fact in the Berkley Plaintiff's case." Motion at 7 (ECF No. 155-1). But, again, the Berkley Plaintiffs' action has been proceeding in parallel with the Class Action since 2013. The Berkley Plaintiffs

---

[1] The Berkley Plaintiffs' initial Complaint, filed on July 10, 2013, ECF No. 1, did not demand a jury trial. The Berkley Plaintiffs filed an amended complaint on February 1, 2018, ECF No. 75, and that complaint did not demand a jury trial either. Defendants' answer, filed on December 17, 2018, ECF No. 95, did not demand a jury trial, and the Berkley Plaintiffs did not demand a jury trial within ten days of the filing of the Defendants' Answer.

have, therefore, known for almost nine years that, as pled, the class action would be tried to a jury and the Berkley Plaintiffs' individual action would be tried to the Court.  They offer no explanation why they have just now—two months before trial—come to the realization that "the most efficient course is to use the same jury as the finder of fact in the Berkley Plaintiffs' case" and in the class action.

The authorities relied on by the Berkley Plaintiffs to support undoing their waiver are unavailing because each of them required a justification not present here.  In *Cafritz*, the court found that, unlike the Berkley Plaintiffs here, the movant had provided the court with "an adequate explanation for the reversal of position on the jury trial issue." *Cafritz*, 770 F. Supp. at 30.  And in *Hiotis*, the district court likewise found the movant had adequately proffered inadvertence "as the reason for the delay in making a proper and timely demand for jury trial" and "that th[e] inadvertence was not the result of inexcusable neglect." *Hiotis*, 607 F. Supp. at 219.  Moreover, *Hiotis* applied a presumption that, a discussed above, has been rejected in this Circuit.  *Hiotis* stated that "a district court should grant a Rule 39(b) motion 'in the absence of strong and compelling reasons to the contrary,'" *Hiotis*, 607 F. Supp. at 219, a standard premised on the "permissive view" presumption that was subsequently rejected by both the district court and the D.C. Circuit in *BCCI Holdings*.  *See BCCI Holdings*, 182 F.R.D. at 337 (identifying *Hiotis* as one of the decisions that "adhere[d] to the more permissive view").

As the District of Columbia Court of Appeals observed in construing the local (and identical) counterpart to Rule 39(b), the very language from *Hiotis* quoted by the Berkley Plaintiffs here "was effectively overruled by [*BCCI Holdings*], which rejected the *Hiotis*

5

interpretation of Rule 39(b)." *Pearson v. Chung*, 961 A.2d 1067, 1078 (D.C. 2008).[2]  In addition, *Musick v. Norton*, 215 F. Supp. 2d 171 (D.D.C. 2002) actually supports Defendants. There, the court first observed that *Cafritz* "obviously contemplated that the movant would make some effort to explain the basis of the request for a jury trial where a jury trial had been waived." *Musick*, 215 F. Supp. 2d at 173.  But the *Musick* court then *denied* the Rule 39(b) motion where the only explanation offered by the movant was that "she 'decided the case would be better tried to a jury.'" *Musick*, 215 F. Supp. 2d at 173.

      Finally, in asserting that "Defendants will suffer no prejudice if this Court grants Plaintiffs' Motion," the Berkley Plaintiffs go on to say that "Defendants would seemingly only benefit from combining and streamlining the Berkley Plaintiffs' action . . . ." Motion at 8 (ECF No. 155-1).  Even if true, that is not sufficient because the Berkley Plaintiffs have not provided a justifiable explanation.  More importantly, the Berkley Plaintiffs are incorrect.  Indeed, Defendants believe that they—and, indeed, the entire process—would benefit from a bench trial, which would result in comprehensive findings of fact and conclusions of law issued by a United States District Court Judge pursuant to Rule 52 of the Federal Rules of Civil Procedure, in contrast with the general verdict that would be issued by a lay jury.  Thus, while Defendants do not assert affirmative prejudice of the ilk identified in other cases, there are, in Defendants' view, benefits and advantages attendant to a bench trial which would not attend a jury trial—benefits that Defendants have expected and relied upon for the nine years since the Berkley Plaintiffs filed their complaint without a jury demand.

---

[2]     The only other case cited by the Berkley Plaintiffs is *Rendall-Speranza v. Nassim*, 942 F. Supp. 621 (D.D.C. 1996), which was reversed on other grounds in *Rendall-Speranza v. Nassim*, 107 F.3d 913 (D.C. Cir. 1997).  But that decision's treatment of the Rule 39(b) issue was perfunctory and does not afford any substantive support for the relief sought by the Berkley Plaintiffs here.

In any event, because the Berkley Plaintiffs make absolutely no attempt to justify their delay in satisfaction of the first *Pierce* factor, the Court can—and should—exercise its discretion to deny the Berkley Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, Defendants do not oppose the Fairholme Plaintiffs' motion to sever their individual action and stay it until the merits are reached in the class action, so long as the Court dismisses those claims with prejudice upon resolution of the merits of the class action.

Defendants do oppose, and respectfully request the Court deny, the Berkley Plaintiffs' motion for a jury trial.

Dated: May 19, 2022

Respectfully submitted,

 /s/ Howard N. Cayne
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Howard.Cayne@arnoldporter.com
Asim.Varma@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency and Acting Director Sandra Thompson*

 /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

 /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*