## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| |
|---|
| FAIRHOLME FUNDS, INC., et al., |
| *Plaintiffs*, |
| v. |
| THE FEDERAL HOUSING FINANCE AGENCY, et al., |
| *Defendants*. |

Case No. 1:13-cv-1053-RCL

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION
## TO SEVER AND STAY THE FAIRHOLME PLAINTIFFS' CLAIMS AND
## TO ORDER A JURY TRIAL FOR THE BERKLEY PLAINTIFFS
## <u>TO THE EXTENT THE PARALLEL CLASS ACTION IS TRIED BEFORE A JURY</u>

### INTRODUCTION

This Court should not have to moonlight as a factfinder while simultaneously overseeing a jury trial that will resolve identical issues on identical facts. Plaintiffs' motion seeks a reasonable result: If a jury serves as the factfinder in the class action, the same jury should serve as the factfinder for the Berkley Plaintiffs' claims.[1] Defendants, in their own words, "do not assert affirmative prejudice" would result from granting this relief. Defs.' Resp. and Partial Opp'n to Pls.' Mot. to Sever and Stay and to Order a Jury Trial, Doc. 158, at 6 (May 19, 2022) ("FHFA Resp."). And it is difficult to see how they ever could—they are (and have been) preparing for a jury trial, currently scheduled for July, in the parallel class action. Granting Plaintiffs' conditional

---

[1] Because "Defendants do not oppose the Fairholme Plaintiffs' request for severance and a stay," FHFA Resp. 1, this reply is limited to addressing the Berkley Plaintiffs' conditional jury request.

request for a jury would simply mean that the same jury will serve as the factfinder for both the class action and the Berkley Plaintiffs' action. The court should grant Plaintiffs' motion.

## ARGUMENT

Under Federal Rule 39(b), a court has discretion to order a jury trial even after the deadline for demanding a jury trial has passed. *See* FED. R. CIV. P. 39(b). Several factors inform the court's exercise of that discretion, including "the length of delay in making a jury demand, the reasons for the delay, prejudice to the non-moving party if a jury trial is granted, the complexity of the issues, and the effect on the Court's docket of granting a jury trial." *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 182 F.R.D. 335, 337 (D.D.C. 1998), *aff'd* 214 F.3d 168 (D.C. Cir. 2000).

Here, the factors weigh in Plaintiffs' favor. First, the length and reason for delay is primarily due to the deadline for the class-action opt out. *See* Pls.' Mem. in Support of Mot. to Sever and Stay and to Order a Jury Trial, Doc. 155-1, at 8 (May 5, 2022) ("Pls.' Mem."). As explained in Plaintiffs' opening memorandum in support of their motion, one group of Plaintiffs (the Berkley Plaintiffs) decided to opt out of the class action while the other group (the Fairholme Plaintiffs) did not. *Id.* at 3. Until the deadline had passed, it was not clear whether any of the Plaintiffs in this case would litigate their claims individually. Moreover, until the class plaintiffs submitted their notice explaining that "they are not withdrawing their request for a jury trial"— which was filed the day *after* Plaintiffs filed this motion—there was some uncertainty (as the class plaintiffs explained in candor) as to whether they were planning to forgo their jury right. *See* Class Pls.' Not. of Resp., *In re: Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litig.*, No. 13-mc-1288, Doc. 150, at 2–3 (D.D.C. May 6, 2022). In that sense, Plaintiffs' request that the jury in the class action serve as the Berkley Plaintiffs' factfinder was not late but rather one day premature. If, like the Fairholme Plaintiffs, the Berkley Plaintiffs had

decided to remain in the class or if the class plaintiffs had waived their jury demand, there would have been no need for this motion. Once the Berkley Plaintiffs *did* opt out, however, they promptly filed their conditional jury request. And it was not until the following day that the class plaintiffs confirmed on the record that they are not withdrawing their request for a jury trial. This basis provides more than "an adequate explanation" for the delay here. *FDIC v. Cafritz*, 770 F. Supp. 28, 30 (D.D.C. 1991).

Second, Defendants have expressly conceded that they will suffer no prejudice whatsoever if the Court grants the Berkley Plaintiffs' conditional jury request. *See* FHFA Resp. 6 ("Defendants do not assert affirmative prejudice" would result from granting Plaintiffs' motion.). This factor strongly counsels in favor of granting Plaintiffs' motion and ought to be given dispositive weight under the circumstances presented.

Third, analyzing the "complexity of the issues" in this context means determining whether a trial presentation would "be done *more efficiently* to the Court than to a jury." *BCCI Holdings*, 182 F.R.D. at 339 (emphasis added). Specifically, "it may turn out that this factor favors a jury trial because the parties are more likely to streamline their presentations." *Id.* Here, if there will *already be* a jury trial taking place on the exact same issues for the class action, then granting Plaintiffs' motion would undoubtedly create "more efficien[c]y" and lead the parties to "streamline their presentations."

Finally, the only "effect on the Court's docket of granting a jury trial" here would be to reduce the Court's workload. *BCCI Holdings*, 182 F.R.D. at 337. Again, if the Court is already overseeing a trial with a jury serving as the factfinder for the class action, it only makes sense that the jury would also serve as the factfinder for the Berkley Plaintiffs' action. Thus, the Berkley

Plaintiffs' conditional jury request would have no effect on the Court's docket other than to streamline proceedings.

Defendants' contrary arguments are meritless. First, Defendants repeatedly suggest Plaintiffs provide "no reason for their delay." FHFA Resp. 1; *see also id.* at 4 (no "reason at all"); *id.* ("no explanation"); *id.* at 5 ("no explanation"); *id.* at 7 ("absolutely no attempt to justify their delay"). But then, in the heart of Defendants' analysis, they acknowledge Plaintiffs' "explanation" is "that the timing of their Motion 'was driven by the deadline for opting out of the class action.'" *Id.* at 4 (quoting Pls.' Mem. at 8)). They follow this acknowledgement with a conclusory statement that "this explanation rings hollow" but fail to explain why. Their failure to do so is likely because the Berkley Plaintiffs filed their conditional jury request only twelve days after the class-action opt out had passed—meaning it was finally clear their claims would not be litigated with the class—which is more than "an adequate explanation" for the delay. *Cafritz*, 770 F. Supp. at 30.

Second, the factors regarding the length and reasons for delay are just two factors among many. *See BCCI Holdings*, 182 F.R.D. at 337–38 (listing the factors as *including* the length and reasons for delay, "prejudice to the non-moving party," "the complexity of the issues, and the effect on the Court's docket"). And this Court has held that a Rule 39(b) decision should be made "in light of the[se] factors *and* in the context of the unique circumstances of a given case." *Id.* at 338 (emphasis added). Defendants say that "courts" in this District have denied Rule 39(b) motions where there had been no showing of prejudice simply based on the factors regarding the length and reasons for delay. FHFA Resp. 3. Defendants then offer only one unpublished appellate decision that, they say, affirmed denial of a Rule 39(b) motion "without reference to any prejudice to the opposing party." *Id.* (citing *Bricks, Blocks & Concrete Co., Inc. v. Frontier Ins. Co.*, 39 F. App'x 610, 611 (D.C. Cir. 2002)). But the denial there was not premised solely on delay; it was

premised on the fact that the movant "offered no reason the court should in its discretion switch from a bench trial to a jury trial." *Bricks, Blocks & Concrete Co.*, 39 F. App'x at 611. And here, the Berkley Plaintiffs have offered a reason: The Court will already be holding a jury trial on identical issues with identical facts.

Finally, Defendants attempt to suggest that Plaintiffs rely on a more "permissive view" of Rule 39(b) that has since been rejected in this District for a more "restrictive view." FHFA Resp. 3. By "restrictive," Defendants merely mean that there should not be a *presumption* in favor of granting a Rule 39(b) motion. *Id.* As an initial matter, any dispute over "permissive" or "restrictive" views of Rule 39(b) is entirely irrelevant here because Plaintiffs' motion should be granted under any understanding of Rule 39(b). Defendants hold up the district court's decision in *BCCI Holdings* as the paragon of a Rule 39(b) analysis. FHFA Resp. 2–3. And as explained above (*supra* at 2–3) that decision clearly counsels in favor of granting Plaintiffs' motion. Thus, Plaintiffs have shown that the Court should exercise its discretion under Rule 39(b) irrespective of any presumption.

Moreover—although irrelevant to the motion here—Defendants overstate the extent to which this issue is settled in this circuit. Their argument focuses exclusively on Plaintiffs' quotation that it "'is well established that a district court should grant a Rule 39(b) motion in the absence of strong and compelling reasons to the contrary.'" Pls.' Mem. 7 (quoting *Hiotis v. Sherman Distributors of Maryland, Inc.*, 607 F. Supp. 217 (D.D.C. 1984)). But the very case on which Defendants rely for this argument explained that, although "[t]here is no clear preference in this Circuit," the "more recent decisions issued in this District adhere to the *permissive* view." *BCCI Holdings*, 182 F.R.D. at 337 (emphasis added). And the court specifically cited *Hiotis* as one of those "more recent decisions." *See Id.*. On appeal, the D.C. Circuit merely held that "a trial

court is not *required* to grant a Rule 39(b) request based on nothing but inadvertence" without suggesting it was overruling any precedent or establishing a new standard. *BCCI Holdings*, 214 F.3d at 172; *see also id.* at 172 (Rule 39(b) "does not mean, however, that a trial court *must* indulge a presumption in favor of the neglectful party." (emphasis added)).[2] Plaintiffs have never said otherwise, instead arguing all along that the decision to grant a Rule 39(b) motion "is committed to the trial court's discretion." Pls.' Mem. 7.

In sum, there is no point in this Court holding a bench trial—and requiring all the additional work that comes with it—when a jury trial that will resolve identical issues on identical facts is taking place in the courtroom at the same time. The Berkley Plaintiffs filed this conditional jury request twelve days after it was clear their claims would not be litigated as part of the class action. Defendants concede they would suffer no prejudice from granting the Berkley Plaintiffs' motion. And the only effect on the Court's docket would be to streamline proceedings. Therefore, if a jury serves as a factfinder for the class action, the Court should exercise its discretion under Rule 39(b) to order that the same jury serve as the factfinder for the Berkley Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to sever the Fairholme Plaintiffs' claims from the Berkley Plaintiffs' claims, to stay the Fairholme Plaintiffs' individual action, and to order a jury trial for the Berkley Plaintiffs if the class action is tried before a jury.

---

[2] That a decision from the District of Columbia's local court of appeals read this case as "effectively overrul[ing]" the language from *Hiotis*, *see* FHFA Resp. 5-6 (internal quotation marks omitted), does not alter the precedent of this Court or the D.C. Circuit and is irrelevant in any event because the Berkley Plaintiffs' motion should be granted even under the "restrictive" view of Rule 39(b).

Date: May 26, 2022                         Respectfully submitted,

<u>/s/ Charles J. Cooper</u>
Charles J. Cooper (Bar No. 24870)
ccooper@cooperkirk.com
David H. Thompson (Bar No. 450503)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.220.9600
Facsimile:  202.220.9601
*Attorneys for Plaintiffs Fairholme Funds,
Inc., et al.*