**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FAIRHOLME FUNDS, INC., *et al*.,

Plaintiffs,

v.

FEDERAL HOUSING FINANCE AGENCY, *et al.*,

Defendants.

Civil No. 13-1053 (RCL)

In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations

___________________

This document relates to:
ALL CASES

Miscellaneous No. 13-1288 (RCL)

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY BY PLAINTIFFS' PROPOSED "SUMMARY WITNESS" SUSAN HARTMAN**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Ms. Hartman's Proposed Testimony Is Improper and Should Be Excluded ........ 2

A. Selected Provisions of 12 U.S.C. § 4617 ........ 4

B. Curated Excerpts of Plaintiffs' Handpicked Documents ........ 4

C. S&P/Case-Shiller National Home Price Index ........ 6

D. Plaintiffs' "Timeline" ........ 7

E. "Summaries" of the PSPAs and Amendments Thereto ........ 8

F. Comparison of the Enterprises' Earnings from Cherry-Picked Quarters ........ 9

G. Certificates of Designation ........ 11

H. Ms. Hartman's Calculations Regarding Funds Raised, Dividends, and Draws ........ 11

CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Baker*,
923 F.3d 390 (5th Cir. 2019) ........................................................................................5

*United States v. Chambers*,
441 F.3d 438 (6th Cir. 2006) ........................................................................................5

*United States v. Denton*,
944 F.3d 170 (4th Cir. 2019) ........................................................................................5

*United States. v. Evans Landscaping*,
850 F. App'x. 942 (6th Cir. 2021) ..................................................................................5

*United States v. Kilpatrick*,
798 F.3d 365 (6th Cir. 2015) ........................................................................................5

*United States v. McElroy*,
587 F.3d 73 (1st Cir. 2009)............................................................................................3

*United States v. Milkiewicz*,
470 F.3d 390 (1st Cir. 2006)..........................................................................................3

*United States v. Tragas*,
727 F.3d 610 (6th Cir. 2013) ........................................................................................5

*United States v. White*,
492 F.3d 380 (6th Cir. 2007) ........................................................................................2

*United States v. Whitfield*,
590 F.3d 325 (5th Cir. 2009) ........................................................................................3

**Statutes**

12 U.S.C. § 4617..............................................................................................................4

# INTRODUCTION

Plaintiffs have proposed to use a professional testifying expert, Susan Hartman, to present a lawyer-drafted narrative to the jury as though it were evidence. Defendants' opening motion established that this is not a proper use of Rule 1006, and Plaintiffs' opposition now largely concedes as much. After presenting Ms. Hartman's testimony as "summary witness" evidence in the pretrial statement, meet and confers, and a deposition of Ms. Hartman, Plaintiffs now acknowledge that much of Ms. Hartman's proposed testimony cannot be offered as "summary witness" evidence under Rule 1006, and thus they attempt to switch horses. But Plaintiffs' late-breaking arguments that Ms. Hartman may present demonstratives pursuant to Rule 611(a), or read documents aloud to the jury pursuant to no rule at all, are legally meritless. They also confirm Plaintiffs' improper purpose for Ms. Hartman's appearance: to endow a script prepared by Plaintiffs' counsel with the unwarranted imprimatur of "evidence."

The limited testimony by Ms. Hartman that Plaintiffs do attempt to defend under Rule 1006 is likewise improper. Plaintiffs dedicate much of their brief to arguing that Ms. Hartman's calculations regarding funds raised, dividends, and draws are proper under Rule 1006. But the jury does not require a professional expert to translate that evidence, and in any case, Defendants have offered to stipulate to the numbers that Plaintiffs would have Ms. Hartman recite out loud—which would ensure that the jury has complete and accurate information in an understandable format. That is not what Plaintiffs want, of course—and Plaintiffs' refusal to simply stipulate to the numbers again only reinforces that their goal is prejudice, not proper Rule 1006 testimony.

The Court should exclude Ms. Hartman's proposed testimony in its entirety.

## ARGUMENT

### I. Ms. Hartman's Proposed Testimony Is Improper and Should Be Excluded

Plaintiffs acknowledge in their opposition that multiple portions of the proposed testimony and evidence of their "summary witness," Ms. Hartman, do not meet the requirements of Rule 1006. *See, e.g.*, Pls.' Opp. to Defs.' Motion in Limine at 28, 31 (ECF No. 187, Case No. 1:13-mc-01288-RCL) ("Opp."). Instead, they claim for the first time that some of this evidence can be admitted under Rule 611(a) governing pedagogical devices such as demonstratives. *See, e.g.*, Opp. at 4-5. And with respect to other proposed testimony in which Ms. Hartman intends simply to read aloud Plaintiffs' chosen excerpts from their chosen documents, Plaintiffs do not and cannot cite any rule at all. *See id.* at 28-33.

This last-minute pivot cannot save the proposed testimony. Plaintiffs put forward Ms. Hartman exclusively as a "summary witness" under Rule 1006. *See* Pls.' Pretrial Statement (Aug. 19, 2022) (ECF No. 172, Case No. 1:13-mc-01288-RCL) ("Ms. Hartman will be presented as a summary witness pursuant to Federal Rule of Evidence 1006 and is expected to provide a summary of financial results of Fannie Mae and Freddie Mac and contractual documents concerning the junior preferred stock and senior preferred stock."). And over the course of extensive discussions, they presented all of her proposed testimony as "summaries." *See* Defs.' Mot. in Limine (ECF No. 181, Case No. 1:13-mc-01288-RCL) ("Mot."), Exhibit C. This is important because Plaintiffs cite no authority suggesting that a Rule 1006 summary witness can take the stand to present Rule 611(a) demonstratives and read aloud various documents without offering any actual summary. Not only would this approach enable litigants to sidestep all the requirements of Rule 1006, Plaintiffs are apparently suggesting this shift so that Ms. Hartman's testimony can be "more one-sided." *See* Opp. at 22 (noting that Rule 611(a) demonstratives "can be more one-sided in their presentation of the relevant information" than Rule 1006 summaries,

which must be neutral) (citing *United States v. White*, 492 F.3d 380 (6th Cir. 2007)). This is exactly what Plaintiffs should not be allowed to do.

Rule 611(a) does not authorize the move Plaintiffs are making. Plaintiffs point to a handful of cases in which a summary witness presented demonstratives pursuant to Rule 611(a). *See* Opp. at 18. But they ignore that the witness in each of those cases was a law enforcement officer who had personally investigated the criminal defendant—not a professional testifier who, until she was hired shortly before trial, knew nothing about the case. *See United States v. McElroy*, 587 F.3d 73, 75 (1st Cir. 2009) (IRS special agent and insurance fraud examiner); *United States v. Milkiewicz*, 470 F.3d 390, 398 (1st Cir. 2006) (IRS agent). Plaintiffs also fail to note that the courts in those cases found that the evidence at issue satisfied the requirements of *both* Rule 1006 *and* Rule 611(a). *See McElroy*, 587 F.3d at 75; *Milkiewicz*, 470 F.3d at 398. By contrast, Plaintiffs here have abandoned any effort to justify Ms. Hartman's proposed testimony on multiple topics under Rule 1006. Indeed, they are attempting to call a purported "summary witness" to the stand, only to have her testify on a wide range of non-Rule 1006 issues and evidence in order to present their case cleanly to the jury through a single witness. This is improper. *See United States v. Whitfield*, 590 F.3d 325, 364 (5th Cir. 2009) ("The use of summary evidence serves an important purpose, but that purpose is not simply to allow the Government to repeat its entire case-in-chief shortly before jury deliberations.").

As detailed further below, on numerous topics, Ms. Hartman's proposed testimony and evidence fails under both Rule 1006 and Rule 611(a), and should be excluded.[1] And her

[1] To the extent Plaintiffs do present Rule 611(a) evidence at trial—through Ms. Hartman or otherwise—they concede that a limiting instruction would be appropriate. Opp. at 5.

proposed testimony regarding various calculations to which Defendants have already offered to stipulate is both unnecessary and prejudicial.

**A. Selected Provisions of 12 U.S.C. § 4617**

As Defendants' motion explained, it is improper under Rule 1006 for Ms. Hartman to read aloud Plaintiffs' cherry-picked subsections of 12 U.S.C. § 4617 for myriad reasons, including that they do not comprise a summary at all, are not sufficiently voluminous, are entirely foreign to Ms. Hartman (who has no legal training), and deliberately omitted the "best interests" clause at § 4617(b)(2)(J)(ii) which is highly relevant to this case. Mot. at 12-13, 15.

In response to these points, Plaintiffs largely cave. They do not defend Ms. Hartman's reading from § 4617 under Rule 1006 and in fact now assert that "Rule 1006 is not implicated" by this proposed testimony. Opp. at 28. But Plaintiffs do not and cannot identify any other rule that allows the exercise of a non-lawyer "summary witness" reading aloud provisions of a federal statute. Further retreating, Plaintiffs also state for the first time that they "have made no decision at this point" as to whether Ms. Hartman will testify about § 4617 at all. And while Plaintiffs now offer to include the key "best interests" clause that they had previously omitted from their description of Ms. Hartman's proposed testimony, this does not cure the multiple fundamental defects with having Ms. Hartman read aloud from § 4617. Allowing a summary witness, especially one who carries the gravitas of a seasoned expert, to recite the provisions of the governing statute to the jury is both prejudicial and unnecessary. Accordingly, the Court should exclude Ms. Hartman's proposed testimony regarding § 4617.

**B. Curated Excerpts of Plaintiffs' Handpicked Documents**

Plaintiffs concede that they cannot rely on Rule 1006 to have Ms. Hartman introduce and recite pre-selected portions of certain documents, which they separate into two categories: "Public Statements by FHFA Officials" and "Documents Produced By Defendants." For "Public

Statements by FHFA Officials," Plaintiffs include (1) a September 7, 2008 Statement of FHFA Director James B. Lockhart (Pls.' Ex. O); (2) an FHFA Question & Answer Factsheet (Pls.' Ex. P); and (3) an October 20, 2008 FHFA PowerPoint from the ABS East Conference (Pls.' Ex. Q). Plaintiffs' second category, "Documents Produced by Defendants," includes (1) an email from an FHFA employee (Pls.' Ex. R); (2) various documents related to a July 20, 2012 Fannie Mae board meeting (Pls.' Exs. S, T).

There is no basis in the law for Plaintiffs to have a summary witness read verbatim their selected excerpts from a handful of documents. It is irrelevant whether these documents are admissible and/or have been previously admitted, and it is irrelevant whether Ms. Hartman will provide any "commentary or opinion analyzing" the documents. Opp. at 29-30. What is relevant is that Ms. Hartman cannot serve as a hired actor to read aloud a disjointed collection of Plaintiffs' favorite evidence. If that were the case, litigants could hire anyone in the world to sit before a jury and convincingly recite excerpts from a party's key exhibits in support of their case. Indeed, Plaintiffs do not—and cannot—identify any Rule of Evidence that supports this technique. They cite cases in which witnesses were permitted to read documents into the record, Opp. at 28-33, but those cases overwhelmingly involved law enforcement officers reading materials from the criminal defendant's case file. *See United States v. Baker*, 923 F.3d 390, 397-98 (5th Cir. 2019) (FBI agent assigned to case); *United States. v. Evans Landscaping*, 850 F. App'x. 942, 949-50 (6th Cir. 2021) (same); *United States v. Denton*, 944 F.3d 170, 185 (4th Cir. 2019) (ATF special agent assigned to case); *United States v. Kilpatrick*, 798 F.3d 365, 383 (6th Cir. 2015) (FBI special agent and EPA special agent assigned to case); *United States v. Tragas*, 727 F.3d 610, 615 (6th Cir. 2013) (Secret Service agent); *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (investigating officer). Allowing a fact witness to introduce evidence

from a defendant's case file is a far cry from Plaintiffs' proposal to have a professional testifier, appearing as a summary witness, read aloud from documents she knows nothing about.

Plaintiffs assert that Defendants have not identified any prejudice from Ms. Hartman's proposed reading of document excerpts. That is incorrect. Testimony presented under Rule 1006—the rule Plaintiffs originally identified as the basis for the testimony, but now abandon—must be "accurate and nonprejudicial," and Defendants' motion explained that Ms. Hartman's proposed testimony does not meet that requirement. Mot. at 2, 7, 9. To the extent that Plaintiffs have now changed course, having a Rule 1006 summary witness sponsor and read a selection of Plaintiffs' key exhibits directly into the record would still be highly prejudicial under Rule 403 and should be excluded on that basis. There is clear prejudice in having a well-credentialed professional expert, who has testified as an expert in 20 prior trials (Mot. at 3), read Plaintiffs' curated document excerpts to the jury. This approach creates a clear risk that the jury would give unwarranted weight to Ms. Hartman's apparent choice of documents and excerpts, even though she had no role in choosing either the documents or the excerpts. It also could suggest to the jury that the documents at issue are related to one another in some way that supports Plaintiffs' case. The prejudice is especially clear when the usefulness of Ms. Hartman's testimony is so low: Ms. Hartman will not be presenting any summary of the documents, and she agreed that "anyone who can read English" could perform the simple task of reading aloud highlighted portions. Mot. at 11. The Court should exclude Ms. Hartman's proposed testimony reading aloud excerpts from various documents chosen by Plaintiffs because such testimony is not allowed under the rules and would be prejudicial and unnecessary.

### C. S&P/Case-Shiller National Home Price Index

Plaintiffs intend to have Ms. Hartman "introduce into evidence publicly available housing statistics, specifically the S&P/Case-Shiller U.S. National Home Price index." Mot. at 13. Once

again, Plaintiffs do not argue that this testimony and evidence is admissible under Rule 1006, but rather as a Rule 611(a) pedagogical device. Opp. at 25. Again, however, it is improper for Plaintiffs to call a hired witness under the guise of Rule 1006 summary testimony, only to instead have her testify to a range of non-Rule 1006 material. The Court should reject this scheme.

There are serious issues with having Ms. Hartman testify to and answer questions about a chart that was generated from a website Ms. Hartman had not previously heard of, using date-range and other parameters fed to her entirely by Plaintiffs' counsel. *See* Mot. at 13. This transparent attempt to sidestep the requirements of Rule 1006 should be rejected, and the proposed testimony and evidence should be excluded.

### D. Plaintiffs' "Timeline"

As Defendants' motion explained, Plaintiffs' proposed timeline is not proper summary evidence under Rule 1006 because it contains improper synthesis, omits information necessary for context, and reflects judgment (by Plaintiffs' counsel) about which events to include in the timeline and how to characterize them. Mot. at 22-23.

Plaintiffs recognize this and now assert that Rule 1006 "is not the basis on which Plaintiffs seek to admit" the timeline. Opp. at 24. Yet again, their new fallback is Rule 611(a). But while a timeline may generally be a permissible use of demonstrative evidence under Rule 611(a), it is improper for Plaintiffs to present the timeline through their "summary witness," especially when Ms. Hartman testified that she did not know the significance of the dates or figures in the timeline, did not personally assemble the timeline, and agreed that it was "just a chronological timeline of events that were selected by the plaintiffs' counsel without any input from [her]." Mot. at 23 (citing Hartman Dep. at 108:4-19). Accordingly, while Plaintiffs may seek to introduce a timeline demonstrative in their opening or closing arguments or with a

percipient witness, they should be precluded from presenting this timeline through Ms. Hartman. It is fundamentally different to offer a timeline of key events from the case through arguments of counsel rather than through a witness as evidence. Further, having a percipient witness use demonstratives is worlds apart from having a hired witness do so. Plaintiffs' effort to do so should be rejected.

**E. "Summaries" of the PSPAs and Amendments Thereto**

Defendants' motion explained that Ms. Hartman's proposed testimony summarizing the PSPAs and amendments are not proper under Rule 1006 because the underlying documents are not voluminous (only 53 pages each for Fannie and Freddie) and the proposed summaries impermissibly veer into conclusions and opinions. Mot. at 15-16, 19-20. Yet again, Plaintiffs back away from presenting this proposed testimony under Rule 1006 and instead point to Rule 611(a) as a basis for the proposed testimony about the PSPAs and amendments. Opp. at 25-26.

Plaintiffs' strained and illogical application of Rule 611 fails. Live direct testimony is not a pedagogical device, and Plaintiffs fail to cite a single case in which live direct testimony like the testimony Plaintiffs propose here was admitted under Rule 611(a). Plaintiffs originally proposed this testimony as a summary of the PSPAs and amendments under Rule 1006, to be presented by their summary witness, and the proposed testimony on its face squarely implicates, but does not comport with, Rule 1006. Now, confronted with the impropriety of the proposed testimony under Rule 1006, Plaintiffs cannot avoid the fundamental Rule 1006 problems by claiming that this is all just a demonstrative.

Regardless, the same issues that plagued this testimony under Rule 1006 also apply under Rule 611. Plaintiffs now assert that Ms. Hartman will not be reading from a script drafted by Plaintiffs' counsel, Opp. at 25, but they then provide three pages of detailed descriptions of her testimony, which they presumably have provided to Ms. Hartman. Indeed, Plaintiffs offer to

"stipulate to the precise descriptions of the PSPAs that Ms. Hartman will give," Opp. at 4, reflecting that her testimony will invariably track some pre-written descriptions. Importantly, Ms. Hartman testified at deposition that she plans to "call out specifically certain provisions that the plaintiffs' counsel identified to [her]" and then "paraphrase those provisions" in a manner "consistent with" the script that Plaintiffs' counsel wrote in their July 29 email, without her input. Mot. at 19. This is improper under both Rule 1006 and Rule 611.

Plaintiffs are also wrong to suggest that the two slides in Plaintiffs' Exhibit L are "neutral, fact-based demonstratives." Opp. at 23. These slides suffer from the same defects that are present in Ms. Hartman's proposed testimony on the PSPAs. The PSPAs are central to Plaintiffs' claim that the Third Amendment, an 8-page document, breached the implied covenant of good faith and fair dealing in Fannie's and Freddie's shareholder contracts. It is inappropriate for Plaintiffs to have a summary witness "explain" or "paraphrase" the Third Amendment—in charts derived from Plaintiffs' counsel's own words—and then offer it into evidence. *See* Mot. at 19. That is the case with the proposed slides in Plaintiffs' Exhibit L.

**F. Comparison of the Enterprises' Earnings from Cherry-Picked Quarters**

Plaintiffs only briefly address Defendants' challenge to having Ms. Hartman "summarize[] and read into the record evidence about the GSE's financial performance in the first and second quarters of 2012." Mot. at 17 (quoting Exhibit C to motion). Plaintiffs previously explained: "Specifically, Ms. Hartman will explain that in the first quarter of 2012, Fannie Mae recorded earnings (comprehensive income) of $3.1 billion, compared to a comprehensive loss of $6.3 billion in the first quarter of 2011. Ms. Hartman will also explain that in the second quarter of 2012, Fannie Mae recorded record earnings (comprehensive income) of $5.4 billion, compared to a comprehensive loss and net loss of $2.9 billion for the second quarter of 2011. Ms. Hartman will offer into evidence the Form 10Qs filed by Fannie Mae for the first

and second quarters of 2012." *Id.* Plaintiffs also proposed that Ms. Hartman would perform the same analysis for Freddie Mac, and would offer into evidence the Form 10-Qs filed by Freddie Mac for those same periods. *Id.* at 18. As described in Defendants' motion, this proposed testimony is highly problematic under Rule 1006, and would be more properly analyzed under the rules for opinion testimony due to the nature of the analysis. *Id.*

It is not clear from Plaintiffs' opposition whether they still intend to present this testimony at trial. They state: "Ms. Hartman will read into the record certain provisions from Fannie Mae's and Freddie Mac's Q1 and Q2 2012 Form 10Qs, and she will offer those filings into evidence. These quoted provisions compare the GSEs' performance on a year-over-year basis. Contrary to Defendants' designation of such testimony as 'expert testimony' (DB at 17), Ms. Hartman will offer no opinion whatsoever. Instead, she will simply read from the public filings as published by the GSEs themselves." Opp. at 30. To the extent that Plaintiffs plan to have Ms. Hartman simply read aloud from Fannie Mae and Freddie Mac's SEC filings, such testimony is improper for the reasons described above. *See supra* at 4-6.

Once again, Plaintiffs abandon the sole basis for which they proposed Ms. Hartman and assert that "Rule 1006 is not implicated." Yet they do not identify any other rule under which they seek to admit this read-aloud testimony. In any event, to the extent Ms. Hartman provides any testimony on this topic, any comparison of Q1 and Q2 2012 earnings versus Q1 and Q2 2011 earnings is inherently within the realm of an expert witness; indeed, Plaintiffs' own expert Dr. Dharan conducted this analysis and could easily present the same testimony himself. Mot. at 19. The Court should exclude the testimony under Rule 1006, Rule 703, and—if simply an exercise in reading Plaintiffs' preferred excerpts aloud without context—the testimony should be excluded as unduly prejudicial under Rule 403 as well.

**G. Certificates of Designation**

Ms. Hartman's proposed testimony regarding Fannie Mae and Freddie Mac certificates of designation is improper under Rule 1006. Mot. at 20-21. Plaintiffs now clarify that her intended testimony on this topic is limited to two terms that appear in all the certificates of designation, as well as the 12% liquidation preference provision in the certificates issued to Treasury. But this clarification does not change the fact that the proposed testimony is infused with Plaintiffs' own view of which terms in the certificates of designations should be highlighted as most important, once again using a script prepared by Plaintiffs' counsel. *See* Mot. at 21 (citing Hartman Dep. at 86:2-19). This is an improper use of a Rule 1006 summary witness that presents a serious risk of prejudice. The proposed testimony regarding certificates of designation should be excluded.

**H. Ms. Hartman's Calculations Regarding Funds Raised, Dividends, and Draws**

Plaintiffs devote much of their brief to arguing that Ms. Hartman's calculations regarding the amount of funds raised through stock issuances, as well as dividends and draws—*i.e.*, her Exhibits A-I and N—are proper summary evidence under Rule 1006. Opp. at 5-17. This is a transparent attempt to distract from the impropriety of all of the other portions of Ms. Hartman's proposed testimony addressed in Defendants' motion (and *supra*). Even if Ms. Hartman's other calculations were admissible under Rule 1006, such evidence is improper here. Defendants have made clear that they are willing to stipulate to the numbers. And Plaintiffs should not be permitted to present the numbers through Ms. Hartman just to give an imprimatur of importance and gravity based on her credentials. The risk of undue prejudice is especially acute when Ms. Hartman testified that she in fact did not rely on any of her expertise or experience in connection with any of her work on this case. *See* Mot. at 3 (citing Hartman Dep. at 20:18-20; 22:3-6).

## CONCLUSION

For the foregoing reasons, Defendants' motion in limine to exclude Ms. Hartman's testimony and evidence should be granted.

Dated: September 23, 2022

Respectfully submitted,

/s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Howard N. Cayne (D.C. Bar # 331306)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Howard.Cayne@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency and Director Sandra L. Thompson*

/s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

/s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*