# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br> Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br><br> _____ <br><br> This document relates to: <br> ALL CASES | Miscellaneous No. 13-1288 (RCL) |

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE <u>TO EXCLUDE THE OPINIONS OF PROFESSOR S.P. KOTHARI</u>

Defendants respectfully move for leave to file a supplemental memorandum in opposition to Plaintiffs' motion in limine to exclude the opinions of Professor S.P. Kothari. The sole purpose of the supplemental memorandum, which is attached as Exhibit A, is to address the effect of the Court's September 23, 2022 Memorandum Opinion on Plaintiffs' pending motion to exclude Professor Kothari. Defendants sought consent from Plaintiffs to file this supplemental memorandum, and Plaintiffs do consent.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE OPINIONS OF PROFESSOR S.P. KOTHARI**

Defendants hereby supplement their June 17, 2022 Memorandum in Opposition to Plaintiffs' Motion in Limine to Exclude the Opinions of Professor S.P. Kothari. Fairholme ECF No. 169, Class ECF No. 162.[1] The sole purpose of this supplementation is to address the effect of the Court's Memorandum Opinion dated September 23, 2022 ("S.J. Opinion") on Plaintiffs' May 19, 2022 Motion in Limine to Exclude Professor Kothari ("Plaintiffs' MIL"). Fairholme

---

[1] "Fairholme ECF No." refers to Case No. 1:13-cv-1053-RCL, and "Class ECF No." refers to Case No. 1:13-mc-1288-RCL.

1

ECF No. 162, Class ECF No. 157.  The S.J. Opinion unequivocally requires denial of Plaintiffs' motion to exclude Professor Kothari.

First, Professor Kothari opined that it was within shareholders' reasonable contractual expectations that the Conservator might take action eliminating the possibility of future dividends to private shareholders.  Plaintiffs moved to exclude Professor Kothari's testimony on the basis that, *inter alia*, "the relevant question is whether the decision-makers acted arbitrarily," "not whether shareholders could have reasonably expected the Net Worth Sweep."  Plaintiffs' MIL at 1.  In Plaintiffs' view, shareholders' reasonable expectations are not relevant at all, because "a finding that Defendants exercised their contractual discretion in an arbitrary or unreasonable fashion shows that reasonable expectations have been violated."  Plaintiffs' September 23, 2022 Reply in Support of Omnibus Motion in Limine at 2 (Fairholme ECF No. 199, Class ECF No. 193).

The Court's summary judgment opinion precludes that argument, and confirms that evidence regarding shareholders' reasonable expectations is very much relevant.  In holding that *Collins*'s reasonableness holding does not alone resolve this case, the Court stressed that the "question is not whether defendants acted reasonably in the abstract—rather, '[w]hen conducting this analysis, [a court] must assess the parties' reasonable expectations at the time of contracting.'"  S.J. Opinion at 10 (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010)) (alterations in original).  Whether "defendants acted reasonably" is "determined *in reference to*" "whether they violated plaintiffs' reasonable expectations."  *Id.* at 11 (emphasis in original).  A party does not violate the implied covenant simply by acting "unreasonably" in the abstract: the unreasonableness must "'frustrat[e] the fruits of the bargain that the asserting party reasonably expected.'"  *Id.* at 10 (quoting *Nemec*, 991 A.2d at 1125); *see also Historic Green Springs, Inc.*

2

*v. Brandy Farm, Ltd.*, 32 Va. Cir. 98, 1993 WL 13029827, at *4 (Va. Cir. 1993) (assignment of rights under mining lease to company "with no expertise in mining whatsoever" frustrated the expectation that the property would be used for mining); *Nemec*, 991 A.2d at 1126 ("asses[ing] the parties' reasonable expectations" "[w]hen conducting th[e] analysis" of whether the defendant "has acted arbitrarily or unreasonably").

Thus, precisely because reasonableness must be determined with reference to the parties' reasonable expectations, Professor Kothari's opinions regarding shareholders' reasonable expectations are highly relevant and would assist the trier of fact.

Second, in attempting to exclude Professor Kothari's expert opinion, Plaintiffs have argued that reasonable expectations should be measured as of 2008. *See* Plaintiffs' July 1, 2022 Reply in Support of MIL at 1 (Fairholme ECF No. 175, Class ECF No. 168). But the Court has now rejected Plaintiffs' contention twice, reiterating that "[t]his Court has previously held that the relevant time of 'contracting' for purposes of evaluating plaintiffs' implied covenant claim is the time immediately before the enactment of the Third Amendment." S.J. Opinion at 26 n.9 (citing *Fairholme Funds, Inc. v. FHFA*, No. CV 13-1053 (RCL), 2018 WL 4680197, at *8–9 (D.D.C. Sept. 28, 2018)).

Thus, the trier of fact will find it helpful to consider Professor Kothari's opinion that it was within the reasonable expectations of shareholders, immediately before August 17, 2012, that FHFA might take some action in the public interest that would eliminate the possibility of future dividends to private shareholders, thereby causing a reduction in the market price of Plaintiffs' shares.

Professor Kothari used his expertise to assess how the market interpreted and absorbed public information concerning Fannie and Freddie in conservatorship, and his opinion is highly

3

4

relevant to the question that this Court framed in its summary judgment opinion: whether the Third Amendment "'violate[d] the reasonable expectations of the parties' at the time of contracting." S.J. Opinion at 8 (quoting *Perry Cap. LLC v. Mnuchin ("Perry II")*, 864 F.3d 591, 631 (D.C. Cir. 2017)). For these reasons, and those stated in Defendants' June 17, 2022 Memorandum in Opposition to Plaintiffs' Motion in Limine to Exclude the Opinions of Professor S.P. Kothari, Defendants respectfully request that this Court deny Plaintiffs' motion to exclude Professor Kothari's expert testimony.

Dated: October 7, 2022	Respectfully submitted,

	/s/ Asim Varma
	Asim Varma (D.C. Bar # 426364)
	Howard N. Cayne (D.C. Bar # 331306)
	David B. Bergman (D.C. Bar # 435392)
	Ian S. Hoffman (D.C. Bar # 983419)
	ARNOLD & PORTER KAYE SCHOLER LLP
	601 Massachusetts Ave NW
	Washington, D.C. 20001
	(202) 942-5000
	Asim.Varma@arnoldporter.com
	Howard.Cayne@arnoldporter.com
	David.Bergman@arnoldporter.com
	Ian.Hoffman@arnoldporter.com

	*Attorneys for Defendant Federal Housing Finance Agency and Director Sandra L. Thompson*

 /s/ Michael J. Ciatti	 /s/ Meaghan VerGow
Michael J. Ciatti (D.C. Bar #467177)	Meaghan VerGow (D.C. Bar # 977165)
KING & SPALDING LLP	O'MELVENY & MYERS LLP
1700 Pennsylvania Ave. N.W.	1625 Eye Street, N.W.
Washington, DC 20006	Washington, DC 20006
Tel: (202) 661-7828	Tel: (202) 383-5300
Fax: (202) 626-3737	Fax: (202) 383-5414
mciatti@kslaw.com	mvergow@omm.com

*Attorney for the Federal Home Loan Mortgage Corp.*	*Attorney for the Federal National Mortgage Association*