**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., et al., *Plaintiffs*, v. THE FEDERAL HOUSING FINANCE AGENCY, et al., *Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ This document relates to: ALL CASES | Case No. 1:13-mc-1288-RCL |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO COMPEL ONE APPEARANCE OF EDWARD DEMARCO IN DEFENDANTS' CASE-IN-CHIEF**

# TABLE OF AUTHORITIES

**Cases**

*Athridge v. Aetna Cas. & Sur. Co.*,
    474 F.Supp.2d 102 (D.D.C. 2007) .............................................................................. 3

*Buchwald v. Renco Grp., Inc.*,
    2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014) ........................................................ 1, 2

*Cherrone v. Carter*,
    2020 WL 12752818 (S.D. Ind. Aug. 17, 2020) .......................................................... 2

*Elgabri v. Lekas*,
    964 F.2d 1255 (1st Cir. 1992) ..................................................................................... 2

*Hart v. RCI Hospitality Holdings, Inc.*,
    90 F. Supp. 3d 250 (S.D.N.Y. 2015) ....................................................................... 2, 4

*Hudson v. IBM Corp.*,
    620 F.2d 351 (2d Cir. 1980) ........................................................................................ 2

*Morales Feliciano v. Rullan*,
    378 F.3d 42 (1st Cir. 2004) ......................................................................................... 3

*Peeler v. KVH Indus., Inc.*,
    13 F. Supp. 3d 1241 (M.D. Fla. 2014) ........................................................................ 2

*Sumotext Corp. v. Zoove, Inc.*,
    2020 WL 533006 (N.D. Cal. Feb. 3, 2020) ................................................................ 2

*United States v. Agee*,
    2021 WL 2894784 (S.D. Ind. July 9, 2021) ............................................................... 2

*United States v. Colomb*,
    419 F.3d 292 (5th Cir. 2005) ...................................................................................... 3

*United States v. Washington*,
    876 F.2d 1008 (D.C. Cir. 1989) .................................................................................. 3

Plaintiffs submit this opposition to Defendants' Motion in Limine to Compel One Appearance Of Edward DeMarco In Defendants' Case-In-Chief (ECF No. 206) (the "Motion").

Plaintiffs informed Defendants on May 23, 2022 that they intended to call Ed DeMarco in Plaintiffs' case-in-chief. Ex. A. On that same date, Defendants disclosed their intent to call Mr. DeMarco in their case-in-chief. Ex. B. Neither party ever indicated any change in those intentions. To the contrary, both parties included Mr. DeMarco on their respective witness lists when they filed their pretrial statements in August 2022.

Thus, the issue of Mr. DeMarco being called by both Plaintiffs and Defendants is not new. It has been known for four-and-a-half months. Yet Defendants have waited until the eve of trial to file a motion seeking to oust Mr. DeMarco from Plaintiffs' case, and to have him reserved solely for Defendants' case. There is no basis for this request, and it should be denied.

First, "numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief." *Buchwald v. Renco Grp., Inc.*, 2014 WL 4207113, at *3 (S.D.N.Y. Aug. 25, 2014) (collecting cases, and rejecting as "gamesmanship" effort by defendants to bar plaintiff from questioning during plaintiff's case-in-chief five witnesses defendants intended to offer in theirs). That means Defendants cannot block Plaintiffs from calling Mr. DeMarco in Plaintiffs' case-in-chief simply because they also intend to call him in their case-in-chief.

Second, not one of the cases cited by Defendants supports hijacking a critical witness from Plaintiffs' case-in-chief and reserving that witness solely for Defendants to call during their case-in-chief. Rather, as Defendants' own cases show, when both parties wish to call a witness, and when courts are persuaded to exercise their discretion to have that witness appear only once, they invariably order that the witness should appear only in *plaintiffs'* case, perhaps with some

1

accommodation to defendants to ensure they are permitted a full examination and are not unreasonably limited as to scope or time. *See, e.g.*, *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 274-275 (S.D.N.Y. 2015) (collecting cases) (structuring trial "to assure that the plaintiff witnesses in question testify only once, but that, at the time these witnesses are called, defendants have a full opportunity to examine the witness") (cited at pages 4 and 7 of Defendants' Motion).[1] This stands to reason, since plaintiffs present their case first, and since plaintiffs have the burden of proof. *See id.* at 274 (ruling that this order is preferable because it is in keeping with "standard trial practice") (quoting *Buchwald*, 2014 WL 4207113, at *3). It would be unfair, unprecedented, and prejudicial to block Plaintiffs from calling a witness they have had on their list for the past five months and throughout all pretrial discussions.[2] And although this Court has

---

[1] Likewise, none of the other cases cited by Defendants hold that a defendant can prevent a plaintiff from calling a witness by making that witness exclusively available in defendant's case-in-chief. *See* Defs.' Motion at 5-7 (citing *Hudson v. IBM Corp.*, 620 F.2d 351, (2d Cir. 1980) (affirming trial court ordering of witnesses in which "defendants were permitted to present much of their case-in-chief by examining their own designated witnesses and plaintiff's other witnesses after they had been called and examined by plaintiff"); *United States v. Agee*, 2021 WL 2894784, at *7 (S.D. Ind. July 9, 2021) (permitting defendant to expand scope of cross-examination into additional matters as if on direct examination); *Cherrone v. Carter*, 2020 WL 12752818, at *1 (S.D. Ind. Aug. 17, 2020) ("To avoid calling witnesses twice, the Court will allow the parties leeway to conduct direct and cross-examination the first time a witness is called."); *Sumotext Corp. v. Zoove, Inc.*, 2020 WL 533006, at *13 (N.D. Cal. Feb. 3, 2020) (denying motion seeking to prevent plaintiffs from calling defense witnesses in case-in-chief but granting defendants' "alternative request to have the option of eliciting evidence for their case-in-chief from their designated witnesses at the time that Plaintiff calls those witnesses"); *Peeler v. KVH Indus., Inc.*, 13 F. Supp. 3d 1241, 1253 (M.D. Fla. 2014) (permitting defense counsel to cross-examine defense witnesses called by plaintiff without being limited to matters covered in direct examination)).

[2] Defendants cite only one case that even partly deviates from the norm, in ways that are inapplicable here. *Elgabri v. Lekas*, 964 F.2d 1255 (1st Cir. 1992), held that it was not an abuse of discretion for the district court to limit plaintiff's direct examination of the "defendants in his case-in-chief to subject matter that could not be obtained in any other fashion." *Id.* at 1259. This holding cannot apply here. First, Mr. DeMarco is not himself a defendant. Second, Mr. DeMarco is the only source of critical information about his decision to agree to the Net Worth Sweep. And in *Elgabri*, the district court still permitted direct examination of the defendants in plaintiff's case-in-chief; it merely limited that examination after a day of testimony. *Id.*

discretion to determine the mode and order of witness questioning, that discretion is not limitless. *See, e.g.*, *United States v. Colomb*, 419 F.3d 292, 297-298 (5th Cir. 2005) (district court abused its discretion in relying on Rule 611(a) to preclude party from calling a witness).[3]

Third, under the facts and circumstances of this case, it would not be unreasonable to expect Mr. DeMarco to appear in both cases. Mr. DeMarco was the Acting Director at FHFA from 2009 to 2014. He is the official who agreed to and signed the Third Amendment that imposed the Net Worth Sweep that is at the heart of this case. Defendants cannot point to any other official who had more knowledge or responsibility for the decision to agree to the Net Worth Sweep than Mr. DeMarco. He is, therefore, the central witness in the case. His decision to agree to the Net Worth Sweep has resulted in the GSEs transferring over $150 billion in value to the Treasury ***in excess*** of the maximum that would have been transferred under the 10% senior preferred dividend that the Net Worth Sweep replaced. It has nullified the rights of tens of thousands of private shareholders, whose claims in this case are measured in the billions of dollars. It is not unreasonable to expect him to make himself available twice.

Fourth, notwithstanding the foregoing, Plaintiffs have made clear they are willing to be accommodating to the request that Mr. DeMarco appear only once, within reason. Plaintiffs offered to waive all "outside the scope" objections to Defendants' questioning of Mr. DeMarco during their cross-examination, allowing them to ask questions about any subject. That is a

---

[3] Defendants' other cases stand for the unremarkable proposition that a district court has discretion over the mode and order of witnesses and are otherwise irrelevant. *See Morales Feliciano v. Rullan*, 378 F.3d 42, 57 (1st Cir. 2004) (district court did not abuse its discretion in instructing defendants to present evidence first); *United States v. Washington*, 876 F.2d 1008 (D.C. Cir. 1989) (per curiam) (unpublished table decision) (decision permitting prosecutor's questions on cross-examination fell within district court's discretion); *Athridge v. Aetna Cas. & Sur. Co.*, 474 F.Supp.2d 102, 106 (D.D.C. 2007) (permitting party to open and close evidence because it had the burden of proof on the only disputed issues).

sufficient accommodation to enable Defendants to present their case, as Defendants' own case law holds. *See Hart*, 90 F. Supp. 3d at 275; *Sumotext Corp.*, 2020 WL 533006, at *13. Plaintiffs also offered them the greater of two hours or 100% of the time spent by Plaintiffs in their examination. Defendants rejected that offer without engaging in any further discussions about why it was unacceptable. Ex. C.

Accordingly, the Court should either deny Defendants' motion in its entirety, or should grant the limited relief of allowing Defendants a reasonable time period to examine Mr. DeMarco in Plaintiffs' case without limitation as to scope.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion, or grant it only to the extent of allowing Defendants to examine Mr. DeMarco in Plaintiffs' case without limit as to scope, and subject to the reasonable time limits outlined above.

Dated: October 10, 2022

Respectfully submitted,

| | |
|---|---|
| */s/ Charles J. Cooper* | */s/ Hamish Hume* |
| Charles J. Cooper (Bar No. 24870) | Hamish P.M. Hume (Bar No. 449914) |
| David H. Thompson (Bar No. 450503) | Samuel C. Kaplan (Bar No. 463350) |
| Vincent J. Colatriano (Bar No. 429562) | **BOIES SCHILLER FLEXNER LLP** |
| Peter A. Patterson (Bar No. 998668) | 1401 New York Ave. NW |
| Brian W. Barnes (*Pro Hac Vice*) | Washington, DC 20005 |
| **COOPER & KIRK, PLLC** | Tel: (202) 237-2727 |
| 1523 New Hampshire Avenue, N.W. | Fax: (202) 237-6131 |
| Washington, DC 20036 | hhume@bsfllp.com |
| Tel: (202) 220-9600 | skaplan@bsfllp.com |
| Fax: (202) 220-9601 | |
| ccooper@cooperkirk.com | Eric L. Zagar (*Pro Hac Vice*) |
| | **KESSLER TOPAZ** |
| *Counsel for Berkley Plaintiffs, et al.* | **MELTZER & CHECK, LLP** |
| | 280 King of Prussia Rd. |
| | Radnor, PA 19087 |
| | Tel: (610) 667-7706 |
| | Fax: (610) 667-7056 |

-5-

ezagar@ktmc.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER, P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*