**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, <br><br>     Plaintiffs, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br>     Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br><br> _____ <br><br> This document relates to: <br> ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE
TO COMPEL ONE APPEARANCE OF DEFENDANTS' PRINCIPAL FACT WITNESS
<u>EDWARD DEMARCO IN DEFENDANTS' CASE-IN-CHIEF</u>**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buchwald v. Renco Grp., Inc.*,
　No. 12-cv-7948, 2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014) ................................................. 3

*\*Elgabri v. Lekas*,
　964 F.2d 1255 (1st Cir. 1992) ............................................................................................. 2, 3

*United States v. Colomb*,
　419 F.3d 292 (5th Cir. 2005) .............................................................................................. 3, 4

**Rules**

Fed. R. Evid. 611 ............................................................................................................. *passim*

**ARGUMENT**

Defendants' Motion in Limine to Compel One Appearance of Defendants' Principal Fact Witness Edward DeMarco in Defendants' Case-In-Chief[1] ("Motion") established that courts have significant discretion over the mode and order of examining witnesses, and that courts routinely exercise their broad trial management powers to order only one appearance of a witness to promote the purposes of Federal Rule of Evidence 611(a).

Plaintiffs are wrong to suggest that Defendants seek to "block Plaintiffs from calling Mr. DeMarco in Plaintiffs' case-in-chief *simply because* [Defendants] also intend to call him in their case-in-chief." Opp. at 1 (emphasis added). Rather, Defendants have moved the court for an order that Mr. DeMarco appear only once in Defendants' case-in-chief because such an order would advance the purposes of Rule 611(a) under the circumstances specific to this case and this witness. Mr. DeMarco is Defendants' principal fact witness. Plaintiffs do not dispute that their initial examination of Mr. DeMarco will avoid matters that will be covered in Defendants' direct examination of this key witness. *See* Mot. at 3 (highlighting the critical topics relevant to Plaintiffs' claims omitted from Plaintiffs' list of anticipated topics of Mr. DeMarco's testimony). Thus, absent relief from the Court, Mr. DeMarco's testimony in his first appearance in Plaintiffs' case-in-chief will be truncated, and the jury will hear his testimony in a disjointed fashion, over the course of two weeks. Under these circumstances, one appearance by Mr. DeMarco in Defendants' case-in-chief advances fundamental fairness, the effective presentation of evidence, and judicial economy.

It is undisputed that this Court has authority to order one appearance of a witness. Moreover, the proposal set forth in Plaintiffs' opposition appears to acknowledge that one

---

[1] ECF No. 206 (No. 1:13-mc-1288), ECF No. 209 (No. 1:13-cv-01053).

appearance would be appropriate. The only questions that remain are how and when that one appearance should take place. Defendants submit that one appearance in Defendants' case-in-chief is more appropriate because it will best advance the purposes of Rule 611(a). However, if the Court rules one appearance should take place in Plaintiffs' case-in-chief, such an appearance should not be limited by the unreasonable guardrails that Plaintiffs seek to impose.

I.   **Plaintiffs Mischaracterize the Relevant Legal Authorities**

Plaintiffs incorrectly assert that Defendants failed to cite a case that supports "reserving [a] witness solely for Defendants to call during their case-in-chief." Opp. at 1. *Elgabri* does exactly that and confirms the court's authority to order one appearance of a witness in a defendant's case-in-chief. As a preliminary matter, Plaintiffs misstate the facts of *Elgabri*. Plaintiffs claim the court "still permitted direct examination of the defendants in plaintiffs' case-in-chief" and "merely limited that examination after a day of testimony." Opp. at 2 n.2 (referencing *Elgabri v. Lekas*, 964 F.2d 1255, 1259 (1st Cir. 1992)). However, *Elgabri* involved six defendants, *see Elgabri*, 964 F.2d at 1257, and the trial court permitted the plaintiff to examine *only one* of them in the plaintiff's case-in-chief. *See id.* at 1259. Accordingly, the trial featured single appearances for *the other five* defendants during the defendants' case-in chief. *See id.* (noting the plaintiff "vigorously cross-examined the *other defendants* during their presentations" (emphasis added)). The First Circuit upheld the trial court's exercise of its discretion over the mode and order of presenting witnesses, holding plaintiffs "d[o] not have an 'unfettered right' to call defendants during [their] case-in-chief." *Id.*

While Plaintiffs are correct in noting "Mr. DeMarco is not himself a defendant," Opp. at 2 n.2, the rationale of *Elgabri* applies with equal force to Mr. DeMarco—the key principal of one of the defendants at the time of the contested conduct. *See id.* at 3 (explaining Mr. DeMarco "is the [FHFA] official who agreed to and signed the Third Amendment that imposed the Net Worth

2

Sweep that is at the heart of this case."). *Id.* Accordingly, the unfairness identified by the trial judge in *Elgabri*, and the considerations underlying the First Circuit's affirmance, would likewise arise here if Plaintiffs are permitted to examine Mr. DeMarco in their case-in-chief.

Plaintiffs' reliance on *Buchwald*—to suggest that courts have routinely rejected attempts by defendants to limit a witness they intend to call at trial to testifying only during their case—is inapposite. *Buchwald* involved defendants invoking Federal Rule of Civil Procedure 45 to contest witness subpoenas while simultaneously planning to call the recipients of those contested subpoenas in their own case-in-chief. *See Buchwald v. Renco Grp., Inc.*, No. 12-cv-7948, 2014 WL 4207113, *1 (S.D.N.Y. Aug. 25, 2014). The "gamesmanship" critique by the court was aimed at defendants seeking to take advantage of a geographical limitation on the court's subpoena powers in order to force the court to restrict witness testimony to the defendants' case-in-chief. *See id.* Here, Defendants do not contest the validity of Plaintiffs' trial subpoena for Mr. DeMarco. Nor do Defendants seek to force the court's hand based upon a geographic limitation that is not tied to the facts of this particular trial. Instead, Defendants have presented their request to the Court on the merits, explaining how one appearance in Defendants' case would best advance the purposes of Rule 611(a) under the circumstances specific to this trial and this witness.

Plaintiffs' reliance on *Colomb*, a case that would be best described as a "no appearance" case, is also misplaced. *See* Opp. at 3 (explaining how the Fifth Circuit ruled it was an abuse of discretion for the trial court to rely upon Rule 611(a) to prevent a party from calling a witness). *Colomb* is distinguishable because the trial court did not permit the examination of multiple witnesses in *either* party's case-in-chief. *See United States v. Colomb*, 419 F.3d 292, 294-95 (5th Cir. 2005) (excluding 16 proposed prosecution witnesses from testifying *at any point* during the

3

trial). The Fifth Circuit held Rule 611 "does not provide an independent ground for excluding otherwise-admissible evidence," *id.* at 297, and the trial court erred "in relying on Rule 611(a) to preclude [a party] from calling the witnesses." *Id.* at 298. However, Defendants' requested relief does not seek the exclusion of Mr. DeMarco's testimony. Rather, it merely calls for an adjustment to the order of presenting witness testimony for the benefit of the Court, the jury and the witness.

II. **Plaintiffs' Proposal for One Appearance in Plaintiffs' Case-in-Chief Would Not Afford Defendants an Adequate Opportunity to Examine Mr. DeMarco**

The parties appear to be in agreement that it is appropriate for Mr. DeMarco to make only one appearance at trial, but Plaintiffs urge that the appearance occur in their case-in-chief and, critically, with significant limitations on Defendants' ability to elicit the testimony of their principal fact witness. *See* Opp. at 3. Plaintiffs' offer "to waive all 'outside the scope' objections to Defendants' questioning of Mr. DeMarco during their cross-examination" was tied to the condition that Defendants be limited to "the greater of two hours or 100% of the time spent by Plaintiffs in their examination." Opp. at 3-4; *see also* Mot. Ex. A. Plaintiffs sought to impose this severe time limitation despite knowing Defendants have provided an estimate of substantially more time anticipated for Mr. DeMarco's direct testimony. *See* Defs.' Pretrial Statement at 8 ((ECF No. 173 (No. 1:13-mc-1288), ECF No. 179 (No. 1:13-cv-01053)). The Plaintiffs' proposed approach would preclude Defendants from eliciting all of the relevant testimony from the witness whom the Plaintiffs themselves describe as "the central witness in the case," Opp. at 3, to the substantial prejudice of Defendants' ability to develop their defenses.[2] The better solution is to permit Defendants to conduct an examination of Mr. Demarco in a

---

[2] Plaintiffs' proposed alternative time limitation would also unfairly and impermissibly empower Plaintiffs to artificially limit Defendants' examination of Defendants' principal fact witness by shortening their own examination of Mr. DeMarco.

4

single sitting subject only to the limitations already imposed by the rules of evidence, including Federal Rule of Evidence 403, and for that sitting to take place in Defendants' case-in-chief.

## CONCLUSION

Defendants respectfully request this Court to order one appearance of Mr. DeMarco in Defendants' case-in-chief pursuant to Federal Rule of Evidence 611.  However, to the extent the Court concludes that Mr. DeMarco shall testify in Plaintiffs' case-in-chief, Defendants alternatively request one appearance in Plaintiffs' case, affording Defendants the opportunity to conduct their full direct examination of Mr. DeMarco at that time.

Dated: October 11, 2022             Respectfully submitted,

  /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Howard N. Cayne (D.C. Bar # 331306)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Howard.Cayne@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency and Director Sandra L. Thompson*

  /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

  /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*