# EXHIBIT 1

**INSTRUCTION NO. 1**
**Introduction and Voir Dire[1]**

Good morning, ladies and gentlemen, and welcome.  I am Judge Lamberth.  You have been called to this courtroom for possible selection as jurors in a civil case.

Would you all please stand so that the courtroom clerk can swear you in, and then we will begin the jury selection process.

The purpose of jury selection is to pick a jury whose members will be fair and impartial, who will keep an open mind, and who will decide the case on the facts and the law.  From the people here in the courtroom, we are going to pick twelve jurors.  I expect this process to take about ___ hours.

You all should now have an index card and a pen or pencil.  Please look at your juror badge and write down the last three digits from your badge in the upper right-hand corner of your index card.  I am now going to ask you a series of questions.  They are all yes or no questions.  There is no right or wrong answer to any of these questions.  You must answer the questions candidly consistent with your promise to tell the truth.  If your answer is yes, please write the number of the question on your index card.  If your answer is no, do not write the number.  You do not have to explain your yes or no answer in writing.

After I have asked the questions, I will ask each of you one by one to come to the bench.  I will take your index card and you may be asked follow-up questions.

Because the answers to some questions may be personal, I will turn on a device when you come up to the bench that makes a noise that prevents people in the courtroom from hearing what is said at the bench.

**GIVEN**                            _____

**REFUSED**                       _____

**GIVEN AS MODIFIED**      _____

---

[1] Standardized Civil Jury Instructions for the District of Columbia § 1.01.

## INSTRUCTION NO. 2
## Preliminary Instruction[2]

Before we begin the trial, I want to briefly describe how this trial will work and some important legal rules. I will give more detailed instructions at the end of the trial after you have heard all the evidence and before you start your deliberations.

Your responsibility as jurors is to determine the facts in the case and to apply those facts consistent with the legal principles that I will explain to you. You—and only you—are the judges of the facts. You alone determine the weight of the evidence, including the believability of each witness.

My responsibility is to conduct this trial in a fair and efficient manner. It is your sworn duty as jurors to accept and apply the law as I explain it to you. You should not take anything I do or say as any indication of my opinion about how you should decide the facts or what your verdicts should be.

To help you remember, you can take notes for your personal use. Your notes are only an aid to your memory, and they are not evidence. Those jurors who do not take notes should rely on their own memory of the evidence.

Whether you take notes or not is entirely up to you. Some people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to and watching the witnesses. You should make your own choice because each of us knows best how we take in and remember information.

In case you want to take notes, we have provided a notebook and pen for each of you. Please take any notes in this notebook. If you take notes, you can take your notebook back with you into the jury room at the end of the trial to review while you deliberate. In breaks and overnight during the trial, please leave your notebooks on your chair. We will keep them safe and secure.

At the end of the trial, after you deliver your verdict, your notebooks will be collected, and the pages with notes will be torn out and destroyed. No one will ever look at any notes you have taken, so you may feel free to write whatever you wish.

You must pay careful attention to the testimony of all of the witnesses because you may not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely on your memory and your notes if you choose to take any.

I will now explain some legal terminology, including the burden of proof.

The Plaintiffs are the persons who started the lawsuit, and the Defendants are the persons the Plaintiffs have sued.

---

[2] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 1.02.

The Plaintiffs must prove that the factual basis of their claims is more likely true than not true. This burden of proof is sometimes called "the preponderance of the evidence" standard.

Although there are multiple Plaintiffs and Defendants, you must consider the evidence concerning each Plaintiff and each Defendant separately.

The lawyers may object from time to time to questions, exhibits, and statements. You must not hold such objections against the lawyer who makes them or the party the lawyer represents. A lawyer has a responsibility to object to evidence or argument he or she considers inappropriate.

If I overrule an objection to a question, it means only that the law permits the witness to answer the question. It is still up to you to decide how much weight, if any, the answer is entitled to.

If I sustain an objection, you should not hold it against the lawyer who asked the question. It means only that the law does not permit the witness to answer the question. You should ignore the question and you must not guess what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken, you may not consider either the question or the answer in your deliberations.

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. It is the witness's testimony that is evidence.

As I mentioned, you must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent investigation or research about this case. For example, you cannot use the Internet to research the facts or the law or the people involved in the case. Research includes something even as simple or seemingly as harmless as getting a definition of a legal term over the Internet or from a dictionary.

I want to explain why you should not conduct your own investigation or research. All parties have a right to have the case decided only on evidence and legal rules that they know about and to which they have a chance to respond. Relying on information you get outside this courtroom would be unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court, and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

You are not permitted to discuss this case with anyone until you begin your deliberations after I give you final instructions. This means that, until the case is submitted to you, you may not talk about it with family members, friends, or even your fellow jurors. You should not communicate about the case by any means—in person, over the phone, or using the Internet, including emailing, texting, blogging, or using social media such as Facebook or Twitter. The only communication you should have is with the jury as a whole once your deliberations begin. This is because we want you to keep an open mind and not make any decisions until you've heard all the evidence and talked with your fellow jurors as a group.

When we take our first recess or when you leave the courthouse at the end of the day, you can call home or work and tell them you have been selected for a jury and how long it will last. They will undoubtedly ask what kind of case you're sitting on.  You may tell them it is a civil case, but nothing else.

When the case is over, you may discuss any part of it with anyone, if you wish to do so.

As part of the prohibition against communicating with others, you may not speak with the parties, their lawyers, or the witnesses.  And please do not be offended if a lawyer or party does not respond if you say hello if you happen to see them during the trial.  They are under instructions not to communicate with you in any way under any circumstances.

It is unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by writing a note and giving it to the clerk.  Do not tell the other jurors; just let me know, and I'll bring you in to discuss it outside the hearing of the other jurors.

Similarly, if during the trial you unexpectedly realize that you know anyone involved in the case or something about the facts, you should raise your hand immediately and ask to speak with me.

There may be reports in the newspaper or on television or in other media concerning this case (or facts relating to this case) during the trial.  If there is any such media coverage, you may be tempted to read, listen to, or watch it.  You must not do so.  That is because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial or relating to the issues in this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else.  Just let me or the courtroom clerk know as soon after it happens as you can, and I will then discuss it with you.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

**INSTRUCTION NO. 3**
**Statement of the Case**

    This is a class action brought by plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin on behalf of the common and preferred shareholders of the Federal Home Loan Mortgage Corporation, normally called Freddie Mac, and the common shareholders of the Federal National Mortgage Association, normally called Fannie Mae. I will explain in more detail later what a class action is.

    In addition to the class action plaintiffs, the plaintiffs also include several insurance companies, including plaintiff Berkley Insurance Company.  When I refer to the "Class Action Plaintiffs," I mean plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin, and the Classes of shareholders they represent.  When I refer to the "W.R. Berkley Plaintiffs," I mean plaintiff Berkley Insurance Company and the other insurance companies who are plaintiffs in this case.  When I refer to the "Plaintiffs," I mean the Class Action Plaintiffs and the W.R. Berkley Plaintiffs together.

    The defendants in this case are the Federal Housing Finance Agency, which I will refer to as FHFA, Fannie Mae, and Freddie Mac. Fannie Mae and Freddie Mac are sometimes referred to as government-sponsored enterprises or "GSEs," or sometimes as the "Companies."  FHFA is the Conservator of Fannie Mae and Freddie Mac, and is sometimes referred to as the "Conservator."  When I refer to the "Defendants," I mean FHFA, Fannie Mae, and Freddie Mac together.

    Fannie Mae and Freddie Mac are government-sponsored enterprises created by Congress to promote access to home mortgages by increasing liquidity and stability in the secondary market for home mortgages.  While Fannie Mae and Freddie Mac are government-sponsored, they are also publicly traded companies that issued both common and preferred stock over the years.  As I explained earlier, Plaintiffs in this case are holders of common and/or junior preferred stock in Fannie Mae and/or Freddie Mac.  Shareholders are treated by the law as having contracts with the companies whose stock they hold.  A shareholders' contract with the corporation includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated.  For Fannie Mae and Freddie Mac, changes to federal law, that is, those affecting the governance of the GSEs and their relationships with their shareholders, amend or inform the investor contract.

    In this case, plaintiffs claim that defendants breached something called the implied covenant of good faith and fair dealing in plaintiffs' shareholder contracts with Fannie Mae and Freddie Mac.  Defendants deny Plaintiffs' claim.  After the close of evidence, I will instruct you further about the legal standard for proving a breach of the implied covenant.  But for now, you should understand that the implied covenant is something that is an unwritten part of every contract, including the shareholder contracts held by the plaintiffs.  The question of whether that implied covenant is breached depends on whether defendants took actions that unreasonably or arbitrarily frustrated or interfered with the reasonable contractual expectations of shareholders.  I will provide more detailed instructions at the end of the case and before you deliberate.

**INSTRUCTION NO. 4**
**Role of the Court[3]**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  Likewise, you may not ignore or disregard any portion of these instructions.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[3] 4-71 Sand, et al., Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender).

**INSTRUCTION NO. 5**
**Role of the Jury[4]**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What I may have said – or what I may say in these instructions – about a fact issue is not evidence.  Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**GIVEN**                          _____

**REFUSED**                    _____

**GIVEN AS MODIFIED**      _____

---

[4] 4-71 Sand, et al., Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender).

**INSTRUCTION NO. 6**
**Evidence in the Case[5]**

You may consider only the evidence admitted in the case.  The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties.

Statements and arguments of the lawyers are not evidence.  They are intended only to help you to understand the evidence.  Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.

**GIVEN**                              _____

**REFUSED**                        _____

**GIVEN AS MODIFIED**      _____

---

[5] Standardized Civil Jury Instructions for the District of Columbia § 2.02.

**INSTRUCTION NO. 7**
**Direct and Circumstantial Evidence[6]**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something they know by virtue of their own senses—something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction in the weight to be given to either direct evidence or circumstantial evidence. You are to decide how much weight to give any evidence.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[6] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.01 (Matthew Bender).

## INSTRUCTION NO. 8
### Burden of Proof[7]

The party who makes a claim has the burden of proving it.  This burden of proof means that the Plaintiffs must prove every element of their claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true.  The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is more likely true on an issue the Plaintiffs had to prove, then your finding on that issue must be for the Plaintiffs.  If you believe that the evidence is evenly balanced on an issue the Plaintiffs had to prove, then your finding on that issue must be for the Defendants.

In arriving at your verdict, you should consider only the evidence in this case.  That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable conclusions as you feel are justified in the light of your experience and common sense.  You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it.  You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

**GIVEN**                  _____

**REFUSED**            _____

**GIVEN AS MODIFIED**     _____

---

[7] Standardized Civil Jury Instructions for the District of Columbia § 2.04.

**INSTRUCTION NO. 9**
**Judicial Notice[8]**

Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

**GIVEN**                        _____

**REFUSED**                      _____

**GIVEN AS MODIFIED**            _____

---

[8] Standardized Civil Jury Instructions for the District of Columbia § 2.02.

**INSTRUCTION NO. 10**
**Stipulations[9]**

A "stipulation" is an agreement.  When there is no dispute about certain facts, the parties may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat it as having been proved here in court.

**GIVEN**                            _____

**REFUSED**                        _____

**GIVEN AS MODIFIED**      _____

---

[9] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.02 (Matthew Bender).

**INSTRUCTION NO. 11**
**Summaries and Charts Admitted as Evidence[10]**

The parties have presented certain exhibits in the form of charts and summaries.  I decided to admit certain charts and summaries into evidence in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider those charts and summaries as you would any other evidence.

**GIVEN**               _____

**REFUSED**            _____

**GIVEN AS MODIFIED**     _____

---

[10] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.06 (Matthew Bender).

**INSTRUCTION NO. 12**
**Summaries and Charts as Demonstrative or Instructional Aids[11]**

The lawyers and witnesses have shown to you other charts and summaries that I have not admitted into evidence.  Those charts or summaries themselves are not evidence or proof of any facts.  If any of those charts or summaries does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries that were not admitted into evidence are used only as a convenience; you can rely on the chart if you conclude that it correctly summarizes the evidence, but you should disregard any chart or summary that does not state the truth based on the evidence.

**GIVEN**                          _____

**REFUSED**                      _____

**GIVEN AS MODIFIED**      _____

---

[11] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.16.

15

**INSTRUCTION NO. 13**
**Depositions as Evidence[12]**

A deposition is the testimony of a person taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  During the trial, you heard deposition testimony that was read from the deposition transcript or presented by videotape.  You should give deposition testimony the same fair and impartial consideration you give any other testimony.  You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

**GIVEN**                           _____

**REFUSED**                        _____

**GIVEN AS MODIFIED**        _____

---

[12] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.13.

## INSTRUCTION NO. 14
### Interrogatories[13]

You have heard and seen evidence in this case that is in the form of interrogatories.

Interrogatories are written questions posed by one side that call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence that has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers that have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions.  You may only consider the interrogatory answer as evidence against the party who gave the answer.

**GIVEN**                     _____

**REFUSED**                   _____

**GIVEN AS MODIFIED**         _____

---

[13] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.07 (Matthew Bender).

## INSTRUCTION NO. 15
### Conduct of Counsel[14]

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  If I sustained an objection to a question or a document, then you should ignore that question or document.  If I overruled an objection to a question or a document, you should treat the witness's answer or the document as evidence like any other.

Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  The purpose of such conferences is not to keep important information from you.  They are necessary for me to fulfill my responsibility to ensure that evidence was presented to you properly under the law.

You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**GIVEN**          _____

**REFUSED**        _____

**GIVEN AS MODIFIED**    _____

---

[14] 4-71 Sand, et al., Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender).

## INSTRUCTION NO. 16
## Evidence Admitted for a Limited Purpose[15]

Some evidence was admitted for a limited purpose only.  This evidence may be considered only for the limited purpose of [describe purpose] and for no other purpose.[16]

**GIVEN**                          _____

**REFUSED**                     _____

**GIVEN AS MODIFIED**        _____

---

[15] Standardized Civil Jury Instructions for the District of Columbia § 2.08.
[16] The parties will submit a revised/completed instruction at the close of the evidence to identify the limited purpose(s) for which evidence was admitted.

**INSTRUCTION NO. 17**
**Witness Credibility[17]**

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have toward one of the parties. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

Ultimately, you should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[17] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.10.

**INSTRUCTION NO. 18**
**Impeachment by Prior Inconsistent Statements[18]**


You have heard evidence that a witness previously made statements and that these statements may be inconsistent with the witness' testimony here at trial. It is for you to decide whether any of these prior statements was made and, if one or more was made, whether it is inconsistent with the witness' testimony during this trial. If you find that any prior statement is inconsistent with the witness' testimony here in court, you may consider this inconsistency in judging the credibility of the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony differently depending on whether or not the prior statement was made under oath. If the prior inconsistent statement was made under oath, you may consider the statement as evidence that what the witness originally said was true. If the prior inconsistent statement was not under oath, you may not consider it as evidence that what the witness said in the earlier unsworn statement was true. Whether or not the prior inconsistent statement was under oath, you may consider the inconsistency in judging the witness' credibility.


**GIVEN**                     _____

**REFUSED**                   _____

**GIVEN AS MODIFIED**         _____

---

[18] Standardized Civil Jury Instructions for the District of Columbia § 2.14.

**INSTRUCTION NO. 19**
**Adopting Prior Inconsistent Statements[19]**

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

**GIVEN**              _____

**REFUSED**            _____

**GIVEN AS MODIFIED**  _____

---

[19] Standardized Civil Jury Instructions for the District of Columbia § 2.15.

**INSTRUCTION NO. 20**
**Number of Witnesses and Exhibits[20]**

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence.  Presenting a greater number of witnesses or exhibits does not necessarily prove a point.  Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

**GIVEN**                          _____

**REFUSED**                     _____

**GIVEN AS MODIFIED**    _____

---

[20] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.11.

23

**INSTRUCTION NO. 21**
**Expert Witnesses – Generally[21]**

In this case, you heard opinion testimony from [insert the name of experts who testified], who have been identified by the parties as expert witnesses, on various economic issues.  The law allows opinion testimony on such matters if the witness possesses sufficient knowledge, experience, training, or education.

You are not bound to accept these witnesses' opinions.  If you find that any opinions are not based on sufficient knowledge, experience, training, or education, or that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.

Opinion testimony should be judged just as any other evidence.  You should consider opinion evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**GIVEN**                         _____

**REFUSED**                       _____

**GIVEN AS MODIFIED**        _____

---

[21] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.12.

**INSTRUCTION NO. 22**
**Expert Witnesses – Conflicting Testimony[22]**

You have heard conflicting testimony from expert witnesses in this case.  The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, because they gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence.  You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you.

**GIVEN**                            _____

**REFUSED**                        _____

**GIVEN AS MODIFIED**      _____

---

[22] Adapted from 4-76 Sand, et al., Modern Federal Jury Instructions-Civil, P 76.01 (Matthew Bender).

25

**INSTRUCTION NO. 23**
**Instructions To Be Considered as a Whole**[23]

Before I excuse you to deliberate, I want to discuss a few final matters with you. During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

**GIVEN**                      _____

**REFUSED**                  _____

**GIVEN AS MODIFIED**   _____

_____
[23] Standardized Civil Jury Instructions for the District of Columbia § 3.01.

**INSTRUCTION NO. 24**
**Selection of Foreperson[24]**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

**GIVEN**            _____

**REFUSED**          _____

**GIVEN AS MODIFIED**   _____

---

[24] Standardized Civil Jury Instructions for the District of Columbia § 3.02.

## INSTRUCTION NO. 25
### Unanimity and Duty to Deliberate[25]

The verdict must represent the considered judgment of each juror.  In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict.  You should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.  However, you must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

Remember that you are not advocates but neutral judges of the facts.  You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations, your purpose should not be to support your own opinion but to determine the facts.

**GIVEN**             _____

**REFUSED**         _____

**GIVEN AS MODIFIED**    _____

---

[25] Standardized Civil Jury Instructions for the District of Columbia § 3.03.

**INSTRUCTION NO. 26**
**Communications Between Court and Jury**[26]

      If it becomes necessary during your deliberations to communicate with me, you may send a note, signed by your foreperson or by one or more members of the jury.  If you have a note, the foreperson should knock on the courtroom door, and the clerk will get the note and give it to me. If you are divided on any matter, you should not reveal in any note or otherwise how the jury is divided.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.

**GIVEN**                    _____

**REFUSED**              _____

**GIVEN AS MODIFIED**     _____

---

[26] Standardized Civil Jury Instructions for the District of Columbia § 3.05.

**INSTRUCTION NO. 27**
**Right to See Exhibits and Hear Testimony; Communications with Court**[27]

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue while deliberations are ongoing.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[27] Adapted from 4-78 Sand, et al., Modern Federal Jury Instructions-Civil, P 78.01 (Matthew Bender).

**INSTRUCTION NO. 28**
**Delivering the Verdict**[28]

When you have reached your verdict, the foreperson should fill out and sign the verdict form, which will be in the front of the binder with the instructions.  Send me a note—signed by the foreperson—telling me you have reached your verdict.  Do not tell me in the note what your verdict is. I will then call you into the courtroom and ask the foreperson for the verdict form and for your verdict.

**GIVEN**                          _____

**REFUSED**                     _____

**GIVEN AS MODIFIED**     _____

---

[28] Standardized Civil Jury Instructions for the District of Columbia § 3.07.

**INSTRUCTION NO. 29**
**Verdict With Regard to W.R. Berkley Plaintiffs**

A verdict for or against the Class Action Plaintiffs will also be a verdict for or against the W.R. Berkley Plaintiffs.

If you award damages to the Class Action Plaintiffs, the amount of damages awarded to the W.R. Berkley Plaintiffs will be determined automatically based on their holdings of Fannie Mae preferred shares, Freddie Mac preferred shares, and Freddie Mac common shares as a percentage of the number of shares in each Class.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____