# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>            Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 30[1]
## Class Action – Defined[2]

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have the same legal claims.  In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately.  In this case, the Court has ruled that the claims of class representatives Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell and Barry P. Borodkin are typical of the claims of class members and that these class representatives will adequately represent the class they represent.  Accordingly, based on the Court's ruling, these class representatives are permitted to try this case on behalf of the classes.

In this case, the classes consist of the following:

All current holders of junior preferred stock in Fannie Mae (the "Fannie Preferred Class");

All current holders of junior preferred stock in Freddie Mac (the "Freddie Preferred Class"); and

All current holders of common stock in Freddie Mac (the "Freddie Common Class").

There is no class consisting of holders of Fannie Mae common stock.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[1] Plaintiffs propose that the Court read this instruction as part of both its preliminary and final instructions.

[2] Adapted from Judicial Council of California Civil Jury Instructions No. 115 (2022 edition).

## INSTRUCTION NO. 31
### Implied Covenant of Good Faith and Fair Dealing[3]

In all contracts, each party to the contract has an obligation to comply with the implied covenant of good faith and fair dealing.

A party to a contract violates the implied covenant of good faith and fair dealing if it acts arbitrarily or unreasonably, thereby frustrating the parties' original expectations at the time of contracting. Where a contract confers discretion on one of the parties to the contract, the other party has a reasonable expectation that the party with discretion will not exercise that discretion arbitrarily or unreasonably in a way that deprives the other party of the benefits of the bargain.

In this case, while the shareholder contracts allowed Defendants to exercise discretion as it relates to the payment of dividends to the Plaintiffs (*i.e.*, the private shareholders of Fannie Mae and Freddie Mac), Defendants' exercise of that discretion violated the implied covenant if it

---

[3] *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, Memorandum Opinion on Motions in Limine (October 13, 2022) (ECF No. 221), at 5 ("whether defendants acted arbitrarily or unreasonably and thereby breached the implied covenant is determined in reference to plaintiffs' reasonable expectations" and "plaintiffs could logically argue that shareholders would have reasonably expected at the time of contracting that FHFA as conservator would act in good faith on whatever information it had at the time of the alleged breach"); *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, 2022 WL 4745970, at *4 (D.D.C. Oct. 3, 2022) ("Under Delaware and Virginia law, which govern the claims of the Fannie Mae and Freddie Mac shareholders, respectively, an implied covenant of good faith and fair dealing attaches to every contract"); *id.* ("A breach of the implied covenant occurs where one party 'act[s] arbitrarily or unreasonably,'" which is to say that it "violate[s] the reasonable expectations of the parties" at the time of contracting"); *id.* at 5 ("A party to a contract violates the implied covenant of good faith and fair dealing if it 'act[s] arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party reasonably expected.'"); *id.* at *6 ("HERA only authorizes the discretion through which FHFA agreed to the Third Amendment, rather than the Third Amendment itself…); *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, 2018 WL 4680197, at *7 (D.D.C. Sept. 28, 2018) (describing standard under Delaware and Virginia law); *id.* at *10 ("[A]s noted by the D.C. Circuit, "[a] party to a contract providing for such discretion violates the implied covenant if it 'act[s] arbitrarily or unreasonably.'"…So while Plaintiffs could reasonably expect the GSEs to exercise discretion as it relates to dividends, they could not expect the GSEs to extinguish the possibility of dividends arbitrarily or unreasonably"); *Baldwin v. New Wood Resources, LLC*, -- A.3d --, 2022 WL 3364169, at *14 (Del. Aug. 16, 2022) ("When a contract confers discretion on one party, the implied covenant requires that the discretion be used reasonably and in good faith."); *Gerber v. Ent. Pords. Holdings, LLC*, 67 A.3d 400, 419-20, 422, 425 (Del. 2013) (describing standard), *overruled on other grounds by Winshall v. Viacom Int'l, Inc*., 76 A.3d 808 (Del. 2013); *Nemec v. Shrader*, 991 A.2d 1120, 1125-26 (Del. 2010); *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund*, 624 A.2d 1199, 1206-07 (Del. 1993) (holding that the discretionary authority afforded to the general partner in a contract required the general partner to exercise its discretion reasonably and that "[r]easonableness is a question of fact to be determined by the finder of fact"); *Amirsaleh v. Bd. of Trade of N.Y.C.*, Inc., 2008 WL 4182998, at *1 (Del. Ch. Sept. 11, 2008) ("The implied covenant is particularly important in contracts that endow one party with discretion in performance; i.e., in contracts that defer a decision at the time of contracting and empower one party to make that decision later. Simply put, the implied covenant requires that the "discretion-exercising party" make that decision in good faith."); *Charlotte Broad., LLC v. Davis Broad. of Atlanta, L.L.C*., 2015 WL 3863245, at *7 (Del. Super. Ct. June 10, 2015) (where a contractual termination permitted either party to terminate the agreement "in its sole discretion," Delaware law required that "Plaintiffs must exercise this discretion in good faith. Clearly if the parties had thought to negotiate for it, the parties would have prohibited terminating the Agreement under the Engineering Clause for pretextual reasons."); *Elenza, Inc. v. Alcon Laboratories Holding Corp*., 2017 WL 8890677 (Del. Super. June 15, 2017) (Jury Instruction).

deprived Plaintiffs of the possibility of such dividends arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the Plaintiffs reasonably expected.

Similarly, while the Housing and Economic Recovery Act ("HERA") authorized the FHFA to act in the best interests of the GSEs, the FHFA, or the public, the FHFA's exercise of that statutory authority violated the implied covenant of good faith and fair dealing if it arbitrarily or unreasonably deprived Plaintiffs of the possibility of receiving future dividends, thereby frustrating the fruits of the bargain that the Plaintiffs reasonably expected.

Thus, to establish a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must prove by a preponderance of the evidence that Defendants arbitrarily or unreasonably deprived Plaintiffs of the possibility of receiving dividends in the future. In determining whether Defendants acted arbitrarily or unreasonably, you should consider all information available to Defendants when they agreed to the Net Worth Sweep.


**GIVEN**               _____

**REFUSED**             _____

**GIVEN AS MODIFIED**   _____

## INSTRUCTION NO. 32
### Arbitrary or Unreasonable Conduct[4]

As I instructed you previously, the implied covenant of good faith and fair dealing requires a party in a contractual relationship to refrain from arbitrary or unreasonable actions that have the effect of preventing the other party to the contract from receiving the benefits of the agreement.

Arbitrary actions or decisions are those taken or made without appropriate consideration of or regard for the existing facts and circumstances, or that are not supported by fair, solid, and substantial cause in light of all the facts and circumstances.

Unreasonable actions or decisions are those that are not guided by reason, that are beyond what can be expected or beyond the limits of acceptability or fairness, or that are lacking justification in fact or circumstance.

An action or decision is arbitrary or unreasonable if it is made or taken for the wrong or unsound reasons taking into account all the facts and circumstances. Failure to consider significant alternatives to the course ultimately chosen is evidence you may consider in deciding whether the decision was arbitrary or unreasonable.

---

[4] *Arbitrary,* Black's Law Dictionary (11th ed. 2019); *Unreasonable,* Black's Law Dictionary (11th ed. 2019); *Neal v. Puckett,* 286 F. 3d 230, 248 (5th Cir. 2002) (Jolly, J. concurring); *TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 111 (D.D.C. 2020) ("An agency's failure to 'consider significant alternatives to the course [it] ultimately cho[se],' is a telltale sign that its decision-making process cannot 'be regarded as rational.'"); *Allied Local and Regional Mfrs. Caucus v. U.S. E.P.A.*, 215 F.3d 61, 80 (D.C. Cir. 2000) ("To be regarded as rational, an agency must also consider significant alternatives to the course it ultimately chooses."); *Allen v. Hawley*, 74 Fed. Appx. 457, 461 (6th Cir. 2003) (quoting definitions of "unreasonable" in Black's Law Dictionary, Webster's Third New International Dictionary of the English Language Unabridged, and Oxford English Dictionary Online); *Walls v. Petrohawk Properties, LP*, 812 F.3d 621, 626 (8th Cir. 2015) (affirming district court's conclusion that landlord had unreasonably withheld consent to lease assignment by not giving "fair, solid and substantial cause or reason" for not consenting); *Jarzynka v. St. Thomas Univ. School of Law*, 2005 WL8154066, at *7 (S.D. Fla. 2005) (a decision is arbitrary "if it is 'founded on prejudice or preference rather than on reason or fact.") (quoting Black's Law Dictionary (7th ed. 1999)); *McCawley v. Universidad Carlos Albizu, Inc.*, 461 F. Supp. 2d 1251, 1258 (S.D. Fla. 2006) (arbitrary actions are those not founded on reason and fact); *Long v. State Farm Ins.* 2014 WL 11531890, at *2 (S.D. Ohio Nov. 20, 2014) ("'The term "arbitrary" means without fair, solid, and substantial cause and without reason given; without any reasonable cause; ... fixed or done capriciously or at pleasure; without adequate deter mining [sic] principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyrannical; despotic."'); *Leggett of Virginia, Inc. v. Crown American Corp.*, 1995 WL 17221216, at *2 (W.D. Va March 8, 1995) ("a decision is arbitrary when it is made without a fair, solid, and substantial cause or reason."); *Cerjanec v. FCA US, LLC*, 2018 WL 3729063, at *4 (E.D. Mich. Aug. 6, 2018) (adopting Black's Law Dictionary's definition of "arbitrary" as "'not supported by fair, solid, and substantial cause, and without reason given.'"); *Bergerson v. Salem-Keizer School Dist.*, 144 P.3d 918, 921 (Ore. Sup. Ct. 2006) (defining "unreasonable" to mean "lacking justification in fact or circumstance"); *Watson v. County of Yavapai,* 240 F. Supp. 3d 996, 1000 (D. Ariz. 2017) ("'Unreasonable' means 'not guided by reason; irrational or capricious.'") (*quoting* Black's Law Dictionary 692 (8th ed. 1999))*; Doe v. Dordt Univ.*, 2022 WL 2833987, at *29 (N.D. Iowa July 22, 2022); Merriam-Webster Online, https://www.merriam-webster.com/dictionary/unreasonable; Find Law Legal Dictionary, https://dictionary.findlaw.com/definition/unreasonable.html; *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 442, 446 (Del. 2005); *Restatement (Second) of Contracts* § 205, cmt. d; *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 829 (Fed. Cir. 2010).

In deciding whether Defendants' agreement to the Net Worth Sweep arbitrarily or unreasonably deprived Plaintiffs' of the benefits of their shareholder agreements with the GSEs, you should consider what if any need there was for the Net Worth Sweep at the time Defendants agreed to it, taking into account all the facts and circumstances at the time, the process that FHFA followed and the care it did or did not take in deciding to enter into the Net Worth Sweep, and whether or not the Net Worth Sweep was consistent with the publicly stated goals of the conservatorship made in September 2008.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

# INSTRUCTION NO. 33
## Agency – Defined[5]

The FHFA is a federal government agency that also acts as conservator for Fannie Mae and Freddie Mac. When FHFA acts as conservator for Fannie Mae and Freddie Mac, it steps into the shoes of the GSEs. Because the FHFA's adoption of the Net Worth Sweep was taken on behalf of the GSEs as conservator, FHFA's conduct in entering into the Net Worth Sweep is deemed to be the conduct of the GSEs.

Thus, if you find that FHFA's entering into the Net Worth Sweep on behalf of Fannie Mae breached the implied covenant of good faith and fair dealing, then FHFA and Fannie Mae are both liable for that breach. Similarly, if you find that FHFA's entering into the Net Worth Sweep on behalf of Freddie Mac breached the implied covenant of good faith and fair dealing, then FHFA and Freddie Mac are both liable for that breach.

**GIVEN**  _____

**REFUSED**  _____

**GIVEN AS MODIFIED**  _____

---

[5] *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, 2018 WL 4680197, at *12; *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 579 (4th Cir. 2017); *Collins v. Mnuchin,* No. 17-20364, 2018 WL 3430826, at *8 (5th Cir. 2018); *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 631 (D.C. Cir. 2017).

# INSTRUCTION NO. 34
## Damages for Breach of the Implied Covenant[6]

A party that is harmed by a breach of the implied covenant of good faith and fair dealing is entitled to damages in an amount calculated to compensate it for the harm caused by the breach. Thus, if you find that Defendants breached the implied covenant, then Plaintiffs are entitled to recover damages equal to the loss in the value of their shares that they prove was reasonably caused by the Net Worth Sweep.

If you find that Plaintiffs are entitled to a verdict in accordance with these instructions, but do not find that they have sustained actual damages, then you may return a verdict for them in some nominal sum. Nominal damages are not given as an equivalent for the wrong but rather merely in recognition of a technical injury and by way of declaring the rights of the party.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[6] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 11.31; *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, 2022 WL 4745970, at *11.

INSTRUCTION NO. 35[7]
**Timing of Purchases Is Irrelevant**[8]

When shares of stock are sold, the rights to receive dividends, including any claim for breach of those rights, travel with the shares. That means that the current holder of the shares owns the claims for breach of the shareholder agreements, including the implied covenant of good faith and fair dealing, regardless of when the person purchased the shares. In other words, when someone purchased his, her, or its shares is irrelevant. Thus, in reaching your verdict in this case, you may not consider when any of the Plaintiffs or Class Members purchased their shares.

**GIVEN**              _____

**REFUSED**            _____

**GIVEN AS MODIFIED**  _____

---

[7] Plaintiffs propose that the Court read this instruction as part of both its preliminary and final instructions.

[8] *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, 2018 WL 4680197, at *8 (D.D.C. Sept. 28, 2018).

# INSTRUCTION NO. 36
## Consideration of the Evidence: Corporate Party's Agents and Employees[9]

Two of the defendants in this case are corporations. A corporation can act only through individuals as its agents or employees. In general, if any agent or employee of a corporation acts or makes statements while acting within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are of the corporation.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[9] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 4.05.

## INSTRUCTION NO. 37
## Equality of Litigants[10]

      In this case, two of the defendants are government sponsored entities and the other is a government agency. The mere fact that some of the parties are government sponsored entities or a government agency does not mean they are entitled to any greater or lesser consideration by you. All litigants are equal before the law and are entitled to the same fair consideration as you would give any other individual party.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[10] Adapted from 4-76 Sand, et al., Modern Federal Jury Instructions-Civil, P 72.01 (Matthew Bender).

# INSTRUCTION NO. 38
## Testimony of Government Employees[11]

You have heard the testimony of current and former government employees. The fact that a witness is or was employed as a government employee does not mean that (his)(her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for opposing counsel to try to attack the believability of a government employee on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the government employee and how much weight, if any, it deserves.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[11] Adapted from 4-18 Sand, et al., Modern Federal Jury Instructions-Civil, P 76.01 (Matthew Bender) (*citing United States v. Bethancourt*, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995) (approving instruction that "the government witnesses' testimony was not entitled to any greater consideration because of their federal employment")).

# INSTRUCTION NO. 39
## Prejudgment Interest[12]

Under Virginia law, which applies to the claims of the Freddie Mac common and junior preferred shareholders, if you decide to award damages to those Plaintiffs in any amount, you may award prejudgment interest at the rate of 6% per year and fix a date from which interest is to begin. Prejudgment interest is permitted by statute and is designed to compensate the plaintiffs for the loss sustained by not having the value they were entitled to have at the time they were entitled to have it, and the award is considered necessary to place the plaintiffs in the position they would have occupied if the defendants had not breached their contractual obligations.

You are not being asked to determine any award of prejudgment interest for preferred shareholders of Fannie Mae because such interest will be assessed by the Court as a matter of Delaware law on any damages you may award.

**GIVEN**               _____

**REFUSED**             _____

**GIVEN AS MODIFIED**   _____

---

[12] Adapted from *Fort Norfolk Plaza Medical Assoc., LLC et al v. Francis*, 2016 WL 9340591(Va. Cir. Ct.) (Jury Instruction).

## INSTRUCTION NO. 40
### Burden of Proof – Speculative Damages[13]

Plaintiffs must prove that it is more likely than not that they are entitled to damages. The evidence must establish the amount of Plaintiffs damages with reasonable certainty. Reasonable certainty does not require exact or mathematically precise proof of damages. You may award Plaintiffs only those damages that are based on a just and reasonable estimate based on relevant evidence.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[13] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 12.03.