UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>*Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFFS FROM ARGUING DAMAGES
UNSUPPORTED BY RECORD EVIDENCE DURING CLOSING ARGUMENTS**

Class Plaintiffs submit this Opposition to Defendants' Motion in Limine to Preclude Plaintiffs from Arguing Damages Unsupported by Record Evidence During Closing Arguments (the "Closing Argument MIL"). The Closing Argument MIL is both unnecessary and without merit. Accordingly, for the reasons discussed herein, the Court should deny the Closing Argument MIL.

**ARGUMENT**

In their Closing Argument MIL, Defendants seek to "preclude Plaintiffs from suggesting to the jury the existence of alternative measures of harm or purported damages that exceed the $1.6 billion under their stock-price-drop theory." Closing Argument MIL at 1. According to Defendants, they seek "this Court's intervention . . . for two reasons," *id*. at 3, (1) because Plaintiffs

have introduced evidence of the amount of money preferred shareholders have invested in Fannie Mae and Freddie Mac, *id*.; and (2) because "any limiting instruction will not un-ring the bell or adequately ameliorate the risk of prejudice." *Id*. at 4.  Neither of Defendants' proffered reasons supports granting the Closing Argument MIL.  On the contrary, the Closing Argument MIL is both entirely unnecessary and factually and legally baseless.

First and foremost, Plaintiffs have no intention of arguing to the jury that Plaintiffs could be entitled to damages beyond those the Court has permitted them to seek.  As Defendants acknowledge, Plaintiffs have introduced evidence that the Net Worth Sweep caused the value of Fannie Mae preferred shares, Freddie Mac preferred shares, and Freddie Mac common shares to fall by an aggregate $1.61 billion, and "Plaintiffs have not presented any evidence at trial suggesting an alternative 'delta' caused by the Net Worth Sweep." *Id.*  The value of the stock price drop is the measure of Plaintiffs' damages, and Plaintiffs do not intend to argue otherwise.  Consequently, the Closing Argument MIL is unnecessary, as it seeks to preclude Plaintiffs from making an argument that Plaintiffs have no intention of making regardless.

Second, Defendants' contention that comparing Plaintiffs' damages to the amount shareholders invested in Fannie Mae and Freddie Mac or the amount Treasury has received in dividends as a result of the Net Worth Sweep "would create an inference [] that there are larger measures of damages that Plaintiffs are not pursuing," *id.* at 5, is false.  That the dollar value of Plaintiffs' damages is relatively small in comparison to other dollar values identified in the evidence is a simple mathematical truism that in no way implies Plaintiffs are seeking less in damages than they otherwise could.  Plaintiffs have not suggested, and do not intend to suggest, to the jury that the $33.2 billion preferred shareholders invested in the GSEs or the $150 billion in excess dividends Treasury has so far received under the Net Worth Sweep constitutes compensable

harm to the Plaintiffs. As Defendants state, "Plaintiffs are seeking the maximum amount available to them," *id.*, and Plaintiffs have no intention of arguing or implying otherwise.

Finally, Defendants cite no authority to support their argument, and indeed there is none. On the contrary, case law holds that in closing arguments, plaintiffs are permitted to compare the value of their damages to other larger values identified in the evidence. *See, e.g.*, *Vectura Ltd. v. GlaxoSmithKline LLC*, 981 F.3d 1030, 1042-44 (Fed. Cir. 2020) (affirming district court's denial of defendant's post-trial motions based on closing argument that plaintiff's damages amounted to "pennies on the dollar" compared to defendant's overall sales). For example, in *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 288 F. Supp.3d 872 (E.D. Wis. 2017), the court denied the defendant's Motion for Judgment as a Matter of Law based on the plaintiffs' closing argument that compared plaintiff's claimed patent infringement damages to the much larger value of defendant's total product sales. The court held that "[i]n closing argument counsel is afforded wide latitude to suggest inferences to be drawn from the evidence," *id*. at 897 (citing *Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008) and *Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1334 (Fed. Cir. 2010)), noted that "Plaintiffs' figures were not wrong – they were grounded in stipulated data," *id*., and concluded that the defendant's objection was "all form and no substance." *Id*. In short, the case law utterly refutes Defendants' Closing Argument MIL.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY the Closing Argument MIL.

Dated: October 30, 2022

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)

*/s/ Eric. L. Zagar*
Eric L. Zagar (*Pro Hac Vice*)
**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
280 King of Prussia Rd.

-3-

Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*

Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER, P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*