**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al*., | |
| Plaintiffs, | |
| v. | Civil No. 13-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Miscellaneous No. 13-1288 (RCL) |
| This document relates to: ALL CASES | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM ARGUING DAMAGES
UNSUPPORTED BY RECORD EVIDENCE DURING CLOSING ARGUMENTS**

Plaintiffs argue that Defendants' Motion is "both entirely unnecessary and factually and legally baseless," Opp. at 2, but Plaintiffs are wrong on all counts.

Plaintiffs claim Defendants' Motion is unnecessary because "Plaintiffs have no intention of arguing to the jury that Plaintiffs could be entitled to damages beyond those the Court has permitted them to seek." *Id.* In the same breath, Plaintiffs make clear that they intend to present a "pennies on the dollar" argument based upon $33.2 billion and $150 billion numbers that they claim represent "a simple mathematical truism." *Id.* But the total value at issuance of the Enterprises' preferred shares ($33.2 billion) and the amount Treasury was paid in dividends in

excess of 10% ($150 billion) are completely irrelevant to any issue in this case, including whether shareholders suffered any harm and Plaintiffs' sole measure of damages.  Further, Defendants' Motion seeks to preclude Plaintiffs from more than making an explicit request for damages beyond $1.6 billion—it also seeks to prohibit Plaintiffs from "fram[ing] their damages request in closing arguments as a fraction of the harm suffered," as such statements would "create an inference—that there are larger measures of damages that Plaintiffs are not pursuing—unsupported by the evidentiary record."  Mot. at 5.  Plaintiffs' efforts to raise such an inference demonstrate that Defendants' Motion is necessary.

Tellingly, the legal authorities relied upon by Plaintiffs do not support Plaintiffs' position on the propriety of making a "pennies on the dollar" argument at closings and, indeed, support Defendants, not Plaintiffs.

*First*, *Vectura Ltd. v. GlaxoSmithKline LLC*, 981 F.3d 1030, 1043 (Fed. Cir. 2020) (Opp. at 3), holds that Plaintiffs' argument is "improper."  There, the Federal Circuit held that it was generally improper for a party to make a "pennies on the dollar" damages argument.  *See Vectura Ltd. v. GlaxoSmithKline LLC*, 981 F.3d 1030, 1043 (Fed. Cir. 2020) (explaining how "the district court found that Vectura had 'repeatedly emphasized the amount of revenues made by Defendants and the relative smallness of the damages award they were requesting,' and that its conduct in that regard was improper"); *id.* ("agree[ing] with the district court that where Vectura made such arguments, they were improper."); *id.* at 1043-44 (identifying closing argument as one of the three places in the trial record that featured "the improper 'pennies on the dollar' argument").  The Federal Circuit did not reverse because it found no prejudice for reasons entirely inapplicable here.  Namely, the larger overall sales numbers were necessary "to understand Plaintiff's damages expert's analysis."  *Id.* at 1043; *see also id.* at 1044 (explaining

how the expert's damages theory "asked the jury to multiply [a] three-percent royalty rate by the [number of total sales]").  Here, the $33.2 billion and $150 billion numbers play no role in Dr. Mason's stock-price-drop analysis.

*Second*, Plaintiffs' reliance on *Milwaukee Electric* is inapposite.  In that case, plaintiffs' counsel compared plaintiffs' claimed damages to the larger value of defendant's total product sales, based upon "stipulated" data that was "relied heavily on" by both sides' experts. *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 288 F. Supp.3d 872, 897 (E.D. Wis. 2017).  But there is no stipulation here, Defendants' dispute Plaintiffs' claim that there were $150 billion in "excess dividends," and neither Plaintiffs' nor Defendants' damages expert relied upon this data.

## CONCLUSION

For the foregoing reasons, as well as those stated in Defendants' Motion, this Court should grant Defendants' motion to preclude Plaintiffs from suggesting the existence of alternative measures of damages unsupported by record evidence during closing arguments.

Dated: October 30, 2022

Respectfully submitted,

 /s/ Jonathan Stern
Jonathan Stern (D.C. Bar # 375713)
Asim Varma (D.C. Bar # 426364)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Jonathan.Stern@arnoldporter.com
Asim.Varma@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

 /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING &SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 626-5508
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

 /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY &MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

4