**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**[~~PROPOSED~~] STIPULATED ORDER**

Since a mistrial was declared at the first trial of this matter ("Trial 1"), the parties have conferred about various matters relating to the second trial ("Trial 2") and have reached agreement, subject to the Court's approval, on certain pretrial procedures and a pretrial schedule, as set forth below.

For the efficiency of the Court and the parties, the parties have agreed to the following procedures for Trial 2:

1.  **Motions in limine and *Daubert* motions**: Except to the extent that a particular ruling is expressly identified and revisited by a party in the May 26 Omnibus Motion provided for in the schedule below, the Court's rulings from Trial 1 on all motions in limine and *Daubert* motions will carry forward and apply equally to Trial 2, with each side preserving for appeal all arguments previously made with respect to the issues resolved by those rulings. Nothing

precludes a party from filing motions in limine or *Daubert* motions raising arguments that were not raised in Trial 1 (including with respect to experts that were the subject of *Daubert* motions raising other arguments in Trial 1), or from filing pretrial motions, pursuant to the schedule below, regarding the Court's prior rulings.

2.     **Exhibits**:  Except to the extent that a particular ruling is expressly identified and revisited by a party in the May 26 Omnibus Motion provided for in the schedule below, the Court's rulings on all objections to exhibits at Trial 1 will carry forward and apply equally to Trial 2, with each side preserving for appeal all objections made to the admission of exhibits in Trial 1.  Therefore, if a party's objection to an exhibit in Trial 1 was overruled, then that objection is deemed overruled at Trial 2 and preserved for appeal.  If a party's objection to an exhibit in Trial 1 was sustained, then that objection is deemed sustained and the document is deemed excluded in Trial 2.  Nothing precludes a party from asserting exhibit objections in Trial 2 that were not asserted in Trial 1 (including to exhibits objected to on other grounds in Trial 1), by either (i) including an objection to an exhibit in the May 26 Omnibus Motion, or (ii) including an objection to an exhibit in the Pretrial Statement.  Further, the parties may add or remove documents from their exhibit lists that were presented in Trial 1.

3.     **Deposition Testimony**:  Except to the extent that a particular ruling is expressly identified and revisited by a party in the May 26 Omnibus Motion provided for in the schedule below, the Court's rulings on all objections to deposition testimony at Trial 1 will carry forward and apply equally to Trial 2, with each side preserving for appeal all objections made to the admission of deposition testimony in Trial 1.  Therefore, all deposition testimony admitted in Trial 1 will be admitted in Trial 2, and all deposition testimony that was objected to and excluded in Trial 1 will be deemed excluded in Trial 2, subject to (a) any new objections a party wishes to present in Trial 2 (including to testimony objected to on other grounds in Trial 1), and (b) any deposition testimony that a party presented in Trial 1 but does not wish to present in Trial 2.  Each party may file a pretrial motion regarding the Court's prior rulings, and the parties may serve supplemental deposition designations identifying any deposition testimony not presented by that party in Trial 1 that a party may wish to present in Trial 2.

4.     **Witness lists**:  To the extent any party wishes to revise or supplement their final witness lists (as reflected in the parties' pretrial statements filed in Trial 1) for Trial 2, such revision or supplementation will be subject to the same agreement the parties had before Trial 1 – namely, if a party supplements its witness list to identify a witness who was not previously deposed, the other party may depose that witness before the trial.

5.     **Jury Instructions / Verdict Form**:  Except to the extent that a particular ruling is expressly identified and revisited by a party in the filings to be made on May 26 as provided in the schedule below, the Court's prior rulings on jury instructions and verdict form will carry forward and apply equally to Trial 2.  Both sides preserve for appeal all arguments relating to jury instructions and verdict forms that they raised to the Court before and during Trial 1.  If either side wishes to argue (or re-argue) any changes to the jury instructions and/or verdict form actually used in Trial 1, the parties will exchange proposed revisions and meet and confer pursuant to the schedule below.  If the parties cannot reach agreement on any revisions to the jury instructions or verdict form from Trial 1, the parties will file a joint submission to the Court

in conjunction with the May 26 submission outlining their respective positions regarding the disputed issues.

6. **Voir Dire Questions**: The parties will exchange any proposed revisions to the voir dire questions actually used in Trial 1, and will meet and confer, pursuant to the schedule below. If the parties cannot reach agreement, they will file a joint submission to the Court outlining their respective positions regarding the disputed issues.

7. **Fact Stipulations**: The parties will exchange any proposed revisions to the joint stipulation of facts from Trial 1, and will meet and confer, pursuant to the schedule below.

8. ***Touhy* Request:** Plaintiffs have renewed a *Touhy* request to the U.S. Department of the Treasury that Plaintiffs submitted before the first trial and that addresses certain documents produced by the U.S. Department of Treasury ("Treasury") in discovery that were the subject of dispute at the first trial. Treasury and Plaintiffs are involved in ongoing discussions as to the request and do not at this point know of any dispute that will require resolution by the Court. If Plaintiffs and Treasury fail to agree and Plaintiffs conclude that the disagreement requires resolution before trial, after conferring with Defendants and Treasury, the Plaintiffs will promptly notify the Court and propose a process for resolving the issue.

Consistent with the agreed-upon procedures above and the Court's Order setting Trial 2 to begin on July 24, 2023, the parties have agreed to the following pretrial schedule:

- **February 17**: Plaintiffs to file motion seeking approval for any supplemental expert reports.

  - **March 10**: Deadline for Defendants' response
  - **March 21**: Deadline for Plaintiffs' reply

- **March 10**: Deadline for parties to disclose whether they intend to include any witnesses on their witness list who were not previously deposed. (Dates for depositions of any such witnesses TBD.)

- **April 14**: The parties shall exchange: (a) exhibit lists; (b) witness lists; and (c) deposition designations.

- **April 28**: The parties shall exchange: (a) objections to exhibits; (b) objections to deposition designations; (c) counter-designations; (d) proposed revisions to voir dire questions; and (e) proposed revisions to joint stipulations of fact.

- **May 5**: The parties shall exchange objections to counter-designations.

- **May 12**: The parties shall meet and confer regarding any potential Omnibus Motions: (1) motions regarding evidentiary rulings from Trial 1, including (a) motions in limine and *Daubert* motions, (b) rulings on objections to exhibits, and (c) rulings on objections to

deposition designations; (2) any additional motions in limine not raised in Trial 1; and (3) any party's desire to revisit any jury instructions or anything on the verdict form.

- **May 26**: Deadline for filing Omnibus Motions: (1) motions regarding evidentiary rulings from Trial 1, including (a) motions in limine and *Daubert* motions, (b) exhibit rulings, and (c) deposition designation rulings; (2) any additional motions in limine not raised in Trial 1; and (3) any party's desire to revisit any jury instructions or anything on the verdict form.

  - **June 14**: Oppositions due
  - **June 23:** Replies due

- **June 16**: (and continuing as needed): The parties shall meet and confer regarding any proposed revisions to joint stipulations of fact.

- **June 30**: Deadline for filing Pretrial Statements.  The parties also shall file joint submissions regarding any remaining disputes not covered in Omnibus Motions over: (a) exhibits; (b) deposition designations; and (c) voir dire questions (to the extent we do not submit a request for a jury questionnaire).

- **Week of July 10** (or at the Court's earlier convenience): Pretrial conference

- **July 24**: Start of trial

**IT IS SO ORDERED.**

Date: _March 5, 2023_

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge