**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>　　　　　*Defendants*. | Case No. 1:13-cv-1053-RCL |

**BERKLEY PLAINTIFFS' MOTION FOR LEAVE TO PRESENT EVIDENCE AND ARGUMENT CONCERNING RELIANCE DAMAGES AT TRIAL**

1

## INTRODUCTION

This motion respectfully asks the Court to reconsider its prior ruling precluding the Berkley Plaintiffs from seeking reliance damages in this case—or, in the alternative, to clarify that the basis for precluding such damages is solely the Court's ruling that they are unavailable as a matter of law, not any issue of timeliness or prejudice to defendants.

When the Berkley Plaintiffs filed their pretrial statement in accordance with the Court's scheduling order, they framed their trial strategy around expectation damages and restitution. But with just over three weeks until trial, the Court ruled on Defendants' summary-judgment motion, holding that the Berkley Plaintiffs' expectation-damages calculation was too speculative to be proven with reasonable certainty, and that restitution was barred by 12 U.S.C. § 4617(f). In response to that ruling, and three business days later, the Berkley Plaintiffs sought leave to amend their pretrial statement to offer evidence of reliance damages at trial, which they had included in their initial disclosures in this case. The Court denied that request for two reasons: (1) it held that reliance damages were barred as a matter of law, and (2) it held that the request was untimely and would prejudice defendants by giving them insufficient time to prepare to address reliance damages at the impending at trial.

The Berkley Plaintiffs hope to persuade the Court that the second reason is no longer applicable, and the first should be reconsidered and decided differently. The Berkley Plaintiffs should be permitted to present reliance damages at trial, which will not require any new expert testimony and will not prejudice defendants, who have ample time to prepare any response they may wish. Alternatively, for the sake of good order and the record on appeal, the Berkley Plaintiffs ask the Court to make clear that the only reason the Berkley Plaintiffs may not seek damages is its prior ruling that they are unavailable as a matter of law.

**BACKGROUND**

When the Berkley Plaintiffs served their initial disclosures, they identified expectancy, restitution, and reliance measures of damages as their requested forms of relief. *See* Fairholme ECF No. 201-2 at 6–8. The Berkley Plaintiffs' initial disclosures also explained that the calculation of reliance damages would turn on the same analysis used to calculate restitution and the same analysis used to calculate expectancy damages for the purpose of showing "that Defendants cannot meet their burden to prove that Plaintiffs' shares would have lost value absent Defendants' breach." *Id.* at 8.

The Berkley Plaintiffs proceeded to develop expert analysis of both restitution and expectancy damages—which, as their initial disclosures stated, would be the same analysis used to calculate reliance damages. This analysis resulted in Dr. Mason's expert opinion concluding that restitution damages would equal $47.9 billion and that expectancy damages would equal $27.2 billion. *See* Fairholme ECF No. 170-1 at 25.

Defendants moved for summary judgment with respect to the Berkley Plaintiffs' request for expectancy damages and restitution. In their motion, Defendants argued that the Berkley Plaintiffs' calculation for expectancy damages was too speculative. *See* Fairholme ECF No. 145 at 20–30. Separately, Defendants argued that restitution was barred as a matter of law. *Id.* at 31–37. Defendants' motion did not address reliance damages. *See id.*

While that motion was pending, the case proceeded toward trial. On August 19, 2022, and in accordance with the operative scheduling order, the Berkley Plaintiffs filed their pretrial statement, which highlighted Plaintiffs' intent to present evidence of expectancy damages and restitution at trial. *See* Fairholme ECF No. 178 at 23–24.

Less than a month before the scheduled two-week trial, the Court granted in part Defendants' summary-judgment motion. Specifically, the Court held that the Berkley Plaintiffs'

3

claimed expectancy damages (which the Court termed the "lost-dividends theory") was too speculative because it rested on contingencies that could not be accurately predicted. *See* Fairholme ECF No. 194 at 16–20. In addition, the Court concluded that the Berkley Plaintiffs' request for restitution was barred by HERA and general equitable principles. *Id.* at 22. The Court did not grant Defendants' motion entirely, however, and permitted the Berkley Plaintiffs to seek damages related to the decline in value of their shares, which the Court termed "the lost-value theory."

Given the Court's ruling, the Berkley Plaintiffs sought to amend their pretrial statement. *See* L. Cv. R. 16.5(a)(2). Because the Court had ruled that the Berkley Plaintiffs' calculation of expectancy damages was too speculative, the Berkley Plaintiffs clarified that they intended to seek reliance damages at trial. *See* Fairholme ECF No. 201 at 5–10. The Berkley Plaintiffs' motion explained that the calculation of reliance damages would require no additional expert testimony because—as forecasted by the Berkley Plaintiffs' initial disclosures—the calculation for reliance damages would be determined from the same calculations used for expectancy damages and restitution. *See id.* at 8–9.

The Court denied the Berkley Plaintiffs' motion. In the Court's view, the Berkley Plaintiffs were "introduc[ing] a new measure of damages on the eve of trial," which would cause delay and prejudice because Defendants "had little reason to develop a trial argument as to why any reliance damages should be offset." Fairholme ECF No. 217 at 6. The Court also concluded that the Berkley Plaintiffs were seeking reliance damages in excess of the damages sought under the lost-value theory that the Court had permitted to proceed to trial. *Id.* at 6–8. The Court thus held that the Berkley Plaintiffs could not seek reliance damages at trial and could not amend their pretrial statement to include testimony on reliance damages. *Id.* at 8.

4

The case proceeded to trial, and the Berkley Plaintiffs presented evidence of the lost-value theory. After 6 days of deliberations, the Court declared a mistrial. A retrial is set for July 24.

## ARGUMENT

**I.     The Berkley Plaintiffs Should Be Permitted To Present Evidence of Reliance Damages at Trial 2.**

Because the Court has held that the Berkley Plaintiffs' expectancy-damages calculation is too speculative, it is blackletter law that the Berkley Plaintiffs should be permitted to pursue reliance damages subject to any loss that Defendants can prove with reasonable certainty the Berkley Plaintiffs would have suffered absent the breach. When the Berkley Plaintiffs sought leave to amend their pretrial statement to seek reliance damages for Trial 1, the Court held that the request came too close to trial even though the Berkley Plaintiffs' initial disclosures—served years prior—explained that the calculation for reliance damages would be derived from the analysis for expectation damages and restitution. But with nearly three months until Trial 2, Defendants may no longer rely on that defense. The Berkley Plaintiffs should therefore be permitted to present evidence of reliance damages at Trial 2.

### A.     The Berkley Plaintiffs' Reliance Interest Is An Appropriate Measure of Damages Given the Court's Summary-Judgment Ruling.

Because the Court has concluded that the Berkley Plaintiffs' expectancy damages cannot be proven with reasonable certainty, the Berkley Plaintiffs' reliance interest is a proper measure of damages. Per the Restatement (Second) of Contracts, a party may seek reliance damages "if he cannot prove his profit with reasonable certainty." RESTATEMENT (SECOND) OF CONTRACTS § 349, cmt. a (1981, Oct. 2022 Update); *see also* RESTATEMENT THIRD OF RESTITUTION AND UNJUST ENRICHMENT § 38, cmt. b (2011, Mar. 2023 Update) (describing reliance damages as "a remedial alternative in cases where the plaintiff cannot establish expectation damages" due to "difficulties of proof"). Reliance damages are measured by the Berkley Plaintiffs' expenditures made in

5

reliance on the contract subject to any benefit retained or "loss the defendant can prove with reasonable certainty the plaintiff would have suffered had the contract been performed." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 38(2)(a); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 349 (stating that "the injured party has a right to damages based on his reliance interest . . . less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed").

The *Winstar*[1] cases provide an excellent example. There, financial institutions sued the United States for breach of contract based on the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). *See Am. Cap. Corp. v. FDIC*, 472 F.3d 859, 862 (Fed. Cir. 2006). But an "[e]xpectancy damages theory, based on lost profits, ha[d] proven itself impractical for these cases, and generally not susceptible to reasonable proof." *Glendale Fed. Bank, FSB v. United States*, 378 F.3d 1308, 1313 (Fed. Cir. 2004). Therefore, "[r]eliance [wa]s an ideal recovery in Winstar cases" because "alternative forms of recovery [we]re speculative and loss models inherently unreliable." *Id.* (internal quotation marks omitted); *see also Glendale*, 378 F.3d at 1310 (acknowledging that "a reliance theory" was "a viable theory on which damages could be based" when damages calculation "was necessarily a matter of post hoc reconstruction of a set of facts that may have never actually transpired"). Thus, as the *Winstar* cases demonstrate, given the Court's holding with respect to the Berkley Plaintiffs' expectation-damages calculation, the Berkley Plaintiffs' reliance interest is a proper measure of damages here.

The Berkley Plaintiffs' request for reliance damages also was not capped by the lost-value theory. *See* Fairholme ECF No. 217, at 7–8. A party may not be put in a better position than he would have been in had the contract been performed, but the Berkley Plaintiffs presented expert

---

[1] *See United States v. Winstar Corp.*, 518 U.S. 839 (1996).

6

testimony that the preferred shareholders' expectancy interest was at least $27.2 billion if not the par value of their shares ($48 billion). *See* Berkley ECF No. 170-1 at 25; Fairholme ECF No. 170 at 18 n.8. The Court ruled that the Berkley Plaintiffs' expectancy interest under Dr. Mason's conservative calculation was too speculative, but this posture—when a plaintiff "cannot prove his profit with reasonable certainty"—is precisely when reliance damages are appropriate. *See* RESTATEMENT (SECOND) OF CONTRACTS § 349, cmt. a. To the extent Defendants contend that the Berkley Plaintiffs would have received something *less* than what they would be entitled to under the lost-value theory, it is *Defendants'* burden to make that showing. *See* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 38(2)(a); RESTATEMENT (SECOND) OF CONTRACTS § 349; *Westfed Holdings, Inc. v. United States*, 407 F.3d 1352, 1370 (Fed. Cir. 2005) ("If the government wanted an offset, it was the government's burden to prove with reasonable certainty the quantum of benefit retained by [plaintiff] despite the government's breach").

Accordingly, Defendants may not artificially limit the Berkley Plaintiffs' reliance damages by pointing to the Court's previous holding that the Berkley Plaintiffs can prove only part of their *claimed* expectation damages with reasonable certainty. Instead, that suggestion contravenes the fundamental principle of reliance damages that the breaching party may not benefit from uncertainty around a damages calculation. "Instead, by choosing to breach the contract, the government chose to shoulder the burden of proof under the reliance theory of damages." *Am. Cap. Corp.*, 472 F.3d at 869 (citing RESTATEMENT (SECOND) OF CONTRACTS § 352, cmt. a ("Doubts are generally resolved against the party in breach.")).

## B. Defendants Have Ample Time To Prepare For Trial

Defendants have more than sufficient notice "to develop a trial argument as to why any reliance damages should be offset," Fairholme ECF No. 217 at 6, by a loss that the Berkley

Plaintiffs "would have suffered had the contract been performed," RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 38(2)(a). As an initial matter, Defendants' have been on notice since the Berkley Plaintiffs served their initial disclosures, which explained not only that the Berkley Plaintiffs sought reliance damages but also that the calculation for those reliance damages would be derived from the analysis for expectation damages and restitution—two forms of expert analysis for which Defendants *did* have "reason to develop a trial argument." Fairholme ECF No. 217 at 6. *See* Fairholme ECF No. 201-2 at 8. But even if the clock started today, Defendants now have nearly *three months* to prepare their trial argument with respect to reliance damages.

This Court previously prevented the Berkley Plaintiffs from seeking reliance damages because the Berkley Plaintiffs' request to amend the pretrial statement was too close to trial. Fairholme ECF No. 217 at 5 (stating that "plaintiffs' request comes on the eve of the trial"). But even still, at that time, trial was merely 19 days away. Thus, even if Defendants' failure to develop evidence in response to the Berkley Plaintiffs' initial disclosures was excused in the days before Trial 1, that excuse is no longer justified for Trial 2. Defendants now have several months to prepare "[to] prove their desired offset." Fairholme ECF No. 217 at 6. Because there is no question of prejudice or delay given this timeline, the Berkley Plaintiffs' request to introduce evidence of reliance damages thus rises or falls with the merits of their request. And as explained above, reliance damages are an appropriate measure of damages here.

## CONCLUSION

The Court should permit the Berkley Plaintiffs to introduce evidence of reliance damages at trial. In the alternative and at a minimum, the Court should clarify that the only reason the Berkley Plaintiffs are prevented from seeking reliance damages is the Court's ruling that such damages are unavailable as a matter of law in this case.

Dated: May 2, 2023

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs*