UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE FEDERAL HOUSING FINANCE AGENCY, et al., <br><br> *Defendants*. | Case No. 1:13-cv-1053-RCL |

**BERKLEY PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO PRESENT EVIDENCE AND ARGUMENT CONCERNING RELIANCE DAMAGES**

When this Court declined to permit Plaintiffs to seek reliance damages at Trial 1, it did so in part because trial was nineteen days away and granting the motion would have left Defendants "scrambling" on "the eve of trial." That rationale does not apply here. Therefore, the Berkley Plaintiffs' request for reliance damages should rise or fall on the merits. And when a plaintiff cannot prove expectation damages with reasonable certainty, blackletter law permits that plaintiff to seek reliance damages for breach of contract. Given the Court's prior ruling that the Berkley Plaintiffs' expectation-damages calculation was too speculative to be proven with reasonable certainty, the Berkley Plaintiffs should be permitted to seek reliance damages subject to any offsetting loss that Defendants can prove with reasonable certainty would have occurred absent the breach. The Court should therefore permit the Berkley Plaintiffs to present evidence of reliance damages at Trial 2 or, alternatively, reject that request on the merits.

## ARGUMENT

**I.     Permitting The Berkley Plaintiffs To Pursue Reliance Damages Will Not Leave Defendants "Scrambling" on "The Eve of Trial."**

Defendants should not be excused from litigating the merits of the Berkley Plaintiffs'

1

request for reliance damages. When this Court held that plaintiffs could not pursue reliance damages at Trial 1, the first basis for its conclusion was that the request came "on the eve of trial." *Fairholme Funds, Inc. v. FHFA*, No. 1:13-cv-1053, 2022 WL 11110548, at *3 (D.D.C. Oct. 19, 2022). The Court characterized its decision as exercising "the Court's trial-management discretion to decide whether a plaintiff may introduce a new measure of damages *on the eve of trial*, depending on whether doing so would result in significant delay or prejudice to defendants." *Id.* (emphasis added). The Court stated that "defendants heretofore have had little reason to develop a trial argument as to why any reliance damages should be offset." *Id.* And the Court thus viewed granting plaintiffs' motion as requiring one of two outcomes: The court would either have to "postpone the trial" or, alternatively, "leave defendants scrambling over the course of a few days" to litigate reliance damages. *Id.*

Neither outcome is required here. By the time Trial 2 begins during the last full week in July, Defendants will have had nearly *ten months* to prepare an argument with respect to reliance damages since the Berkley Plaintiffs initially raised the issue of reliance damages before Trial 1. Moreover, the Berkley Plaintiffs notified Defendants by email on April 6 that they intended to file a motion to seek reliance damages at Trial 2, and they ultimately filed that motion on May 2. Thus, Defendants have had ample time to prepare their argument and would not be left "scrambling"; nor would granting the Berkley Plaintiffs' motion require the court to "postpone the trial." The Court's prior ruling thus does not apply here.

Defendants' arguments fail to appreciate the procedural posture in which the last dispute over reliance damages arose. At the time, trial was nineteen days away, and the parties' *pretrial statements* had been on file for over a month. Defendants suggest there is no difference between

19 days and 83[1] days, *see* Fairholme ECF No. 298 at 15—despite the Court expressly basing its prior ruling in part on the fact that the Court did not want "to leave defendants scrambling over the course of *a few days*." *Fairholme*, 2022 WL 11110548, at *3 (emphasis added). But even leaving aside the obvious distinction between prejudice that would result from having only 19 days to prepare and the *lack* of prejudice when Defendants will have had nearly ten months since the Berkley Plaintiffs initially raised the issue of reliance damages at Trial 1, the mere number of days does not account for the difference in procedural posture. Here, pretrial statements are not due for nearly six weeks, and the parties can adequately prepare a trial presentation on the current timeline. Thus, this motion presents none of the concerns the Court previously held.

Defendants' allusion to the reconsideration standard underscores the point. The Berkley Plaintiffs' prior motion to pursue reliance damages was a *motion to amend the pretrial statement* for Trial 1. But here, the Berkley Plaintiffs are obviously not seeking reconsideration of the Court's order denying leave to amend a pretrial statement for a trial that ended in a hung jury, and their pretrial statement *for Trial 2* is not due until June 30. Because the Berkley Plaintiffs are not seeking reconsideration of the prior "order," Federal Rule of Civil Procedure 54(b) does not apply. And even if the Rule 54(b) standard did apply,[2] the standard is met where, as here, "a controlling or significant change in the . . . facts has occurred since the submission of the issue to the Court."

---

[1] As previously explained, Defendants have known since Trial 1 that the Berkley Plaintiffs believe they are entitled to reliance damages. And even setting that aside, the Berkley Plaintiffs notified Defendants by email that they intended to seek reliance damages on April 6—meaning Defendants will have had at least over 100 days.

[2] Defendants' insistence that the absence of the reconsideration standard in the Berkley Plaintiffs' motion "alone merits denial," Fairholme ECF No. 298 at 7, is a mirror of Plaintiffs' argument the last time reliance damages came up. Plaintiffs pointed out that "Defendants d[id] not engage *at all* with the relevant legal standard for when a party is permitted to amend a pretrial statement" and "d[id] not even cite the rule," which "is enough to grant Plaintiffs' motion." Fairholme ECF No. 216 at 7. The Court did not accept Plaintiffs' argument last time and should not accept Defendants' version of it this time.

*Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (cleaned up). Here, the factual situation—namely the procedural posture—has changed significantly since the last time the Court was presented with this question.

To the extent Defendants instead seek to invoke the law of the case doctrine, that doctrine would apply, at most, to *the merits* of seeking reliance damages discussed in Part II, *infra*, not *the timing* of the Berkley Plaintiffs' request discussed here in Part I. "Colloquially speaking," the law of the case doctrine "ensures that the same issue presented a second time in the same case in the same court should lead to the same result." *Wye Oak Tech., Inc. v. Rep. of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022). But with respect to *the timing* of the Berkley Plaintiffs' request, the Court's previous ruling did not address "the same issue presented" here—a posture in which the Berkley Plaintiffs notified Defendants of their intent to seek reliance damages at Trial 2 nearly four months before trial and the parties have not yet submitted pretrial statements. In addition, at least since reliance damages were litigated in the lead up to Trial 1, Defendants have known that the Berkley Plaintiffs viewed reliance damages as part of the case.

Defendants also raise a novel forfeiture theory. Specifically, Defendants appear to contend that the Berkley Plaintiffs were required to *affirmatively raise* reliance damages at summary judgment even though (1) reliance damages were listed in the Berkley Plaintiffs' initial disclosures, and (2) Defendants failed to move for summary judgment with respect to reliance damages. The Berkley Plaintiffs provide the following extended quotation from their initial disclosures to demonstrate just how clearly they explained they intended to pursue—and calculate—reliance damages:

> III. **Computation of Each Category of Damages that Plaintiffs Claim**
>
> . . .

A.     **Restitution**

Plaintiffs are entitled to restitution equal to the prices originally paid for any common stock or series of junior preferred shares that Plaintiffs own in the Companies, plus prejudgment interest including at a minimum interest running from the time of the last dividend received. . . .

The original share prices are provided in the offering documents for each series of share.

. . .

B.     **Expectancy Damages**

Plaintiffs are entitled to expectancy damages equal to the value that holders of Plaintiffs' junior preferred shares and common stock would have enjoyed from those shares—including the current value of the shares and their liquidation preferences, and the value of dividend payments on those shares—absent the Defendants' breach of the implied covenant of good faith and fair dealing, plus prejudgment interest including interest running from the time of the last dividend received.

. . .

Plaintiffs intend to rely on an expert witness to calculate expectancy damages based on all relevant information, and thus are not yet able to offer an exact computation. . . .

C.     **Reliance Damages**

Plaintiffs are entitled to reliance damages equal to the costs of preparing to perform and of performing the shareholder's obligations under Plaintiffs' shares of common stock and junior preferred shares.

These damages equal the original price of Plaintiffs' shares, plus prejudgment interest including at a minimum interest running from the time of the last dividend received. . . . <u>The documents relevant to this computation are discussed above in Part III.A. Plaintiffs also intend to rely on expert analysis of the information discussed in Part III.B to show that Defendants cannot meet their burden to prove that Plaintiffs' shares would have lost value absent</u>

>> Defendants' breach of the implied covenant of good faith and fair dealing.

*See* Fairholme ECF No. 201-2 at 6–7 (underline added).

Defendants moved for summary judgment with respect to restitution and expectancy damages (mentioned in Parts III.A and III.B, respectively) but inexplicably did not move for summary judgment with respect to reliance damages (mentioned in Part III.C). Defendants argued only that (1) "Plaintiffs' expectation damages theory is built on an unsupported and erroneous assumption that the enterprises could pay down the Treasury liquidation preference in the absence of the Third Amendment," Fairholme ECF No. 145 at 20 (cleaned up), and (2) "Plaintiffs' alternative request for restitution for preferred stockholders fails because it is barred as a matter of law," *id.* at 31 (cleaned up). One can only speculate as to why Defendants did not move for summary judgment with respect to reliance damages. But Defendants offer no case that supports excusing this failure. For example, no case establishes the proposition that a plaintiff—after having properly disclosed all theories of damages and specifically how those damages will be calculated—must *reaffirm* its desire to pursue those damages in response to an argument that Defendants never made. Nor were the Berkley Plaintiffs required to submit an expert report labeled "reliance damages" when the initial disclosures explained that reliance damages would be calculated *from the same documents and expert analysis* for expectation damages and restitution.

Defendants' own opposition reveals their previous oversight. Specifically, Defendants say that, if the Court permits the Berkley Plaintiffs to pursue reliance damages, Defendants would need to file a summary-judgment motion on the issue. *See* Fairholme ECF No. 298 at 16. But the time for summary judgment has long gone, and reliance damages were in the case from the very beginning—literally the initial disclosures. Defendants cite nothing that would excuse their oversight of reliance damages when moving for summary judgment.

In sum, the motion here presents none of the timing concerns that supported the Court's previous ruling. Granting the Berkley Plaintiffs' motion would neither require the delay of trial nor leave Defendants scrambling over the course of a few days. Defendants will have had nearly ten months since the Berkley Plaintiffs raised the issue of reliance damages at Trial 1 and nearly four months since the Berkley Plaintiffs notified Defendants they intend to file this motion. Thus, the Berkley Plaintiffs' request for reliance damages should rise or fall with the merits of that request.

## II.     The Berkley Plaintiffs Are Entitled To Reliance Damages.

The Berkley Plaintiffs respectfully disagree with the Court's prior analysis concluding that reliance damages are unavailable as a matter of law. *Wye Oak Tech.*, 24 F.4th at 698 (explaining that the law of the case does not apply "if the court is convinced that the prior decision is clearly erroneous and would work a manifest injustice" (cleaned up)). As they have explained, reliance damages are the correct measure of damages when a plaintiff's expectation damages theory is too speculative. *See, e.g.*, RESTATEMENT (SECOND) OF CONTRACTS § 349, cmt. a; *Glendale Fed. Bank, FSB v. United States*, 378 F.3d 1308, 1313 (Fed. Cir. 2004).

Here, the Court concluded that the Berkley Plaintiffs' expectancy interest under Dr. Mason's calculation was too speculative. In that posture, the Berkley Plaintiffs are entitled to pursue reliance damages. That the Court permitted Plaintiffs to pursue a *subset* of their claimed expectancy interest does not change the calculus because the Berkley Plaintiffs have "a right to damages based on" their "reliance interest." *See* RESTATEMENT (SECOND) OF CONTRACTS § 349. It is an error to hold otherwise, and the result—decreasing the Berkley Plaintiffs' recovery by millions of dollars—would work a manifest injustice.

Defendants' arguments regarding a "windfall" and the Court's earlier ruling with respect to the uncertainty of restitution reflect a basic misunderstanding of how reliance damages work. The doctrine accounts for any purported "windfall" or lack of certainty in relation to restitution by

permitting Defendants to offset the claimed reliance damages by any "loss the defendant can prove with reasonable certainty" that the Berkley Plaintiffs "would have suffered had the contract been performed." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 38(2)(a); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 349 (stating that "the injured party has a right to damages based on his reliance interest . . . less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed"). Defendants will therefore have the opportunity to argue against any purported windfall. Thus, the Berkley Plaintiffs respectfully ask the Court to permit them to present evidence of reliance damages at Trial 2. At the very least, however, the Berkley Plaintiffs request the Court to deny their request for reliance damages on the merits.

## CONCLUSION

For the foregoing reasons, the Court should permit the Berkley Plaintiffs to present evidence of reliance damages at trial or, in the alternative, hold that the motion fails on the merits.

Dated: May 23, 2023

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
John D. Ramer (Bar No. 90002236)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs*