UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

## [PROPOSED] ORDER

Upon consideration of Defendants' Omnibus Motion in Limine, and any opposition thereto, it is hereby:

**I.** **ORDERED** that Defendants' Motion in Limine to Exclude Speculative Deposition Testimony of Susan McFarland is **GRANTED**. The Court hereby excludes Ms. McFarland's deposition testimony appearing at page 45, lines 11–16, of her deposition transcript.

**II.** **ORDERED** that Defendants' Motion in Limine to Exclude Evidence and Argument Referring to Treasury's Investment as a Form of "Borrowing" By the Enterprises or "Similar to a Loan" is **GRANTED**. The Court hereby excludes

any argument or suggestion that mischaracterizes Treasury's investment as a "loan" or "similar to a loan."

III. **ORDERED** that Defendants' Motion in Limine to Exclude Evidence and Argument Comparing the Original Price Paid for Junior Preferred Shares at the Time of Issuance ($33.2 Billion) and Dividends Paid to Junior Preferred Shareholders Pre-Conservatorship ($5.1 Billion) is **GRANTED**. The Court hereby precludes Plaintiffs from arguing that:

a. the Enterprises were obligated to, or that shareholders reasonably expected them to, "repay[ ]" shareholders for their supposedly "stranded" $28.2 billion investment as a matter of "fairness" or otherwise; Trial Tr. 271:18–24;

b. shareholders could "reasonably expect" additional dividends in the future based on the magnitude of the aggregate issuance price from 1996 to 2008 or the $28.2 billion delta between what was paid for their shares at issuance and the dividends shareholders received before dividend payments stopped in 2008, *id.* at 2722:18–21;

c. that the $33.2 billion issuance price, components of the aggregate issuance price, the $5.1 billion in pre–conservatorship dividends, and/or the $28.2 billion delta are relevant to shareholders' objectively reasonable expectations under the shareholder contracts, the alleged harm incurred by shareholders, or the measure of damages; and

d. Enterprise shares are "supposed to be better than a loan" because private shareholders are "supposed to keep getting dividends," *id*. at 2536:19–22..

IV. **ORDERED** that Defendants' Motion in Limine to Exclude Evidence and Argument Concerning Dividends Paid and Value Transferred to Treasury After the Third Amendment is **GRANTED**. The Court hereby precludes Plaintiffs from presenting evidence or argument about:

a. the amounts in dividends the Enterprises paid in cash to Treasury from January 2013 to the second quarter of 2019;

b. the value transferred to Treasury (as increases in liquidation preference) from third quarter 2019 to second quarter 2022;

c. the sum of those two numbers; and

d. the difference between the sum and the 10% dividends, which Plaintiffs hypothesize would have continued through the present.

Dated: _____

_____
ROYCE C. LAMBERTH
United States District Judge