# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>　　　　Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**DEFENDANTS' MOTION TO REVISIT THE COURT'S EVIDENTIARY RULING ADMITTING  PLAINTIFFS' EXHIBIT 205 (THE STEGMAN MEMO) <u>INTO EVIDENCE OVER DEFENDANTS' HEARSAY OBJECTION</u>**

Defendants Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises"), and the Enterprises hereby move for the Court to revisit its prior ruling that Plaintiffs' Exhibit 205 (the "Stegman Memo") is admissible and to exclude the document as inadmissible hearsay for the second trial, for the reasons set forth in the accompanying Memorandum in Support.  A proposed order is being filed with this motion.

Dated: May 26, 2023

Respectfully submitted,

 /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

1

| | |
|---|---|
| /s/ Michael J. Ciatti | /s/ Meaghan VerGow |
| Michael J. Ciatti (D.C. Bar # 467177) | Meaghan VerGow (D.C. Bar # 977165) |
| KING & SPALDING LLP | O'MELVENY & MYERS LLP |
| 1700 Pennsylvania Ave. N.W. | 1625 Eye Street, N.W. |
| Washington, DC 20006 | Washington, DC 20006 |
| Tel: (202) 661-7828 | Tel: (202) 383-5300 |
| Fax: (202) 626-3737 | Fax: (202) 383-5414 |
| mciatti@kslaw.com | mvergow@omm.com |
| *Attorney for the Federal Home Loan Mortgage Corp.* | *Attorney for the Federal National Mortgage Association* |

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br> Defendants. | Civil No. 13-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br><br> _____ <br><br> This document relates to: <br> ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVISIT THE COURT'S EVIDENTIARY RULING ADMITTING  PLAINTIFFS' EXHIBIT 205 INTO EVIDENCE OVER DEFENDANTS' HEARSAY OBJECTION**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................. i

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

I.   Even if the Stegman Memo Is a Public Record, It Is Inadmissible Because It Contains a Second Layer of Hearsay to Which No Hearsay Exception Applies ................................... 2

CONCLUSION .................................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases:** **Page(s):**

*Bibbs v. Twp. of Kearney*,
  No. 09-3769, 2011 WL 765970 (D.N.J. Feb. 25, 2011) ............................................................3

*Czekalski v. Peters*,
  475 F.3d 360 (D.C. Cir. 2007) .................................................................................................4

*Dyer v. McCormick & Schmick's Seafood Rests., Inc.*,
  264 F. Supp. 3d 208 (D.D.C. 2017) .........................................................................................3

*Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*,
  No. 1:13-cv-1053, 2022 WL 13937460 (D.D.C. Oct. 21, 2022) ..........................................5, 7

*Fed. Deposit Ins. Corp. v. Mmahat*,
  907 F.2d 546 (5th Cir. 1990) ....................................................................................................3

*\*Goodman v. Kimbrough*,
  718 F.3d 1325 (11th Cir. 2013) ................................................................................................3

*\*Hackely v. Roudebush*,
  520 F.2d 108 (D.C. Cir. 1975) .................................................................................................4

*Henry v. Kendall*,
  No. 21-865 (CKK), 2022 WL 3081408 (D.D.C. Aug. 3, 2022) ...............................................2

*\*Jordan v. Binns*,
  712 F.3d 1123 (7th Cir. 2013) ..................................................................................................6

*Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*,
  No. 18-1702 (RC), 2022 WL 7002841 (D.D.C. Oct. 12, 2022) ...............................................3

*\*Moncada v. Peters*,
  579 F. Supp. 2d 46 (D.D.C. 2008) ...........................................................................................4

*In re Oil Spill by the Amoco Cadiz*,
  954 F.2d 1279 (7th Cir. 1992) ..................................................................................................6

*Porter v. City of Lake Lotawana*,
  No. 07-00461-CV-W, 2009 WL 10441610 (W.D. Mo. Mar. 31, 2009) ...................................4

*Stevenson v. City of Albuquerque*,
  No. CIV 17-855, 2020 WL 1906065 (D.N.M. Apr. 18, 2020) .................................................4

*Sussman v. U.S. Marshals Serv.*,
    No. 03-610, 2011 WL 13257821 (D.D.C. Dec. 12, 2011)......................................................2

*Taylor v. Erna*,
    No. 08-10534, 2009 WL 2146675 (D. Mass. July 14, 2009) ................................................4

*United States v. De Peri*,
    778 F.2d 963 (3d Cir. 1985).................................................................................................3

*United States v. Duarte*,
    618 F. App'x 894 (9th Cir. 2015) .........................................................................................4

*United States v. Macaulay*,
    54 F. App'x 592 (5th Cir. 2002) ..........................................................................................4

*\*United States v. Mackey*,
    117 F.3d 24 (1st Cir. 1997) ..................................................................................................3

*United States v. Moore*,
    27 F.3d 969 (4th Cir. 1994) .................................................................................................3

**Statutes, Rules & Regulations**

Fed. R. Evid. 801 ..........................................................................................................................7

Fed. R. Evid. 803(6)......................................................................................................................4

Fed. R. Evid. 803(8)............................................................................................................ *passim*

Fed. R. Evid. 805 ..................................................................................................................2, 4, 6

**INTRODUCTION**

At the first trial, Plaintiffs repeatedly asserted that "the most important" document in this case is Plaintiffs' Exhibit 205. Tr. of Pretrial Conf. (attached as **Exhibit A**) at 94:17 (Oct. 12, 2022); *see also* Trial Tr. 288:1–2, 2527:16, 2696:11–12, 2705:12–13.[1] That document is a memorandum dated June 25, 2012 in which one then-Treasury Department official (Michael Stegman) informed another then-Treasury Department official (Mary Miller) about what then-Treasury Secretary Timothy Geithner told Mr. Stegman about Secretary Geithner's meeting with FHFA's then-Acting Director Ed DeMarco the day before. *See* PX-205 (the "Stegman Memo") (attached as **Exhibit B**). The Memo begins: "The Secretary provided an overview of his and your previous day's meeting with Ed DeMarco. This is the essence of the discussion that took place." *Id.* The Memo then proceeds to describe what Secretary Geithner purportedly told Mr. Stegman. *See id.*

The Stegman Memo contains at least two levels of hearsay, but the Court admitted the document on a ground that overcomes just one level. Specifically, while the Court found that the Stegman Memo itself satisfies the hearsay exception for "public records" setting out an agency's activities under Federal Rule of Evidence 803(8)(A)(i), the Court did not address the second layer of hearsay embedded in the Memo—namely, the Secretary's out-of-court statements to Mr. Stegman about the Secretary's meeting with Mr. DeMarco. Even if the Stegman Memo is a public record (a ruling to which Defendants have objected and preserve for appeal), it is nonetheless inadmissible unless an *additional* hearsay exception covers this second layer of hearsay.

---

[1] The trial transcripts from the first trial are docketed at ECF Nos. 263–289 on the *Fairholme* docket, No. 1:13-cv-1053-RCL; the transcripts are not docketed on the Class docket. In this brief, we cite to the page-line numbers in the transcripts themselves.

In a single sentence in a reply brief, Plaintiffs argued that the public records exception covers *all* layers of hearsay within a document, including the embedded hearsay from then-Secretary Geithner. That is incorrect. Under longstanding settled law, the public records exception is *not* a multi-level hearsay exception—it covers *only* the first layer of hearsay in a public record. Because no other hearsay exception covers the second layer of hearsay in the Stegman Memo, it should be excluded at the second trial.

## ARGUMENT

The Court should revisit its prior evidentiary ruling admitting the Stegman Memo over Defendants' hearsay objection. Even under the law-of-the-case doctrine or a reconsideration standard, the Court's prior ruling admitting the Stegman Memo over Defendants' objection warrants reversal because it constitutes clear error. *See Henry v. Kendall*, No. 21-865 (CKK), 2022 WL 3081408, at *6 (D.D.C. Aug. 3, 2022) ("clearly erroneous" rulings should be reversed notwithstanding the law-of-the-case doctrine); *Sussman v. United States Marshals Serv.*, No. 03-610, 2011 WL 13257821, at *1 (D.D.C. Dec. 12, 2011) (Lamberth, J.) (reconsideration is appropriate where the movant demonstrates "a clear error in the first order"). Under settled law, the Stegman Memo is inadmissible unless each layer of hearsay is subject to an exception, and the second layer is not.

I.  **Even if the Stegman Memo Is a Public Record, It Is Inadmissible Because It Contains a Second Layer of Hearsay to Which No Hearsay Exception Applies**

The Court's previous public records holding does not support the admission of Secretary Geithner's purported out-of-court statements embedded in the Stegman Memo, including his purported out-of-court statements about Mr. DeMarco's purported out-of-court statements. Federal Rule of Evidence 805 provides that "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."

2

This means that, "[f]or each level of hearsay to be admitted, it must be covered by either an exemption or exception to the hearsay rule." *Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, No. 18-1702 (RC), 2022 WL 7002841, at *10 (D.D.C. Oct. 12, 2022); *see also, e.g.*, *Dyer v. McCormick & Schmick's Seafood Restaurants, Inc.*, 264 F. Supp. 3d 208, 240 (D.D.C. 2017) ("The statements . . . involve several layers of potential hearsay, each one of which [the proponent] must show not to be hearsay or to fall within a hearsay exception.").

It is well settled that Rule 803(8)'s public records exception covers only the first layer of hearsay, not additional layers in a public record; it is not a multi-layer hearsay exception or a carveout from Rule 805's requirement that each layer of hearsay must be subject to an exception. *See, e.g.*, *Goodman v. Kimbrough,* 718 F.3d 1325, 1333 n.2 (11th Cir. 2013) ("Even accepting that the conclusions drawn in the report itself are admissible under the public records exception to the hearsay rule, the statements of third-parties within that report are double hearsay not within any exception to the rule."); *United States v. Mackey*, 117 F.3d 24, 28–29 (1st Cir. 1997) ("In line with the advisory committee note to Rule 803(8), decisions in this and other circuits squarely hold that hearsay statements by third persons . . . are not admissible under this exception merely because they appear within public records."); *United States v. Moore*, 27 F.3d 969, 975 (4th Cir. 1994) ("Even assuming that the report itself fell within the public records exception to the hearsay rule, [the] statement to the examiner, which was contained in that report, is hearsay and inadmissible unless some exception to the hearsay rule applies.").[2]  Put simply,

---

[2]   *See also Fed. Deposit Ins. Corp. v. Mmahat*, 907 F.2d 546, 551 n.6 (5th Cir. 1990) (The public records "exception may well apply to the documents themselves, but it would not solve the 'hearsay within hearsay' problem, were that problem not already solved."); *United States v. De Peri*, 778 F.2d 963, 976–77 (3d Cir. 1985) (addressing the "classic 'hearsay within hearsay' problem" and explaining the "out-of-court statements contained in the [public] records require a separate hearsay exception before they can be admitted"); *Bibbs v. Twp. of Kearney*, No. 09-3769, 2011 WL 765970, at *6 n.4 (D.N.J. Feb. 25, 2011) ("Moreover, assuming arguendo that

"[d]espite rule 803(8)'s exception, rule 805's prohibition of hearsay within hearsay still applies." *Stevenson v. City of Albuquerque*, No. CIV 17-855, 2020 WL 1906065, at *1 (D.N.M. Apr. 18, 2020). Courts routinely consider whether various hearsay exemptions and exceptions apply to embedded hearsay in public records, an exercise that would be entirely unnecessary if Rule 803(8) operated as an exception to additional layers of hearsay in a public record.[3]

The D.C. Circuit is in accord. In *Hackely v. Roudebush*, 520 F.2d 108 (D.C. Cir. 1975), the D.C. Circuit explained that there "will often be a double or triple hearsay problem, *see* Rule 805, even though the [document at issue] itself may be admissible under Rule 803(6) or (8)(B)." *Id.* at 157 n.195. *Cf. Czekalski v. Peters*, 475 F.3d 360, 366 n.2 (D.C. Cir. 2007) (holding, in response to an argument that an OIG report contained embedded hearsay statements, that those statements "would be admissible as admissions by a party-opponent"). Similarly, in *Moncada v. Peters*, 579 F. Supp. 2d 46 (D.D.C. 2008), a court in this District recognized that Rule 803(8) applies only to the first layer of hearsay, not to additional layers. "Of course, the Court agrees that the admissibility of these exhibits is limited by the scope of the hearsay exception in Rule

---

they constitute a report by a government official under Federal Rule of Evidence 803(8)(B), the Notes still would constitute hearsay within hearsay and would be inadmissible for the truth of the interviewees' statements."); *Porter v. City of Lake Lotawana*, No. 07-00461-CV-W, 2009 WL 10441610, at *20 (W.D. Mo. Mar. 31, 2009) (holding that the "minutes from a City of Lake Lotawana meeting" constituted public records but a "statement found within the minutes remains hearsay").

[3]  *See, e.g.*, *United States v. Duarte*, 618 F. App'x 894, 896 (9th Cir. 2015) ("The form itself is admissible as a public record under Rule 803(8) of the Federal Rules of Evidence . . . and, because she is unavailable, Ms. Duarte's statements are admissible as statements of personal or family history under Rule 804(b)(4)."); *United States v. Macaulay*, 54 F. App'x 592 (5th Cir. 2002) (holding that records in support of attempt to obtain political asylum constituted public records under 803(8)(A) and that the defendant's statements embedded in the public records were not inadmissible because they were party admissions pursuant to 801(d)(2)); *Taylor v. Erna*, No. 08-10534, 2009 WL 2146675, at *8 (D. Mass. July 14, 2009) ("This hearsay 'stacking' is what was anticipated by Fed. R. Evid. 805, and as a result, Lt. Walsh's report, in part relying on hearsay statements independently admissible, is itself admissible.").

803(8). For example, '[r]eports otherwise admissible under Rule 803(8) may not contain double hearsay' *unless the second level of hearsay falls within the scope of another hearsay exception*." *Id.* at 52 n.7 (emphasis added) (quoting *Budden v. United States*, 748 F. Supp. 1374, 1378 (D. Neb. 1990), *vacated on other grounds*, 963 F.2d 188 (8th Cir. 1992)).

Here, the Stegman Memo contains two layers of hearsay. First, the entire Memo itself constitutes an out-of-court statement by its author, Mr. Stegman. Second, embedded within the Memo are then-Secretary Geithner's purported out-of-court statements to Mr. Stegman about the Secretary's meeting with Mr. DeMarco. Accordingly, the Stegman Memo is inadmissible unless an exemption or exception covers each layer of hearsay.

In finding the Stegman Memo admissible for the first trial, this Court addressed only the first layer of hearsay (the Memo itself); the Court did not address the second layer (the Secretary's purported statements to Mr. Stegman). First, in a written ruling on Plaintiffs' motion *in limine* to admit various Treasury documents, the Court found that the Stegman Memo satisfies the hearsay exception for "public records setting out an agency's activities under Rule 803(8)(A)(i)." *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency* ("*Fairholme MIL Ruling*"), No. 1:13-cv-1053-RCL, 2022 WL 13937460, at *4 (D.D.C. Oct. 21, 2022). The Court's opinion did not address Defendants' argument that the Stegman Memo contains embedded hearsay to which no exception applies.[4] Next, on the first morning of trial, the Court ruled that Plaintiffs could present a slide about the Stegman Memo in their opening statement because, based on the

---

[4]   *See* Defs.' Mem. in Opp'n to Pls.' Mot. in Lim. to Admit Evid. Pursuant to F.R.E. 801 and 803, at 24 (Aug. 24, 2022) (ECF No. 175, D.D.C. No. 1:13-mc-01288-RCL; ECF No. 181, D.D.C. No. 1:13-cv-01053-RCL) (arguing that even if the Memo itself satisfies a hearsay exception, "no additional hearsay exception renders the out-of-court-statements from the Secretary admissible"); *see also* Tr. of Pretrial Conf. (Ex. A) at 96:4–5 (defense counsel arguing that the Memo "ha[s] multiple layers of hearsay"); *id.* at 125:2–3 (defense counsel likewise arguing that the Memo contains "double layers of hearsay").

Court's prior ruling, "this is going to be admitted when it's offered." Trial Tr. 239:8–9. The Court did not address Defendants' argument that "even if this document did qualify as a public record under 803(8), it contains multiple layers of hearsay," and "under Rule 805, when a document contains multiple levels or layers of hearsay, each layer needs to independently satisfy an exception." *Id.* at 240:19–24. Several days later, the Court formally admitted the Stegman Memo into evidence over defense counsel's objection. Trial Tr. 647:5–10.

The embedded hearsay within the Stegman Memo is not subject to any exception, and the Memo is therefore inadmissible even if the document itself is a public record. In a single sentence in their reply brief in support of their prior motion *in limine*, Plaintiffs asserted only that "F.R.E. 803(8)(a)(i) . . . provides for the admission of public records notwithstanding that they may contain embedded hearsay," relying on a single Seventh Circuit case. Pls.' Reply at 14 (ECF No. 180) (citing *In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1308 (7th Cir. 1992)). That argument not only ignores decisions of the D.C. Circuit, courts in this District, and other courts (all cited above), it misconstrues the law in the Seventh Circuit on which it relies.

The Seventh Circuit has explained that its decision in *In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279 (7th Cir. 1992)—cited by Plaintiffs—does *not* stand for the proposition that Rule 803(8) is a multi-layer hearsay exception. Rather, "*Amoco Cadiz* merely acknowledges the reality that information may be passed among multiple public officials before being recorded in a document offered at trial, and it holds that the record will not be excluded merely because its author does not have firsthand knowledge of the reported matters." *Jordan v. Binns*, 712 F.3d 1123, 1132–33 (7th Cir. 2013). *Amoco Cadiz* therefore does support Plaintiffs' argument that Rule 803(8) provides an exception for additional layers of hearsay within a public record.

6

In sum, the Stegman Memo is inadmissible hearsay because neither Rule 803(8)'s public records exception nor any other exception covers the embedded hearsay from Secretary Geithner in the Memo.[5]

## CONCLUSION

For the foregoing reasons, the Court should revisit its prior ruling that the Stegman Memo (PX-205) is admissible and should exclude the document as inadmissible hearsay for the second trial.

---

[5] In prior briefing regarding the admissibility of numerous Treasury documents, including the Stegman Memo and others, Plaintiffs pointed to other possible hearsay exceptions, such as recorded recollections, present-sense impressions, and statements of then-existing state of mind. Pls.' Mot. In Lim. To Admit Evid. Pursuant to F.R.E. 801 and 803, at 23–25 (Aug. 3, 2022) (ECF No. 169, D.D.C. No. 1:13-mc-01288-RCL; ECF No. 176, D.D.C. No. 1:13-cv-01053-RCL)).  During argument before the Court about the Stegman Memo specifically, Plaintiffs' only arguments about the second layer of hearsay in the Memo were that Rule 801(d)(2)(e), which provides that statements by co-conspirators are not hearsay, applies to each layer of hearsay, and that Rule 803(8)'s public record exception applies to all layers of hearsay within a document.  Tr. of Pretrial Conf. (Ex. A) 105:16–107:7.  This Court later held that it would "not admit any of [the Treasury documents at issue] under the coconspirator exception." *Fairholme MIL Ruling*, 2022 WL 13937460, at *5.  To the extent Plaintiffs contend that any other exception covers the second layer of hearsay within the Stegman Memo, they are incorrect for the reasons Defendants explained in their opposition to Plaintiffs' prior motion.  *See* Defs.' Mem. in Opp'n to Pls.' Mot. in Lim. to Admit Evid. Pursuant to F.R.E. 801 and 803, at 6–13, 19–24 (Aug. 24, 2022) (ECF No. 175, D.D.C. No. 1:13-mc-01288-RCL; ECF No. 181, D.D.C. No. 1:13-cv-01053-RCL).

7

Dated: May 26, 2023                                  Respectfully submitted,

  /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*


  /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

  /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*