# EXHIBIT A

```
                    UNITED STATES DISTRICT AND BANKRUPTCY COURTS
                            FOR THE DISTRICT OF COLUMBIA


 IN RE:  FANNIE MAE/FREDDIE MAC    Civil No.   13-MC-1288
 SENIOR PREFERRED STOCK                        13-CV-1053
 PURCHASE AGREEMENT CLASS ACTION
 LITIGATIONS
 -------------------------------/

 FAIRHOLME FUNDS, INC., et al.,

             Plaintiffs,          Washington, D.C.

         v.

 FEDERAL HOUSING FINANCE          October 12, 2022
 AGENCY, et al.,

             Defendants.          1:00 p.m.
 --------------------------/

            TRANSCRIPT OF PRETRIAL CONFERENCE
          BEFORE THE HONORABLE ROYCE C. LAMBERTH
              UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 For the Plaintiffs:     HAMISH HUME, ESQUIRE
                         SAM KAPLAN, ESQUIRE
                         LEE RUDY, ESQUIRE
                         ERIC ZAGAR, ESQUIRE
                         KENYA DAVIS, ESQUIRE
                         BRIAN BARNES, ESQUIRE



 For the Defendants:     JONATHAN STERN, ESQUIRE
                         IAN HOFFMAN, ESQUIRE
                         STANTON JONES, ESQUIRE
                         DAVID BERGMAN, ESQUIRE
                         ASIM VARMA, ESQUIRE
```

1

| | | |
|---|---|---|
| 1 | Court Reporter | Lisa K. Bankins RMR FCRR RDR |
| 2 | | United States District Court |
| | | District of Columbia |
| 3 | | 333 Constitution Avenue, NW |
| | | Washington, D.C. 20001 |

Proceedings recorded by mechanical stenography, transcript produced by notereading.

1    dividend's schedule this year."  This is Mr. DeMarco.
2    "Since the Secretary raised the possibility of a P.R.
3    covenant" -- that's principal reduction -- "DeMarco no
4    longer sees the urgency of amending the PSPA's this year.
5    He has raised two competing reasons for this new position.
6    Number one, that GSE's will be generating large revenues
7    over the coming years.  Thereby, enabling them to pay the
8    10% annual dividend well into the future even with the
9    caps."
10          That is treasury's report in an official
11   government record of what the Acting Director of the FHFA
12   told to the Secretary of Treasury.  That's a party
13   admission at every level of the chain as well as an
14   official government record.  It is not a hearsay problem
15   and nothing could be more relevant to the issue in this
16   case.  So there are, you know, maybe a couple of dozen
17   documents at issue.  This is the most important.  There
18   are a number of very important ones from the treasury.  We
19   think they come in.
20          My colleague, Mr. Zagar, can address -- we have
21   two basic hearsay arguments of why it's not hearsay.  The
22   first is there is a joint venture exception and they have
23   two agencies here that are clearly working together to
24   wind down these enterprise and implement their policy and
25   they agreed to do this sweep together and documents

1  who says that he is reporting what then Treasury Secretary
2  Geitner told him was quote the essence of a discussion
3  that Secretary Geitner had reportedly had with
4  Mr. DeMarco.  So on the face of this document, you have
5  multiple layers of hearsay.
6       THE COURT:  Why does that matter if it's a
7  government record?
8       MR. JONES:  It isn't a public record within the
9  meaning of the narrow public records exception that the
10 plaintiffs have invoked.  Plaintiffs have invoked one
11 branch of the public records exception; that is, the
12 exception for public records that set out the activities
13 of the agency.  That exception has long been construed to
14 allow very narrowly just factual records that memorialized
15 the agency's actual activities.  This is talking about
16 things like receipts or ledgers of disbursements or a
17 registry of applicants to an office.
18      And in fact the Federal Advisory Committee notes
19 to this branch of the public records exception explain
20 this piece of the public records exception comes from a
21 U.S. Supreme Court decision from about a hundred years ago
22 called Chesapeake that involved Treasury Department
23 records.  It's just a coincidence that this public records
24 exception comes from an old Supreme Court case about
25 treasury documents.  And the documents in that case were

1   treasury is committed to help achieve this objective."
2   The second heading, Overview.  "This is a collaborative
3   meeting to address these issues in collaboration with the
4   FHFA."  Go further down, the second to last topic.
5   "Express willingness to consider restructuring calculation
6   of treasury's dividend payments from a fixed 10% annual
7   rate to a variable payment based on available positive net
8   worth."  We know what that is.  This is back in January of
9   2012, you know, some six or seven months before.  But this
10  is where it was first talked about.
11          The final topic in this memo for Secretary
12  Geitner.  "Express willingness to work with FHFA to draft
13  policy papers on our housing market and GSE reform goals."
14  And in context, you can tell when this uses the word
15  "our," it means our, FHFA and treasury together.
16          So this is exactly what Rule 801(d)(2)(E) is
17  about.  When you have two parties, whatever their nominal
18  roles may be.  Defendants say, well, they were on opposite
19  sides of the contract, how could they be working together?
20  That's how government works.  That's often how business
21  works.  Even people who are nominally adversaries often
22  work together.  Even people in this room who are nominally
23  adversaries often work together to achieve things like not
24  overburdening the Court with deposition transcripts.  So
25  just because they don't agree on absolutely everything,

1  just because they're not joined at the hip, they're not
2  partners, they're not principal and agents, the rule does
3  not require any of those things.  All the rule requires is
4  that they be working together towards a common goal and it
5  admits what it would otherwise be hearsay that goes
6  towards that common goal.  That's exactly what these
7  documents -- and obviously, I don't have time to go
8  through all 22 documents, but there are all of a kind.
9  They're memos, agendas, emails between and among people at
10 treasury and at FHFA talking about their common goals and
11 why they have them, what they intend to do to promote
12 them.  That's exactly what this rule is intended to allow
13 in.
14         A broader point that I probably should have made
15 off the top.  There is no dispute that these documents are
16 authentic.  Defendants have stipulated to their
17 authenticity.
18         With respect to the Rule 803(8)(a)(1), public
19 records exception, there is a requirement under that rule
20 that the documents be trustworthy or at least that there's
21 no evidence that they are not trustworthy.  The defendants
22 have made no argument that they are not trustworthy.  So
23 the big things that we worry about for hearsay for
24 out-of-court statements, is it authentic, is it
25 trustworthy, there's no dispute.  It is authentic.  It is

1   trustworthy.  So we're talking about does it meet the
2   technical definition of this or that.  I would submit that
3   they all do.  And more importantly, they meet the policy
4   reasons for why certain documents that would otherwise be
5   hearsay should come in.  There could be hard to give a
6   better example than the documents that we're talking about
7   here.  Thank you, Your Honor.
8           THE COURT:  Thank you.
9           MR. JONES:  Your Honor, can I make one quick
10  point?
11          THE COURT:  Yes.
12          MR. JONES:  I had heard Your Honor to say
13  earlier that the co-conspirator exception can't apply here
14  and I agree with that.  So I didn't make an extended
15  argument.  It's all set forth in our papers.
16          I would make just one quick point in response to
17  what you just heard.  I think if I just heard correctly
18  from plaintiffs' counsel that under their expansive
19  interpretation of the co-conspirator exception to hearsay,
20  the defendants' counsel and the plaintiffs' counsel in
21  this case are in a joint venture and our statements would
22  be not hearsay, right, because we're working together
23  towards a common goal of reducing the number of deposition
24  objections that Your Honor has to deal with at night
25  during the trial.  That's not -- we're certainly working

1    documents.  So I'm not going to belabor it.  But just on
2    the PX 205 document, Your Honor, there is double layers of
3    hearsay.  I'm intruding on Mr. Jones' territory.  But we
4    cite a variety of cases in our hearsay opposition motion
5    that have extremely similar facts where one person is
6    recounting what someone else told them about what happened
7    in a meeting and we don't have the declarants here talking
8    about at first hand.  You know, somebody taking the stand
9    saying Mr. DeMarco told me X at this meeting.  This is a
10   pure multi-level hearsay document.
11           And I, frankly, don't follow a lot of Mr. Hume's
12   arguments about whether FHFA was surprised or something or
13   an embedded assumption about surprise.  The issue is in
14   fact whether a particular document was shared for these
15   particular -- for the 22 documents or 16 documents that
16   are at issue with our motion, that is relevant because if
17   they want to ask our witnesses what was discussed with
18   treasury or what they understood treasury to be doing or
19   not doing, I think that would be more fair game than
20   following it up with, well, here is a document that
21   reflects what treasury supposedly said or did even though,
22   you know, it could be written by a treasury staffer, you
23   know, drafting notes and confronts our witnesses with
24   that.
25           Again, there's just a lot of blurring of lines

|    |                                                                                 |
|----|---------------------------------------------------------------------------------|
| 1  | CERTIFICATE OF REPORTER                                                         |
| 2  |                                                                                 |
| 3  | I, Lisa K. Bankins, an Official Court Reporter                                  |
| 4  | for the United States District and Bankruptcy Courts for                        |
| 5  | the District of Columbia, do hereby certify that I                              |
| 6  | reported, by machine shorthand, in my official capacity,                        |
| 7  | the proceedings had and testimony adduced upon the                              |
| 8  | pretrial conference in the case of the In Re: Fannie                            |
| 9  | Mae/Freddie Mac Senior Preferred Stock Purchase Agreement                       |
| 10 | Class Action Litigations and Fairholme Funds, Inc., et al.                      |
| 11 | v. Federal Housing Finance Agency, et al. Civil Number                          |
| 12 | 13-MC-1288 and 13-CV-1053, in said court on the 12th day                        |
| 13 | of October, 2022.                                                               |
| 14 |                                                                                 |
| 15 | I further certify that the foregoing 154 pages                                  |
| 16 | constitute the official transcript of said proceedings, as                      |
| 17 | taken from my machine shorthand notes, together with the                        |
| 18 | backup tape of said proceedings to the best of my ability.                      |
| 19 |                                                                                 |
| 20 | In witness whereof, I have hereto subscribed my                                 |
| 21 | name, this 14th day of October, 2022.                                           |
| 22 |                                                                                 |
| 23 | Lisa K. Bankins                                                                 |
| 24 | Lisa K. Bankins                                                                 |
|    | Official Court Reporter                                                         |
| 25 |                                                                                 |