# EXHIBIT A

## ARBTIRARY AND UNREASONABLE[1]

All contracts, including plaintiffs' shareholder contracts, contain an implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing is not spelled out in the express terms of the contract, and it does not add any new terms to the contract. Rather, it is an obligation to be faithful to the meaning and purpose of the parties' agreement.

A party to a contract violates the implied covenant of good faith and fair dealing if it acts arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party reasonably expected.  In general, arbitrary actions or decisions are those taken or made without appropriate consideration of or regard for the existing facts and circumstances, or that are not supported by fair, solid, and substantial cause in light of all the facts and circumstances; while unreasonable actions or decisions are those that are not guided by reason, or that are lacking justification in fact or circumstance.  There can be multiple reasonable options in a given set of facts and circumstances.  Where plaintiffs allege a violation of the implied covenant of good faith and fair dealing, the finder of fact must assess what is arbitrary or unreasonable based on the parties' objectively reasonable expectations under the contract.  In evaluating whether a decision was reasonable based on the parties' objectively reasonable expectations under the contract, you may consider the decision maker's objectives, obligations, and the facts and circumstances at the time the action was taken.

In this case, plaintiffs allege that FHFA, in agreeing to the Net Worth Sweep as a part of the Third Amendment to the PSPAs with Treasury, breached the implied covenant of good faith and fair dealing by eliminating any possibility that shareholders other than Treasury

---

[1] *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, 1:13-CV-1053-RCL, 2022 WL 13937460, at *3, 5–6 (D.D.C. Oct. 21, 2022); *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-cv-1053-RCL, 2022 WL 4745970, at *5–6 (D.D.C. Oct. 3, 2022)Unreasonable, BLACK'S LAW DICTIONARY (11th ed. 2019) ("**1.** Not guided by reason; irrational or capricious."); *Miller v. HCP & Co.*, No. CV 2017-0291, 2018 WL 656378, at *9 (Del. Ch. Feb. 1, 2018), *aff'd sub nom. Miller v. HCP Trumpet Invs., LLC*, 194 A.3d 908 (Del. 2018); *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005); *Foltz v. U.S. News & World Report, Inc.*, 663 F. Supp. 1494, 1514, 1519 (D.D.C. 1987) (trustee with fiduciary duty to ERISA plan participants was not required to select alternative that maximized benefits to departing employees but only required to choose among reasonable alternatives); *United Distribution Cos. v. FERC*, 88 F.3d 1105, 1169 (D.C. Cir. 1996) (the existence of a second reasonable action does not make the action chosen unreasonable) (citing *Cities of Batavia v. FERC,*  672 F.2d 64, 84 (D.C. Cir. 1982) (the selected course "need only be reasonable, not theoretically perfect")); *Oberwetter v. Hilliard*, 680 F. Supp. 2d 152, 164–65 (D.D.C. 2010), *aff'd,* 639 F.3d 545 (D.C. Cir. 2011) (a prohibition does not violate the First Amendment if "[t]he [g]overnment's decision to restrict access to a nonpublic forum [is] reasonable; it need not be the most reasonable or the only reasonable limitation") (internal citation omitted)); *Fortson v. Garrison Prop. & Cas. Ins. Co.*, No. 1:19-CV-294, 2022 U.S. Dist. LEXIS 14520, at *24 (M.D.N.C. Jan. 13, 2022) ("Whatever 'reasonable' means, it does not mean 'perfect' or 'the best practice.'").

would receive dividends in the future, thereby depriving plaintiffs' shares of much of their value.

Defendants respond that based on the parties' objectively reasonable expectations under the contract as of December 24, 2009, the Net Worth Sweep was reasonable because it was justified by facts and circumstances known to FHFA in August 2012.

To establish a breach of the implied covenant of good faith and fair dealing in this case, each class of plaintiffs must prove by a preponderance of the evidence that (1) FHFA's actions in agreeing to the Net Worth Sweep arbitrarily or unreasonably violated shareholders' objectively reasonable expectations under the shareholder contracts and (2) as a result, plaintiffs' shares became less valuable.

Your assessment of plaintiffs' reasonable expectations under the contracts in this case must be based on their reasonable expectations as of December 24, 2009.  In making that assessment, you may consider the text of the certificates of designation that came with plaintiffs' shares, as well as the terms of the Housing and Economic Recovery Act or "HERA," the Senior Preferred Stock Purchase Agreements or "PSPAs" between Treasury and FHFA and the first two amendments to those agreements, the nature of Fannie Mae and Freddie Mac as government- sponsored entities or "GSEs," and public statements by FHFA explaining the beginning of the conservatorship in 2008. While HERA authorized FHFA to act in the best interests of the GSEs, the FHFA, or the public, FHFA's exercise of that statutory authority can still have violated the implied covenant of good faith and fair dealing if it exercised that authority in a way that arbitrarily or unreasonably violated plaintiffs' reasonable expectations under the contract. In addition, you should keep in mind that the question is not what any actual shareholder, including any of the plaintiffs in this case, expected. Instead, the question is what an imaginary or hypothetical "reasonable" shareholder would have expected, based on information known or available to that hypothetical reasonable shareholder as of December 24, 2009.

**GIVEN**              _____

**REFUSED**            _____

**GIVEN AS MODIFIED**  _____