**EXHIBIT B**

**PREJUDGMENT INTEREST[1]**

The claims of the Freddie Mac common and junior preferred shareholders are governed by Virginia law.  Under Virginia law, if you decide to award damages to those Plaintiffs in any amount, you may but need not award prejudgment interest at the rate set by Virginia statute and fix a date from which interest is to begin.

In deciding whether or not to award prejudgment interest, Virginia law requires that you consider whether there was a bona fide legal dispute between the parties (that is, whether or not there was a legitimate or good faith controversy between the parties), which, if present, weighs against awarding prejudgment interest, and whether Plaintiffs sustained any loss in not receiving the amount of money that you may have awarded as damages at the time Plaintiffs were entitled to receive it, which weighs in favor of awarding prejudgment interest.

If you award prejudgment interest, the date from which prejudgment interest should begin should be the date you determine Plaintiffs otherwise should have received the money absent a breach of the implied covenant of good faith and fair dealing.

Your decision whether or not to award prejudgment interest must be governed by this instruction and the other relevant instructions given to you.

This instruction applies only to whether or not you award prejudgment interest for Freddie Mac common and junior preferred shareholders under Virginia law. You are not being asked to determine any award of prejudgment interest for junior preferred shareholders of Fannie Mae because such interest (if any) will be assessed by the Court as a matter of Delaware law on any damages you may award.

**GIVEN _____**

**REFUSED _____**

**GIVEN AS MODIFIED _____**

---

[1]   Adapted from *Laesseter v. Kerr*, 2006 WL 2630961 (Va. Cir. Ct. Feb. 2006) (Jury Instruction). *See also Tech. & Supply Mgmt., LLC v. Johnson Controls Bldg. Automation Sys., LLC*, No. 1:16-CV-303, 2017 WL 3219281, at *20 (E.D. Va. July 28, 2017); *Heritage Disposal & Storage, L.L.C. v. VSE Corp.*, No. 1:15-CV-1484, 2017 WL 361547, at *14 (E.D. Va. Jan. 24, 2017).