UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Case No. 1:13-cv-1053-RCL |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE 7 & 8**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   Opposition to Motion in Limine No. 7:  Testimony from Ross Kari About Freddie Mac's SEC Filings Is Admissible ........................................................................................ 1

II.  Opposition to Motion in Limine No. 8:  Mr. Kari's Testimony That the Net Worth Sweep Was Neither Harmful Nor Beneficial to the Shareholders Is Admissible .............. 4

    A.   Mr. Kari's Testimony Is Relevant ........................................................................... 5

    B.   Mr. Kari's Testimony Is Not Improper Lay Opinion Testimony ........................... 6

CONCLUSION ................................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bridgeforth v. Salazar*,
    831 F. Supp. 2d 132 (D.D.C. 2011) , *aff'd in part*, 2012 WL 2371601 (D.C. Cir. June 15, 2012) ................................................................................................................ 3

*Crockett v. Abraham*,
    284 F.3d 131 (D.C. Cir. 2002) ................................................................................................ 3

*Jones v. United States*,
    934 F. Supp. 2d 284 (D.D.C. 2013) ........................................................................................ 3

*Rivera v. Inc. Vill. of Farmingdale*,
    29 F. Supp. 3d 121 (E.D.N.Y. 2013) ...................................................................................... 3

*SEC v. Jasper*,
    678 F.3d 1116 (9th Cir. 2012) ................................................................................................ 2

*SEC v. Pattison*,
    No. 08-cv-4238, 2011 WL 2313267 (N.D. Cal. June 9, 2011) ............................................... 2

*United States v. Moore*,
    No. 18-cr-198 (JEB), 2021 WL 1966570 (D.D.C. May 17, 2021) ......................................... 3

*United States v. Murphy*,
    193 F.3d 1 (1st Cir. 1999) ....................................................................................................... 3

*United States v. Tolliver*,
    454 F.3d 660 (7th Cir. 2006) .................................................................................................. 3

**Other Authorities**

Fed. R. Evid. 701(a) ...................................................................................................................... 6

Fed. R. Evid. 701(b) ...................................................................................................................... 7

Fed. R. Evid. 801(c) ...................................................................................................................... 3

Fed. R. Evid. 802 .......................................................................................................................... 3

Fed. R. Evid. 803(6) ...................................................................................................................... 2

Fed. R. Evid. 807 .......................................................................................................................... 2

Defendants respectfully submit this Opposition to Plaintiffs' Motions in Limine Nos. 7 & 8. For the reasons set forth below, each of Plaintiffs' requests should be denied.

## ARGUMENT

**I.     Opposition to Motion in Limine No. 7:  Testimony from Ross Kari About Freddie Mac's SEC Filings Is Admissible**

Plaintiffs move to exclude deposition testimony from Ross Kari, Freddie Mac's former CFO, about statements in Freddie Mac's SEC filings concerning the company's expected inability to satisfy dividend obligations to Treasury. Specifically, Plaintiffs seek to exclude testimony in which Mr. Kari confirmed as accurate statements in Freddie Mac's 10-Q for the period ending June 30, 2012 that Freddie Mac expected to need future Treasury draws and did not anticipate generating net or comprehensive income in excess of its annual dividends to Treasury over the long-term.[1]  In addition, the motion seeks to exclude testimony in which Mr. Kari confirmed as accurate statements in Freddie Mac's 10-K for the year ended December 31, 2011[2] that Freddie Mac expected it would be unable to pay Treasury dividends in the future.[3] Plaintiffs argue that this testimony is inadmissible because the referenced statements in the SEC filings are inadmissible hearsay. Plaintiffs are wrong and the Court should deny their motion.

First, as explained in Defendants' Opposition to Plaintiffs' Omnibus Motion in Limine—which Defendants fully incorporate herein—Freddie Mac's SEC filings are not inadmissible

---

[1]     Pls.' Ex. 1, Kari Dep. Tr. (July 10, 2015), at 197:17-23; 198:6-8, 18-20; 199:11-23; 200:16-201; Pls.' Ex. 2 at 10, 92 (excerpts from Freddie Mac 10-Q for the period ending June 30, 2012).

[2]     Plaintiffs' motion incorrectly refers to this document as being filed on December 17, 2013. That is the date the document was filed with this Court, not the SEC.

[3]     Pls.' Ex. 1 at 201:8-10, 19-25; 202:1-18; Pls.' Ex. 3, FHFA 2703 at 2716 (Freddie Mac 10-K for the year ended December 31, 2011).

hearsay. *See* Omnibus Opp. at 35-45 (Class ECF No. 309, Berkley ECF No. 320).[4] Those SEC filings are admissible under Rule 803(6)'s business records exception; indeed, courts have treated such filings as a paradigmatic example of business records admissible under 803(6). *See, e.g.*, *SEC v. Jasper*, 678 F.3d 1116, 1122-23 (9th Cir. 2012) (holding that "10-K [offered for admission]—like virtually all 10-Ks—was admissible as a business record so long as it was properly authenticated, which the 10-K here was"); *see generally* Omnibus Opp. at 41-43. Freddie Mac's SEC filings are also admissible under the residual exception of Rule 807. *See* Omnibus Opp. at 43-44 (citing, *inter alia*, *SEC v. Pattison*, No. 08-cv-4238, 2011 WL 2313267, at *13 (N.D. Cal. June 9, 2011) (holding that 10-K satisfied residual exception)). Thus, the statements in the SEC filings that Mr. Kari confirmed are admissible.

Second, Mr. Kari's testimony about Freddie Mac's SEC filings is independently admissible. *See* Omnibus Opp. at 31-35 (addressing similar arguments about Susan MacFarland's testimony regarding Fannie Mae's SEC filings). Mr. Kari was Freddie Mac's CFO in 2012 and he signed Freddie Mac's SEC disclosures, including Freddie Mac's Form 10-K at the beginning of the year and the Form 10-Q issued just before execution of the Third Amendment.[5] Moreover, Mr. Kari was responsible for the accuracy of financial statements, including Freddie Mac's SEC disclosures. *See* Trial Tr. 1768:20-1769:7.[6] Mr. Kari was also responsible "for identifying necessary controls and monitoring the operation of those controls to

---

[4] "Berkley ECF No." refers to Case No. 1:13-cv-1053-RCL, and "Class ECF No." refers to Case No. 1:13-mc-1288-RCL.

[5] DX-369 at 477 (Mr. Kari's signature for Freddie Mac's Form 10-K for the Year Ended Dec. 31, 2011).

[6] The trial transcripts from the first trial are docketed at ECF Nos. 263-289 on the Berkley docket, No. 1:13-cv-1053-RCL; the transcripts are not docketed on the Class docket. This brief cites to the page-line numbers in the transcripts themselves.

2

ensure accuracy of financial statements," including "certain aspects of risk management."  Trial Tr. 1756:9-18.  Mr. Kari's sworn deposition testimony about the accuracy of statements made in Freddie Mac's SEC filings is thus based on his personal knowledge and is not hearsay.  *See generally Rivera v. Inc. Vill. of Farmingdale*, 29 F. Supp. 3d 121, 131 (E.D.N.Y. 2013) ("For one of these articles . . . the double-hearsay problem is resolved by the fact that Graf also 'adopted' the quotation, as repeated in the article, during his deposition.").

Moreover, in the context of Mr. Kari's deposition testimony, the statements in the SEC filings are not hearsay because they are not being offered for their truth.  Rather, those SEC statements were read to establish their existence and Mr. Kari's endorsement of those statements based on his personal knowledge.  The Federal Rules of Evidence do not preclude the introduction of out-of-court statements that are being offered for a purpose other than their truth (*i.e.*, a non-hearsay purpose).  Fed. R. Evid. 801(c), 802.[7]  Even if the SEC statements were hearsay when offered for their truth (and they are not), in the excerpts at issue in Plaintiffs' motion, those SEC statements are repeated in Mr. Kari's testimony merely to establish that the statements were made and to facilitate Mr. Kari's sworn testimony adopting those statements.  Courts routinely admit out-of-court statements like these for reasons other than their truth.[8]  *See*

---

[7] *See Crockett v. Abraham*, 284 F.3d 131, 134 (D.C. Cir. 2002); *see also United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006) ("Statements providing context for other admissible statements are not hearsay because they are not offered for their truth."); *United States v. Murphy*, 193 F.3d 1, 5 (1st Cir. 1999) ("So long as out-of-court statements are not offered for their truth, they are not hearsay.").

[8] *See, e.g.*, *United States v. Moore*, No. 18-cr-198 (JEB), 2021 WL 1966570, at *5 (D.D.C. May 17, 2021) (text messages were not hearsay when "offered for context rather than for their truth"); *Jones v. United States*, 934 F. Supp. 2d 284, 290 (D.D.C. 2013) ("[T]he statements are being offered by the defendants to establish that certain statements were made"); *Bridgeforth v. Salazar*, 831 F. Supp. 2d 132, 147 (D.D.C. 2011), *aff'd in part*, 2012 WL 2371601 (D.C. Cir. June 15, 2012) (written statements not hearsay when "not offered for their truth, but rather to show their effect on [others]").

Omnibus Opp. at 32-33.  Indeed, this Court overruled a nearly identical hearsay objection by Plaintiffs before the first trial regarding Ms. McFarland's testimony about certain press articles.  The Court held that "Defendants are not offering those for the truth of the matter asserted in the articles.  They're offering it to facilitate her testimony at the deposition that those were her beliefs at the time.  It's not hearsay, therefore."  Trial Tr. 227:20-23.  The same principle applies here; Mr. Kari's deposition testimony about the SEC filings is admissible.

## II.     Opposition to Motion in Limine No. 8:  Mr. Kari's Testimony That the Net Worth Sweep Was Neither Harmful Nor Beneficial to the Shareholders Is Admissible

In what is essentially an extension of their Omnibus Motion in Limine No. 2, Plaintiffs seek to exclude Mr. Kari's testimony about his reaction to the Third Amendment, *viz*., that he believed the Net Worth Sweep was neither harmful nor beneficial to private shareholders.  Pls.' Mot. in Limine Nos. 7 & 8 at 3 (Class ECF No. 301, Berkley ECF No. 313).  Plaintiffs argue that this testimony is "inadmissible opinion testimony," irrelevant, and will confuse the issue that the jury will decide.  *Id*.  As in their Omnibus Motion in Limine No. 2, the only stated basis for the their present motion is that "Mr. Kari did not participate in the decision to impose the net worth sweep and only learned about it shortly before FHFA and Treasury announced the Third Amendment publicly."  *Id*. at 3.  But his level of involvement in the decision has nothing to do with whether his testimony about his reaction to the Third Amendment and to the Third Amendment's effect on private shareholders is relevant or a lay opinion.  Plaintiffs' motion should be denied for this reason alone.  Moreover, the testimony is relevant and will not confuse the issue.  Mr. Kari's personal belief that the Net Worth Sweep was neither harmful nor beneficial to private shareholders is not a lay opinion under Rule 701, but even if it were, it is still admissible because it satisfies each element of Rule 701.

When asked by Plaintiffs' counsel if he had "a view regarding whether the net worth sweep was beneficial to private shareholders," Mr. Kari responded, "I recall having the view that it was neither beneficial nor detrimental." Pls.' Mot. Ex. 1 at 164:14-17. Plaintiffs' counsel prompted him for further explanation, and he elaborated that in his view:

> [T]he long-term financial performance of the company would be – those trends would be dominated by the contraction in the balance sheet driven by the constraints on the retained portfolio, and that, even with a period of earning in excess of the 10-percent dividend over time, the contraction of the retained portfolio would lead to a period of time where earnings were not adequate to sustain any meaningful value for the common shareholders.

*Id*. at 164:19-165:3. Mr. Kari further testified that his view as to whether the Net Worth Sweep was beneficial to private shareholders over the short-term was no different. *Id*. at 165:12-18.[9]

### A. Mr. Kari's Testimony Is Relevant

For the reasons set forth in Defendants' prior briefing, *see* Omnibus Opp. at 10-17, Mr. Kari's testimony is relevant to rebutting the argument Plaintiffs made in opening and closing that FHFA's decision to execute the Third Amendment was unreasonable because Freddie Mac's executives, among others, allegedly were "not consulted" about it by Mr. DeMarco. *See* Omnibus Opp. at 13 (citing Trial Tr. 264:12-13; 304:21-23; 308:22-24; 310:13-21 (Plaintiffs' opening statement); Trial Tr. 2552:12-22 (Plaintiffs' closing argument)). By suggesting that Mr. DeMarco should have consulted individuals like Mr. Kari, Plaintiffs have put at issue the views that Mr. Kari and other similarly situated individuals held about the Third Amendment. Further, Mr. Kari's testimony is also relevant because he was a high-ranking official at Freddie Mac at the time of the Third Amendment with deep knowledge of Freddie Mac, its financial condition, and its long-term prospects. *See* Omnibus Opp. at 14.

---

[9]   The full passage Plaintiffs seek to exclude is Kari Dep. 164:5-165:18.

The relevance of Mr. Kari's testimony is also confirmed by the jury instructions used in the first trial, which provided that "arbitrary actions or decisions are those taken or made without appropriate consideration of or regard for the existing facts and circumstances." Final Jury Instructions at 8 (Class ECF No. 250; Berkley ECF No. 240). Mr. Kari's testimony provides information about the existing facts and circumstances at the time of the Third Amendment, which is important context for evaluating FHFA's actions. Specifically, his understanding shows that, prior to the Third Amendment, Freddie Mac's projected earnings would not be adequate "to sustain any meaningful value for the common shareholders" over the long term. Pls.' Mot. Ex. 1 at 164:19-165:3.

Relatedly, Plaintiffs argue that Mr. Kari's testimony should be excluded because it will "confuse the issue that the jury will decide, which is whether the net worth sweep frustrated Plaintiffs' reasonable expectations that existed as of December 2009, not whether the net worth sweep was 'beneficial' to Plaintiffs in August 2012." Mot. in Limine Nos. 7 & 8 at 3. Not so. Mr. Kari's testimony, as explained above, is relevant to whether FHFA acted reasonably in agreeing to the Net Worth Sweep based on the existing facts and circumstances in August 2012. Mr. Kari testified that in his view the Net Worth Sweep was neither beneficial nor harmful to shareholders because, under the Second Amendment, the long-term financial performance of the company was dominated by the contraction in the balance sheet driven by the constraints on the retained portfolio. This important information about Freddie Mac's financial condition at the time goes to the reasonableness of FHFA's actions and is helpful to the jury, not confusing.

### B. Mr. Kari's Testimony Is Not Improper Lay Opinion Testimony

As explained in Defendants' prior briefing, Mr. Kari's testimony is not an improper lay opinion. *See* Omnibus Opp. at 14-15. Mr. Kari's testimony is "rationally based on [his] perception," as he was Freddie Mac's CFO in 2012 and signed Freddie Mac's SEC disclosures.

6

Fed. R. Evid. 701(a); *see* Omnibus Opp. at 11, 13, 14-15. These disclosures included the Form 10-Q issued just before execution of the Third Amendment that stated that Freddie Mac "expect[ed] to request additional draws" because "it is unlikely that we will generate net income or comprehensive income in excess of our annual dividends payable to Treasury over the long term." Omnibus Opp. at 11 (quoting DX-477 at 14, attached as **Exhibit A**). And, as previously discussed, the testimony at issue does not address the plans for or negotiations surrounding the Third Amendment, as Plaintiffs suggest, but instead merely addresses Mr. Kari's own assessment of the Third Amendment when he learned about it. *Id.* at 13.

Further, as Freddie Mac's CFO in 2012, Mr. Kari was responsible for accounting, investor relations, and financial planning and reporting, among other things. *See* DX-736 (Ross J. Kari Biography) (attached as **Exhibit B**). Consistent with these responsibilities, he testified that based upon forecasts provided to him just prior to the Net Worth Sweep, he believed that although there would be periods in which the government would have received more under the Net Worth Sweep than the 10 percent dividend, in the longer term, based on those projections, he believed that trend "would reverse itself." Trial Tr. 1767:10-14. Therefore, his testimony is based on his personal knowledge from his day-to-day job experience.

And, as also previously described, whether lay opinion testimony is "helpful . . . to determining a fact in issue," Fed. R. Evid. 701(b), is akin to a relevance inquiry. *See* Omnibus Opp. at 15. As explained above, Mr. Kari's testimony about the reality of Freddie Mac's future prospects prior to the Third Amendment is relevant because it goes to the reasonableness of FHFA's actions and addresses Plaintiffs' accusations that Mr. DeMarco unreasonably failed to consult Enterprise officials.

## CONCLUSION

The Court should deny Plaintiffs' Motion in Limine Nos. 7 & 8.

Dated: June 23, 2023                              Respectfully submitted,

  /s/ *Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

  /s/ *Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

  /s/ *Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*