**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>*Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS<br>______________________________<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS**
**MOTION TO REVISE JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**Page**

ARGUMENT ... 1

I. THE COURT CORRECTLY INSTRUCTED THE JURY AS TO THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ... 1

A. Defendants' Proposed Instruction Misstates the Applicable Standard ... 1

B. The Court Correctly Instructed the Jury Regarding Arbitrary and Unreasonable Conduct ... 3

C. Defendants' "Respon[se]" Mischaracterizes The Law And Should Be Rejected ... 5

II. THE COURT PROPERLY INSTRUCTED THE JURY REGARDING VIRGINIA PREJUDGMENT INTEREST ... 7

III. THE COURT SHOULD NOT INSTRUCT THE JURY ON NOMINAL DAMAGES ... 8

CONCLUSION ... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Healthcare Admin Svs, Inc. v. Aizen*,
285 A.3d 461 (Del. Ch. 2022)....................5

*Amirsaleh v. Bd. of Trade of N.Y., Inc.*,
No. 2822-CC, 2008 WL 4182998 (Del. Ch. Sept. 11, 2008)....................5

*ASB Allegiance Real Est. Fund v. Scion Breckenridge Managing Member, LLC*,
50 A.3d 434 (Del. Ch. 2012), *rev'd on other grounds*, 68 A.3d 665 (Del. 2013) ....................4

*B&L Cellular v. USCOC of Greater Iowa, LLC*,
C.A. No. 7628-VCL, 2014 WL 6882207 (Del. Ch. Dec. 8, 2014)....................8

*Baldwin v. New Wood Resources LLC*,
283 A.3d 1009 (Del. 2022) ....................3, 5

*Colvin v. Sheets*,
598 F.3d 242 (6th Cir. 2010) ....................7

*Dunlap v. State Farm Fire and Cas. Co.*,
878 A.2d 434 (Del. 2005) ....................5

*Fairholme Funds, Inc. v. FHFA*,
No 13-cv-1053-RCL, No. 13-mc-1288-RCL, 2022 WL 13937460 (D.D.C. Oct. 21, 2022) ....................3, 4, 6

*Fairholme Funds, Inc. v. FHFA*,
No 13-cv-1053-RCL, No. 13-mc-1288-RCL,2022 WL 4745970 (D.D.C. Oct. 3, 2022) ....................2, 4

*Gerber v. Enter. Prod. Hldgs., LLC*,
67 A.3d 400 (Del. 2013), *overruled on other grounds by Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808 (Del. 2013) ....................2, 4, 5

*Halladay v. Verschoor*,
381 F.2d 100 (8th Cir. 1967) ....................6

*Tampa Port Auth. v. M/V Duchess*,
65 F. Supp. 2d 1305 (M.D. Fla. 1998), *aff'd*, 184 F.3d 822 (11th Cir. 1999) ....................8

*W.C. English, Inc. v. Rummel, Klepper & Kahl, LLP*,
No. 17-cv-00018, 2021 WL 4782274 (W.D. Va. Oct. 13, 2021) ....................7

*Westcott v. Crinklaw*,
133 F.3d 658 (8th Cir. 1998) ....................................................................................8

**OTHER AUTHORITIES**

*How we create language content*, Oxford Languages (2023), available at https://languages.oup.com/about-us/how-we-create-language-content/ (last visited on June 23, 2023) ....................................................................................4

OXFORD ENGLISH DICTIONARY (Mar. 2023)....................................................................4

Wright & Miller, 9C *Federal Practice & Procedure* § 2556 (3d ed. 2023 update) ........................6

Plaintiffs respectfully request that the Court deny Defendants' Omnibus Motion to Revise the Jury Instructions (ECF No. 303, the "Motion" or "Mot."). As set forth more fully herein, the Court correctly instructed the jury as to the applicable law regarding the implied covenant of good faith and fair dealing and the award of prejudgment interest. Defendants' incorrect view of the law provides no valid basis to change course from the Court's sound approach to instructing the jury at the last trial. In addition, Defendants' new request for an instruction on nominal damages is unsupported by the facts of the case and governing law.

## ARGUMENT

### I. The Court Correctly Instructed the Jury as to the Implied Covenant of Good Faith and Fair Dealing

Defendants' proposed revisions to the implied covenant jury instructions advance a free-floating standard to assess Defendants' arbitrary and unreasonable conduct that will confuse the jury and may invite a verdict without regard to reasonable shareholder expectations formed at the time of contracting. Because Defendants' requests, if given, would violate applicable law, the Court should deny the Motion.

#### A. Defendants' Proposed Instruction Misstates the Applicable Standard

Defendants' proposed jury instructions include the following new language regarding evaluating the "reasonableness" of the party alleged to have breached the implied covenant:

> There can be multiple reasonable options in a given set of facts and circumstances. . . . In evaluating whether a decision was reasonable based on the parties' objectively reasonable expectations under the contract, you may consider the decision maker's objectives, obligations, and the facts and circumstances at the time the action was taken.

Mot. at 2-3. This proposed language misstates the law in several ways.

***First***, Defendants' reference to the "decision maker's objectives [and] obligations" improperly frames the inquiry of "whether a decision was reasonable" solely in terms of

***Defendants'*** one-sided "objectives" and "obligations" and other non-specific "facts and circumstances" at the time of the breach. An implied covenant claim, however, "looks to the past" to determine the ***parties'*** original expectations and whether those expectations have been frustrated by the breach. *Gerber v. Enter. Prod. Hldgs., LLC*, 67 A.3d 400, 419 (Del. 2013), *overruled on other grounds by Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808 (Del. 2013). Further, this Court correctly held that "[w]hether defendants acted reasonably" "is determined in reference" to "whether they violated ***plaintiffs'*** reasonable expectations." *Fairholme Funds, Inc. v. FHFA*, No 13-cv-1053-RCL, No. 13-mc-1288-RCL, 2022 WL 4745970, at *6 (D.D.C. Oct. 3, 2022) (Lamberth, J.). Whether a contractual counterparty acted unreasonably or arbitrarily thus relates to original contractual expectations of all parties—Plaintiffs and Defendants—to a one-sided, generalized assessment of whether an individual or organization acted arbitrarily or unreasonably at the time of the wrong based in part on that party's "objectives." As the Delaware Supreme Court explained, the implied covenant is unlike a fiduciary duty or tort analysis because the claim is not a "free-floating duty unattached" to the contract and "does not ask what duty the law should impose on the parties given their relationship at the time of the wrong." *Gerber*, 67 A.3d at 418-19. In light of this precedent, Defendants' requested language does not simply break down the definition "into its components," Mot. at 6, but rather distorts the standard in a manner that is divorced from applicable law. *See Gerber*, 67 A.3d at 419 (fair dealing assessed as against "the terms of the parties' agreement and its purpose").

***Second***, Defendants' request to instruct the jury that FHFA had "multiple reasonable options" when considering the Net Worth Sweep is incorrect as a matter of law. The jury must decide whether the specific action taken by Defendants frustrated the purpose of the existing contract based on shareholders' expectations (as the asserting party), not whether it was generally

reasonable for Defendants to enter into the Third Amendment. *Id.* Because the implied covenant claim focuses on whether one counterparty breached the other's existing expectations, it is irrelevant—and possibly untrue—that the "decision maker" had "multiple" reasonable options. The question is whether the breaching party "has acted arbitrarily or unreasonably, thereby ***frustrating the fruits of the bargain that the asserting party reasonably expected***." *Baldwin v. New Wood Resources LLC*, 283 A.3d 1009, 1118 (Del. 2022) (referring to how the parties would have bargained "had they foreseen the circumstances under which the conduct arose"). Tellingly, none of the cases cited by Defendants involve an implied covenant claim. *See* Mot. at 8-9.

***Third***, Defendants' purported goal of avoiding "confusing" the jury is at odds with their proposed language. *E.g.*, Mot. at 6. The proposed language directs the jury to "consider the decision maker's objectives, obligations, and the facts and circumstances ***at the time the action was taken***" in reaching a conclusion about reasonableness "based on the parties' objectively reasonable expectations under the contract." Mot. at 2. But as this Court has held, "the relevant inquiry is the parties' reasonable expectations ***at the time of contracting***." *E.g.*, *Fairholme Funds, Inc. v. FHFA*, No. 13-cv-1053-RCL, No. 13-mc-1288-RCL, 2022 WL 13937460, at *7 (D.D.C. Oct. 21, 2022) (internal quotation marks omitted). Defendants' proposed language would make the jury instructions *more* confusing, and contrary to established law, by telling the jury to focus on the wrong point in time. Defendants' self-serving effort should be rejected.

### B. The Court Correctly Instructed the Jury Regarding Arbitrary and Unreasonable Conduct

Defendants have also proposed deleting language from the Court's prior jury instructions that defines "unreasonable" as actions or decisions as those "that are beyond what can be expected or beyond the limits of acceptability or fairness." Mot. at 2. This language should not be deleted because each term— "expected," "acceptability," and "fairness"—has a sound basis in law under

the implied covenant, and the Court correctly tied the jury's consideration of these concepts to "the parties' objectively reasonable expectations under the contract." Jury Instr. at 8.

Ample case law establishes that "what is 'arbitrary' or 'unreasonable'—or conversely 'reasonable'—depends on the parties' original contractual ***expectations***." *ASB Allegiance Real Est. Fund v. Scion Breckenridge Managing Member, LLC*, 50 A.3d 434, 442 (Del. Ch. 2012) (emphasis added), *rev'd on other grounds*, 68 A.3d 665 (Del. 2013); *Gerber*, 67 A. 3d at 418-419 (noting the "retrospective focus" of an implied covenant claim as to original contractual expectations). As noted above, this Court has already correctly held that "[w]hether defendants acted reasonably" "is determined in reference" to "whether they violated plaintiffs' reasonable ***expectations***." *Fairholme Funds, Inc.*, 2022 WL 4745970, at *6. Likewise, the *Oxford English Dictionary* defines "unreasonable" as "[n]ot within the limits of what would be rational or sensible to ***expect***; excessive in amount or degree."[1] There is thus no basis to exclude the concept of "what can be expected" from the definition of "unreasonable."[2]

Similarly, actions or decisions that are "beyond the limits of acceptability or fairness" also are "unreasonable." The term "unreasonable conduct" "attempt[s] to capture what it means to act in contravention of the implied covenant or ***unfairly*** and in bad faith." *Amirsaleh v. Bd. of Trade*

[1] *Unreasonable*, OXFORD ENGLISH DICTIONARY (Mar. 2023). This definition is particularly well-suited to address Defendants' purported concern about what "may be difficult for jurors to understand and apply," Mot. at 2, because the *Oxford English Dictionary* "aims to describe, rather than prescribe, the way languages are used by people" who speak the language. *How we create language content*, Oxford Languages (2023), available at https://languages.oup.com/about-us/how-we-create-language-content/ (last visited on June 23, 2023).

[2] Defendants mischaracterize the jury instructions as including the notion of "what ***is*** 'expected.'" Mot. at 4. But the jury instructions refer to what "***can be*** expected"—not what ***is*** "expected"—which accords with this Court's holding that "a generic, reasonable shareholder's expectations" are relevant, while an "individual shareholder's subjective expectations" are not. *Fairholme Funds, Inc.*, 2022 WL 13937460, at *9.

*of N.Y., Inc.*, No. 2822-CC, 2008 WL 4182998, at *8 (Del. Ch. Sept. 11, 2008) (implied covenant claim survived challenge on summary judgment because "there is a genuine issue of material fact as to whether [defendants] acted ***fairly*** and in good faith"). "The concept of 'fair dealing' . . . refers to "a commitment to deal '***fairly***' in the sense of consistently with the terms of the parties' agreement and its purpose." *American Healthcare Admin Svs, Inc. v. Aizen*, 285 A.3d 461, 480 (Del. Ch. 2022); *Amirsaleh*, 2009 WL 3756700, at *4 (Del. Ch. Nov. 9, 2009) (although "courts do not define with specificity" what "unreasonable" means, it is clear that "***unfairly*** taking advantage of the other party" is unreasonable). More fundamentally, the term "unreasonable" includes an obligation that the parties to a contract "deal '***fairly***'" with one another. *Gerber*, 67 A.3d at 419. A party clearly cannot satisfy this obligation if its conduct is "beyond the limits of . . . fairness." *See Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 441 (Del. 2005) (stating that the "quasi-reformation" of contracts under the implied covenant is "governed solely by 'issues of compelling fairness'"). Further, the implied covenant incorporates the concept of whether actions taken by a counterparty are "acceptable" in light of existing expectations by assessing good faith conduct in relation to "what the parties would have agreed to themselves had they considered the issue in their original bargaining positions at the time of contracting." *Gerber,* 67 A.3d at 418.[3]

### C. Defendants' "Respon[se]" Mischaracterizes The Law And Should Be Rejected

Defendants have proposed to include in the jury instructions the following "response" to Plaintiffs' claims:

---

[3] Defendants seemingly strike a paragraph requiring Plaintiffs to prove harm as an element of the implied covenant claim. Mot. at 3. While Defendants do not provide a basis for that request, it appears to be contrary to the law. *See Baldwin*, 283 A.3d at 1118 (stating that the plaintiff must allege and prove damages resulting from the breach of the implied covenant).

> Defendants respond that based on the parties' objectively reasonable expectations under the contract as of December 24, 2009, the Net Worth Sweep was reasonable because it was justified by facts and circumstances known to FHFA in August 2012.

This proposed language should be rejected because, among other things, it mischaracterizes the law governing claims for breach of the implied covenant. As discussed in detail above, the standard is not whether the Net Worth Sweep was "justified by facts and circumstances known to FHFA in August 2012." Rather, the standard is, as the Court instructed, whether a party frustrated the fruits of the bargain that ***the asserting party*** reasonably expected ***at the time of contracting***. Jury Instr. at 8; *see also supra*.

Moreover, this proposed language reflects another attempt to include improper argument in the jury instructions. The purpose of jury instructions is "to instruct the jurors, fully and correctly, on the law applicable case"; the instructions should not be "argumentative." *E.g.*, Wright & Miller, 9C *Federal Practice & Procedure* § 2556 (3d ed. 2023 update) (citing *Halladay v. Verschoor*, 381 F.2d 100, 113 (8th Cir. 1967)). The Court provided the jury a neutral statement of the case and proceeded to define the elements that Plaintiffs must prove. Jury Instr. at 8-9. Injecting Defendants' "response," which contains an incorrect statement of the law, is improperly argumentative and will lead to juror confusion.[4]

---

[4] Absent any argument in their briefing, Defendants also propose to delete the word "subjectively." Mot. at 3. That request, however, is unsound because it would make the jury instructions less clear and invite greater confusion. The language that Defendants propose to delete replicates and is consistent with the language that the Court itself has used to differentiate "a generic, reasonable shareholder's expectations," which are plainly relevant, from their subjective expectations. *Fairholme Funds, Inc.*, 2022 WL 13937460, at *9 (excluding evidence of "individual shareholder's ***subjective*** expectations" (emphasis added)). Absent the word "subjectively," the jury instructions read as internally inconsistent, and a juror might be confused as to whether and how they can consider shareholder expectations. *Compare* Jury Instr. at 8 ("the finder of fact must assess . . . the parties' objectively reasonable expectations"), *with* Mot. at 3 ("the question is not what any actual shareholder . . . expected").

## II. The Court Properly Instructed the Jury Regarding Virginia Prejudgment Interest

The Court should reject Defendants' request to modify the instruction regarding the payment of prejudgment interest to the claims of Freddie Mac common and junior preferred shareholders, which appropriately leaves the award of prejudgment interest to the jurors' discretion.

Recent decisional law supports the Court's existing instruction. In *W.C. English, Inc. v. Rummel, Klepper & Kahl, LLP*, No. 17-cv-00018, 2021 WL 4782274 (W.D. Va. Oct. 13, 2021), a federal district judge in the Western District of Virginia provided a similar jury instruction on prejudgment interest:

> The award of prejudgment interest is to compensate a plaintiff for the loss sustained by not receiving the amount to which it was entitled at the time it was entitled to receive it. It is within your discretion to award or not to award prejudgment interest.

*Id.* at *6. In denying the defendants' request to instruct the jury "on relevant equitable considerations," the court explained that it "need not bear the burden of highlighting helpful arguments nor of marginalizing harmful ones." *Id.* at *7 (noting that it was "defendants' responsibility, and not this Court's, to present" argument to the jury). The court also found that its instruction comported with an instruction upheld by the Virginia Supreme Court. *Id.* at *6 (citing Shepard v. Capitol Foundry of Virginia, Inc., 262 Va. 715, 722 (Va. 2011)). Thus, there was no basis to instruct the jury regarding the types of cases in which jurors should "hesitate" to award prejudgment interest, nor otherwise to define what constitutes a "bona fide legal dispute" between the parties. *Id.* at *6.[5]

[5] Defendants include the curious statement that "the fact that the jury hung at the first trial conclusively establishes that the dispute here is a bona fide legal dispute." Mot. at 13. Of course, the fact that the Court declared a mistrial is irrelevant and inadmissible, *see, e.g., Colvin v. Sheets*,

So too here, this Court's prior instruction regarding the award of prejudgment interest to the claims of Freddie Mac common and junior preferred shareholders accurately describes the law and comports with similar instructions regarding prejudgment interest under Virginia law.

**III. The Court Should Not Instruct the Jury On Nominal Damages**

Finally, the Court should reject Defendants' unsubstantiated attempt to include an instruction regarding nominal damages, which Defendants advance without any argument.

"Nominal damages are appropriate where the plaintiff has not shown proof of actual injury." *B&L Cellular v. USCOC of Greater Iowa, LLC*, C.A. No. 7628-VCL, 2014 WL 6882207, at *2 (Del. Ch. Dec. 8, 2014). Conversely, "[t]he law is clear that a nominal damage instruction is not appropriate when there is proof of actual injury." *See Westcott v. Crinklaw*, 133 F.3d 658, 662 (8th Cir. 1998) (finding plain error where the court instructed the jury as to nominal damages but evidence conclusively established that the plaintiff suffered actual damage) (citing multiple cases); *Tampa Port Auth. v. M/V Duchess*, 65 F. Supp. 2d 1305, 1307 (M.D. Fla. 1998), *aff'd*, 184 F.3d 822 (11th Cir. 1999) (same).

Plaintiffs expect they will be the only party presenting any evidence on damages. Defendants have represented that their expert Dr. Attari will not testify regarding damages or his equity event study. Further, Defendants have agreed not to cross-examine Plaintiffs' damages expert Dr. Mason about any purported "recovery" in the price of Fannie Mae and Freddie Mac stock following the Net Worth Sweep. Thus, Plaintiffs may well request a directed verdict on actual damages as a matter of law at the close of evidence. Plaintiffs will certainly present proof of "actual injury"—damages in the amount of $1.61 billion plus prejudgment interest—that will

598 F.3d 242, 253-255 (6th Cir. 2010), and cannot otherwise provide a basis for the jury in the second trial to decline to award prejudgment interest.

obviate any basis for a nominal damages instruction. There is no basis to approve an instruction that will likely be inconsistent with the evidence and would serve only as an invitation for the jury reach a damages verdict based on improper nullification or compromise.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Dated: June 23, 2023

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*

*/s/ Eric L. Zagar*
Eric L. Zagar (*Pro Hac Vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER, P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

adam@blbglaw.com

*Co-Lead Counsel for the Class*