# EXHIBIT E-1

## INSTRUCTION NO. 2
### Preliminary Instruction[1]

Before we begin the trial, I want to briefly describe how this trial will work and some important legal rules. I will give more detailed instructions at the end of the trial after you have heard all the evidence and before you start your deliberations.

Your responsibility as jurors is to determine the facts in the case and to apply those facts consistent with the legal principles that I will explain to you. You—and only you—are the judges of the facts. You alone determine the weight of the evidence, including the believability of each witness.

My responsibility is to conduct this trial in a fair and efficient manner. It is your sworn duty as jurors to accept and apply the law as I explain it to you. You should not take anything I do or say as any indication of my opinion about how you should decide the facts or what your verdicts should be.

To help you remember, you can take notes for your personal use. Your notes are only an aid to your memory, and they are not evidence. Those jurors who do not take notes should rely on their own memory of the evidence.

Whether you take notes or not is entirely up to you. Some people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to and watching the witnesses. You should make your own choice because each of us knows best how we take in and remember information.

In case you want to take notes, we have provided a notebook and pen for each of you. Please take any notes in this notebook. If you take notes, you can take your notebook back with you into the jury room at the end of the trial to review while you deliberate. In breaks and overnight during the trial, please leave your notebooks on your chair. We will keep them safe and secure.

At the end of the trial, after you deliver your verdict, your notebooks will be collected, and the pages with notes will be torn out and destroyed. No one will ever look at any notes you have taken, so you may feel free to write whatever you wish.

You must pay careful attention to the testimony of all of the witnesses because you may not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely on your memory and your notes if you choose to take any.

I will now explain some legal terminology, including the burden of proof.

The Plaintiffs are the persons who started the lawsuit, and the Defendants are the persons the Plaintiffs have sued.

---

[1] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 1.02.

The Plaintiffs must prove that the factual basis of their claims is more likely true than not true. This burden of proof is sometimes called "the preponderance of the evidence" standard.

Although there are multiple Plaintiffs and Defendants, you must consider the evidence concerning each Plaintiff and each Defendant separately.

The lawyers may object from time to time to questions, exhibits, and statements. You must not hold such objections against the lawyer who makes them or the party the lawyer represents. A lawyer has a responsibility to object to evidence or argument he or she considers inappropriate.

If I overrule an objection to a question, it means only that the law permits the witness to answer the question. It is still up to you to decide how much weight, if any, the answer is entitled to.

If I sustain an objection, you should not hold it against the lawyer who asked the question. It means only that the law does not permit the witness to answer the question. You should ignore the question and you must not guess what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken, you may not consider either the question or the answer in your deliberations.

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. It is the witness's testimony that is evidence.

As I mentioned, you must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent investigation or research about this case. For example, you cannot use the Internet to research the facts or the law or the people involved in the case. Research includes something even as simple or seemingly as harmless as getting a definition of a legal term over the Internet or from a dictionary.

I want to explain why you should not conduct your own investigation or research. All parties have a right to have the case decided only on evidence and legal rules that they know about and to which they have a chance to respond. Relying on information you get outside this courtroom would be unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court, and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

You are not permitted to discuss this case with anyone until you begin your deliberations after I give you final instructions. This means that, until the case is submitted to you, you may not talk about it with family members, friends, or even your fellow jurors. You should not communicate about the case by any means—in person, over the phone, or using the Internet, including emailing, texting, blogging, or using social media such as Facebook or Twitter. The only communication you should have is with the jury as a whole once your deliberations begin. This is because we want you to keep an open mind and not make any decisions until you've heard all the evidence and talked with your fellow jurors as a group.

When we take our first recess or when you leave the courthouse at the end of the day, you can call home or work and tell them you have been selected for a jury and how long it will last. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a civil case, but nothing else.

When the case is over, you may discuss any part of it with anyone, if you wish to do so.

As part of the prohibition against communicating with others, you may not speak with the parties, their lawyers, or the witnesses. And please do not be offended if a lawyer or party does not respond if you say hello if you happen to see them during the trial. They are under instructions not to communicate with you in any way under any circumstances.

It is unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by writing a note and giving it to the clerk. Do not tell the other jurors; just let me know, and I'll bring you in to discuss it outside the hearing of the other jurors.

Similarly, if during the trial you unexpectedly realize that you know anyone involved in the case or something about the facts, you should raise your hand immediately and ask to speak with me.

There may be reports in the newspaper or on television or in other media concerning this case (or facts relating to this case) during the trial. If there is any such media coverage, you may be tempted to read, listen to, or watch it. You must not do so. That is because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial or relating to the issues in this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or the courtroom clerk know as soon after it happens as you can, and I will then discuss it with you.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

# INSTRUCTION NO. 3
## Statement of the Case

This is a class action brought by plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin on behalf of the common and preferred shareholders of the Federal Home Loan Mortgage Corporation, normally called Freddie Mac, and the preferred shareholders of the Federal National Mortgage Association, normally called Fannie Mae. I will explain in more detail later what a class action is.

In addition to the class action plaintiffs, the plaintiffs also include several insurance companies, including plaintiff Berkley Insurance Company. When I refer to the "Class Action Plaintiffs," I mean plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin, and the Classes of shareholders they represent. When I refer to the "W.R. Berkley Plaintiffs," I mean plaintiff Berkley Insurance Company and the other insurance companies who are plaintiffs in this case. When I refer to the "Plaintiffs," I mean the Class Action Plaintiffs and the W.R. Berkley Plaintiffs together.

The defendants in this case are the Federal Housing Finance Agency, which I will refer to as FHFA, Fannie Mae, and Freddie Mac. Fannie Mae and Freddie Mac are sometimes referred to as government-sponsored enterprises or "GSEs," or sometimes as the "Companies." FHFA is the Conservator of Fannie Mae and Freddie Mac, and is sometimes referred to as the "Conservator." When I refer to the "Defendants," I mean FHFA, Fannie Mae, and Freddie Mac together.

Fannie Mae and Freddie Mac are government-sponsored enterprises created by Congress to promote access to home mortgages by increasing liquidity and stability in the secondary market for home mortgages. While Fannie Mae and Freddie Mac are government-sponsored, they are also publicly traded companies that issued both common and preferred stock over the years. As I explained earlier, Plaintiffs in this case are holders of common and/or junior preferred stock in Fannie Mae and/or Freddie Mac. Shareholders are treated by the law as having contracts with the companies whose stock they hold. A shareholders' contract with the corporation includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated. For Fannie Mae and Freddie Mac, changes to federal law, that is, those affecting the governance of the GSEs and their relationships with their shareholders, amend or inform the investor contract.

In this case, plaintiffs claim that defendants breached something called the implied covenant of good faith and fair dealing in plaintiffs' shareholder contracts with Fannie Mae and Freddie Mac. Defendants deny Plaintiffs' claim. After the close of evidence, I will instruct you further about the legal standard for proving a breach of the implied covenant. But for now, you should understand that the implied covenant is something that is an unwritten part of every contract, including the shareholder contracts held by the plaintiffs. The question of whether that implied covenant is breached depends on whether defendants took actions that unreasonably or arbitrarily frustrated or interfered with the reasonable contractual expectations of shareholders. I will provide more detailed instructions at the end of the case and before you deliberate.