UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>           *Plaintiffs*,<br><br>v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>           *Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

**Plaintiffs' Reply in Support of Motion In Limine No. 7: To Preclude Defendants From Using Certain Deposition Testimony To Prove The Truth Of Contested Facts In Freddie Mac's SEC Filings**

In Defendants' Opposition to Plaintiffs' Motion in Limine No. 7, Defendants argue that the deposition testimony of former CFO Ross Kari concerning forward-looking statements in Freddie Mac's SEC filings is admissible. Defendants primarily rely on the business records exceptions to the hearsay rule, Rule 803(6).[1] But Plaintiffs, in their Reply in Further Support of Plaintiffs' Omnibus MIL, have already demonstrated how Defendants have failed to establish that the exception applies to the forward-looking statements in their SEC filings.[2]

---

[1] Defs.' Opp'n to Pls.' Mot. In Limine No. 7, at 1-2 (Class ECF No. 310, Berkley ECF No. 321).

[2] Pls.' Reply in Further Support of Pls.' Omnibus Mot. In Limine, Mot. In Limine No. 6, at 20-25 (Class ECF No. 313, Berkley ECF No. 324).

As an alternative argument, Defendants contend that Mr. Kari's testimony can come in because he had "personal knowledge." But whatever Mr. Kari's knowledge about the accuracy or inaccuracy of the statements in the SEC filings, those statements remain hearsay. Mr. Kari's designated deposition testimony serves to repeat this hearsay. Defendants should not be permitted to bootstrap impermissible hearsay this way.

As a last and final attempt to keep the statements in, Defendants assert that the SEC statements themselves are not being used for their truth and therefore are not hearsay.[3] Notably, this is *not* an argument Defendants made concerning the admission of the statements themselves, when Defendants filed their opposition to Plaintiffs' motion in limine on this topic.[4] But now Defendants contend that "those SEC statements were read to establish their existence and Mr. Kari's endorsement of those statements based on his personal knowledge."[5] But Defendants do not even attempt to explain why the mere existence of the statements—apart from the truth of their content—would be independently relevant. Likewise, Defendants do not explain how Mr. Kari's "endorsement" of those statements would be relevant if all that mattered was that the statements existed. Indeed, if all Defendants wanted to prove was that the statements existed, then they would not need Mr. Kari's testimony at all. Similarly, although Defendants cite *United States v. Moore*, where text messages were offered for their "context,"[6] Defendants do not begin to explain why, if the truth of the statements themselves is irrelevant, the statements are needed for "context."[7]

---

[3] Defs.' Opp'n to Pls.' Mot. In Limine No. 7, at 3.

[4] Defs.' Opp'n to Pls.' Omnibus Mot. In Limine, at 35-45 (Class ECF No. 309, Berkley ECF No. 20).

[5] Defs.' Opp'n to Pls.' Mot. In Limine No. 7, at 3.

[6] *United States v. Moore*, No. 18-189 (JEB), 2021 WL 1966570, at *5 (D.D.C. May 17, 2021).

[7] *Cf.* Defs.' Opp'n to Pls.' Mot. In Limine No. 7, at 3 & n.8.

Likewise, in *Jones v. United States*, the statements were admitted to show the effect on the listener, a police officer.[8]  Defendants here make no such argument.

Defendants have failed to meet their burden of demonstrating that Mr. Kari's testimony either is not hearsay or fits within one of the hearsay exceptions.  For these reasons, Plaintiffs' Motion in Limine No. 7 should be granted.

### Plaintiffs' Reply in Support of Motion In Limine No. 8: To Preclude Defendants From Presenting Testimony From Ross Kari Regarding Whether The Net Worth Sweep Was "Beneficial" To Shareholders

Through their Motion In Limine No. 8, Plaintiffs seek to preclude Defendants from presenting any testimony from Ross Kari about whether the Net Worth Sweep was "beneficial" or "not harmful" to private shareholders.  As Plaintiffs have noted elsewhere, the Court should adopt an all-or-nothing approach to the admissibility of testimony from Fannie Mae, Freddie Mac and FHFA employees concerning their reactions to the Net Worth Sweep.[9]  All such testimony should be deemed inadmissible.  If, however, the Court determines to admit such testimony from some witnesses, *e.g.*, Mr. Kari, then it should do likewise with regard to all the pertinent witnesses, *e.g.*, Ms. McFarland and Mr. Mayopoulos.

Defendants argue that Mr. Kari "was a high-ranking official at Freddie Mac at the time of the Third Amendment with deep knowledge of Freddie Mac, its financial condition, and its long-term prospects," but that is irrelevant.[10]  Plaintiffs are seeking to preclude Mr. Kari from offering his opinion regarding a completely different topic—the potential effects the Net Worth Sweep might have on *shareholders*—of which he has no knowledge, only speculation.

---

[8] *Jones v. United States*, 934 F. Supp. 2d 284, 290 (D.D.C. 2013).

[9] *See* Pls.' Reply in Further Support of Pls.' Omnibus Mot. In Limine, at 5-6.

[10] Defs.' Opp'n to Pls.' Mot. In Limine No. 8, at 5.

Defendants' argument that Mr. Kari's testimony is not improper lay opinion because it is "rationally based on [his] perception" when he was Freddie Mac's CFO in 2012,[11] likewise fails because, as Defendants acknowledge, Mr. Kari had no "perception" of the Net Worth Sweep until after it was agreed to and publicly announced.[12] His *post hoc* opinion testimony cannot satisfy Rule 701 because it is not "helpful to clearly understanding the witness's testimony or to determining a fact in issue."[13]

Finally, Defendants' argument that Mr. Kari's testimony is relevant because Plaintiffs have suggested "that Mr. DeMarco should have consulted individuals like Mr. Kari," is absurd.[14] DeMarco didn't. The jury will not benefit from hearing Mr. Kari's (or anyone else's) opinions that were formed *after* Mr. DeMarco agreed to the Third Amendment *without* consulting them.

Mr. Kari's *post hoc* reaction and opinion testimony is inadmissible and the Court should exclude it.

---

[11] Id. at 6.

[12] *See id.* at 4,

[13] Fed. R. Evid. 701(b). Defendants repeatedly take inconsistent views as to similar testimony they seek to preclude. *See, e.g.*, Pls.' Opp'n to Defs.' Omnibus Mot. In Limine at 1-2 (Class ECF No. 304, Berkley ECF No. 316) (noting similarity between Tagoe testimony Defendants seek to admit and the McFarland testimony Defendants seek to exclude). For example, at Trial 1, Defendants objected to, and the Court excluded, testimony from Fannie Mae CEO Timothy Mayopoulos that the PSPAs were "not an arm's length commercial transaction" but rather were a "political transaction" that was necessary "to satisfy political constituencies." Mayopoulos Tr. 260:4-262:1. Defendants' argument that high-ranking officials of Fannie or Freddie should be able to testify about information rationally based on their perceptions would apply equally to the Mayopoulos testimony, although Defendants have maintained their objection and conflicting positions in advance of Trial 2. All Plaintiffs seek is an equal consideration of similar testimony, not the one-sided position advanced by Defendants.

[14] Defs.' Opp'n to Pls.' Mot. In Limine No. 8, at 5.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court **GRANT** the motions and exclude Mr. Kari's testimony about inadmissible SEC Reports and whether the Net Worth Sweep was beneficial to private shareholders.

Dated: June 30, 2023                                               Respectfully Submitted,

/s/ *Charles J. Cooper*                                             /s/ *Eric L. Zagar*
Charles J. Cooper (Bar No. 24870)                    Eric L. Zagar (*Pro Hac Vice*)
David H. Thompson (Bar No. 450503)              **KESSLER TOPAZ**
Vincent J. Colatriano (Bar No. 429562)              **MELTZER & CHECK, LLP**
Peter A. Patterson (Bar No. 998668)                  280 King of Prussia Rd.
Brian W. Barnes (*Pro Hac Vice*)                        Radnor, PA 19087
**COOPER & KIRK, PLLC**                                Tel: (610) 667-7706
1523 New Hampshire Avenue, N.W.                  Fax: (610) 667-7056
Washington, DC 20036                                       ezagar@ktmc.com
Tel: (202) 220-9600
Fax: (202) 220-9601                                             Hamish P.M. Hume (Bar No. 449914)
ccooper@cooperkirk.com                                   Samuel C. Kaplan (Bar No. 463350)
                                                                               **BOIES SCHILLER FLEXNER LLP**
*Counsel for Berkley Plaintiffs, et al.*                   1401 New York Ave. NW
                                                                               Washington, DC 20005
                                                                               Tel: (202) 237-2727
                                                                               Fax: (202) 237-6131
                                                                               hhume@bsfllp.com
                                                                               skaplan@bsfllp.com

                                                                               Michael J. Barry (*Pro Hac Vice*)
                                                                               John Kairis *(Pro Hac Vice)*
                                                                               Rebecca Musarra *(Pro Hac Vice)*
                                                                               **GRANT & EISENHOFER, P.A.**
                                                                               123 Justison Street
                                                                               Wilmington, DE 19801
                                                                               Tel: (302) 622-7000
                                                                               Fax: (302) 622-7100
                                                                               mbarry@gelaw.com
                                                                               jkairis@gelaw.com
                                                                               rmusarra@gelaw.com

                                                                               Adam Wierzbowski (*Pro Hac Vice*)
                                                                               **BERNSTEIN LITOWITZ BERGER**
                                                                               **& GROSSMANN LLP**
                                                                               1251 Avenue of the Americas

-6-

        New York, NY 10020
        Tel: (212) 554-1400
        Fax: (212) 554-1444
        adam@blbglaw.com

*Co-Lead Counsel for the Class*