# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>    *Defendants.* | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

### **[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion Requesting an Order Overruling Defendants' Improper Objections Concerning Dr. Joseph Mason's Testimony on July 27, 2023, it is hereby **ORDERED** that:

(1) Plaintiffs shall be permitted to ask a limited series of questions to respond to the questions Defendants asked on cross-examination about the accelerated reduction of the retained mortgage portfolio; and

(2) the Court shall give the following curative instruction during Dr. Mason's testimony and again during the final jury instructions:

> I instruct you that any movements in the prices of Fannie Mae and Freddie Mac stock after August 17, 2012 are not relevant to your consideration of damages in this case. If you find that the Net Worth Sweep caused damages to Fannie Mae or Freddie Mac's stock prices

-2-

on August 17, 2012, then I instruct you that anything subsequent to that date cannot have mitigated that damage because the Net Worth Sweep has never been undone.

Dated: _____

BY THE COURT:

_____

Royce C. Lamberth,
United States District Judge