UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion For a Final Jury Instruction Regarding the 10% Cash Dividend Requirement ("Defendants' Motion"), and Plaintiffs' opposition thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**. It is **FURTHER ORDERED** that as part of the final jury instruction the Court will instruct the jury as follows regarding Section 2(c) of the Treasury Stock Certificates:

> You have heard testimony concerning Section 2(c) of the Treasury Stock Certificates issued in connection with the Preferred Stock Purchase Agreements (PSPAs). This is the provision of the contracts between Treasury and the Enterprises that governs the payment of dividends to Treasury.
>
> I have found as a matter of law that these provisions in the contracts are unambiguous. As a result, the interpretation of these provisions of the contracts is a matter of law for the Court to decide, not an issue of fact for you to determine. I

will therefore instruct you on what these provisions of the contracts mean. And, like my other instructions regarding the law, you are to apply in this case, you are required to follow this instruction about the interpretation of these contract provisions. You are to disregard any testimony or other evidence, as well as any arguments of counsel, you heard in this case that is inconsistent with, or disregards, my instruction to you about what these provisions of the contracts mean. You are instructed when considering these provisions of the agreements that:

The Treasury Stock Certificates required Fannie Mae and Freddie Mac to pay a 10% annual cash dividend to Treasury on a quarterly basis. If Fannie Mae and Freddie Mac failed to pay the 10% cash dividend, the Certificates provided that 12% would be added to the Treasury liquidation preference. The 12% payment (which you have sometimes heard referred to as a "Payment-in-Kind" or a "12% Penalty Dividend") was a contractual penalty that would not have satisfied the contractual cash dividend obligation. Paying 10% in cash or adding 12% to Treasury's liquidation preference was not a matter of choice.

Dated: _____

_____
ROYCE C. LAMBERTH
United States District Judge