UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERKLEY INSURANCE CO.**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **FEDERAL HOUSING FINANCE AGENCY**, *et al.*, <br><br> *Defendants.* | Case No. 1:13-cv-1053-RCL |
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | Case No. 1:13-mc-1288-RCL |
| This Order relates to: <br> ALL CASES | <u>CLASS ACTION</u> |

## <u>ORDER</u>

Plaintiffs' Motion for "Clarification" of the Court's Ruling on Dr. Attari's Testimony, Berkley ECF No. 348, Class ECF No. 337, is **DENIED**. While the Court's Pretrial Opinion did not address the specific argument about the supply of GSE bonds in detail, the logic of the Court's ruling on the Net Worth Sweep as part of a broader package of changes requires the same result. *See Berkley Ins. Co. v. FHFA*, Nos. 1:13-cv-1053, 1:13-mc-1288, 2023 WL 4744155, at *1–2 (D.D.C. July 21, 2023). Plaintiffs argue that Dr. Attari did not account for an obvious alternative explanation for the market response to the Third Amendment—a reduction in bond supply associated with the accelerated reduction of the retained portfolios. But in fact, Dr. Attari has explained why he discounted that explanation. If plaintiffs do not think his explanation is good

1

enough, that is fodder for cross-examination or dueling expert testimony, not exclusion by the Court. The Court's ruling stands, and Dr. Attari will be allowed to testify about his bond study.

**IT IS SO ORDERED.**

Date: August 1, 2023

Royce C. Lamberth
United States District Judge