UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**DEFENDANTS' MOTION FOR A CURATIVE INSTRUCTION REGARDING PLAINTIFFS' STATEMENT TO THE JURY THAT <u>A DOCUMENT WAS "NEVER PRODUCED IN THIS CASE"</u>**

Defendants Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises"), and the Enterprises hereby move for a curative instruction at the first opportunity regarding Plaintiffs' improper statement to the jury that a document was "never produced in this case." A supporting memorandum and proposed order are being filed with this motion.

Dated: August 3, 2023

Respectfully submitted,

*/s/ Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

*/s/Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

*/s/ Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**DEFENDANTS' MOTION FOR A CURATIVE INSTRUCTION REGARDING PLAINTIFFS' STATEMENT TO THE JURY THAT <u>A DOCUMENT WAS "NEVER PRODUCED IN THIS CASE"</u>**

**INTRODUCTION**

During cross-examination, Mr. Satriano testified that he prepared a presentation analyzing the "Deferred Tax Asset" or "DTA" issue in 2012 or 2013. Plaintiffs' counsel then—in front of the jury—asserted that the document was "never produced in this case." That statement was incorrect. Not only did Defendants produce the document in question, the document is listed on *Plaintiffs'* exhibit list as PX-336. And as the Court recognized at the time, counsel's reckless false statement to the jury was wholly improper.

The prejudice that statement caused requires correction at the earliest opportunity. Plaintiffs suggested to the jury that Defendants had improperly withheld an important document in discovery, when in fact the document in question was produced (and is on Plaintiffs' exhibit list). And Plaintiffs' attempt to clear up the issue on re-cross only worsened the prejudice, by suggesting that Mr. Satriano had responded to Plaintiffs' initial questioning incorrectly when in fact Mr. Satriano testified correctly, and consistent with the documentary evidence. An instruction at the first opportunity is both appropriate and necessary to cure the prejudice.

**ARGUMENT**

It is improper for counsel to discuss the discovery process in front of the jury, and even worse to *falsely* assert in front of the jury that an opposing party withheld documents during discovery. Plaintiffs' counsel ran afoul of both principles when counsel incorrectly asserted during the cross-examination of Mr. Satriano that Defendants withheld a document in discovery.

Mr. Satriano, the Chief Accountant of FHFA, testified live on August 2, 2023. During his cross-examination, Mr. Satriano testified that he created a PowerPoint presentation in 2012 or 2013 concerning a possible DTA write-up. Plaintiffs' counsel then stated in front of the jury that such a presentation was "never produced in this case."

1

```
Q. Okay.
Well, you showed up at a meeting with nothing in
writing and you started talking; is that right?
A. The question I heard was, Did FHFA or the Office
of the Chief Accountant prepare any analysis about the
deferred tax assets in the timeframe -- I'm assuming you are
talking about 2012/2013; is that correct?
Q. Yes. Uh-huh.
A. So I didn't write a memo, but we prepared several
different PowerPoint presentations discussing the issue and
the potential implications and the actions that the agency
was taking during that time.
Q. Okay.
So you say you created a PowerPoint presentation
analyzing the potential for DTA write-up?
A. And discussing and summarizing the issue, yes.
Q. Okay.
So never produced in this case. Where is it?
MR. HOFFMAN: Objection, Your Honor.
Characterize --
MR. RUDY: I asked him where is it.
```

8/2/2023 Afternoon Transcript ("Tr.") at 35:21-36:16 (emphasis added) (attached as **Exhibit A**).

Plaintiffs' counsel's statement in open court was false. Defendants had produced the document, which is on Plaintiffs' exhibit list as PX-336. *See* attached, **Exhibit B**. The document is precisely as Mr. Satriano described it—a PowerPoint presentation from early 2013 concerning a possible DTA write-up by Fannie Mae.[1]

On re-direct examination, Mr. Satriano was shown PX-336 and testified "I believe this was the document that I had in mind." Tr. 103:13-14. Mr. Satriano also testified that, in addition to PX-336, another presentation produced to Plaintiffs and used at Mr. Satriano's deposition was an "example[] of the types of presentation that [he] testified about in response to Mr. Rudy's question[.]" Tr. 106:23-107:1. *See* Satriano Dep. Ex. 23, attached as **Exhibit C**.

---

[1] Mr. Satriano did "agree" that "it wouldn't make sense" for the PowerPoint to have been created after the DTAs were reversed, and PX-336 was in fact created before the reversal of the DTAs. Tr. 40:1-2.

2

In other words, Plaintiffs' counsel accused Defendants of failing to produce a document in discovery when in fact that document is on Plaintiffs' exhibit list for this trial and another similar document was used by Plaintiffs' counsel at Mr. Satriano's deposition.

Plaintiffs' re-cross worsened the prejudice by suggesting that his earlier cross-examination had asked only about presentations in 2012: "the questions that I was asking you before, though, were did you do any sort of written analysis before the net worth sweep." Tr. 113:10-12. Mr. Satriano was asked those questions, to which he responded "I don't know the date, sitting here today, I can't say yes or no." Tr. 40:3-6. Mr. Satriano made clear that the DTA presentation was not necessarily before the Net Worth Sweep, but over the "2012/2013" timeframe. *See* Tr. 36:1-3. Plaintiffs implied on re-cross that Mr. Satriano had testified incorrectly on initial cross, and that this was a problem of Mr. Satriano's making, when in fact Plaintiffs' counsel failed to accurately describe what he had asked. Mr. Satriano testified correctly, and consistent with the documentary evidence.

After the testimony of Mr. Satriano concluded, Defendants requested an immediate curative instruction. In response, Plaintiffs' counsel acknowledged that the documents at issue had been produced to Plaintiffs during the litigation, but then tried to obfuscate by asserting that the documents "were not produced a year ago . . . [but] way before that" while claiming that "[t]he confusion came from the witness's mouth."

> **MR. HOFFMAN:**
> And plaintiffs' counsel is making accusations of withholding evidence in front of the jury, which we think merits a curative instruction, Your Honor. We could propose language that's very simple and straightforward that says that the suggestion that a document was not produced in the pretrial discovery process is untrue.
> **MR. RUDY:**
> The confusion came from the witness's mouth. The witness was not sure when he had created these PowerPoints. I was asking him, did you do any written analysis

3

```
before the net worth sweep? That was my question. And then
he volunteered that he did and he said he turned it over a
year ago. These documents that Mr. Hoffman just showed were
not produced a year ago. They were produced, like, way
before that.
                            ***
there's certainly nothing improper
about me following up on a witness who, in front of the
jury, says I produced something to counsel a year ago when I
know I haven't gotten anything a year ago.
```

Tr. 114:9-14, 114:16-23, 115:9-12.

     Plaintiffs' counsel's argument against the proposed curative instruction misstated and mischaracterized the record in multiple respects.  First, it is not true that Mr. Satriano "volunteer[ed]" that he did "written analysis before the net worth sweep[.]"  Mr. Satriano was asked and explicitly testified about a presentation from "2012/2013" —not "before the net worth sweep" as Plaintiffs' counsel wrongly said.  *Id.* at 114:18-20.  Mr. Satriano made clear that he could not say, one way or the other, whether the presentation was before or after the Net Worth Sweep.  *See* Tr. 40:3-6 (Q: "that PowerPoint was created before the net worth sweep. Right?" A: "I don't know the date, sitting here today, I can't say yes or no.").  Second, contrary to Plaintiffs' counsel's assertions to the Court, Mr. Satriano did not testify that he had "turned [the presentation] over a year ago[,]" or that he had said he "produced something to counsel a year ago[.]"  Instead, Mr. Satriano testified in response to a question from Plaintiffs' counsel that he had *seen* the presentation in the last year:

```
BY MR. RUDY:
Q. Okay.
When is the last time you saw this PowerPoint?
A. In the last year.
Q. Where?
A. On my computer.
Q. And did you give a copy of it to your lawyers to
turn over in this case?
A. You would have to ask my lawyers.
Q. I am asking you.
```

4

```
A. I believe this was turned over, yes, as part of
the discovery in the multiple cases.
Q. Okay.
```

Tr. 37:9-21.[2]  Plaintiffs' counsel's arguments as to why a curative instruction would be inappropriate are plainly contradicted by the record.

Plaintiffs' counsel's incorrect statement suggests to the jury that Defendants improperly withheld a document in discovery.  That alone warrants a curative instruction, as the jury could reasonably have the misunderstanding that Defendants improperly withheld a document from Plaintiffs.  Moreover, Mr. Satriano's extensive testimony regarding analysis of the DTA issue in 2012 and 2013 bears on the central allegations of Plaintiffs' theory.  The significance of Mr. Satriano's testimony deepens the prejudice, as it further suggests that Defendants may have deliberately withheld an important document on a contested issue.  An instruction is both appropriate and necessary.

The Court stated: "The comments made in front of the jury were improper, but I'm not giving an instruction now."  Tr. 115:16-18.  The Court suggested it would "straighten it all out" later.  Tr. 116:1.

A curative instruction should be given to the jury at the first opportunity.  It is prejudicial for Defendants to put on their case before a jury that may be harboring a misimpression that Defendants improperly withheld evidence.  Such a misimpression could taint jurors' impression of Defendants' entire case-in-chief.  Moreover, if a curative instruction is delayed, jurors may not have a sufficient recollection to meaningfully cure the prejudice.  An instruction at the conclusion of trial would render it insufficient.

---

[2] This is unsurprising given that Mr. Satriano has testified in two separate trials in this case within the last year, and the presentation was disclosed on Plaintiffs' exhibit list.

5

To correct the prejudice caused by Plaintiffs' counsel's inaccurate statement to the jury, Defendants respectfully request that the Court include a curative instruction as follows:

> During the cross examination of Mr. Satriano, the Chief Accountant of FHFA, there was a statement by Plaintiffs' counsel that a document related to the "Deferred Tax Asset" or "DTA" issue was "never produced in this case."
>
> That statement was inaccurate. The document in question was produced by Defendants to the Plaintiffs in the pretrial discovery process. You should disregard the suggestion that Defendants did not produce documents in this case as required.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court provide a curative instruction at the first opportunity to cure the prejudice of Plaintiffs' inaccurate statement to the jury that a document was "never produced in this case."

Dated: August 3, 2023

Respectfully submitted,

/s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

/s/Michael J. Ciatti
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

/s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

7