**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Case No. 13-cv-1053-RCL |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>____________________<br><br>This document relates to:<br>ALL CASES | Case No. 13-mc-1288-RCL |

**NOTICE REGARDING DEFENDANTS' MOTION TO REVISE THE JURY INSTRUCTION REGARDING VIRGINIA PREJUDGMENT INTEREST**

In their Motion to Revise Jury Instructions, Defendants requested certain revisions to the jury instruction from the first trial regarding prejudgment interest under Virginia law applicable to Freddie Mac. *See* Defs.' Mot. to Revise Jury Instrs., at 9-14 (Class ECF No. 303, Berkley ECF No. 312).[1] At the recent pretrial conference, the parties informed the Court that they were discussing a possible resolution of this issue which would eliminate the need for the Court's

[1] "Class ECF No." refers to Case No. 1:13-mc-1288-RCL, and "Berkley ECF No." refers to Case No. 1:13-cv-1053-RCL.

intervention. This notice is to advise that the parties have reached agreement, subject to the Court's approval, on a revised jury instruction regarding Virginia prejudgment interest.

The agreed-upon new instruction states:

> Under Virginia law, which applies to the claims of the Freddie Mac common and junior preferred shareholders, if you decide to award damages to those plaintiffs in any amount, you may award prejudgment interest at the rate of 6% per year and fix a date from which interest is to begin.
>
> The decision of whether to award prejudgment interest is in your discretion. In deciding whether or not to award prejudgment interest, Virginia law requires that you weigh two factors: on the one hand, whether Plaintiffs sustained any loss in not receiving the amount of money that you may have awarded as damages at the time Plaintiffs were entitled to receive it, and, on the other hand, whether there was a bona fide legal dispute between the parties (that is, whether or not there was a legitimate or good faith controversy between the parties) that Defendants had a right to litigate.
>
> If you decide to award prejudgment interest, it is within your discretion to choose the date from which that interest should begin. That date can be any date between the date that the injury (if any) to the Freddie Mac junior preferred and common shareholders occurred and the date of the trial.
>
> You are not being asked to determine any award of prejudgment interest for junior preferred shareholders of Fannie Mae because such interest (if any) will be assessed by the Court as a matter of Delaware law on any damages you may award.

Upon the Court's adoption of this instruction, this agreement resolves the portion of Defendants' motion that sought a revised instruction on this issue.

Dated: August 4, 2023

Respectfully submitted,

/s/ *Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

/s/ *Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

/s/ *Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*