# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.,*<br><br>               Plaintiffs,<br><br>   v.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, *et al.,*<br><br>             Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In Re Fannie Mae / Freddie Mac Senior<br>Preferred Stock Purchase Agreement Class<br>Action Litigations<br><br><br>This document relates to:<br>*ALL CASES* | Case No. 1:13-mc-01288 (RCL) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DENIAL OF PREJUDGMENT INTEREST FOR FANNIE MAE PREFERRED CLASS AND BERKLEY PLAINTIFFS AND CROSS-MOTION FOR ENTRY OF JUDGMENT WITH PREJUDGMENT INTEREST

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.      The Fannie Preferred Plaintiffs Are Entitled To An Award Of Prejudgment
        Interest As A Matter Of Right ................................................................................ 2

        A.      Applicable Delaware Law ............................................................................ 2

        B.      The Fannie Preferred Plaintiffs Are Entitled To An Award Of Prejudgment
                Interest Commencing On August 17, 2012 .................................................. 3

        C.      Defendants' Arguments Are Baseless ......................................................... 3

II.     The Court Should Award Prejudgment Interest To Be Compounded Quarterly ............... 9

CONCLUSION ..................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Activision Blizzard, Inc. S'holder Litig.*,
  124 A.3d 1025 (Del. Ch. 2015)...........................................................................5

*Balooshi v. GVP Global Corp.*,
  C.A. No. N19C-10-215 CEB, 2022 WL 576819 (Del. Super. Ct. Feb. 25,
  2022) ..........................................................................................................................3

*Balt. Pile Driving & Marine Constr., Inc. v. Wu & Assocs.*,
  C.A. No. N19L-07-090 SKR, 2021 WL 5711454 (Del. Super. Ct. Dec. 1,
  2021) ..........................................................................................................................2

*Bishop v. Progressive Direct Ins. Co.*,
  C.A. No. K14C-11-004 WLW, 2019 WL 2009331 (Del. Super. Ct. May 3,
  2019) ..........................................................................................................................4

*Brandin v. Gottlieb*,
  No. CIV. A. 14819, 2000 WL 1005954 (Del. Ch. July 13, 2000).........................11

*Brandywine Smyrna, Inc. v. Millennium Builders, LLC*,
  34 A.3d 482 (Del. 2011) ............................................................................... *passim*

*Brookfield Asset Mgmt., Inc. v. Rosson*,
  261 A.3d 1251 (Del. 2021) ....................................................................................4

*CertiSign Holding, Inc. v. Kulikovsky*,
  C.A. No. 12055-VCS, 2018 WL 2938311 (Del. Ch. June 7, 2018) ......................11

*Chaplake Holdings Ltd. v. Chrysler Corp.*,
  No. Civ.A. 94C-04-164-JO, 2003 WL 22853462 (Del. Super. Ct. Oct. 30,
  2003) ..........................................................................................................................3

*Chrysler Corp. (Del.) v. Chaplake Holdings, Ltd.*,
  822 A.2d 1024 (Del. 2003) .....................................................................................1

*Citadel Holding Corp. v. Roven*,
  603 A.2d 818 (Del. 1992) .......................................................................................1

*CPR Mgmt v. Devon Park Bioadventures, L.P.*,
  19 F.4th 236 (3d Cir. 2021) ....................................................................................9

*Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*,
  Civil No. 13-1053 (RCL), 2018 WL 4680197 (D.D.C. Sept. 28, 2018) ..............5

*Fresh Del Monte Produce N.V. v. Eastbrook Caribe A.V.V.*,
    836 N.Y.S.2d 160 (N.Y. App. Div. 2007) ...............................................................4

*Glidepath Ltd. v. Beumer Corp.*,
    C.A. No. 12220-VCL, 2019 WL 855660 (Del. Ch. Feb. 21, 2019) ........................10

*Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*,
    817 A.2d 160 (Del. 2002) ........................................................................................9

*Hurd v. Hurd*,
    C.A. No. 4675-MG, 2018 WL 1470599 (Del. Ch. Mar. 26, 2018) ........................11

*Janas v. Biedrzycki*,
    No. C.A. 97C-08-060 THG, 2000 WL 33114354 (Del. Super. Ct. Oct. 26,
    2000) .........................................................................................................................7

*Kunstek v. Alpha-X Corp.*,
    No. CIV.A.80C-MY-1211986 .................................................................................8

*Lum v. Nationwide Mut. Ins. Co.*,
    No. 78C-MY-55, 1982 WL 1585 (Del. Super. Ct. Apr. 27, 1982), *aff'd, Lum
    v. Nationwide Mut. Ins. Co.*, 461 A.2d 693 (Del. 1983) ......................................7, 8

*Mannen v. Wilmington Tr. Co.*,
    C.A. No. 8432–ML, 2015 WL 1914599 (Del. Ch. Apr. 24, 2015)...........................9

*Miller v. Trimont Global Real Estate Advisors LLC*,
    587 F. Supp. 3d 170 (D. Del. 2022)......................................................................10

*Moose Agricultural LLC v. Layn USA, Inc.*,
    Civil Action No. 1:20-cv-02508-RBJ, 2022 WL 18456164 (D. Colo. Nov. 7,
    2022) .......................................................................................................................10

*Murphy Marine Servs. of Del, Inc.. v. GT USA Wilmington, LLC*,
    C.A. No. 2018-0664-LWW, 2022 WL 4296495 (Del. Ch. Sept. 19, 2022)............12

*Nutt v. GAF Corp.*,
    No. CIV.A. 80C-FE-8, 1987 WL 12419 (Del. Super. Ct. May 21, 1987)................8

*O'Leary v. eTechInvestments Ltd.*,
    C.A. No. N15C-03-106 MMJ, 2017 Del. Super. LEXIS 1143 (Del. Super. Ct.
    May 25, 2017).........................................................................................................9

*ONTI, Inc. v. Integra Bank*,
    751 A.2d 904 (Del. Ch. 1999).................................................................................10

*Parexel Int'l (IRL) Ltd. v. Xynomic Pharms., Inc.*,
    C.A. No. N19C-07-103 PRW CCLD, 2021 WL 3074343 (Del. Super. Ct. July
    21, 2021) ................................................................................................................2

*Polychain Cap. LP v. Pantera Venture Fund II LP*,
    C.A. No. 2021-0670-PAF, 2022 WL 2467778 (Del. Ch. July 6, 2022) ...................9

*ReCor Med., Inc. v. Warnking*,
    C.A. No. 7387-VCN, 2015 WL 535626 (Del. Ch. Jan. 30, 2015)..........................11

*Rollins Env't Servs., Inc. v. WSMW Indus., Inc.*,
    426 A.2d 1363 (Del. Super. Ct. 1980) ...............................................................7, 8

*Schneider Nat'l Carriers, Inc. v. Kuntz*,
    2022 WL 1222738 (Del. Super. Ct. Apr. 25, 2022)............................................9-10

*Smart Sand, Inc. v. US Well Servs. LLC*,
    C.A. No. N19C-01-144 PRW, 2021 WL 2400780 (Del. Super. Ct. June 1,
    2021) ....................................................................................................................2

*TranSched Sys. Ltd. v. Versyss Transit Sols., LLC*,
    C.A. No. 07C-08-286 WCC, 2012 WL 1415466, at *5 (Del. Super. Ct. Mar.
    29, 2012) ...............................................................................................................7

*Valeant Pharms. Int'l v. Jerney*,
    921 A.2d 732 (Del. Ch. 2007)...........................................................................11

*Williams Cos. v. Energy Transfer LP*,
    C.A. No. 12168-VCG, 2022 WL 3650176 (Del. Ch. Aug. 25, 2022) ....................10

# INTRODUCTION

As Defendants acknowledge, "Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing against Fannie Mae is governed by Delaware law." *See* Defs.' Mot. for Denial of Prejudgment Interest for Fannie Mae Preferred Class and Berkley Pls. (hereinafter "Def. Br."), at 3 (Class ECF No. 395).[1]  Under black letter Delaware law, "pre-judgment interest is awarded as a matter of right, and not by judicial discretion . . . ." *Chrysler Corp. (Del.) v. Chaplake Holdings, Ltd*., 822 A.2d 1024, 1037 (Del. 2003).  *See also Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992) (citing *Moskowitz v. Mayor & Council of Wilmington*, 391 A.2d 209 (Del. 1978)) ("In Delaware, prejudgment interest is awarded as a matter of right.").  Despite this clear authority, Defendants argue that "the principles that guide the decision whether to award prejudgment interest uniformly disfavor such an award in this case," Def. Br. at 1, and ask this Court to deny an award of prejudgment interest to the Fannie Preferred Class and the Berkley Plaintiffs (collectively, the "Fannie Preferred Plaintiffs").

Defendants are wrong.  They repeatedly distort both the law and the facts to concoct a rationale that contradicts decades of established precedent demonstrating that the Fannie Preferred Plaintiffs are entitled to an award of prejudgment interest as a matter of right.  The only questions committed to the discretion of the Court are whether to award compound rather than simple prejudgment interest, and if so, how frequently the interest should be compounded.

For the reasons discussed herein, the Court should deny Defendants' Motion, grant Plaintiffs' cross-motion, and enter judgment awarding the Fannie Preferred Plaintiffs prejudgment interest at the applicable statutory rate, compounded quarterly.

---

[1] "Class ECF No." refers to Case No. 1:13-mc-1288-RCL.

# ARGUMENT

**I.   The Fannie Preferred Plaintiffs Are Entitled To An Award Of Prejudgment Interest As A Matter Of Right**

**A.   Applicable Delaware Law**

Prejudgment interest "is awarded in Delaware as a matter of right and not of judicial discretion." *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 485 (Del. 2011) (quoting *Moskowitz*, 391 A.2d at 210). *See also Parexel Int'l (IRL) Ltd. v. Xynomic Pharms., Inc.*, C.A. No. N19C-07-103 PRW CCLD, 2021 WL 3074343, at *19 & n.213 (Del. Super. Ct. July 21, 2021)[2] ("A non-breaching party is entitled to pre- and post-judgment interest as a matter of right, and Delaware courts will not disturb that right."); *Smart Sand, Inc. v. US Well Servs. LLC*, C.A. No. N19C-01-144 PRW CCLD, 2021 WL 2400780, at *14 (Del. Super. Ct. June 1, 2021) (citations omitted) ("a non-breaching party is entitled to prejudgment interest as a matter of right, and that balance will not be disturbed."). Delaware courts "'award pre-judgment and post-judgment interest to the prevailing injured party for the detention of damages.'" *Balt. Pile Driving & Marine Constr., Inc. v. Wu & Assocs.*, C.A. No. N19L-07-090 SKR, 2021 WL 5711454, at *10 n.78 (Del. Super. Ct. Dec. 1, 2021) (quoting *Chaplake Holdings Ltd. v. Chrysler Corp.*, No. Civ.A. 94C-04-164-JO, 2003 WL 22853462, at *4 (Del. Super. Ct. Oct. 30, 2003)). *See also Parexel*, 2021 WL 3074343 at *19 n.213 (citing *Chaplake*, 2003 WL 22853462 at *4) (same).

The same is true here; the Fannie Preferred Plaintiffs are entitled to an award of prejudgment interest as a matter of right under the law.

---

[2] Unless otherwise stated, internal citations are omitted.

**B.    The Fannie Preferred Plaintiffs Are Entitled To An Award Of Prejudgment Interest Commencing On August 17, 2012**

"In contract actions, pre-judgment interest is computed from the date of the breach." *Balooshi v. GVP Global Corp.*, C.A. No. N19C-10-215 CEB, 2022 WL 576819, at *14 & n.115 (Del. Super. Ct. Feb. 25, 2022) (citing *Citadel*, 603 A.2d at 826).  *See also Chaplake*, 2003 WL 22853462, at *4 ("Delaware courts also compute pre-judgment interest from the date of defendant's breach of contract/promise.").

Defendants' breach of the implied covenant of good faith and fair dealing occurred on August 17, 2012, and the Fannie preferred shares sustained damages in the amount of $299.4 million on that date.  Accordingly, at all times since August 17, 2012, Defendants have owed the holders of Fannie preferred shares collectively a cash payment in the amount of $299.4 million to compensate them for the harm their shares sustained as a result of Defendants' breach.  Defendants have not made any such payment to the Fannie Preferred Plaintiffs, and therefore, as a matter of law, the Fannie Preferred Plaintiffs are entitled to an award of prejudgment interest commencing on August 17, 2012.  *See cases cited supra.*

**C.    Defendants' Arguments Are Baseless**

Defendants passingly concede that prejudgment interest is "typically awarded 'as a matter of right,'" Def. Br. at 3, but they then ignore this reality for the remainder of their brief.  In arguing against an award of prejudgment interest, Defendants offer nothing but strawmen and inapposite caselaw.  None of Defendants' arguments has any merit.

*First*, Defendants contend that "holders of the Fannie junior preferred shares have not been deprived the use of their funds and Fannie Mae has not received any interim benefit from the funds that the jury's verdict now requires it to pay in damages." Def. Br. at 4.  This is wrong.  *Brandywine Smyrna*, the very case on which **Defendants** principally rely, specifically holds that "full

compensation requires an allowance for the detention of the compensation awarded and [prejudgment] interest is used as a basis for measuring that allowance." 34 A.3d at 486 (quoting *Moskowitz*, 391 A.2d at 210). Defendants do not and cannot dispute that the "detention" of the $299.4 million "compensation awarded" has persisted from August 17, 2012 to the present because the damages accrued on that date and have not yet been paid. The Fannie Preferred Plaintiffs, therefore, have been deprived of the use of that $299.4 million for 11 years, while Defendants have benefitted by not paying that sum for 11 years. Accordingly, as in *Brandywine Smyrna*, the Fannie Preferred Plaintiffs are entitled to prejudgment interest on the damages that were awarded by reason of Defendants' breach of contract. *Id.* at 487.

*Second*, Defendants argue that "the drop in share value" on which the Fannie Preferred Plaintiffs based their damages theory did not deprive any holder of Fannie preferred shares "of the 'use' of its money as required by Delaware law." Def. Br. at 5. This is nonsensical. Prejudgment interest is assessed on the $299.4 million damages award, not on "the drop in share value." *See Bishop v. Progressive Direct Ins. Co.*, C.A. No. K14C-11-004 WLW, 2019 WL 2009331, at *4 (Del. Super. Ct. May 3, 2019) (finding in a tort case that "prejudgment interest is calculated based on the damages awarded by the jury"). Therefore, the cases cited by Defendants for the proposition that Plaintiffs have not been deprived of the "use" of their money, merely because they have held their Fannie preferred shares, are inapposite. Def. Br. at 5.[3] The Fannie Preferred Plaintiffs plainly have been deprived of the use of the $299.4 million in damages awarded because Defendants have not yet paid it.

---

[3] *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251 (Del. 2021) is neither a breach of contract case nor is there any discussion concerning the determination of whether to award prejudgment interest. Similarly, *Fresh Del Monte Produce N.V. v. Eastbrook Caribe A.V.V.*, 836 N.Y.S.2d 160, (N.Y. App. Div. 2007) is inapposite because Plaintiffs here contend that they are entitled to prejudgment interest on the damages award determined by the jury, not on any "decline in value."

Defendants' argument also fails because nothing in Delaware law limits an award of prejudgment interest to circumstances in which the defendant incurs liability by depriving the plaintiff of the "use" of funds. To be sure, Delaware courts award prejudgment interest as a matter of right in part because such interest is necessary to compensate the plaintiff "for the loss of the use of his or her money." *Brandywine Smyrna*, 34 A.3d at 486. But that is because a duty to pay the plaintiff money arises when the defendant breaches a contract, so interest must be awarded on that money between the time of the breach and the time judgment is entered to make the plaintiff whole due to the time value of money. Neither *Brandywine Smyrna* nor any other Delaware case of which Plaintiffs are aware says that prejudgment interest may be withheld merely because the defendant breached a contract in some way other than by failing to pay a specified sum that was due on the date of the breach.

Moreover, the dates on which members of the Fannie Preferred Class purchased their shares are as irrelevant to the award of prejudgment interest as they were to the award of damages. Delaware law and the law of this case hold that the harm travels with the shares. *See In re Activision Blizzard, Inc. S'holder Litig.*, 124 A.3d 1025, 1050 (Del. Ch. 2015) ("When a share of stock is sold, the property rights associated with the shares, including any claim for breach of those rights and the ability to benefit from any recovery or other remedy, travel for breach of those rights and the ability to benefit from any recovery or other remedy, travel with the shares."); *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, Civil No. 13-1053 (RCL), 2018 WL 4680197, at *8 (D.D.C. Sept. 28, 2018) (quoting *Activision*, 124 A.3d at 1050, and adding, "[r]ights associated with dividends and liquidation preferences inhere in the security."); Opinion on Class Certification, Class ECF No. 138 at 16, 18 ("rights associated with dividends and liquidation preferences inhere

in the security," and such "claims travel[] to the purchasers of [] shares").[4]  Thus, regardless of the date of purchase, each share in the Class is entitled to be paid a *pro rata* portion of the $299.4 million damages award, and no member of the Class has received any such payment. Consequently, all Fannie Preferred Plaintiffs are entitled to an award of prejudgment interest.

For the same reasons, Defendants' argument that their breach of the implied covenant "did not result in their receiving or retaining any Fannie Preferred Class members' funds," Def. Br. at 7, is equally meritless.  As discussed above, the "funds at issue" are the $299.4 million in damages awarded, not "the one-day drop in stock price in the secondary market of Fannie preferred shares following the Third Amendment."  *Id*.  Defendants' false premise renders their entire argument spurious, and the case they rely on is similarly inapposite.

*Third*, Defendants argue that "[p]rejudgment interest is also inappropriate unless the amount of damages owed to the plaintiff was 'so readily ascertainable' that defendant could have simply paid the defendant [sic] immediately, as opposed to requiring the plaintiff to obtain relief through the legal process."  Def. Br. at 8.  This contradicts black letter Delaware law and, thus, should be rejected out of hand.  In *Brandywine Smyrna*, the defendant made the same argument

---

[4] During the first trial, Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) and argued, *inter alia*, that Plaintiffs' claims did not travel with the shares. First Trial Tr. at 1818:20–1823:7 (The trial transcripts from the first trial are docketed at ECF Nos. 263–289 on the *Berkley* docket, No. 1:13–cv–1053–RCL).  Plaintiffs opposed that motion, responding that they did not sue over "the loss on the sale of the shares," but rather, "it is the infliction of harm on the shares themselves that no longer have that right to potential dividends." *Id.* at 1829:9–12.  This Court then denied Defendants' Rule 50(a) motion.  *Id.* at 1830:2. Defendants made a similar motion during the second trial, contending that Plaintiffs' stock-price-drop claims do not travel with the shares.  *See* Class ECF No. 369, Second Trial Tr. (8/1/2023, PM Session) at 1500:4–1510:17; Class ECF No. 378. (8/9/2023, AM Session) at 2600:18–21; Class ECF No. 380. (8/10/2023, AM Session) at 2771:6–11.  Plaintiffs opposed the Defendants' motion, arguing that the injury and consequently the claims, travel with the shares.  *See* Class ECF No. 369. (8/1/2023, PM Session) at 1511:11–12.  The Court denied Defendants' motion.  *Id.* (8/1/2023, PM Session) at 1512:15; Class ECF No. 378 (8/9/2023, AM Session) at 2600:22; Class ECF No. 380 (8/10/2023, AM Session) at 2771:12.

Defendants make here, that the plaintiff was "not entitled to prejudgment interest because their damage award was not calculable until trial and under Delaware common law, prejudgment interest is awarded only when damages are quantifiable prior to judgment."  34 A.3d at 486-87 (citing *Rollins Env't Servs., Inc. v. WSMW Indus., Inc*., 426 A.2d 1363, 1364-66 (Del. Super. Ct. 1980)).  The Delaware Supreme Court ruled that this argument "was explicitly rejected in *Janas v. Biedrzycki*," No. C.A. 97C-08-060 THG, 2000 WL 33114354 (Del. Super. Ct. Oct. 26, 2000), and specifically "approve[d] and affirm[ed]" the *Janas* court's holding that:

> [I]t is undeniable that the value of the injury is calculable.  Simply because the precise amount of the damage was not ultimately fixed until the award was rendered, does not diminish its pecuniary nature. Applying such logic would result in never finding pre-judgment interest is allowable, because the exact value of any given case is not determined until the finder of fact returns a verdict.

*Id*. at 487 (quoting *Janas*, 2000 WL 33114354 at *5).  The Delaware Supreme Court therefore reversed the Superior Court's decision to enter judgment for the plaintiff without an award of prejudgment interest and "remanded [the case] to the Superior Court for a determination of the amount of prejudgment interest that [was] due to [the plaintiff]."  *Id*.; *see also TranSched Sys. Ltd. v. Versyss Transit Sols., LLC*, C.A. No. 07C-08-286 WCC, 2012 WL 1415466, at *5 (Del. Super. Ct. Mar. 29, 2012) ("When determining when a period for pre-judgment interest should begin, the Court asks when the plaintiff first suffered a loss at the hands of the defendant.  *This is so regardless of the fact that the precise amount of the plaintiff's damages was determined upon entry of judgment*." (emphasis added)).

Despite Defendants' citing *Brandywine Smyrna* five times throughout their brief, they ignore the foregoing holding and instead rely exclusively on an inapposite 40-year-old Delaware Superior Court decision, *Lum v. Nationwide Mut. Ins. Co.*, No. 78C-MY-55, 1982 WL 1585 (Del. Super. Ct. Apr. 27, 1982), *aff'd, Lum v. Nationwide Mut. Ins. Co.*, 461 A.2d 693 (Del. 1983).  But the *Lum* court relied on *Rollins*, an even older Superior Court decision that the Delaware Supreme

Court **specifically rejected** in *Brandywine Smyrna*.  As Defendants acknowledge, *Lum* was a wrongful death action in which the Superior Court noted that the damages award depended on "complex computations involving a decedent's projected future income." *Id*. at *5.  In declining to award prejudgment interest, the court in *Lum* cited *Rollins* for the proposition that "[i]t would be unfair, however, and contrary to the reason for awarding interest, to compel a defendant to pay pre-judgment interest on an obligation whose amount could not reasonably have been determined prior to the judgment." *Id*.  In *Brandywine Smyrna*, however, the Delaware Supreme Court specifically rejected *Rollins*, holding "[w]e disagree with that overbroad assertion."  34 A.3d at 487.  Defendants' argument based on *Lum* and its progeny[5] misrepresents Delaware law.

Furthermore, even if Defendants were correct in their premise that prejudgment interest only becomes available under Delaware law once damages are ascertainable, the damages at issue in this case were ascertainable on the date of Defendants' breach.  Plaintiffs presented their damages at trial based on an event study created by Defendants' own expert, which measured the value of the price decline on the date the Net Worth Sweep was announced.  Both sides also stipulated during the first and second trials to the amount of the loss in market value on that date. *See* Class ECF No. 230 at ¶¶40-41; Class ECF No. 335-1 at ¶¶39-40.  The exact dollar value of the harm was therefore known and knowable, and the fact that the jury awarded less does not make the maximum amount potentially awardable any less ascertainable.

In sum, there is no legal basis to deny the Fannie Preferred Plaintiffs an award of prejudgment interest.

---

[5] *Kunstek v. Alpha-X Corp.*, No. CIV.A.80C-MY-1211986 WL 5875 (Del. Super. Ct. May 15, 1986), cited on page 8 of Defendants' brief, specifically relied on *Lum*; and *Nutt v. GAF Corp.*, No. CIV.A. 80C-FE-8, 1987 WL 12419 (Del. Super. Ct. May 21, 1987), cited on pages 8 and 9 of Defendants' brief, specifically relied on *Lum* and *Kunstek*.

## II.     The Court Should Award Prejudgment Interest To Be Compounded Quarterly

With regard to whether prejudgment interest should be compounded, the Delaware Supreme Court has held that "no rule of simple interest exists in the General Corporation Law" and "[t]he rule or practice of awarding simple interest, in this day and age, has nothing to commend it -- except that it has always been done that way in the past." *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002) (citation omitted); *see also CPR Mgmt v. Devon Park Bioadventures, L.P.*, 19 F.4th 236, 248 (3d Cir. 2021) (citing *Gotham Partners* for the proposition that "Delaware courts have interpreted Section 2301(a) to give courts the discretion to award compound interest" and upholding award of prejudgment interest compounded quarterly).[6]

Defendants suggest that courts of law lack discretion to award anything other than simple interest, but the "more recent trend" in Delaware courts "has been to award compound interest, which better comports with fundamental economic reality." *Mannen v. Wilmington Tr. Co.*, C.A. No. 8432–ML, 2015 WL 1914599, at *36 (Del. Ch. Apr. 24, 2015) (internal quotations omitted); *see also Polychain Cap. LP v. Pantera Venture Fund II LP*, C.A. No. 2021-0670-PAF, 2022 WL 2467778, at *12 (Del. Ch. July 6, 2022) (awarding pre- and post-judgment interest compounded quarterly because "[i]nterest is ordinarily compounded quarterly"). As a result, Delaware's Superior Court routinely calculates prejudgment interest by compounding. *See, e.g.*, *Schneider Nat'l Carriers, Inc. v. Kuntz*, 2022 WL 1222738, at *32 (Del. Super. Ct. Apr. 25, 2022) (awarding prejudgment interest compounded quarterly); *O'Leary v. eTechInvestments Ltd.*, C.A. No. N15C-03-106 MMJ, 2017 Del. Super. LEXIS 1143, at *1 (Del. Super. Ct. May 25, 2017) (awarding

---

[6] Defendants quote the Delaware Supreme Court's observation in *Gotham Partners* that "Delaware courts have traditionally disfavored compound interest," Def. Br. at 11 (quoting *Gotham Partners*, 817 A.2d at 173), but they fail to mention that *Gotham Partners* criticized the traditional practice of awarding simple interest and went on to affirm an award of prejudgment interest calculated by compounding.

prejudgment interest compounded monthly).  And while Defendants assert that compound interest is disfavored in breach of contract cases, federal courts applying Delaware law regularly award compound prejudgment interest in such cases.  *See, e.g.*, *Miller v. Trimont Global Real Estate Advisors LLC*, 587 F. Supp. 3d 170, 200-01 (D. Del. 2022); *Moose Agricultural LLC v. Layn USA, Inc.*, Civil Action No. 1:20-cv-02508-RBJ, 2022 WL 18456164 (D. Colo. Nov. 7, 2022).  Defendants offer no good reason to depart from that trend in this case, and there are numerous reasons to follow it.

*First*, the Fannie Preferred shareholders entered into sophisticated financial contracts with Fannie Mae, and simple interest is inappropriate in a dispute over such contracts.  When deciding whether to award compound prejudgment interest, "the financial sophistication of the parties involved" is one of the factors courts consider because simple interest is unheard of in complex modern financial contracts.  *Moose Agricultural LLC*, 2022 WL 18456164, at *5.  "[C]ompound interest is the standard form of interest in the financial markets," *ONTI, Inc. v. Integra Bank*, 751 A.2d 904, 926 n.88 (Del. Ch. 1999), and "[c]ompanies neither borrow nor lend at simple interest rates" *Glidepath Ltd. v. Beumer Corp.*, C.A. No. 12220-VCL, 2019 WL 855660, at *26 (Del. Ch. Feb. 21, 2019); *see also Williams Cos. v. Energy Transfer LP*, C.A. No. 12168-VCG, 2022 WL 3650176, at *6 (Del. Ch. Aug. 25, 2022) (awarding prejudgment interest compounded quarterly).[7] Given the nature of the contracts that Defendants breached, calculating prejudgment interest by compounding is the only approach that would be consistent with the parties' contractual relationship and the surrounding circumstances of this case.

---

[7] The *Williams* court reasoned:  "In the context of sophisticated commercial parties, [c]ompanies neither borrow nor lend at simple interest rates. . . . Indeed, even passbook savings accounts now compound their interest daily. It is thus hard[ ] to imagine a corporation today that would seek simple interest on the funds it holds."  *Id.* (quotations and citations omitted).

*Second*, limiting the award to simple interest would undercompensate Plaintiffs for the time value of the money that the jury found Defendants have owed the Fannie Preferred shareholders since August 17, 2012.  Delaware courts have often observed that "compound interest is a more accurate means of measuring the time value of money."  *CertiSign Holding, Inc. v. Kulikovsky*, C.A. No. 12055-VCS, 2018 WL 2938311, at *29 (Del. Ch. June 7, 2018) (citation omitted); *see also, e.g.*, *ReCor Med., Inc. v. Warnking*, C.A. No. 7387-VCN, 2015 WL 535626, at *1 (Del. Ch. Jan. 30, 2015).  Accurately measuring the time value of money by awarding compound prejudgment interest is especially important where, as here, a significant amount of time has passed since the damages were incurred.  *See Valeant Pharms. Int'l v. Jerney*, 921 A.2d 732, 756 (Del. Ch. 2007) (awarding interest compounded monthly because defendant "had the use of $3 million of the company's money since April 2002"); *Hurd v. Hurd*, C.A. No. 4675-MG, 2018 WL 1470599, at *5 n.27 (Del. Ch. Mar. 26, 2018) (observing that compound interest is warranted "to address the 'fundamental economic reality,' in cases where the wrongdoing [] occurred over long periods of time").  Had Defendants paid the Fannie Preferred shareholders the sum they were owed in August 2012, it is reasonable to assume that many of the shareholders would have reinvested the proceeds in other stock, generating a return far in excess of even the compound prejudgment interest that Plaintiffs seek.  *See Brandin v. Gottlieb*, No. CIV. A. 14819, 2000 WL 1005954, at *29 (Del. Ch. July 13, 2000) (finding that even an award of compound interest "will quite likely be inadequate to compensate [plaintiff] for missing the opportunity to invest the funds due her").  Indeed, the return on the S&P 500 over the past eleven years since August 17, 2012 is 209.38%, which is far less than the amount of interest due shareholders.  Mason Decl. at ¶ 7.[8]  Accordingly,

---

[8] References to "Mason Decl." are to the August 23, 2023 Declaration of Joseph R. Mason, Ph.D., submitted herewith.

on the facts of this case, calculating prejudgment interest by compounding is the only way to effectuate one of the core purposes of prejudgment interest, which is to "compensate[ ] the plaintiff for the loss of the use of his or her money." *Brandywine Smryna*, 34 A.3d at 486; *see Murphy Marine Servs. of Del, Inc.. v. GT USA Wilmington, LLC*, C.A. No. 2018-0664-LWW, 2022 WL 4296495, at *24 (Del. Ch. Sept. 19, 2022) ("Compounding interest better reflects the financial realities of conducting business and serves the interest of putting injured parties back into the position they were before the breach.").

Under the circumstances of this case, Plaintiffs respectfully submit that the Court should exercise its discretion to award prejudgment interest to be compounded quarterly based on the federal funds rate as it changed each quarter from August 17, 2023 through the present, which amounts to $277.9 million to date.  Mason Decl. at ¶ 5.  The August 23, 2023 Declaration of Joseph R. Mason, Ph.D., submitted herewith, summarizes the calculation of that figure.  For the sake of completeness, Dr. Mason has also calculated the prejudgment interest on a simple (non-compounding) basis, which amounts to $198.1 million to date.  *Id*. at ¶ 6.  Both of these figures are calculated through the date of this submission, and Dr. Mason has also included in his Declaration a table providing updated interest numbers under both methodologies for the next 30 days.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion and grant Plaintiffs' cross-motion to enter judgment awarding the Fannie Preferred Plaintiffs prejudgment interest at the applicable statutory rate, compounded quarterly.

Dated: August 23, 2023                           Respectfully submitted,

/s/ Charles J. Cooper                            /s/ Eric L. Zagar
Charles J. Cooper (Bar No. 24870)                Eric L. Zagar (*Pro Hac Vice*)
David H. Thompson (Bar No. 450503)               **KESSLER TOPAZ MELTZER**

Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*

& CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (Pro Hac Vice)
**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*