**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, *et al.*,<br><br>          Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In Re Fannie Mae / Freddie Mac Senior<br>Preferred Stock Purchase Agreement Class<br>Action Litigations<br><br>_____<br><br>This document relates to:<br>*ALL CASES* | Case No. 1:13-mc-01288 (RCL) |

**PLAINTIFFS' REPLY IN SUPPORT OF CROSS-MOTION FOR**
**ENTRY OF JUDGMENT WITH PREJUDGMENT INTEREST**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 1

I.     The Fannie Preferred Plaintiffs Are Entitled To Prejudgment Interest Regardless Of The Methodology For Determining Damages ............................................. 1

II.    The Court Should Award Prejudgment Interest Calculated Using A Fluctuating Interest Rate And Quarterly Compounding ...................................................... 7

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American General Corp. v. Continental Airlines Corp.*,
   622 A.2d 1 (Del. Ch. 1992)........................................................................4

*ArcherDX, LLC v. Qiagen Sciences, LLC*,
   No. 18-1019, 2022 WL 4597877 (D. Del. Sept. 30, 2022)........................................8

*BioLife Solutions, Inc. v. Endocare, Inc.*,
   838 A.2d 268 (Del. Ch. 2003)......................................................................4

*Brandywine Smyrna, Inc. v. Millennium Builders, LLC*,
   34 A.3d 482 (Del. 2011) ....................................................................... *passim*

*CertiSign Holding, Inc. v. Kulikovsky*,
   No. 12055-VCS, 2018 WL 2938311 (Del. Ch. June 7, 2018)...................................7

*Chaplake Holdings Ltd. v. Chrysler Corp.*,
   No. 94C-04-164, 2003 WL 22853462 (Del. Super. Oct. 30, 2003)...........................2

*CIGNEX Datamatics, Inc. v. Lam Research Corp.*,
   No. 17-320, 2021 WL 212692 (D. Del. Jan. 21, 2021) .........................................8

*CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*,
   19 F.4th 236 (3d Cir. 2021) .....................................................................8

*Diamond Fortress Techs., Inc. v. EverID, Inc.*,
   274 A.3d 287 (Del. Super. Ct. 2022) ............................................................4

*In re Dole Food Co., Stockholder Litig.*,
   No. 8703-VCL, 2015 WL 5052214 (Del. Ch. Aug. 27, 2015) ................................9

*Giesecke+Devrient Mobile Sec. Am., Inc., v. NXT-ID, Inc.*,
   No. 2020-0664, 2021 WL 982597 (Del. Ch. Mar. 16, 2021) ................................8

*Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*,
   817 A.2d 160 (Del. 2002) .......................................................................7

*Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*,
   855 A.2d 1059 (Del. Ch. 2003)................................................................4, 7

*In re Happy Child World, Inc.*,
   C.A. No. 3402-VCS, 2020 WL 7240714 (Del. Ch. Dec. 9, 2020) ..........................8

*Hoyd v. Trussway Holdings, LLC*,
No. 2017-0260, 2019 WL 1438227 (Del. Ch. Mar. 29, 2019) ..................................9

*Hsingching Hsu v. Puma Biotechnology, Inc.*,
No. SACV 15-00865 AG (SHKx), 2019 WL 4295285 (C.D. Cal. Sept. 9,
2019) ..................................................................................................................5

*Lamourine v. Mazda Motor of America, Inc.*,
C.A. No. 05C-08-236, 2007 WL 3379328 (Del. Super. Ct. May 29, 2007)...........................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*,
No. 02 C 5893, 2013 WL 11319426 (N.D. Ill. Oct. 4, 2013) ...................................5

*Leaf Invenergy Co. v. Invenergy Renewables LLC*,
No. 11830-VCL, 2019 WL 2502492 (Del. Ch. June 19, 2019)...................................9

*Levey v. Browstone Asset Mgmt., LP*,
No. 5714-VCL, 2014 WL 4290192 (Del. Ch. Aug. 29, 2014) .................................9

*McGlothlin v. Petrunich Oral & Maxillofacial Surgery*,
No. N20C-08-186, 2023 WL 5747520 (Del. Super. Ct. Sept. 6, 2023) ...................9

*Metro Storage Int'l LLC v. Harron*,
275 A.3d 810 (Del. Ch. 2022)......................................................................7, 9

*MHL Custom, Inc. v. Waydoo USA, Inc.*,
No. 21-0091, 2023 WL 5805889 (D. Del. Sept. 7, 2023).......................................8

*Murphy Marine Servs. of Del. v. GT USA Wilmington, LLC*,
No. 2018-0664-LWW, 2022 WL 4296495 (Del. Ch. Sept. 19, 2022)...................2, 4

*NetApp, Inc. v. Cinelli*,
No. 2020-1000-LWW, 2023 WL 4925910 (Del. Ch. Aug. 3, 2023)....................2, 4

*Noramco LLC v. Dishman USA, Inc.*,
No. 21-1696, 2023 WL 1765566 (D. Del. Feb. 3, 2023)......................................8, 9

*Permint v. Kia Motors America, Inc.*,
No. N17C-02-236, 2022 WL 2443009 (Del. Super. Ct. June 23, 2022) .................6

*Phage Diagnostics v. Corvium, Inc.*,
No. N19C-07-200 MMJ, 2023 WL 3491882 (Del. Super. Ct. May 2, 2023)......................2, 4

*Polychain Capital LP v. Pantera Venture Fund II LP & Pantera Capital Mgmt.
LP*,
No. 2021-0670, 2023 Del. Ch. LEXIS 239 (Del. Ch. Jan. 3, 2023) ..........................7

*Purewick Corp. v. Sage Prods., LLC*,
   No. 19-1508, 2023 WL 2734418 (D. Del. Mar. 31, 2023) ....................................................8

*Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*,
   503 F. Supp. 3d 156 (D. Del. 2020) ...................................................................................8

*Schneider Nat'l Carriers, Inc. v. Kuntz*,
   No. N21C-10-157, 2022 WL 1222738 (Del. Super. Ct. Apr. 25, 2022) ..................................8

*Sehoy Energy LP v. Adriani*,
   No. 12387, 2022 WL 2610475 (Del. Ch. July 7, 2022)......................................................7, 9

*Seiden v. Kaneko*,
   No. 9861-VCS, 2018 WL 4111949 (Del. Ch. Aug. 23, 2018) ...............................................9

*Stone & Paper Inv'rs, LLC v. Blanch*,
   No. 2018-0394, 2021 WL 3240373 (Del. Ch. July 30, 2021) ................................................8

*Sugarland Indus., Inc. v. Thomas*,
   420 A.2d 142 (Del. 1980) ..................................................................................................7

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
   No. 17-1390, 2022 WL 3973499 (D. Del. Aug. 31, 2022) ....................................................8

*In re Vivendi Universal, S.A., Securities Litigation*,
   284 F.R.D. 144 (S.D.N.Y. 2012) ......................................................................................5

*Williams Cos., Inc. v. Energy Transfer LP*,
   No. 12168, 2022 WL 3650176 (Del. Ch. Aug. 25, 2022) ....................................................7

## INTRODUCTION

The Fannie Preferred Plaintiffs are entitled to prejudgment interest as a matter of right.  In moving this Court to deny them that right, Defendants ignore mountains of case law that contradict their arguments and ask the Court to do the same.  The Court should not be so cavalier.  For more than 11 years the Fannie Preferred Plaintiffs have suffered the consequences of Defendants' breach of the implied covenant without recompense.  The time has come to make them whole, which necessitates awarding them prejudgment interest, to which they are legally and equitably entitled, and most certainly deserve.  With regard to the methodology for calculating prejudgment interest, Delaware courts recognize that using a fluctuating interest rate and quarterly compounding more accurately reflects the time value of money than simple interest at a fixed rate.  Accordingly, for the reasons discussed herein and in Plaintiffs' Opposition to Defendants' Motion for Denial of Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs and Cross-Motion for Entry of Judgment with Prejudgment Interest ("Cross-Motion"), ECF No. 396, the Court should award the Fannie Preferred Plaintiffs prejudgment interest using a fluctuating rate and compounded quarterly, as reflected in the first column of Exhibit A to the Mason Declaration submitted with Plaintiffs' Cross-Motion.

## ARGUMENT

**I.      The Fannie Preferred Plaintiffs Are Entitled To Prejudgment Interest Regardless Of The Methodology For Determining Damages**

Defendants do not and cannot dispute that prejudgment interest "is awarded in Delaware as a matter of right and not of judicial discretion." *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 485 (Del. 2011) (citations omitted).  Instead, they ignore the law and argue that an award of prejudgment interest to the Fannie Preferred Plaintiffs purportedly "would be contrary to the core purposes of prejudgment interest under Delaware law."  Defendants' Reply

In Support of Motion for Denial of Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs, and Opposition to Plaintiffs' Cross-Motion for Entry of Judgment with Prejudgment Interest ("Def. Br.") at 1. Defendants' entire argument is based on the false premise that "Fannie Mae junior preferred shareholders did not 'lose' the 'use' of the $299.4 million in damages awarded by the jury, and Defendants did not 'retain' any 'benefit' from that drop in share value." *Id.* Defendants are wrong on the law and on the facts.

As a matter of law, "full compensation requires an allowance for the ***detention of the compensation awarded*** and [prejudgment] interest is used as a basis for measuring that allowance," *Brandywine Smyrna*, 34 A.3d at 486 (citations omitted, emphasis added). In a breach of contract action, pre-judgment interest runs from "the date of defendant's breach of contract/promise." *Chaplake Holdings Ltd. v. Chrysler Corp.*, No. 94C-04-164, 2003 WL 22853462, at *4 (Del. Super. Oct. 30, 2003) (citations omitted). Regardless of the nature of the breach or how the damages are measured, prejudgment interest is awarded on the amount of the unpaid judgment. *See, e.g.*, *NetApp, Inc. v. Cinelli*, No. 2020-1000-LWW, 2023 WL 4925910 (Del. Ch. Aug. 3, 2023) (court awarded plaintiff damages for breach of contract based on experts' valuation analyses of privately-held company and awarded prejudgment interest from date of breach); *Phage Diagnostics v. Corvium, Inc.*, No. N19C-07-200 MMJ, 2023 WL 3491882 (Del. Super. Ct. May 2, 2023) (court awarded plaintiff damages for fraudulent inducement based in part on expert's valuation of product lines and related assets and awarded prejudgment interest from date of closing of transaction); *Murphy Marine Servs. of Del. v. GT USA Wilmington, LLC*, No. 2018-0664-LWW, 2022 WL 4296495 (Del. Ch. Sept. 19, 2022) (court awarded plaintiff damages for breach of contract based on financial advisor's estimated valuation of privately-held company's stock and awarded prejudgment interest from date of breach).

As a matter of fact, the jury found that Defendants' breach of the implied covenant of good faith and fair dealing caused the Fannie Preferred Plaintiffs $299.4 million of damages. Hence, $299.4 million is "the compensation awarded," and the Fannie Preferred Plaintiffs are entitled to prejudgment interest on that amount beginning on August 17, 2012, "the date of defendant[s'] breach."

Defendants' argument that "a shareholder's unrealized loss from a one-day decline in the market value of their Fannie Mae shares could not have been 'used' by the shareholder in any sense of the word," Def. Br. at 3, is not only legally irrelevant, it also improperly conflates Plaintiffs' theory of harm—destruction of their contractual rights—with their methodology for measuring the value of the harm—the August 17, 2012 stock drop. From the inception of this case, Plaintiffs have asserted that the Net Worth Sweep nullified their contractual rights as holders of Fannie Mae preferred stock and thereby caused them harm. Consistent with an event study originally prepared by Defendants' expert Dr. Attari, Plaintiffs used the August 17, 2012 stock drop to estimate the value of their lost contractual rights. Based on the evidence presented, the jury awarded the Fannie Preferred Plaintiffs $299.4 million in compensation for the harm they sustained as a result of Defendants' breach. That amount of compensation has been detained for 11+ years. Accordingly, "full compensation requires an allowance for the detention of the [$299.4 million] and [prejudgment] interest is used as a basis for measuring that allowance." *Brandywine Smyrna*, 34 A.3d at 486.

Defendants admit that "Delaware courts commonly award prejudgment interest in ordinary breach-of-contract cases," Def. Br. at 1, but contend that "this was not an ordinary case, and Plaintiffs' damages theory in no way resembled the sorts of damages theories in those other cases, where the purposes of prejudgment interest under Delaware law were clearly and directly served."

*Id*. Once again, Defendants misstate the law. Delaware jurisprudence is replete with numerous cases in which the plaintiffs' damages were determined based on, among other things, securities prices, expert analyses, market estimates, and many other methodologies wholly unrelated to whether the defendant's breach deprived the plaintiff of the "use" of any assets or property.

For example, in *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.,* 855 A.2d 1059 (Del. Ch. 2003), the court held that a complex series of partnership transactions constituted a breach of contract and then undertook an extensive and complex analysis of the appropriate measure of damages, which involved, among other things, market-based data, multiple expert analyses, and multiple court proceedings. After determining the amount of the damages award, the court awarded prejudgment interest on that amount from the date of the breach, with no consideration or analysis of whether the breach deprived the plaintiff of the use of any assets or money. The award of prejudgment interest had nothing to do with whether the plaintiff would have had the damage amount in its hands had there *not* been a breach. Rather, the prejudgment interest award was simply a function of the damages award, as Delaware law requires. *See also NetApp*, *supra*; *Phage Diagnostics*, *supra*; *Murphy Marine*, *supra*; *Diamond Fortress Techs., Inc. v. EverID, Inc*., 274 A.3d 287 (Del. Super. Ct. 2022) (court awarded plaintiff damages for breach of contract based on "highest intermediate price" analysis of publicly traded securities and awarded prejudgment interest from date of breach); *BioLife Solutions, Inc. v. Endocare, Inc*., 838 A.2d 268 (Del. Ch. 2003) (same); *American General Corp. v. Continental Airlines Corp*., 622 A.2d 1 (Del. Ch. 1992) (same).

Furthermore, even where the plaintiffs' theory of harm is rooted in a stock price decline, such as in securities class actions, courts have specifically rejected Defendants' argument that prejudgment interest is unavailable because shareholders did not have "use" of the lost share value.

For example, in *In re Vivendi Universal, S.A., Securities Litigation*, 284 F.R.D. 144, 157-58, 162, 163-64 (S.D.N.Y. 2012), a securities class action in which the plaintiffs' damages were based on the decline of the stock price when the fraud was revealed, the court awarded the plaintiffs prejudgment interest and held that the defendants' "argument that it never had use of plaintiffs' money is irrelevant, because the prejudgment interest inquiry focuses on compensating plaintiffs, not disgorging inequitable gains from defendants." *See also Hsingching Hsu v. Puma Biotechnology, Inc.*, No. SACV 15-00865 AG (SHKx), 2019 WL 4295285, at *2 (C.D. Cal. Sept. 9, 2019) (awarding prejudgment interest in securities class action because "the Class members were deprived of the use and value of their money … and the award of prejudgment interest will right that wrong."); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2013 WL 11319426, at *5 (N.D. Ill. Oct. 4, 2013) (holding that award of prejudgment interest in securities class action "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.").

In short, there is nothing extraordinary about the jury's determination of the Fannie Preferred Plaintiffs' damages, whether based on the stock drop methodology or otherwise, and there is no basis to deprive the Fannie Preferred Plaintiffs of their right to an award of prejudgment interest on the amount of damages awarded, commencing on the date of the breach.  On the contrary, here "the purposes of prejudgment interest under Delaware law [are] clearly and directly served," Def. Br. at 1, just as they were in the cases cited above.

Defendants' argument that prejudgment interest should not be awarded because damages were not "readily ascertainable" is frivolous.  As Plaintiffs discussed in their Cross-Motion, in *Brandywine Smyrna*, the Delaware Supreme Court rejected the "readily ascertainable" standard,

34 A.3d at 487, which Defendants do not and cannot dispute. *Brandywine Smyrna* thus specifically forecloses Defendants' argument that an award of prejudgment interest should be denied because Defendants could not have "known about damages of $299.4 million before the jury verdict." Def. Br. at 5. *Brandywine Smyrna*, 34 A.3d at 487 (holding that prejudgment interest "must be awarded as a matter of right" on a contract claim, "even though the amount of the loss under the [] contract was in dispute prior to the verdict"). Accordingly, whether the Fannie Preferred Plaintiffs' damages were "readily ascertainable" is totally irrelevant.[1]

Finally, in arguing that an award of prejudgment interest "is not an unqualified right" following a verdict in Plaintiffs' favor on a breach of contract claim in which Plaintiffs bore no responsibility for any delay in seeking enforcement of their rights, Defendants rely on decisions that are wholly inapposite. *See* Def. Br. at 6. In *Lamourine v. Mazda Motor of America,, Inc.*, C.A. No. 05C-08-236, 2007 WL 3379328, at *4 (Del. Super. Ct. May 29, 2007), a vehicle breach of warranty action that predated *Brandywine Smryna*, the trial court stated that prejudgment interest was not an "unqualified matter of right" under Delaware's Lemon Law statute. Nonetheless, relying on authority under the UCC and that "courts nationwide generally find prejudgment interest as a remedy for breach of contract of sale," the court awarded the plaintiff prejudgment interest, albeit applied to a date later than what the plaintiffs requested. Likewise, *Permint v. Kia Motors America, Inc.*, No. N17C-02-236, 2022 WL 2443009, at *2 (Del. Super. Ct. June 23, 2022), involved a tort action in which Delaware statutory law requires that a plaintiff make a pre-trial demand prior to receiving prejudgment interest; the trial court granted the plaintiffs' request for prejudgment interest, finding that they satisfied the statutory requirements

---

[1] The jury's decision not to award prejudgment interest to the Freddie Mac classes under Virginia law is likewise irrelevant.

without any fault or delay "and are entitled to prejudgment interest."  And in *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142, 152 (Del. 1980), the Delaware Supreme Court upheld the Chancellor's decision to deny prejudgment interest *on a fee award,* not on the underlying damages award.  Defendants thus provide no basis for the Court to reject binding Delaware precedent and deny the Fannie Preferred Plaintiffs an award of prejudgment interest in this case.

## II.    The Court Should Award Prejudgment Interest Calculated Using A Fluctuating Interest Rate And Quarterly Compounding

Defendants argue that "Plaintiffs' prejudgment-interest calculations are legally erroneous," Def. Br. at 7, but once again it is Defendants' argument that is legally erroneous.  Incredibly, Defendants continue to cite *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002), for the proposition that "Delaware courts have 'traditionally disfavored compound interest'" despite Plaintiffs' discussing that in *Gotham Partners*, the Delaware Supreme Court specifically rejected that "tradition," pointedly remarked that "[t]he rule or practice of awarding simple interest, in this day and age, has nothing to commend it—except that it has always been done that way in the past," *id.,* and ***affirmed an award of compound interest***.  *Id*.  *See* Cross-Motion at 9.

Indeed, in recent years, the overwhelming majority of Delaware state court decisions that have awarded prejudgment interest have ordered interest to be compounded quarterly, which is recognized as "a more accurate means of measuring the time value of money" than simple interest. *CertiSign Holding, Inc. v. Kulikovsky*, No. 12055-VCS, 2018 WL 2938311, at *29–30 (Del. Ch. June 7, 2018).  *See, e.g.*, *Polychain Capital LP v. Pantera Venture Fund II LP & Pantera Capital Mgmt. LP*, No. 2021-0670, 2023 Del. Ch. LEXIS 239 (Del. Ch. Jan. 3, 2023); *Williams Cos., Inc. v. Energy Transfer LP*, No. 12168, 2022 WL 3650176 (Del. Ch. Aug. 25, 2022); *Sehoy Energy LP v. Adriani*, No. 12387, 2022 WL 2610475 (Del. Ch. July 7, 2022); *Metro Storage Int'l LLC v.*

*Harron*, 275 A.3d 810 (Del. Ch. 2022); *Schneider Nat'l Carriers, Inc. v. Kuntz*, No. N21C-10-157, 2022 WL 1222738 (Del. Super. Ct. Apr. 25, 2022); *Stone & Paper Inv'rs, LLC v. Blanch*, No. 2018-0394, 2021 WL 3240373 (Del. Ch. July 30, 2021); *Giesecke+Devrient Mobile Sec. Am., Inc., v. NXT-ID, Inc*., No. 2020-0664, 2021 WL 982597 (Del. Ch. Mar. 16, 2021); *In re Happy Child World, Inc.*, C.A. No. 3402-VCS, 2020 WL 7240714 (Del. Ch. Dec. 9, 2020).   Tellingly, Defendants do not cite a single Delaware state court decision in the last decade that has awarded simple interest.

The sole simple interest case Defendants cite from the District of Delaware, *CIGNEX Datamatics, Inc. v. Lam Research Corp*., No. 17-320, 2021 WL 212692 (D. Del. Jan. 21, 2021), is likewise an outlier.   As in state court, the District of Delaware often awards quarterly compounded interest.  *See, e.g.*, *MHL Custom, Inc. v. Waydoo USA, Inc*., No. 21-0091, 2023 WL 5805889 (D. Del. Sept. 7, 2023); *Purewick Corp. v. Sage Prods., LLC*, No. 19-1508, 2023 WL 2734418 (D. Del. Mar. 31, 2023); *Noramco LLC v. Dishman USA, Inc*., No. 21-1696, 2023 WL 1765566 (D. Del. Feb. 3, 2023); *ArcherDX, LLC v. Qiagen Sciences, LLC*,  No. 18-1019, 2022 WL 4597877 (D. Del. Sept. 30, 2022); *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, No. 17-1390, 2022 WL 3973499 (D. Del. Aug. 31, 2022); *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 503 F. Supp. 3d 156 (D. Del. 2020).  *See also CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 248 (3d Cir. 2021) (upholding arbitrator's award of prejudgment interest compounded quarterly under Delaware law).

Thus, contrary to Defendants' argument, "the prevailing norm" (Def. Br. at 8) is to award quarterly compounded interest, not simple interest.  The Fannie Preferred Plaintiffs have been waiting more than 11 years to receive compensation for Defendants' breach of the implied covenant.  To make them whole, including compensating them for the time value of money, an

award of quarterly compounded interest is necessary and appropriate.  *See, e.g., Noramco*, 2023 WL 1765566, at *6.

Finally, Defendants argue that "as a matter of law" the interest rate must be fixed at the rate in effect on the date prejudgment interest begins to run, rather than fluctuating as the federal discount rate has changed over time.  As ever, Defendants are plainly wrong that there is "no authority" for applying a variable interest rate.  While Delaware courts have sometimes awarded prejudgment interest at a fixed rate, they have often awarded interest at a fluctuating rate.  *See, e.g.*, *McGlothlin v. Petrunich Oral & Maxillofacial Surgery*, No. N20C-08-186, 2023 WL 5747520, at *8-9 (Del. Super. Ct. Sept. 6, 2023); *Sehoy Energy*, 2022 WL 2610475, at *2; *Metro Storage*, 275 A.3d at 867; *Leaf Invenergy Co. v. Invenergy Renewables LLC*, No. 11830-VCL, 2019 WL 2502492, at *1-2 (Del. Ch. June 19, 2019); *Hoyd v. Trussway Holdings, LLC*, No. 2017-0260, 2019 WL 1438227, at *1 (Del. Ch. Mar. 29, 2019); *Seiden v. Kaneko*, No. 9861-VCS, 2018 WL 4111949, at *1 (Del. Ch. Aug. 23, 2018); *In re Dole Food Co., Stockholder Litig.*, No. 8703-VCL, 2015 WL 5052214, at *46 & n.2 (Del. Ch. Aug. 27, 2015); *Levey v. Browstone Asset Mgmt., LP*, No. 5714-VCL, 2014 WL 4290192, at *1 (Del. Ch. Aug. 29, 2014).  Just as compound interest more accurately reflects the "real world" value of money, so too does a fluctuating interest rate. *McGlothlin*, 2023 WL 5747520, at *9 ("Setting a fixed rate at the time of the loss would result in a windfall to a plaintiff if the rate fell and a loss if the rate rose.  Adjusting the interest rate as the discount rate rises or falls fully compensates [the plaintiff] without overcompensating or undercompensating her."); *Levey*, 2014 WL 4290192, at *1 ("A fixed interest rate risks over- or under-compensating the plaintiff, and either benefitting or penalizing the defendant, depending on how the interest rate varied during the period covered by the award.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award the Fannie Preferred Plaintiffs prejudgment interest using a fluctuating rate and compounded quarterly, as reflected in the first column of Exhibit A to the Mason Declaration submitted with Plaintiffs' Cross-Motion.

Dated: September 18, 2023

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*

*/s/ Eric L. Zagar*
Eric L. Zagar (*Pro Hac Vice*)
**KESSLER TOPAZ MELTZER
    & CHECK, LLP**
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

adam@blbglaw.com

*Co-Lead Counsel for the Class*