UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br> *Defendants*. | Case No. 1:13-cv-1053-RCL |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br> _____ | Case No. 1:13-mc-1288-RCL |
| This document relates to: <br> ALL CASES | |

**JOINT STATEMENT SETTING FORTH THE PARTIES'
CALCULATION OF PREJUDGMENT INTEREST, PROPOSED ORDER OF
JUDGMENT, AND ONGOING DISPUTES CONCERNING THE FINALITY AND
TERMS OF THE PROPOSED JUDGMENT**

1. Pursuant to the Court's Order dated October 24, 2023, *see* No. 1:13-mc-01288 ("Class Docket"), ECF No. 402, and No. 1:13-cv-01053 ("Berkley Docket"), ECF No. 413 (the "Order"), the Lead Plaintiffs for the Class of Fannie Mae and Freddie Mac Shareholders ("the Class"), the Berkley Plaintiffs ("Berkley") (together, "Plaintiffs") and Defendants (the "Parties") hereby jointly submit this statement setting forth (A) their calculation of prejudgment interest, to which the Parties have agreed in full; and (B) the terms of the proposed judgment on which the Parties agree and their respective positions on a dispute between Defendants and the Class about whether inclusion of a plan of allocation in the Judgment is required for it to be final and

appealable.  In addition, the Class and Berkley Plaintiffs wish to inform the Court that there is an ongoing discussion over the language to be used in the paragraph referencing the judgment for the Berkley Plaintiffs, which we hope to resolve shortly, or at least before the Court resolves the issue with Defendants.  Plaintiffs shall notify the Court of the status of that and whether adjustment to the paragraph on the Berkley judgment is needed before finalization.

**A.  The Parties' Calculation Of Prejudgment Interest**

2.      On October 24, 2023, this Court held that Fannie Mae junior preferred shareholders are entitled to "simple interest on the damage award of $299.4 million, accruing from the date August 17, 2012 until the date on which judgment is entered, at a fixed rate of 5% over the Federal Reserve discount rate as of August 17, 2012."  Order at 1.

3.      Consistent with the Order, the Parties have agreed to the following calculations of prejudgment interest to be awarded to Fannie Mae junior preferred shareholders:

| **Entry Date of Judgment** | **Damages ($ millions)** | **Rate[1]** | **Prejudgment Interest ($ millions)** |
|---|---|---|---|
| 11/17/2023 | $299.4 | 5.75% | $193.80 |
| 11/20/2023 | $299.4 | 5.75% | $193.95 |
| 11/21/2023 | $299.4 | 5.75% | $193.99 |
| 11/22/2023 | $299.4 | 5.75% | $194.04 |
| 11/23/2023 | $299.4 | 5.75% | $194.09 |
| 11/24/2023 | $299.4 | 5.75% | $194.13 |
| 11/27/2023 | $299.4 | 5.75% | $194.28 |
| 11/28/2023 | $299.4 | 5.75% | $194.32 |
| 11/29/2023 | $299.4 | 5.75% | $194.37 |
| 11/30/2023 | $299.4 | 5.75% | $194.42 |
| 12/1/2023 | $299.4 | 5.75% | $194.46 |
| 12/4/2023 | $299.4 | 5.75% | $194.61 |

---

[1] Prejudgment interest is calculated as fixed simple interest, using 5.0 percent plus the federal funds rate as of 8/17/2012 (75 basis points).

| | | | |
|---|---|---|---|
| 12/5/2023 | $299.4 | 5.75% | $194.65 |
| 12/6/2023 | $299.4 | 5.75% | $194.70 |
| 12/7/2023 | $299.4 | 5.75% | $194.75 |
| 12/8/2023 | $299.4 | 5.75% | $194.79 |
| 12/11/2023 | $299.4 | 5.75% | $194.94 |
| 12/12/2023 | $299.4 | 5.75% | $194.98 |
| 12/13/2023 | $299.4 | 5.75% | $195.03 |
| 12/14/2023 | $299.4 | 5.75% | $195.08 |
| 12/15/2023 | $299.4 | 5.75% | $195.12 |
| 12/18/2023 | $299.4 | 5.75% | $195.27 |
| 12/19/2023 | $299.4 | 5.75% | $195.31 |
| 12/20/2023 | $299.4 | 5.75% | $195.36 |
| 12/21/2023 | $299.4 | 5.75% | $195.41 |
| 12/22/2023 | $299.4 | 5.75% | $195.45 |
| 12/25/2023 | $299.4 | 5.75% | $195.60 |
| 12/26/2023 | $299.4 | 5.75% | $195.64 |
| 12/27/2023 | $299.4 | 5.75% | $195.69 |
| 12/28/2023 | $299.4 | 5.75% | $195.74 |
| 12/29/2023 | $299.4 | 5.75% | $195.79 |
| 1/1/2024 | $299.4 | 5.75% | $195.93 |
| 1/2/2024 | $299.4 | 5.75% | $195.97 |
| 1/3/2024 | $299.4 | 5.75% | $196.02 |
| 1/4/2024 | $299.4 | 5.75% | $196.07 |
| 1/5/2024 | $299.4 | 5.75% | $196.12 |

***Table 1.*** *Prejudgment Interest to Fannie Mae Preferred Shareholders ($ millions) Through 1/5/2024*

4. Table 1 above allows the Court to enter an award of prejudgment interest to Fannie Mae junior preferred shareholders that corresponds with the date on which the Court enters an order of final judgment.

**B.     Proposed Order of Judgment**

5. The Order also directed the Parties to submit to the Court a proposed order of final judgment. Order at 2.

6. The Parties have agreed to certain terms of a proposed judgment, which are reflected in Exhibit A, except for the paragraph regarding the judgment in favor of Berkley, which the Class Plaintiffs and Berkley Plaintiffs continue to discuss and hope to resolve soon.

7. The respective positions of Plaintiffs and Defendants on the dispute over whether a plan of allocation must be approved before a final judgment is entered are set forth below.

**Defendants' Position**:

8. In meeting and conferring over the terms of the proposed judgment, Defendants informed Plaintiffs of authority holding that a judgment in a class action for damages is not final and appealable absent a court-approved plan for allocating damages among class members (often referred to as a "plan of allocation"). *See, e.g.*, *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137-38 (10th Cir. 2010); *Strey v. Hunt Int'l Res. Corp.*, 696 F.2d 87, 88 (10th Cir. 1982); *Parks v. Pavkovic*, 753 F.2d 1397, 1401 (7th Cir. 1985). In their position statement below, Plaintiffs only cite cases where this finality question was not raised or addressed. This is critical because, as the Supreme Court has noted, "the existence of unaddressed jurisdictional defects has no precedential effect." *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996). Plaintiffs do not cite any case that has actually addressed the question here and held that a class action judgment for damages was final without any plan of allocation. Defendants are aware of no such case.

9. Defendants also informed Plaintiffs of a division of authority regarding whether a judgment in a class action for damages is final and appealable absent a court-approved plan for what to do with any funds that remain after distribution of damages to individual class members based on the plan of allocation (often referred to as "unclaimed funds"). *Compare Strey*, 696 F.2d at 88, *with Fogie v. THORN Americas, Inc.*, 190 F.3d 889, 904 (8th Cir. 1999); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). To Defendants' knowledge, the D.C. Circuit

4

has not weighed in on this circuit split and Plaintiffs have not suggested that it has. Rather, in their position statement below, Plaintiffs simply assert that there will not be any unclaimed funds in this case. But that, of course, depends on the details of the plan of allocation, which Plaintiffs have not yet proposed.

10.     As of this filing, Plaintiffs have not proposed any plan of allocation, nor have they indicated when they intend to propose a plan of allocation. In their position statement below—which Defendants received for the first time earlier today—Plaintiffs provide some general information about some aspects of their anticipated plan of allocation. But it remains premature for Defendants to try to raise questions or concerns based on such generalized information. Defendants would like the opportunity to review Plaintiffs' actual plan of allocation, to meet and confer with Plaintiffs regarding the plan, and then, if Defendants have concerns that cannot be resolved with Plaintiffs, to present any disputes for resolution by the Court.

11.     Plaintiffs assert that Defendants lack standing to object to any plan of allocation, but none of the cases they cite address whether *defendants* in a class action have standing to object to or comment on a plan of allocation; their cases, rather, address the standing of *non-defendant third parties*. At a minimum, Defendants here are entitled to ensure that the plan of allocation in this case is feasible and administrable, and that the plan adequately accounts for opt outs and their shares.

12.     Defendants request that, before entering any judgment, the Court set a schedule for the parties to meet and confer regarding a plan of allocation (including how to account for opt-outs) and, if necessary, a schedule for briefing any disputes. Doing so will enable the Court to include a plan of allocation in its judgment, avoiding questions or disputes on a core jurisdictional issue – concerning whether the Court's judgment in this case is final and appealable. In

Defendants' view, if the Court were to enter a judgment without a plan of allocation, the D.C. Circuit could hold that the judgment is not final and appealable, and any post-judgment motion or notice of appeal filed thereafter could be premature.[2]

13. Defendants propose that Plaintiffs share with Defendants their plan of allocation by December 1, 2023, then the parties can meet and confer. To resolve any disputes that are not resolved through the meet and confer process, Defendants propose the following schedule for submitting those disputes to the Court:

> a. Plaintiffs file their proposed plan of allocation and a supporting brief on or before December 15, 2023.
>
> b. Defendants file their response to the issues in dispute with a supporting brief on or before January 12, 2024.
>
> c. Plaintiffs file a reply in further support of their plan of allocation on or before January 26, 2024.

14. In their position statement below, Plaintiffs raise a separate question of whether absent class members need to be given an opportunity to object to or comment on a proposed plan of allocation. Defendants take no position on that issue (and nothing Defendants are proposing here would interfere with giving absent class members notice and an opportunity to be heard).

15. Plaintiffs also assert below that, if the Court defers entry of judgment until there is a court-approved plan of allocation, the Court should direct Defendants to file their motion for judgment as a matter of law under Rule 50(b) and/or for a new trial under Rule 59 before the entry

---

[2] In that circumstance, to protect their rights, Defendants would intend to file a post-judgment motion and (if that motion is denied) a notice of appeal, while noting their position that the judgment is not final.

of judgment – well before the deadline set forth in those Rules. Defendants oppose this request. Under Rules 50(b) and 59, Defendants' motion for judgment as a matter of law and/or a new trial is not due until "28 days after the entry of judgment." Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59(b), (e). In a case of this magnitude, there is no reasonable basis to curtail Defendants' opportunity to prepare and file a motion challenging a verdict of more than $612 million (plus prejudgment interest). Indeed, the cases cited by Plaintiffs on this point are clearly distinguishable. The cases Plaintiffs cite merely state that Rule 50(b) or 59 motions *can* be filed before the entry of judgment, they do not cite any case in which a court has *ordered* a party to file such a motion before the entry of judgment; in Plaintiffs' cases, the movant *voluntarily chose* to file its motion before the entry of judgment, and the courts were rejecting arguments that such a filing is premature. What is more, recent Supreme Court precedent indicates that those cases may be wrong. In the Supreme Court's words, "Federal Rule of Civil Procedure 50 sets forth the procedural requirements for challenging the sufficiency of the evidence in a civil jury trial and establishes two stages for such challenges— prior to submission of the case to the jury, and after the verdict *and entry of judgment*." *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006); *see also id.* at 400 ("Rule 50(b), by contrast, sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment."). And, consistent with this, as Plaintiffs acknowledge below, multiple courts have held that a Rule 50(b) or Rule 59 motion filed before the entry of judgment is "premature." *Hope for Fams. & Cmty. Serv., Inc. v. Warren*, 2012 WL 13015103, at *2 (M.D. Ala. June 12, 2012); *see also Sanchez v. Presidio Cnty., Texas*, 2021 WL 9639630, at *2 n.4 (W.D. Tex. Nov. 3, 2021) (collecting cases). For all of these reasons, this Court

should not order Defendants to file their motion under Rules 50(b) and 59 before the entry of judgment in this case.[3]

**Class Plaintiffs' Position:**

16. Class Plaintiffs maintain that (i) the Court can and should enter Judgment in the form Class Plaintiffs have submitted herewith, which provides for the Court to retain jurisdiction to approve a plan of allocation to be proposed by Class Plaintiffs at an appropriate time, and that such Judgment would constitute a final appealable order (subject to the Court's power under Federal Rule of Civil procedure 58(e) to defer the deadline for appeal while it decides the Class's anticipated motion for attorneys' fees and nontaxable costs); (ii) there is no basis to delay entering such Judgment; and (iii) Defendants lack standing to object to the plan of allocation to be proposed by Class Plaintiffs, and therefore have no right or ability to review, comment on, or file briefing regarding the proposed plan of allocation.

17. With regard to the ability of the Court to enter final judgment before approving a plan of allocation, the Class provides examples of exactly that occurring in other cases, such as *In re Apollo Group Inc. Securities Litigation*, Master File No. CV 04-2147-PHX-JAT (D. Az.) (attached as Exhibit D), and *In re BankAtlantic Bancorp, Inc. Securities Litigation*, Case No. 07-61542-CIV-UNGARO (S.D Fla.) (attached as Ex. E). The language used in the *Apollo* judgment regarding the plan of allocation and claims procedure is identical to that proposed by Class Plaintiffs in this case. In both cases, the defendants filed appeals from the final judgment before the plan of allocation was approved, and the Courts of Appeal for the Ninth and Eleventh Circuits,

---

[3] If Defendants were ordered to file and brief their motion under Rules 50(b) and 59 before the entry of judgment, they would feel compelled, in light of the caselaw suggesting that such a motion is premature, to re-file the motion after the entry of judgment.

respectively, heard the appeals without raising any question so to the finality and appealability of the final judgments.[4]

18. Further, Class Plaintiffs have identified other large-verdict class action cases in which the Court entered an initial judgment prior to approving a plan of allocation. *See Allapattah Services, Inc. v. Exxon Corp.*, Case No. 91-0986-Civ-Gold (S.D. Fla.) (ECF No. 1503) (entering judgment in favor of individual plaintiffs and reserving jurisdiction "to administer the determination of damages of class members") (attached as Exhibit F); *In re Urethane Antitrust Litigation*, MDL No. 1616, Case No. 04-md-1616-JWL (D. Kansas) (ECF No. 2880) (entering initial judgment without plan of allocation) (attached as Exhibit G); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, No. MDL 551, 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) ("With respect to consideration of the methods of allocating settlement proceeds and attorneys' fees, however, there are clear reasons for delay. These issues will be addressed in a later proceeding before the Court with notice to class members and opportunity to be heard.").

19. The case law also holds that only class members have standing to object to a plan of allocation. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d 1353, 1360 (9th Cir. 1979) ("because it was not a member of the plaintiff classes, Chemical Bank lacks standing to object to, or to appeal from the Plan of Allocation or its approval by the court below"); *In re Holocaust Victim Assets Litig.*, 314 F. Supp. 2d 155, 168 (E.D.N.Y. 2004) ("Even if DRA could identify three individual Holocaust survivors as clients, that alone would not confer standing upon them to challenge the Plan of Allocation. These survivors would have to show membership in one

---

[4] *See generally In re Apollo Grp., Inc. Sec. Litig.*, No. 08-16971, 2010 WL 5927988, at *1 (9th Cir. June 23, 2010), *cert. denied*, 562 U.S. 1270 (2011); *Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713, 730 (11th Cir. 2012).

of the five plaintiff subclasses."). The Class is not aware of any case law holding that defendants have standing to object to a plan of allocation.

20. Further, in the case cited by Defendants, *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137-38 (10th Cir. 2010), the district court entered the plan of allocation without providing any opportunity for class members to object, which appears to be a unique procedure adopted by the Tenth Circuit. *See* Exhibit H, attaching judgment. Typically, a plan of allocation should not be finally approved by the Court until Class members, who actually have standing, have received notice and an opportunity to object to the plan. Defendants' proposed schedule does not allow for that. That will likely require approval and dissemination of notice of the plan of allocation and giving the Classes at least 60 days to respond to the notice with any objections or other responses.[5]

21. Defendants' reference to "unclaimed funds," *supra* ¶ 6, suggests that Defendants are seeking to use litigation over the plan of allocation to request a reduction of damages based on the existence of other opt-outs or the potential for unclaimed funds to revert to Defendants. Assuming *arguendo* that Defendants have not waived what is essentially a remittitur argument, the vehicle to raise such an argument is in post-trial briefing, not a truncated process excluding the actual Class Members who should participate in the claims administration process.

22. In addition, Class Plaintiffs intend to propose a distribution process that will not require Class members to submit claims, but rather use brokerage records to identify and distribute funds to Class members, which will leave no funds "unclaimed".

---

[5] Moreover, for efficiency, any such notice to the Classes, and any such opportunity to object for the Classes, should be coupled with notice of the attorneys' fees and nontaxable costs to be sought by the Classes under Rules 23(h) and 54(d), with a similar opportunity for members of the Classes to object or respond to such notice after at least 60 days.

23. Notwithstanding the foregoing, should the Court agree with Defendants and order briefing on a proposed plan of allocation before entering Judgment, which Class Plaintiffs respectfully submit the Court should not, Class Plaintiffs request that the Court also enter a corresponding schedule on Defendants' post-trial briefing pursuant to Rules 50 and 59 so as to avoid further delays.

24. While both Rules 50 and 59 require that a defendant file a motion for a judgment as a matter of law and/or a motion for a new trial within 28 days of judgment, Courts have broadly held that those Rules set forth a *maximum* limit in which to file such motions, and do not prevent the filing of motions at an earlier time, even prior to entry of the final judgment. *See American Sec. Bank, N.A. v. John Y. Harrison Realty, Inc.*, 670 F. 2d 317 (D.C. Cir. 1982) ("a motion for a new trial, though made prior to the entry of final judgment, is a valid Rule 59 motion"); *see also* 11 Wright & Miller, Fed. Prac. & Proc. § 2812 (3d ed.) ("Rule 59(b) sets a maximum time for filing new-trial motions; there is nothing to prevent making a motion for a new trial before judgment has been entered, however.") (citing numerous cases); *Jurgens v. McKasy*, 905 F.2d 382, 386 (Fed.Cir.1990) ("we agree with the majority of our sister circuit courts and the commentators that the ten-day limit in Rule 59 sets only a maximum period and does not nullify an otherwise valid motion made before a formal judgment has been entered") (collecting numerous cases); *Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.*, 661 F.2d 761, 764 n.1 (9th Cir. 1981); "The motion for new trial was timely under Fed.R.Civ.P. 59, even though filed before entry of judgment.") (citing numerous authorities); *Swift v. State Farm Mut. Auto. Ins. Co.*, 796 F.2d 120, 122 (5th Cir. 1986) ("Fed.R.Civ.P. 50(b) and Fed.R.Civ.P. 59(b) require only that motions for a JNOV or a new trial be served not later than ten days after the entry of judgment; they do not prohibit the filing of such motions before entry of judgment."); *Warner*

*v. Rossignol*, 513 F.2d 678 (1st Cir.1975) (court could consider motion for new trial even though judgment had not been entered); *Kaneka Corp. v. SKC Kolon Pl Inc.*, 198 F. Supp.3d 1089 (C.D. Cal. 2016) ("Rule 50 does not, by its terms, preclude the filing of a renewed motion for judgment as a matter of law before judgment has been entered. It merely requires that once the judgment has been filed, a party has only 28 days to file its motion.") (collecting numerous cases); *Boehringer Ingelheim Vetmedica, Inc. v. Schering–Plough Corp.*, 106 F.Supp.2d 696, 699–700 (D.N.J.2000) ("These rules do not, by their terms, preclude the filing of post-trial motions before 'judgment' has been filed; they merely require that once 'judgment' has been filed, a party has only 10 days to file the motions.").

25. In contrast to the overwhelming weight of authority, Defendants cite to an unpublished decision, *Hope for Fams. & Cmty. Serv., Inc. v. Warren*, 2012 WL 13015103, at *2 (M.D. Ala. June 12, 2012), in which the district neither cited nor appeared to have examined the substantial body of contrary precedent. Defendants also identified *Sanchez v. Presidio Cnty., Texas*, a decision in which the court questioned why two courts within the Fifth Circuit found that renewed motions under Rule 50 were premature prior to judgment, stating:

> Why the district courts in the cited cases believed judgment was necessary is not apparent; under applicable Fifth Circuit precedent, even when "the Court has not yet entered judgment, the Court can and [here] will consider [Defendants' Federal Rule 50(b)] motion[s]." *Pechon v. La. Dep't of Health & Hosps.,* No. 08-0664, 2009 U.S. Dist. LEXIS 65376 at *9, 2009 WL 2046766, at *3 (E.D. La. July 14, 2009) (citing *Swift v. State Farm Mut. Auto. Ins. Co.,* 796 F.2d 120, 122 (5th Cir. 1986)); *see also Puga v. RCX Sols., Inc.,* 922 F.3d 285, 290 (5th Cir. 2019) (opting to review the district court's denial of a renewed motion for judgment as a matter of law filed prior to the entry of judgment under the Federal Rule 50(b) analyses).

2021 WL 9639630, at *2 n.4 (W.D. Tex. Nov. 3, 2021).

26. Accordingly, should the Court delay entry of judgment and determine that Defendants are entitled to file briefing regarding the plan of allocation, Class Plaintiffs respectfully

12

request that the Court enter a briefing schedule for Defendants' Rules 50 and 59 post-trial motions that does not await final resolution of the Class Plaintiffs' motion for approval of a plan of allocation. As referenced above, the time needed to finalize a plan of allocation is significant, and it would be inefficient to delay briefing on Defendants' planned Rules 50 and 59 motions pending such final approval. Accordingly, if the Court accepts Defendants' position regarding the need for an approved plan of allocation before entering final judgment (which the Class believes in inappropriate and not required), then Class Plaintiffs respectfully ask the Court to set a briefing schedule for all remaining motions, and not to delay the date on which Defendants file their motions under Rules 50 and 59.

27.     Finally, Defendants argue that if they are required to file their Rules 50 and 59 motions shortly, that would unreasonably curtail their time for filing. This is meritless. They have had close to three months since the verdict to develop those motions (which are likely to reiterate arguments they have unsuccessfully made in the past trial and this one). Further, they suggest Plaintiffs should have already given them their plan of allocation, which means under their view of how events should have unfolded, judgment should be entered now and post-judgment motions filed in 28 days. There is no reason to delay the filing of those motions. Further, Defendants complain they received Plaintiffs' joint statement position on this issue only today. They omit the fact that they first raised this concern about the need for an approved plan of allocation as a prerequisite for the judgment just two days ago – after weeks of discussion about the form of judgment and post-judgment proceedings.

Dated: November 17, 2023

Respectfully submitted,

/s/ Asim Varma
Asim Varma (D.C. Bar #426364)
Jonathan L. Stern (D.C. Bar #375713)
David B. Bergman (D.C. Bar #435392)
Ian S. Hoffman (D.C. Bar #983419)
R. Stanton Jones (D.C. Bar #987088)
**ARNOLD & PORTER KAYE**
  **SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Tel.: (202) 942-5000
Fax: (202) 942-5999
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

/s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
**KING & SPALDING LLP**
1700 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

/s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar #977165)
**O'MELVENY & MYERS LLP**
1625 Eye St. NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

/s/ Hamish P.M. Hume
Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
skaplan@bsfllp.com
hhume@bsfllp.com

Eric L. Zagar (*pro hac vice*)
**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
280 King of Prussia Rd.
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Michael J. Barry (*pro hac vice*)
**GRANT & EISENHOFER, P.A.**
123 Justison St.
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*

/s/ *Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
John D. Ramer (Bar No. 90002236)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*