# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 90-cv-00181-JLK

MERILYN COOK,
LORREN and GERTRUDE BABB,
RICHARD and SALLY BARTLETT, and
WILLIAM and DELORES SCHIERKOLK,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

# FINAL JUDGMENT

---

A jury trial was held in this matter beginning October 6, 2005, and ending February 14, 2006, when the jury returned its verdict. Among the matters tried were claims by the Representative Plaintiffs (as defined below) and the Prospective Damages Subclass (as defined below) arising from prospective invasions of their interests in land, pursuant to the Price-Anderson Act, 42 U.S.C. § 2210, Colorado law, and *Restatement* (*Second*) *of Torts* § 930. The Representative Plaintiffs and the Prospective Damages Subclass have moved for entry of judgment on the verdict on those claims pursuant to 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). As more fully explained in the Court's Memorandum Opinion and Order on Pending Motions dated May 20, 2008 (Doc. 2261), the Court has determined that the relevant claims for relief have been finally adjudicated and that there is no just reason for delay in entry of judgment on those claims. Accordingly, the Court hereby renders

final judgment for the Representative Plaintiffs and the Prospective Damages Subclass, as more fully set forth below.

**PARTIES**

1. The Representative Plaintiffs are plaintiffs Merilyn Cook, Lorren and Gertrude Babb, Richard and Sally Bartlett, and William and Delores Schierkolk, suing on their own behalf and for a Property Class previously certified by this Court in *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993).

2. The Property Class includes all persons and entities not having opted out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Final Judgment as Appendix A. The Prospective Damages Subclass includes all members of the Property Class who still owned their properties as of January 30, 1990.

3. The term "Plaintiffs" is used in this Final Judgment to refer to the Representative Plaintiffs and the Prospective Damages Subclass, collectively.

4. The defendants are Dow Chemical Company ("Dow") and Rockwell International Corporation. The Boeing Company, a Delaware corporation headquartered in Chicago, Illinois, is successor-in-interest to Rockwell International Corporation and has represented to the Court that it is answerable for any judgment rendered against Rockwell International Corporation in this matter. Accordingly, execution may proceed against The Boeing Company under this Final Judgment as though against Rockwell International Corporation and to the same extent. As used

in this Final Judgment, the term "Rockwell" includes both Rockwell International Corporation and The Boeing Company, and the term "Defendants" includes both Dow and Rockwell.

## CLAIMS

5. The claims for relief as to which final judgment is hereby entered include all claims by Plaintiffs in this action arising from prospective invasions of their interests in land pursuant to the Price-Anderson Act, 42 U.S.C. § 2210, Colorado law, and *Restatement* (*Second*) *of Torts* § 930, and only such claims.

## AMOUNT OF JUDGMENT

### Compensatory Damages

6. The Court orders that Plaintiffs recover compensatory damages from Dow in the amount of $653,313,678.05, inclusive of prejudgment interest.

7. The Court orders that Plaintiffs recover compensatory damages from Rockwell in the amount of $508,132,861.39, inclusive of prejudgment interest.

8. The total compensatory damages collected by Plaintiffs from all Defendants pursuant to this Final Judgment shall not exceed the sum of $725,904,087.00, inclusive of prejudgment interest.

### Exemplary Damages

9. In addition to the sums recoverable by Plaintiffs under Paragraphs 6-8 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Dow in the amount of $110,800,000.00.

*Final Judgment – Page 3*

10. In addition to the sums recoverable by Plaintiffs under Paragraphs 6-9 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Rockwell in the amount of $89,400,000.00.

## Costs, Fees, and Expenses

11. The Court orders that Plaintiffs recover their costs of suit herein. Further proceedings on costs, attorneys' fees, and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) shall be stayed until such time as the Court may later direct, except that plaintiffs may submit a bill of costs at any time after this Final Judgment is entered.

## Post-Judgment Interest

12. Post-judgment interest is payable on all the above amounts at the rate prescribed in 28 U.S.C. § 1961, from the date this Final Judgment is entered until the date this Final Judgment is paid.

## STAY OF EXECUTION

13. Execution on this Final Judgment against Dow is STAYED until: (a) such time as Dow files a timely notice of appeal, in which case Dow may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d) and effective upon the Court's approval of Dow's supersedeas bond or such alternative security as the Court may approve; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Dow files no timely notice of appeal.

14. Execution on this Final Judgment against Rockwell is STAYED until: (a) such time as Rockwell files a timely notice of appeal, in which case Rockwell may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d) and effective upon the Court's approval of Rockwell's

supersedeas bond or such alternative security as the Court may approve; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Rockwell files no timely notice of appeal.

## DEPOSIT OF FUNDS

15. Subject to further order of the Court, any funds recovered under this Final Judgment shall be deposited in United States government treasury bills or notes, and/or in such other investments as may be approved by the Court from time to time, pending implementation of the Plan of Allocation as approved by the Court and attached to this Final Judgment as Appendix B. Merrill G. Davidoff of Berger & Montague, P.C., is hereby appointed as escrow agent.

Dated this 2nd day of June, 2008.

<div style="text-align:right">

s/John L. Kane
John L. Kane, Senior District Judge
United States District Court

</div>



Case 1:90-cv-00181-JLK Document 2264-2 Filed 06/02/2008 Page 1 of 1

Broomfield
Westminster
Arvada
Great Western Reservoir
Standley Lake
Indiana
120th
0 0.25 0.5 1 Miles

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 90-cv-00181-JLK

MERILYN COOK,
LORREN and GERTRUDE BABB,
RICHARD and SALLY BARTLETT, and
WILLIAM and DELORES SCHIERKOLK,

     Plaintiffs,

          v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

     Defendants.

---

**PLAN OF ALLOCATION**

---

Before the Court is plaintiffs' proposed plan of allocation. The Court being fully advised in the premises, and for good cause shown, the Court hereby ORDERS as follows:

### A. Definition of Terms

1.     For purposes of this Order:

     a.     The term "Class" means the Property Class certified by the Court.

     b.     The term "Class Area" means the geographic area bounding the Property Class as certified by the Court.

     c.     The "Prospective Damages Subclass" includes all Class members who: (i) owned a property within the Class Area on June 7, 1989; and (ii) still owned the property as of January 30, 1990.

d. The "Non-Prospective Damages Subclass" includes all Class members who: (i) owned a property within the Class Area on June 7, 1989; but (ii) no longer owned the property as of January 30, 1990.

e. The term "Judgment Fund" means the sum of all compensatory and exemplary damages awarded in the trial of the Class claims in this matter and allowed after defendants' appeal (or after the expiration of time allowed for filing such appeal, if no appeal is filed within that time), inclusive of such attorneys' fees, expenses, costs, and pre- and post-judgment interest as have been or may be awarded to plaintiffs and the Prospective Damages Subclass, and inclusive of any interest earned through such investments as the Court may direct following defendants' payment of the judgment.

f. The term "Claims Administrator" means the officer appointed by the Court pursuant to this Order to recommend an allocation of damages and to perform such incidental and additional duties as are set forth in this Order or as the Court may subsequently direct.

g. The term "Net Class Award" means the Judgment Fund, less: (i) service awards to the representative plaintiffs; (ii) fees, expenses, and costs awarded from the Judgment Fund to counsel for plaintiffs and the Class; (iii) compensation and expenses paid or reimbursed to the Claims Administrator; and (iv) any additional administrative expenses that may be charged against the Judgment Fund at the Court's direction.

h. The term "Net Class Commercial Property Award" means the portion of the Net Class Award allocable to the commercial property category under the formula set forth in paragraph 9 of this Order.

    i.  The term "Net Class Residential Property Award" means the portion of the Net Class Award allocable to the residential property category under the formula set forth in paragraph 9 of this Order.

    j.  The term "Net Class Vacant Property Award" means the portion of the Net Class Award allocable to the vacant property category under the formula set forth in paragraph 9 of this Order.

### B. Appointment of Claims Administrator

 2. The Claims Administrator shall be appointed following remand from defendants' appeal, or upon expiration of defendants' time to file an appeal, whichever occurs first.

### C. Duties of the Claims Administrator

 3. The Claims Administrator shall be responsible for developing a recommended allocation ("Proposed Allocation") of the Net Class Award. The Proposed Allocation shall be developed under the guidelines set forth in this Order, under supervision from the Court, and subject to ultimate approval by the Court.

 4. The Claims Administrator shall have such additional duties in connection with the allocation of damages and administration of claims as are set forth in this Order or in subsequent directives from this Court.

 5. The Claims Administrator shall report to the Court from time to time to advise the Court of its progress in discharging its responsibilities under this Order, on such occasions and at such intervals as the Claims Administrator may deem appropriate or as the Court may direct.

 6. The Claims Administrator is authorized to make reasonable expenditures to secure the resources and assistance reasonably necessary to the performance of its duties. Such expenses,

and the compensation of the Claims Administrator at its usual and customary hourly rates, will be paid and reimbursed from the Judgment Fund periodically, as incurred.

7. The Claims Administrator shall not commence the performance of its duties under this Order until such time as the case is remanded to this Court from defendants' appeal (or until after the expiration of the time allowed for filing such appeal, if no appeal is filed within that time).

### D. Procedures and Principles for the Proposed Allocation

8. For each Class property, the Claims Administrator shall consult appropriate records and data, from Jefferson County, Colorado, and such other sources as the Claims Administrator may reasonably determine to be suitable and reliable, for the purposes of: (a) determining ownership of the property as of June 7, 1989, and January 30, 1990; (b) associating the property, and its owner(s) as of June 7, 1989, with the Prospective Damages Subclass or the Non-Prospective Damages Subclass; and (c) assigning the property to one of the three property categories from the jury's verdict form (i.e., commercial, residential, and vacant).

9. For each of the three property categories, the Claims Administrator shall compute the category's share of the Net Class Award. The total sum allocable to each category shall bear the same ratio to the Net Class Award as the jury's award of compensatory damages for that category bears to the total of all compensatory damages awarded by the jury for all three categories combined. Thus the total sum allocable to commercial properties (the Net Class Commercial Property Award) will be 3.196% ($5,651,252 ÷ $176,850,340) of the Net Class Award; the total sum allocable to residential properties (the Net Class Residential Property Award) will be 81.537% ($144,199,088 ÷ $176,850,340) of the Net Class Award; and the total sum allocable to properties in the vacant land

category (the Net Class Vacant Land Award) will be 15.267% ($27,000,000 ÷ $176,850,340) of the Net Class Award.

10. Based on Jefferson County tax assessment records and such other sources as the Claims Administrator may reasonably determine to be suitable and reliable, the Claims Administrator shall determine, for each Class property, the property's assessed value, expressed as a fraction of the total assessed value of all Class properties within the same category (the property's "Fractional Allocable Share").

11. Subject to such equitable adjustments as the Claims Administrator may recommend and the Court may adopt, the Proposed Allocation shall compute an award for each property in the Prospective Damages Subclass, based on the property's Fractional Allocable Share of the Net Class Award apportioned to that category. For example, for a residential property, the Proposed Allocation will present an award based on the property's Fractional Allocable Share multiplied by the Net Class Residential Property Award. The Claims Administrator shall memorialize a similar calculation for each property associated with the Non-Prospective Damages Subclass (see paragraph 14, *infra*).

### E. Procedures for Payment of Claims

12. Prior to disbursement of any funds to members of the Prospective Damages Subclass, the Court will establish appropriate procedures for approval of the Proposed Allocation, for notifying Prospective Damages Subclass members of their awards under the Proposed Allocation, and for proceedings through which Prospective Damages Subclass members have an opportunity to seek adjustment of their awards under the Proposed Allocation.

### F. Disposition of Unclaimed Funds

13. Subject to further order of the Court, any funds allocable to the Prospective Damages Subclass that remain unclaimed, after due allowance of a period for late claims, shall be distributed to members of the Prospective Damages Subclass on a pro rata basis.

### G. *Cy Pres* Award

14. That portion of the Net Class Award allocable to properties in the Non-Prospective Damages Subclass, as computed pursuant to paragraph 11, *supra*, shall be assigned to a *cy pres* fund, for such subsequent distribution as the Court may later direct. In aid of such distribution, the Court will direct plaintiffs, at or near the time that approval is sought for the Proposed Allocation, to identify options and recommendations for disbursing the *cy pres* fund in a manner consistent with *cy pres* principles, as set forth at pages 55-57 of this Court's Memorandum Opinion and Order on Pending Motions dated May 20, 2008 (Doc. 2261).

Dated this 2nd day of June, 2008.

s/John L. Kane
John L. Kane, Senior District Judge
United States District Court



Broomfield
120th
Great Western Reservoir
Westminster
Standley Lake
Indiana
Arvada
0 0.25 0.5 1
Miles

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 90-cv-00181-JLK

MERILYN COOK,
LORREN and GERTRUDE BABB,
RICHARD and SALLY BARTLETT, and
WILLIAM and DELORES SCHIERKOLK,

      Plaintiffs,

          v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

      Defendants.

___

**PLAN OF ALLOCATION**
___

Before the Court is plaintiffs' proposed plan of allocation. The Court being fully advised in the premises, and for good cause shown, the Court hereby ORDERS as follows:

### A.  Definition of Terms

1.     For purposes of this Order:

    a.     The term "Class" means the Property Class certified by the Court.

    b.     The term "Class Area" means the geographic area bounding the Property Class as certified by the Court.

    c.     The "Prospective Damages Subclass" includes all Class members who: (i) owned a property within the Class Area on June 7, 1989; and (ii) still owned the property as of January 30, 1990.

    d. The "Non-Prospective Damages Subclass" includes all Class members who: (i) owned a property within the Class Area on June 7, 1989; but (ii) no longer owned the property as of January 30, 1990.

    e. The term "Judgment Fund" means the sum of all compensatory and exemplary damages awarded in the trial of the Class claims in this matter and allowed after defendants' appeal (or after the expiration of time allowed for filing such appeal, if no appeal is filed within that time), inclusive of such attorneys' fees, expenses, costs, and pre- and post-judgment interest as have been or may be awarded to plaintiffs and the Prospective Damages Subclass, and inclusive of any interest earned through such investments as the Court may direct following defendants' payment of the judgment.

    f. The term "Claims Administrator" means the officer appointed by the Court pursuant to this Order to recommend an allocation of damages and to perform such incidental and additional duties as are set forth in this Order or as the Court may subsequently direct.

    g. The term "Net Class Award" means the Judgment Fund, less: (i) service awards to the representative plaintiffs; (ii) fees, expenses, and costs awarded from the Judgment Fund to counsel for plaintiffs and the Class; (iii) compensation and expenses paid or reimbursed to the Claims Administrator; and (iv) any additional administrative expenses that may be charged against the Judgment Fund at the Court's direction.

    h. The term "Net Class Commercial Property Award" means the portion of the Net Class Award allocable to the commercial property category under the formula set forth in paragraph 9 of this Order.

    i. The term "Net Class Residential Property Award" means the portion of the Net Class Award allocable to the residential property category under the formula set forth in paragraph 9 of this Order.

    j. The term "Net Class Vacant Property Award" means the portion of the Net Class Award allocable to the vacant property category under the formula set forth in paragraph 9 of this Order.

### B.  Appointment of Claims Administrator

2. The Claims Administrator shall be appointed following remand from defendants' appeal, or upon expiration of defendants' time to file an appeal, whichever occurs first.

### C.  Duties of the Claims Administrator

3. The Claims Administrator shall be responsible for developing a recommended allocation ("Proposed Allocation") of the Net Class Award.  The Proposed Allocation shall be developed under the guidelines set forth in this Order, under supervision from the Court, and subject to ultimate approval by the Court.

4. The Claims Administrator shall have such additional duties in connection with the allocation of damages and administration of claims as are set forth in this Order or in subsequent directives from this Court.

5. The Claims Administrator shall report to the Court from time to time to advise the Court of its progress in discharging its responsibilities under this Order, on such occasions and at such intervals as the Claims Administrator may deem appropriate or as the Court may direct.

6. The Claims Administrator is authorized to make reasonable expenditures to secure the resources and assistance reasonably necessary to the performance of its duties.  Such expenses,

and the compensation of the Claims Administrator at its usual and customary hourly rates, will be paid and reimbursed from the Judgment Fund periodically, as incurred.

7.  The Claims Administrator shall not commence the performance of its duties under this Order until such time as the case is remanded to this Court from defendants' appeal (or until after the expiration of the time allowed for filing such appeal, if no appeal is filed within that time).

### D.  Procedures and Principles for the Proposed Allocation

8.  For each Class property, the Claims Administrator shall consult appropriate records and data, from Jefferson County, Colorado, and such other sources as the Claims Administrator may reasonably determine to be suitable and reliable, for the purposes of: (a) determining ownership of the property as of June 7, 1989, and January 30, 1990; (b) associating the property, and its owner(s) as of June 7, 1989, with the Prospective Damages Subclass or the Non-Prospective Damages Subclass; and (c) assigning the property to one of the three property categories from the jury's verdict form (i.e., commercial, residential, and vacant).

9.  For each of the three property categories, the Claims Administrator shall compute the category's share of the Net Class Award.  The total sum allocable to each category shall bear the same ratio to the Net Class Award as the jury's award of compensatory damages for that category bears to the total of all compensatory damages awarded by the jury for all three categories combined. Thus the total sum allocable to commercial properties (the Net Class Commercial Property Award) will be 3.196% ($5,651,252 ÷ $176,850,340) of the Net Class Award; the total sum allocable to residential properties (the Net Class Residential Property Award) will be 81.537% ($144,199,088 ÷ $176,850,340) of the Net Class Award; and the total sum allocable to properties in the vacant land

category (the Net Class Vacant Land Award) will be 15.267% ($27,000,000 ÷ $176,850,340) of the Net Class Award.

11. Based on Jefferson County tax assessment records and such other sources as the Claims Administrator may reasonably determine to be suitable and reliable, the Claims Administrator shall determine, for each Class property, the property's assessed value, expressed as a fraction of the total assessed value of all Class properties within the same category (the property's "Fractional Allocable Share").

11. Subject to such equitable adjustments as the Claims Administrator may recommend and the Court may adopt, the Proposed Allocation shall compute an award for each property in the Prospective Damages Subclass, based on the property's Fractional Allocable Share of the Net Class Award apportioned to that category. For example, for a residential property, the Proposed Allocation will present an award based on the property's Fractional Allocable Share multiplied by the Net Class Residential Property Award. The Claims Administrator shall memorialize a similar calculation for each property associated with the Non-Prospective Damages Subclass (see paragraph 14, *infra*).

### E. Procedures for Payment of Claims

12. Prior to disbursement of any funds to members of the Prospective Damages Subclass, the Court will establish appropriate procedures for approval of the Proposed Allocation, for notifying Prospective Damages Subclass members of their awards under the Proposed Allocation, and for proceedings through which Prospective Damages Subclass members have an opportunity to seek adjustment of their awards under the Proposed Allocation.

### F.  Disposition of Unclaimed Funds

13. Subject to further order of the Court, any funds allocable to the Prospective Damages Subclass that remain unclaimed, after due allowance of a period for late claims, shall be distributed to members of the Prospective Damages Subclass on a pro rata basis.

### G.  *Cy Pres* Award

14. That portion of the Net Class Award allocable to properties in the Non-Prospective Damages Subclass, as computed pursuant to paragraph 11, *supra*, shall be assigned to a *cy pres* fund, for such subsequent distribution as the Court may later direct.  In aid of such distribution, the Court will direct plaintiffs, at or near the time that approval is sought for the Proposed Allocation, to identify options and recommendations for disbursing the *cy pres* fund in a manner consistent with *cy pres* principles, as set forth at pages 55-57 of this Court's Memorandum Opinion and Order on Pending Motions dated May 20, 2008 (Doc. 2261).

Dated this 2nd day of June, 2008.

s/John L. Kane
John L. Kane, Senior District Judge
United States District Court