APPEAL,CLOSED,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:13–cv–01053–RCL</u>
### *Internal Use Only*

FAIRHOLME FUNDS, INC. et al v. FEDERAL HOUSING
FINANCE AGENCY, et al
Assigned to: Judge Royce C. Lamberth
Case in other court:  USCA, 14–05254
                 USCA, 25–05113
Cause: 05:702 Administrative Procedure Act

Date Filed: 07/10/2013
Date Terminated: 10/10/2014
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **FAIRHOLME FUNDS, INC** <br> *on behalf of its series, The Fairholme Fund* | represented by | **Peter A. Patterson** <br> COOPER & KIRK, PLLC <br> 1523 New Hampshire Ave, NW <br> Washington, DC 20036 <br> (202) 220–9600 <br> Fax: (202) 220–9601 <br> Email: ppatterson@cooperkirk.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Brian W. Barnes**
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202–220–9600
Email: bbarnes@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
COOPER & KIRK, PLLC
1523 New Hampshire Ave, NW
Washington, DC 20036
(202) 220–9600
Fax: (202) 220–9601
Email: dthompson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
U.S. DISTRICT COURT FOR THE
DISTRICT OF UTAH
351 South West Temple
Salt lake City, UT 84101
(801) 524–6730
Email: nielson.howard@gmail.com
*TERMINATED: 05/29/2019*

**Vincent John Colatriano**
COOPER & KIRK, PLLC
1523 New Hampshire Ave, NW
Washington, DC 20036
(202) 220–9600
Fax: (202) 220–9601
Email: vcolatriano@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
COOPER & KIRK, PLLC
1523 New Hampshire Ave, NW
Washington, DC 20036
(202) 220–9660
Fax: (202) 220–9601
Email: ccooper@cooperkirk.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**FAIRHOLME FUND**                    represented by     **Peter A. Patterson**
*a series of Fairholme Funds, Inc.*                       (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Brian W. Barnes**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David Henry Thompson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Howard C. Nielson , Jr.**
                                                          (See above for address)
                                                          *TERMINATED: 05/29/2019*

                                                          **Vincent John Colatriano**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Charles Justin Cooper**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**BERKLEY INSURANCE COMPANY**          represented by     **Peter A. Patterson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Brian W. Barnes**

2

(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202–220–9621
Email: jramer@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Michael Weitzner**
COOPER KIRK, PLLC
1523 New Hampshire Avenue NW
Washington, DC 20016
202–220–9669
Email: mweitzner@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ACADIA INSURANCE COMPANY**    represented by    **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

ADMIRAL INDEMNITY COMPANY          represented by   **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

ADMIRAL INSURANCE COMPANY          represented by   **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)

*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**BERKLEY REGIONAL INSURANCE COMPANY**                    represented by    **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Weitzner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

Charles Justin Cooper
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CAROLINA CASUALTY
INSURANCE COMPANY**

represented by    **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MIDWEST EMPLOYERS
CASUALTY INSURANCE
COMPANY**

represented by    **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**NAUTILUS INSURANCE COMPANY**                    represented by   **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**PREFERRED EMPLOYERS INSURANCE COMPANY**           represented by   **Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian W. Barnes**
(See above for address)

*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard C. Nielson , Jr.**
(See above for address)
*TERMINATED: 05/29/2019*

**John Ramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent John Colatriano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Justin Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FEDERAL HOUSING FINANCE AGENCY**
*in its capacity as Conservator of the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation*

represented by **Asim Varma**
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942–5180
Fax: (202) 942–5999
Email: asim.varma@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Block Bergman**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202–942–5474
Email: david.bergman@aporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Howard Neil Cayne**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942–5656

Fax: (202) 942–5999
Email: howard.cayne@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian S. Hoffman**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
202–942–6406
Fax: 202–942–5999
Email: ian.hoffman@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Louis Stern**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington D.C., DC 20001–3743
202–942–5000
Email: jonathan.stern@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Stanton Jones**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942–5563
Fax: (202) 942–5999
Email: stanton.jones@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**EDWARD DEMARCO**                     represented by   **Asim Varma**
*in his official capacity as Acting Director*                        (See above for address)
*of the Federal Housing Finance Agency*                       *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **David Block Bergman**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Howard Neil Cayne**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Ian S. Hoffman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF THE**                    represented by     **Caroline J. Anderson**
**TREASURY**                                                U.S. DEPARTMENT OF JUSTICE
                                                            950 Pennsylvania Avenue, NW
                                                            Washington, DC 20530
                                                            (202) 353–6417
                                                            Fax: (202) 616–2645
                                                            Email: caroline.j.anderson@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joel L. McElvain**
                                                            KING & SPALDING LLP
                                                            1700 Pennsylvania Avenue, NW
                                                            Suite 900
                                                            Washington, DC 20006
                                                            (202) 626–2929
                                                            Fax: (202) 626–3737
                                                            Email: jmcelvain@democracyforward.org
                                                            *TERMINATED: 08/30/2017*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **R. Charlie Merritt**
                                                            U.S. DEPARTMENT OF JUSTICE –
                                                            RICHMOND
                                                            Civil Division
                                                            919 East Main Street
                                                            Suite 1900
                                                            Richmond, VA 23219
                                                            (202) 616–8098
                                                            Fax: (804) 819–7417
                                                            Email: robert.c.merritt@usdoj.gov
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thomas Zimpleman**
                                                            NATURAL RESOURCES DEFENSE
                                                            COUNCIL
                                                            1152 15th St. NW
                                                            Suite 300
                                                            Washington, DC 20005
                                                            202–513–6244
                                                            Email: tzimpleman@nrdc.org
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**MELVIN L. WATT**
*in his official capacity as Director of the*
*Federal Housing Finance Agency*

represented by **Howard Neil Cayne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**

represented by **Meaghan McLaine VerGow**
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383–5300
Fax: (202) 383–5414
Email: mvergow@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FEDERAL HOME LOAN MORTGAGE CORPORATION**

represented by **Graciela Maria Rodriguez**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(202) 626–5508
Fax: (202) 626–3737
Email: gmrodriguez@kslaw.com
*ATTORNEY TO BE NOTICED*

**Michael Joseph Ciatti**
KING & SPALDING
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202)661–7828
Email: mciatti@kslaw.com
*ATTORNEY TO BE NOTICED*

**Taylor T. Lankford**
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
703–499–0246
Fax: (202) 626–3737
Email: tlankford@kslaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2013 | 1 | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090–3393808) filed by ADMIRAL INSURANCE COMPANY, PREFERRED |

| | | |
|---|---|---|
| | | EMPLOYERS INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, CAROLINA CASUALTY INSURANCE COMPANY, ACADIA INSURANCE COMPANY, FAIRHOLME FUNDS, INC., NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit Rule 7.1 Corporate Disclosure Statement, # 3 Summons, # 4 Exhibit Notice of Related Cases)(Cooper, Charles). (Entered: 07/10/2013) |
| 07/10/2013 | 2 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 13–1025. (Cooper, Charles) (Entered: 07/10/2013) |
| 07/10/2013 | 3 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, Fairholme Fund, Fairholme Funds, Inc., MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Cooper, Charles) (Entered: 07/10/2013) |
| 07/11/2013 | 4 | NOTICE of Appearance by David Henry Thompson on behalf of All Plaintiffs (Thompson, David) (Entered: 07/11/2013) |
| 07/12/2013 | 5 | NOTICE of Appearance by Vincent J. Colatriano on behalf of All Plaintiffs (Colatriano, Vincent) (Entered: 07/12/2013) |
| 07/12/2013 | 6 | ELECTRONIC SUMMONS (5) Issued as to EDWARD DEMARCO, DEPARTMENT OF TREASURY, FEDERAL HOUSING FINANCE AGENCY, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Summons)(sth, ) (Entered: 07/12/2013) |
| 07/19/2013 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF TREASURY served on 7/15/2013 (Cooper, Charles) Modified on 7/22/2013 (rdj). (Entered: 07/19/2013) |
| 07/19/2013 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF TREASURY served on 7/15/2013 (Cooper, Charles) Modified on 7/22/2013 (rdj). (Entered: 07/19/2013) |
| 07/19/2013 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF TREASURY served on 7/15/2013 (Cooper, Charles) Modified on 7/22/2013 (rdj). (Entered: 07/19/2013) |
| 07/19/2013 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 7/16/2013. Answer due for ALL FEDERAL DEFENDANTS by 9/14/2013. (Cooper, Charles) (Entered: 07/19/2013) |
| 07/19/2013 | 11 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 07/16/2013. (Cooper, Charles) (Entered: 07/19/2013) |
| 07/31/2013 | 12 | NOTICE of Appearance by Joel L. McElvain on behalf of DEPARTMENT OF TREASURY (McElvain, Joel) (Entered: 07/31/2013) |

| 07/31/2013 | 13 | NOTICE of Appearance by Thomas David Zimpleman on behalf of DEPARTMENT OF TREASURY (Zimpleman, Thomas) (Entered: 07/31/2013) |
|---|---|---|
| 08/12/2013 | 14 | NOTICE of Appearance by Peter A. Patterson on behalf of All Plaintiffs (Patterson, Peter) (Entered: 08/12/2013) |
| 08/26/2013 | 15 | NOTICE of Appearance by Asim Varma on behalf of EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Varma, Asim) (Entered: 08/26/2013) |
| 08/26/2013 | 16 | NOTICE of Appearance by Howard Neil Cayne on behalf of EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Cayne, Howard) (Entered: 08/26/2013) |
| 08/26/2013 | 17 | NOTICE of Appearance by David Block Bergman on behalf of EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Bergman, David) (Entered: 08/26/2013) |
| 09/09/2013 | 18 | STIPULATION *as to Briefing Schedule* by DEPARTMENT OF TREASURY. (Attachments: # 1 Text of Proposed Order)(McElvain, Joel) (Entered: 09/09/2013) |
| 09/10/2013 | | MINUTE ORDER: It is hereby ORDERED that all deadlines in this case shall be STAYED until further notice while the Court reviews all of the pending motions in all of the related pending cases. Signed by Judge Robert L. Wilkins on 9/10/2013. (tcb) (Entered: 09/10/2013) |
| 09/23/2013 | | MINUTE ORDER: All briefing (including responses to pending motions) and obligations to answer, or otherwise respond to complaints, are hereby stayed until further notice of the court. Signed by Judge Robert L. Wilkins on 9/23/2013. (tcb). (Entered: 09/23/2013) |
| 10/09/2013 | 19 | PRELIMINARY CASE MANAGEMENT ORDER No. 1IN THE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASEAGREEMENT LITIGATIONS; On July 7, 2013, an investment manager filed a complaint in this court against a number of parties, including the Department of the Treasury (Treasury) and the Federal Housing Finance Agency (FHFA), in its capacity as the conservator for the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). Perry Capital LLC v. Lew, 13–cv–1025. All parties shall appear for a status hearing in this matter on November 12, 2013 at 2:00 pm to discuss the issues specified in this Order. Other than this Joint Status Report, all briefing (including responses to pending motions) and obligations to answer, or otherwise respond to complaints, are still stayed until further notice of the Court. (SEE ORDER FOR FULL DETAILS). Signed by Judge Robert L. Wilkins on 10/9/2013. (tcb) (Entered: 10/09/2013) |
| 11/06/2013 | 20 | STATUS REPORT by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Attachments: # 1 Exhibit A – Stipulation and Proposed Order re: Consolidation, # 2 Exhibit B – Proposed Order re: Joint Status Report)(Cooper, Charles) (Entered: 11/06/2013) |
| 11/12/2013 | | Minute Entry for proceedings held before Judge Robert L. Wilkins: Status Conference held and concluded on 11/12/2013. Plaintiff's Motion to Appoint Counsel; Heard and the Court to grant. Parties to submit a Word version of the proposed order to the Court. Motions Hearing set for 6/23/2014 at 9:30 AM in Courtroom 27A before Judge Robert L. Wilkins. (Court Reporter Patty Gels) (tcb). (Entered: 11/12/2013) |

| 11/13/2013 | | Set/Reset Hearings: Motion Hearing set for 6/23/2014 at 9:30 AM in Courtroom 27A before Judge Robert L. Wilkins. (tcb) (Entered: 11/13/2013) |
|---|---|---|
| 11/18/2013 | 21 | ORDER REGARDING BRIEFING SCHEDULE IN ALL CASES: Upon consideration of the Joint Status Report submitted on November 6, 2013 and pursuant to the Federal Rule of Civil Procedure 42, it is hereby ORDERED that the above captioned cases proceed according to the following schedule: Interim co−lead class counsel file a consolidated class action complaint due by 12/3/2013. Defendants file the administrative record due by 12/17/2013.. Defendants file dispositive motions due by 1/17/2014. Plaintiffs file oppositions to defendants motions and cross−motions due by 2/19/2014. Defendants file replies in support of their motions and oppositions to plaintiffs cross motions due by 4/2/2014. Plaintiffs file replies in support of their cross motions due by 5/2/2014. Hearing on defendants dispositive motions and plaintiffs cross−motions set for 6/23/2014 at 9:30 AM in Courtroom 27A before Judge Robert L. Wilkins.(SEE ORDER FOR FULL DETAILS). Signed by Judge Robert L. Wilkins on 11/18/2013. (tcb) (Entered: 11/18/2013) |
| 12/06/2013 | 22 | STATUS REPORT by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Cooper, Charles) (Entered: 12/06/2013) |
| 12/17/2013 | 23 | ADMINISTRATIVE RECORD by DEPARTMENT OF TREASURY. (Attachments: # 1 Exhibit Administrative Record part 1, # 2 Exhibit Administrative Record part 2, # 3 Exhibit Administrative Record part 3, # 4 Exhibit Administrative Record part 4, # 5 Exhibit Administrative Record part 5, # 6 Exhibit Administrative Record part 6, # 7 Exhibit Administrative Record part 7, # 8 Exhibit Administrative Record part 8, # 9 Exhibit Administrative Record part 9, # 10 Exhibit Administrative Record part 10, # 11 Exhibit Administrative Record part 11, # 12 Exhibit Administrative Record part 12, # 13 Exhibit Administrative Record part 13, # 14 Exhibit Administrative Record part 14)(McElvain, Joel) (Entered: 12/17/2013) |
| 12/17/2013 | 24 | NOTICE *OF FILING DOCUMENT COMPILATION REGARDING THIRD AMENDMENT TO SENIOR PREFERRED STOCK PURCHASE AGREEMENTS* by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Index, # 2 Exhibit Part 1, # 3 Exhibit Part 2, # 4 Exhibit Part 3, # 5 Exhibit Part 4, # 6 Exhibit Part 5, # 7 Exhibit Part 6, # 8 Exhibit Part 7, # 9 Exhibit Part 8, # 10 Exhibit Part 9, # 11 Exhibit Part 10, # 12 Exhibit Part 11, # 13 Exhibit Part 12, # 14 Exhibit Part 13, # 15 Exhibit Part 14, # 16 Exhibit Part 15, # 17 Exhibit Part 16, # 18 Exhibit Part 17)(Varma, Asim) (Entered: 12/17/2013) |
| 12/19/2013 | 25 | ERRATA *with Respect to Administrative Record* by DEPARTMENT OF TREASURY. (Attachments: # 1 Exhibit Freddie Mac 2010 Form 10−K (0640−1063), # 2 Exhibit Freddie Mac First Quarter 2011 Form 10−Q (1231−1461), # 3 Exhibit Freddie Mac Second Quarter 2011 Form 10−Q (1647−1892), # 4 Exhibit Freddie Mac Third Quarter 2011 Form 10−Q (2114−2357), # 5 Exhibit Freddie Mac 2011 Form 10−K (2765−3247), # 6 Exhibit Freddie Mac First Quarter 2012 Form 10−Q (3532−3774))(McElvain, Joel) (Entered: 12/19/2013) |
| 01/06/2014 | | MINUTE ORDER: It is hereby ORDERED that Defendants briefs in support of their dispositive motion in the three non−consolidated actions (Perry Capital LLC v. Lew, et al., No. 13−cv−1025 (RLW), Fairholme Funds, Inc., et al. v. Federal Housing Finance Agency, et al., No. 13−cv−1053 (RLW), and Arrowood Indemnity Co., et al. v. Federal National Mortgage Association, et al., No. 13−cv−1439 (RLW)) shall not exceed 130 pages. It is further ORDERED that Plaintiffs briefs in support of their opposition to Defendants dispositive motion and in support of any cross−motion for |

| | | |
|---|---|---|
| | | summary judgment shall not exceed 150 pages. Should Plaintiffs conclude, after reviewing Defendants filings and conferring in good faith, that an adequate response requires more than 150 pages, Plaintiffs counsel shall promptly inform the Court and file an appropriate motion. These page limits are inclusive of any supplemental briefs to be filed by the parties. Signed by Judge Robert L. Wilkins on 1/6/2014. (tcb) (Entered: 01/06/2014) |
| 01/08/2014 | 26 | Unopposed MOTION for Leave to File Excess Pages by DEPARTMENT OF TREASURY (McElvain, Joel) (Entered: 01/08/2014) |
| 01/09/2014 | | MINUTE ORDER: Defendant's 26 Unopposed MOTION for Leave to File Excess Pages is hereby GRANTED. Counsel for Defendants is admonished to comply with the local rules in the future and submit a proposed order with ALL motions pursuant to Local Rule 7(c). Signed by Judge Robert L. Wilkins on 1/9/2014. (tcb) (Entered: 01/09/2014) |
| 01/17/2014 | 27 | MOTION to Dismiss *or, in the Alternative, for Summary Judgment* by DEPARTMENT OF TREASURY (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(McElvain, Joel). Added MOTION for Summary Judgment on 1/21/2014 (znmw, ). (Entered: 01/17/2014) |
| 01/17/2014 | 28 | MOTION to Dismiss *All Claims and, in the Alternative, for Summary Judgment as to Plaintiffs Arbitrary and Capricious Claims and Memorandum in Support* by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Text of Proposed Order)(Cayne, Howard). Added MOTION for Summary Judgment on 1/21/2014 (znmw, ). (Entered: 01/17/2014) |
| 01/17/2014 | 29 | MOTION to Take Judicial Notice by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Cayne, Howard) (Entered: 01/17/2014) |
| 01/22/2014 | | Case reassigned by consent to Judge Royce C. Lamberth. Judge Robert L. Wilkins has been elevated to U.S. Court of Appeals for D.C. and is no longer assigned to the case. (gt, ) (Entered: 01/22/2014) |
| 01/30/2014 | 30 | STIPULATION *To Conform Briefing Schedule on Defendants' Motion for Judicial Notice to Briefing Schedule Established for Defendants' Dispositive Motions* by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Thompson, David) (Entered: 01/30/2014) |
| 02/12/2014 | 31 | MOTION for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference by FAIRHOLME FUND, FAIRHOLME FUNDS, INC (Attachments: # 1 Text of Proposed Order)(Cooper, Charles). Added MOTION for Discovery, MOTION for Hearing, MOTION for Leave to File Supplement on 2/13/2014 (znmw, ). (Entered: 02/12/2014) |
| 02/12/2014 | 32 | MEMORANDUM re 31 MOTION for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference filed by FAIRHOLME FUNDS, INC, FAIRHOLME FUND by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 (Declaration of Vincent J. Colatriano))(Cooper, Charles) (Entered: 02/12/2014) |

| 03/04/2014 | 33 | Memorandum in opposition to re 31 MOTION for Suspension of Briefing on Defendants' Dispositive Motions MOTION for Discovery MOTION for Hearing MOTION for Leave to File filed by DEPARTMENT OF TREASURY. (McElvain, Joel) (Entered: 03/04/2014) |
|---|---|---|
| 03/04/2014 | 34 | Memorandum in opposition to re 31 MOTION for Suspension of Briefing on Defendants' Dispositive Motions MOTION for Discovery MOTION for Hearing MOTION for Leave to File filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. (Cayne, Howard) (Entered: 03/04/2014) |
| 03/05/2014 | 35 | NOTICE *of Filing of Discovery Order Issued by United States Court of Federal Claims* by FAIRHOLME FUND, FAIRHOLME FUNDS, INC (Attachments: # 1 Exhibit A)(Cooper, Charles) (Entered: 03/05/2014) |
| 03/13/2014 | 36 | REPLY to opposition to motion re 31 MOTION for Suspension of Briefing on Defendants' Dispositive Motions MOTION for Discovery MOTION for Hearing MOTION for Leave to File filed by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Cooper, Charles) (Entered: 03/13/2014) |
| 03/18/2014 | 37 | Memorandum in opposition to re 29 MOTION to Take Judicial Notice filed by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Attachments: # 1 Exhibit Order [Proposed By Plaintiffs] On Defendants' Motion For Judicial Notice)(Thompson, David) (Entered: 03/18/2014) |
| 03/21/2014 | 38 | Memorandum in opposition to re 28 MOTION to Dismiss *All Claims and, in the Alternative, for Summary Judgment as to Plaintiffs Arbitrary and Capricious Claims and Memorandum in Support* MOTION for Summary Judgment filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Cooper, Charles) Modified on 3/24/2014 (jf, ). (Entered: 03/21/2014) |
| 03/21/2014 | 39 | SUPPLEMENTAL MEMORANDUM to re 28 MOTION to Dismiss *All Claims and, in the Alternative, for Summary Judgment as to Plaintiffs Arbitrary and Capricious Claims and Memorandum in Support* MOTION for Summary Judgment, 27 MOTION to Dismiss *or, in the Alternative, for Summary Judgment* MOTION for Summary Judgment –– *Plaintiffs' Suppl. Memorandum on APA, Fiduciary Duty, and Contract Claims* filed by FAIRHOLME FUND, FAIRHOLME FUNDS, INC. (Attachments: # 1 Exhibit 1)(Cooper, Charles) (Entered: 03/21/2014) |
| 03/21/2014 | 40 | Cross MOTION for Summary Judgment by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (See Docket Entry 38 to view document) (jf, ) (Entered: 03/24/2014) |
| 04/10/2014 | 41 | |

| | | |
|---|---|---|
| | | NOTICE *of Filing of Discovery Order Issued by United States Court of Federal Claims* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit A)(Cooper, Charles) (Entered: 04/10/2014) |
| 05/02/2014 | 42 | STIPULATION *Regarding Enlargement of Page Limits* by DEPARTMENT OF TREASURY. (McElvain, Joel) (Entered: 05/02/2014) |
| 05/02/2014 | 43 | REPLY to opposition to motion re 27 MOTION to Dismiss or, in the Alternative, for Summary Judgment filed by DEPARTMENT OF TREASURY. (McElvain, Joel) Modified on 5/5/2014 to correct docket link (jf, ). (Entered: 05/02/2014) |
| 05/02/2014 | 44 | Memorandum in opposition to re 40 MOTION for Summary Judgment filed by DEPARTMENT OF TREASURY. (McElvain, Joel) (Entered: 05/02/2014) |
| 05/02/2014 | 45 | REPLY to opposition to motion re 28 MOTION to Dismiss *All Claims and, in the Alternative, for Summary Judgment as to Plaintiffs Arbitrary and Capricious Claims and Memorandum in Support* MOTION for Summary Judgment filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. (Cayne, Howard) (Entered: 05/02/2014) |
| 05/02/2014 | 46 | Memorandum in opposition to re 40 MOTION for Summary Judgment filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. (Cayne, Howard) (Entered: 05/02/2014) |
| 05/02/2014 | 47 | REPLY to opposition to motion re 29 MOTION to Take Judicial Notice filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. (Cayne, Howard) (Entered: 05/02/2014) |
| 05/05/2014 | 48 | NOTICE OF RELATED CASE by DEPARTMENT OF TREASURY. Case related to Case No. 4:14–cv–42 (S.D. Iowa). (McElvain, Joel) (Entered: 05/05/2014) |
| 05/05/2014 | 49 | NOTICE OF RELATED CASE by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. Case related to Case No. 4:14–cv–0042 (S.D. Iowa). (Varma, Asim) (Entered: 05/05/2014) |
| 06/02/2014 | 50 | STIPULATION *Regarding Enlargement of Page Limits* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 06/02/2014) |
| 06/02/2014 | 51 | REPLY to opposition to motion re 40 MOTION for Summary Judgment *on Administrative Procedure Act Claims* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME |

| | | |
|---|---|---|
| | | FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 06/02/2014) |
| 06/05/2014 | | MINUTE ORDER postponing the motions hearing set by the 11/12/2013 Minute Entry until further order of the Court. Signed by Judge Royce C. Lamberth on June 5, 2014. (lcrcl5) (Entered: 06/05/2014) |
| 08/12/2014 | 52 | NOTICE of Appearance by Howard C. Nielson, Jr on behalf of All Plaintiffs (Nielson, Howard) (Entered: 08/12/2014) |
| 08/26/2014 | 53 | NOTICE OF SUPPLEMENTAL AUTHORITY by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A (S.D. Iowa Order))(Cayne, Howard) (Entered: 08/26/2014) |
| 09/03/2014 | 54 | REPONSE re 53 NOTICE OF SUPPLEMENTAL AUTHORITY filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit Transcript of July 10, 2014 Hearing in S.D. Iowa)(Cooper, Charles) Modified on 9/4/2014 to correct event(rdj). (Entered: 09/03/2014) |
| 09/30/2014 | 55 | ORDER on DEFENDANTS' MOTION FOR JUDICIAL NOTICE granting in part and denying in part (33) Motion to Take Judicial Notice in case 1:13–cv–01025–RCL; granting in part and denying in part (29) Motion to Take Judicial Notice in case 1:13–cv–01053–RCL; granting in part and denying in part (37) Motion to Take Judicial Notice in case 1:13–cv–01439–RCL; granting in part and denying in part (21) Motion to Take Judicial Notice in case 1:13–mc–01288–RCL. Signed by Judge Royce C. Lamberth on 9/30/2014. (tg, ) (Entered: 09/30/2014) |
| 09/30/2014 | 56 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 9/30/2014. (tg, ) (Entered: 09/30/2014) |
| 09/30/2014 | 57 | ORDER GRANTING the defendants' motions to dismiss and DENYING the plaintiffs' cross–motion for summary judgment. Signed by Judge Royce C. Lamberth on 9/30/2014. (tg, ) (Entered: 09/30/2014) |
| 09/30/2014 | 58 | ORDER denying 31 Motion for supplementation of the administrative record, limited discovery, suspension of briefing on thedefendants' dispositive motions, and a status conference as moot due to the dismissal of this case pursuant to the Court's Order 57 issued this date. Signed by Judge Royce C. Lamberth on 9/30/2014. (ztg, ) (Entered: 09/30/2014) |
| 10/10/2014 | 59 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 57 Order, 56 Memorandum & Opinion, 58 Order on Motion for Miscellaneous Relief, Order on Motion for Discovery, Order on Motion for Hearing, Order on Motion for Leave to File,,,, by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS |

| | | |
|---|---|---|
| | | INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. Filing fee $ 505, receipt number 0090–3867937. Fee Status: Fee Paid. Parties have been notified. (Cooper, Charles) (Entered: 10/10/2014) |
| 10/10/2014 | 60 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 59 Notice of Appeal to DC Circuit Court,. (rdj) (Entered: 10/10/2014) |
| 10/17/2014 | | USCA Case Number 14–5254 for 59 Notice of Appeal to DC Circuit Court,, filed by BERKLEY REGIONAL INSURANCE COMPANY, FAIRHOLME FUNDS, INC, ACADIA INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND. (kb) (Entered: 10/17/2014) |
| 07/24/2017 | 61 | MANDATE of USCA as to (54 in 1:13–cv–01025–RCL) Notice of Appeal to DC Circuit Court, filed by PERRY CAPITAL LLC, (49 in 1:13–mc–01288–RCL) Notice of Appeal to DC Circuit Court filed by JOSEPH CACCIAPELLE, (61 in 1:13–cv–01439–RCL) Notice of Appeal to DC Circuit Court, filed by ARROWOOD SURPLUS LINES INSURANCE COMPANY, ARROWOOD INDEMNITY COMPANY, FINANCIAL STRUCTURES LIMITED, (59 in 1:13–cv–01053–RCL) Notice of Appeal to DC Circuit Court, filed by BERKLEY REGIONAL INSURANCE COMPANY, FAIRHOLME FUNDS, INC, ACADIA INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND. USCA Case Number 14–5243 Consolidated with 14–5254, 14–5260, 14–5262. (Attachments: # 1 order filed July 17, 2017)(zrdj) (Entered: 07/27/2017) |
| 08/30/2017 | 62 | NOTICE of Appearance by Caroline J. Anderson on behalf of DEPARTMENT OF TREASURY (Anderson, Caroline) (Entered: 08/30/2017) |
| 08/30/2017 | 63 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DEPARTMENT OF TREASURY. Attorney Joel L. McElvain terminated. (McElvain, Joel) (Entered: 08/30/2017) |
| 09/14/2017 | 64 | NOTICE of Appearance by Robert Charles Merritt on behalf of DEPARTMENT OF TREASURY (Merritt, Robert) (Entered: 09/14/2017) |
| 10/04/2017 | 65 | STIPULATION *By All Parties Regarding Schedule On Remand* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 10/04/2017) |
| 11/01/2017 | 66 | MOTION for Leave to File *Amended Complaint* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL |

| | | |
|---|---|---|
| | | INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Plaintiffs' Proposed Amended Complaint, # 2 Text of Proposed Order)(Cooper, Charles) (Entered: 11/01/2017) |
| 11/09/2017 | 67 | STIPULATION re 66 MOTION for Leave to File *Amended Complaint* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Proposed Amended Complaint)(Cooper, Charles) (Entered: 11/09/2017) |
| 01/10/2018 | 68 | MOTION to Dismiss *Amended Complaints* by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A (Fannie Mae Charter), # 2 Exhibit B (Freddie Mac Charter), # 3 Exhibit C (Fannie Preferred Stock), # 4 Exhibit D (Freddie Preferred Stock), # 5 Exhibit E (Freddie Common Stock), # 6 Exhibit F (PSPAs), # 7 Exhibit G (Treasury Preferred Stock), # 8 Text of Proposed Order)(Cayne, Howard) (Entered: 01/10/2018) |
| 01/19/2018 | 69 | STIPULATION by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 01/19/2018) |
| 02/01/2018 | 70 | SCHEDULING ORDER approving Stipulation filed 10/4/2017, nunc pro tunc. Signed by Judge Royce C. Lamberth on 1/30/18. (lsj) (Entered: 02/01/2018) |
| 02/01/2018 | 71 | ORDER granting amended joint stipulation and proposed scheduling Order. Response to Dispositive Motions due by 2/16/2018. Reply to Dispositive Motions due by 3/16/2018. Signed by Judge Royce C. Lamberth on 1/30/18. (lsj) (Entered: 02/01/2018) |
| 02/01/2018 | 72 | ORDER approving 67 in Civil Case 13–CV–1053 (RCL), nunc pro tunc. Signed by Judge Royce C. Lamberth on 1/30/18. (lsj) (Entered: 02/01/2018) |
| 02/01/2018 | 73 | ORDER granting 66 Motion for Leave to File. Signed by Judge Royce C. Lamberth on 1/30/18. (lsj) (Entered: 02/01/2018) |
| 02/01/2018 | 74 | AMENDED COMPLAINT against DEPARTMENT OF TREASURY, FEDERAL HOUSING FINANCE AGENCY, MELVIN L. WATT, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION filed by ADMIRAL INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, CAROLINA CASUALTY INSURANCE COMPANY, ACADIA INSURANCE COMPANY, |

| | | |
|---|---|---|
| | | FAIRHOLME FUNDS, INC, NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY.(zrdj) (Entered: 02/05/2018) |
| 02/01/2018 | 75 | AMENDED COMPLAINT against FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MELVIN L. WATT filed by PREFERRED EMPLOYERS INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, ACADIA INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY.(zrdj) (Entered: 02/05/2018) |
| 02/16/2018 | 76 | Memorandum in opposition to re 68 MOTION to Dismiss *Amended Complaints* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 02/16/2018) |
| 03/02/2018 | 77 | STIPULATION by FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MELVIN L. WATT. (Attachments: # 1 Text of Proposed Order)(Cayne, Howard) (Entered: 03/02/2018) |
| 03/23/2018 | 78 | REPLY to opposition to motion re 68 MOTION to Dismiss *Amended Complaints* filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. (Cayne, Howard) (Entered: 03/23/2018) |
| 04/13/2018 | 79 | MOTION for Leave to File *Surreply* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Plaintiffs' Proposed Surreply, # 2 Text of Proposed Order)(Cooper, Charles) (Entered: 04/13/2018) |
| 04/13/2018 | 80 | Memorandum in opposition to re 79 MOTION for Leave to File *Surreply* filed by FEDERAL HOUSING FINANCE AGENCY. (Cayne, Howard) (Entered: 04/13/2018) |
| 05/31/2018 | 81 | NOTICE OF RELATED CASE by FEDERAL HOUSING FINANCE AGENCY, MELVIN L. WATT. Case related to Case No. 1:18−cv−1142. (Attachments: # 1 Notice of Related Cases)(Cayne, Howard) (Entered: 05/31/2018) |
| 09/28/2018 | 82 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 9/28/2018. (lcrcl2) (Entered: 09/28/2018) |
| 09/28/2018 | 83 | ORDER granting in part and denying in part 68 Motion to Dismiss; granting 79 Motion for Leave to File. Signed by Judge Royce C. Lamberth on 9/28/18. (lcrcl2) |

| | | (Entered: 09/28/2018) |
|---|---|---|
| 09/28/2018 | 84 | SURREPLY to re 68 MOTION to Dismiss *Amended Complaints* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (jf) (Entered: 10/04/2018) |
| 10/10/2018 | 85 | STIPULATION *Extending Defendants' Time to File Answers to the Complaints* by FEDERAL HOUSING FINANCE AGENCY, MELVIN L. WATT. (Attachments: # 1 Text of Proposed Order)(Cayne, Howard) (Entered: 10/10/2018) |
| 10/12/2018 | 86 | ORDER approving the Stipulation Extending Defendants' Time to File Answers to the Complaints. Defendants' must file answers to the Amended Complaints by December 11, 2018. Signed by Judge Royce C. Lamberth on 10/12/18. (lcrcl2) (Entered: 10/12/2018) |
| 10/12/2018 | | Set/Reset Deadlines: Answer due by 12/11/2018. (znbn) (Entered: 10/15/2018) |
| 10/15/2018 | 87 | MOTION for Reconsideration re 82 Memorandum & Opinion, 83 Order on Motion to Dismiss, Order on Motion for Leave to File by FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MELVIN L. WATT (Attachments: # 1 Text of Proposed Order)(Cayne, Howard) (Entered: 10/15/2018) |
| 10/22/2018 | 88 | STIPULATION *Extending Briefing Deadlines for Motion for Reconsideration* by FEDERAL HOUSING FINANCE AGENCY, MELVIN L. WATT. (Attachments: # 1 Text of Proposed Order)(Cayne, Howard) (Entered: 10/22/2018) |
| 10/29/2018 | 89 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Cooper, Charles) (Entered: 10/29/2018) |
| 11/05/2018 | 90 | RESPONSE re 87 MOTION for Reconsideration re 82 Memorandum & Opinion, 83 Order on Motion to Dismiss, Order on Motion for Leave to File filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 11/05/2018) |
| 11/19/2018 | 91 | REPLY to opposition to motion re 87 MOTION for Reconsideration re 82 Memorandum & Opinion, 83 Order on Motion to Dismiss, Order on Motion for Leave to File filed by FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MELVIN L. WATT. (Attachments: # 1 Exhibit A (Fairholme Plaintiffs' Initial Disclosures), # 2 Exhibit B (Arrowood Plaintiffs' Initial Disclosures), # 3 Exhibit C (Class Plaintiffs' Initial Disclosures))(Cayne, Howard) (Entered: 11/19/2018) |
| 12/10/2018 | 92 | |

| | | |
|---|---|---|
| | | STIPULATION *for Extension of Time and Proposed Order* by EDWARD DEMARCO, DEPARTMENT OF THE TREASURY, FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, JACOB J. LEW, STEVEN T. MNUCHIN, MELVIN L. WATT, EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY, MELVIN L. WATT, EDWARD DEMARCO, DEPARTMENT OF THE TREASURY, DEPARTMENT OF THE TREASURY, FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE ADMINISTRATION, FEDERAL HOUSING FINANCE ADMINISTRATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL HOUSING FINANCE AGENCY, FEDERAL HOUSING FINANCE AGENCY, FEDERAL HOUSING FINANCE AGENCY, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, JACOB J. LEW, UNITED STATES DEPARTMENT OF THE TREASURY, UNITED STATES DEPARTMENT OF THE TREASURY. (Attachments: # 1 Text of Proposed Order Proposed Order)(Cayne, Howard) (Entered: 12/10/2018) |
| 12/13/2018 | 93 | ORDER extending nunc pro tunc the briefing deadlines for defendants' motion for partial reconsideration. Signed by Judge Royce C. Lamberth on 12/12/2018. (lcrcl3) (Entered: 12/13/2018) |
| 12/13/2018 | 94 | ORDER extending defendants' time to answer to 12/17/18. Signed by Judge Royce C. Lamberth on 12/12/2018. (lcrcl3) (Entered: 12/13/2018) |
| 12/17/2018 | 95 | *Defendants'* ANSWER to 74 Amended Complaint,, 75 Amended Complaint, , ANSWER to 74 Amended Complaint,, 75 Amended Complaint by EDWARD DEMARCO, DEPARTMENT OF THE TREASURY, FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MELVIN L. WATT.(Cayne, Howard) (Entered: 12/17/2018) |
| 12/22/2018 | 96 | ORDER adopting Stipulation Extending Briefing Deadlines, nunc pro tunc. Signed by Judge Royce C. Lamberth on 12/22/2018. (lcrcl1) Modified on 12/26/2018 (zlsj). (Entered: 12/22/2018) |
| 03/25/2019 | 97 | STIPULATION *for Entry of Protective Order* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A – Proposed Protective Order)(Cooper, Charles) (Entered: 03/25/2019) |
| 04/10/2019 | 98 | PROTECTIVE ORDER setting forth procedures for handling confidential material; allowing designated material to be filed under seal. Signed by Judge Royce C. Lamberth on 4/8/19. (lsj) (Entered: 04/10/2019) |
| 05/16/2019 | 99 | |

| | | |
|---|---|---|
| | | ORDER denying (87) Motion for Reconsideration in case 1:13–cv–01053–RCL; denying (95) Motion for Reconsideration in case 1:13–cv–01439–RCL; denying (89) Motion for Reconsideration in case 1:13–mc–01288–RCL. Signed by Judge Royce C. Lamberth on 5/16/2019. (lcrcl2) (Entered: 05/16/2019) |
| 05/23/2019 | 100 | SCHEDULING ORDER: Fact Discovery due by 7/15/2019. Motion for Class Certification due by 8/31/2019. Responses for Class Certification due by 10/14/2019. Replies for Class Certification due by 11/26/2019. Plaintiff Rule 26(a)(2) due by 8/14/2019. Defendant Rule 26(a)(2) due by 10/14/2019. Summary Judgment motions due by 12/13/2019. Jury Trial to begin on 10/19/2020 at 10:00 AM in Courtroom 15 before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 5/22/19. (lsj) (Entered: 05/23/2019) |
| 05/29/2019 | 101 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. Attorney Howard C. Nielson, Jr terminated. (Nielson, Howard) (Entered: 05/29/2019) |
| 05/30/2019 | 102 | ERRATA *Notice of Withdrawal of Appearance* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY 101 Notice of Withdrawal of Appearance, filed by BERKLEY REGIONAL INSURANCE COMPANY, FAIRHOLME FUNDS, INC, ACADIA INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND. (Nielson, Howard) (Entered: 05/30/2019) |
| 07/12/2019 | 103 | MOTION to Compel *Compliance with Subpoena to the U.S. Treasury* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Memorandum in Support, # 2 Exhibit Attachment A, # 3 Exhibit Attachment B, # 4 Exhibit Attachment C, # 5 Exhibit Attachment D, # 6 Exhibit Attachment E, # 7 Exhibit Attachment F, # 8 Text of Proposed Order)(Cooper, Charles) (Entered: 07/12/2019) |
| 07/22/2019 | 104 | Unopposed MOTION for Extension of Time to File Response/Reply as to 103 MOTION to Compel *Compliance with Subpoena to the U.S. Treasury* by DEPARTMENT OF THE TREASURY (Attachments: # 1 Text of Proposed Order)(Merritt, R.) (Entered: 07/22/2019) |

| 07/23/2019 | 105 | ORDER granting 104 Motion for Extension of Time to File. The government's response is due by 8/2/2019. Signed by Judge Royce C. Lamberth on 07/22/19. (lcrcl3) (Entered: 07/23/2019) |
| 07/24/2019 | | Set/Reset Deadlines: Responses due by 8/2/2019 (lsj) (Entered: 07/24/2019) |
| 08/02/2019 | 106 | Memorandum in opposition to re 103 MOTION to Compel *Compliance with Subpoena to the U.S. Treasury* filed by DEPARTMENT OF THE TREASURY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Merritt, R.) (Entered: 08/02/2019) |
| 08/06/2019 | 107 | Unopposed MOTION for Extension of Time to File Response/Reply as to 103 MOTION to Compel *Compliance with Subpoena to the U.S. Treasury* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Text of Proposed Order Proposed Order)(Cooper, Charles) (Entered: 08/06/2019) |
| 08/07/2019 | 108 | ORDER granting 107 Motion for Extension of Time. Plaintiffs must file their reply in support of their motion to compel by 8/16/2019. Signed by Judge Royce C. Lamberth on 08/07/2019. (lcrcl3) (Entered: 08/07/2019) |
| 08/07/2019 | 109 | AMENDED SCHEDULING ORDER. SEE ORDER FOR FULL DETAILS. Signed by Judge Royce C. Lamberth on 08/07/2019. (lcrcl3) (Entered: 08/07/2019) |
| 08/16/2019 | 110 | REPLY to opposition to motion re 103 MOTION to Compel *Compliance with Subpoena to the U.S. Treasury* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit Attachment A: Defs.' Reply in Support of Mot. for Protective Order, # 2 Exhibit Attachment B: Excerpt from Status Conference Transcript, # 3 Exhibit Attachment C: Status Conference Transcript, # 4 Exhibit Attachment D: Email re. Letter to DOJ)(Cooper, Charles) (Entered: 08/16/2019) |
| 10/28/2019 | | ENTERED IN ERROR.....MINUTE ORDER: The parties shall submit a further Status Report no later than 11/14/2019. Signed by Judge Royce C. Lamberth on 10/28/2019. (lcrcl3) Modified on 10/28/2019 (zlsj). (Entered: 10/28/2019) |
| 11/08/2019 | 111 | ORDER granting 103 Motion to Compel. Signed by Judge Royce C. Lamberth on 11/08/2019. (lcrcl3) (Entered: 11/08/2019) |
| 11/08/2019 | 112 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 11/08/2019. (lcrcl3) (Entered: 11/08/2019) |
| 12/18/2019 | 113 | Joint MOTION to Amend/Correct 109 Order on Motion to Amend/Correct, Set/Reset Deadlines/Hearings by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY |

| | | |
|---|---|---|
| | | INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 12/18/2019) |
| 12/23/2019 | 114 | ORDER granting and adopting dates set forth in (113) Motion to Amend/Correct in case 1:13–cv–01053–RCL; granting (109) Motion to Amend/Correct in case 1:13–cv–01439–RCL; granting (114) Motion to Amend/Correct in case 1:13–mc–01288–RCL. SEE ORDER FOR FULL DETAILS. Signed by Judge Royce C. Lamberth on 12/23/19. (lsj) (Entered: 12/23/2019) |
| 03/17/2020 | 115 | Consent MOTION to Modify *Protective Order* by DEPARTMENT OF THE TREASURY (Attachments: # 1 Proposed Modified Protective Order)(Merritt, R.) (Entered: 03/17/2020) |
| 03/18/2020 | 116 | ORDER granting 115 Motion to Modify Protective Order. Signed by Judge Royce C. Lamberth on 03/18/2020. (lcrcl3) (Entered: 03/18/2020) |
| 05/08/2020 | 117 | Joint MOTION to Adjourn Second Amended Scheduling Order Deadlines by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Text of Proposed Order Proposed Order)(Cooper, Charles) Modified on 5/11/2020 (zjf). (Entered: 05/08/2020) |
| 05/09/2020 | 118 | ORDER granting 117 Motion for Scheduling Order. The deadlines in the Second Amended Scheduling Order are hereby adjourned pending further order of this Court. The parties are directed to submit proposed amended deadlines no later than 06/30/2020. Signed by Judge Royce C. Lamberth on 05/09/2020. (lcrcl3) (Entered: 05/09/2020) |
| 06/30/2020 | 119 | Joint MOTION to Amend/Correct 118 Order on Motion for Scheduling Order, *Joint Motion to Amend Scheduling Order* by FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION (Attachments: # 1 Text of Proposed Order)(Cayne, Howard) (Entered: 06/30/2020) |
| 07/01/2020 | 120 | ORDER granting 119 Motion to Amend Scheduling Order. Signed by Judge Royce C. Lamberth on 07/01/2020. (lcrcl3) (Entered: 07/01/2020) |
| 07/01/2020 | | Set/Reset Deadlines/Hearings: Motion for Amended Pleadings due by 2/19/2021. Fact Discovery due by 1/22/2021. Motions for Class due by 4/16/2021. Responses to Class Motion due by 6/18/2021 and Replies due by 7/16/2021. Plaintiff Rule 26(a)(2) due by 4/16/2021. Defendant Rule 26(a)(2) due by 5/21/2021. Summary Judgment motions due by 8/20/2021. Response to Motion for Summary Judgment due by 10/22/2021. Reply to Motion for Summary Judgment due by 11/5/2021. Bench to commence 5/16/2022 at 10:00 AM in Courtroom 15 before Judge Royce C. Lamberth. (lsj) (Entered: 07/01/2020) |
| 01/13/2021 | 121 | |

| | | Joint MOTION to Amend/Correct <u>120</u> Order on Motion to Amend/Correct *Scheduling Order* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # <u>1</u> Text of Proposed Order Fourth Amended Scheduling Order)(Cooper, Charles) (Entered: 01/13/2021) |
|---|---|---|
| 01/19/2021 | <u>122</u> | ORDER granting (121) Motion to Amend/Correct in case 1:13–cv–01053–RCL; granting (116) Motion to Amend/Correct in case 1:13–cv–01439–RCL; granting (121) Motion to Modify in case 1:13–mc–01288–RCL. Set/Reset Deadlines. Signed by Judge Royce C. Lamberth on 01/19/2021. (lcrcl2) (Entered: 01/19/2021) |
| 03/26/2021 | <u>123</u> | Joint MOTION to Continue *Joint Motion to Adjourn Fourth Amended Scheduling Order Deadlines* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # <u>1</u> Text of Proposed Order)(Cooper, Charles) (Entered: 03/26/2021) |
| 03/29/2021 | <u>124</u> | ORDER granting in part and denying in part <u>123</u> Motion to Continue. Signed by Judge Royce C. Lamberth on 3/29/2021. (lcrcl2) (Entered: 03/29/2021) |
| 05/18/2021 | <u>125</u> | WITHDRAWN PURSUANT TO DE <u>141</u> WITHDRAWL OF MOTION.....SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # <u>1</u> Certificate of Service, # <u>2</u> Memorandum in Support, # <u>3</u> Appendix, # <u>4</u> Text of Proposed Order)(Cooper, Charles) (Additional attachment(s) added on 5/24/2021: # <u>5</u> Exhibit H, # <u>6</u> Certificate of Service) (zjf). Modified on 8/3/2021 (zjf). (Entered: 05/18/2021) |
| 05/25/2021 | <u>126</u> | Joint MOTION for Hearing *Status Conference* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) Modified event on 5/28/2021 (znmw). (Entered: 05/25/2021) |
| 05/26/2021 | <u>127</u> | Consent MOTION for Extension of Time to File Response/Reply as to <u>125</u> SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME |

| | | |
|---|---|---|
| | | FUNDS, INC, MIDWEST EMPL by DEPARTMENT OF THE TREASURY. (Attachments: # 1 Text of Proposed Order)(Merritt, R.) (Entered: 05/26/2021) |
| 06/07/2021 | | MINUTE ORDER granting 126 Motion for Hearing; Set/Reset Hearings:Status Conference set for 6/15/2021 at 02:00 PM. The hearing shall proceed by videoconference for the parties. Public access will be available by teleconference line (Toll Free Number: 888–636–3807 / Access Code: 6967853). Signed by Judge Royce C. Lamberth on 06/07/2021. (lcrcl2) (Entered: 06/07/2021) |
| 06/07/2021 | 128 | ORDER granting 127 Motion for Extension of Time to File Response/Reply to 125 SEALED MOTION; Set/Reset Deadlines: Response due by 6/22/2021. Signed by Judge Royce C. Lamberth on 06/07/2021. (lcrcl2) (Entered: 06/07/2021) |
| 06/11/2021 | 129 | NOTICE of Appearance by Meaghan VerGow on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION (VerGow, Meaghan) (Entered: 06/11/2021) |
| 06/14/2021 | 130 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Brian W. Barnes, Filing fee $ 100, receipt number ADCDC–8527174. Fee Status: Fee Paid. by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Declaration of Brian W. Barnes, # 2 Text of Proposed Order)(Cooper, Charles) (Entered: 06/14/2021) |
| 06/15/2021 | 131 | NOTICE of Appearance by Graciela Maria Rodriguez on behalf of FEDERAL HOME LOAN MORTGAGE CORPORATION (Rodriguez, Graciela) (Entered: 06/15/2021) |
| 06/15/2021 | 132 | NOTICE of Appearance by Michael Joseph Ciatti on behalf of FEDERAL HOME LOAN MORTGAGE CORPORATION (Ciatti, Michael) (Entered: 06/15/2021) |
| 06/15/2021 | 133 | NOTICE of Appearance by Taylor T. Lankford on behalf of FEDERAL HOME LOAN MORTGAGE CORPORATION (Lankford, Taylor) (Entered: 06/15/2021) |
| 06/15/2021 | | Minute Entry for video Status Conference held before Judge Royce C. Lamberth on 6/15/2021. Forthcoming Order. (Court Reporter: Lisa Griffith) (lsj) (Entered: 06/15/2021) |
| 06/15/2021 | 134 | ORDER granting 130 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instr uctions**. Signed by Judge Royce C. Lamberth on 06/15/2021. (lcrcl2) (Entered: 06/15/2021) |
| 06/16/2021 | 135 | NOTICE of Appearance by Brian W. Barnes on behalf of ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Barnes, Brian) (Entered: 06/16/2021) |
| 06/16/2021 | 136 | |

| | | |
|---|---|---|
| | | AMENDED SCHEDULING ORDER: SEE ORDER FOR DETAILS. Signed by Judge Royce C. Lamberth on 06/16/2021. (lcrcl2) (Entered: 06/16/2021) |
| 06/18/2021 | 137 | Consent MOTION for Extension of Time to File Response/Reply as to 125 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL *(2nd)* by DEPARTMENT OF THE TREASURY. (Attachments: # 1 Text of Proposed Order)(Merritt, R.) (Entered: 06/18/2021) |
| 06/29/2021 | 138 | ORDER granting 137 Motion for Extension of Time to File Response to 125 SEALED MOTION; Set/Reset Deadlines: Response due by 7/13/2021. Signed by Judge Royce C. Lamberth on 06/29/2021. (lcrcl2) (Entered: 06/29/2021) |
| 07/09/2021 | 139 | Consent MOTION for Extension of Time to File Response/Reply as to 125 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL by DEPARTMENT OF THE TREASURY. (Attachments: # 1 Text of Proposed Order)(Merritt, R.) (Entered: 07/09/2021) |
| 07/13/2021 | 140 | ORDER granting 139 Consent MOTION for Extension of Time to File Response/Reply to 125 SEALED MOTION; Set/Reset Deadlines: Response due by 8/3/2021. Signed by Judge Royce C. Lamberth on 7/13/2021. (lcrcl2) (Entered: 07/13/2021) |
| 08/02/2021 | 141 | WITHDRAWAL of Motion by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 125 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL filed by BERKLEY REGIONAL INSURANCE COMPANY, FAIRHOLME FUNDS, INC, ACADIA INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND . (Cooper, Charles) (Entered: 08/02/2021) |
| 12/02/2021 | 142 | Joint MOTION to Amend/Correct 136 Scheduling Order *Joint Motion to Revise Expert Discovery and Summary Judgment Deadlines* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 12/02/2021) |
| 12/07/2021 | 143 | ORDER granting (142) Motion to Amend/Correct in case 1:13–cv–01053–RCL; granting (136) Motion to Amend/Correct in case 1:13–mc–01288–RCL. See |

| | | |
|---|---|---|
| | | Scheduling Order for details. Signed by Judge Royce C. Lamberth on 12/7/2021. (lcrcl2) (Entered: 12/07/2021) |
| 03/21/2022 | 144 | NOTICE of Appearance by Ian S. Hoffman on behalf of EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Hoffman, Ian) (Entered: 03/21/2022) |
| 03/21/2022 | 145 | SEALED MOTION filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Statement of Undisputed Material Facts, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Exhibit II, # 37 Exhibit JJ, # 38 Exhibit KK, # 39 Exhibit LL, # 40 Exhibit MM, # 41 Exhibit NN, # 42 Exhibit OO, # 43 Exhibit PP, # 44 Exhibit QQ, # 45 Text of Proposed Order)(Cayne, Howard) (Entered: 03/21/2022) |
| 03/21/2022 | 146 | MOTION for Partial Summary Judgment by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 03/21/2022) |
| 03/21/2022 | 147 | SEALED DOCUMENT filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 146 MOTION for Partial Summary Judgment (This document is SEALED and only available to authorized persons.), SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Statement of Facts Statement of Undisputed Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Text of Proposed Order)(Cooper, Charles) (Entered: 03/21/2022) |
| 04/14/2022 | 148 | MOTION for Summary Judgment by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Statement of Undisputed Material Facts, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit |

| | | |
|---|---|---|
| | | E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L, # <u>14</u> Exhibit M, # <u>15</u> Exhibit N, # <u>16</u> Exhibit O, # <u>17</u> Exhibit P, # <u>18</u> Exhibit Q, # <u>19</u> Exhibit R, # <u>20</u> Exhibit S, # <u>21</u> Exhibit T, # <u>22</u> Exhibit U, # <u>23</u> Exhibit V, # <u>24</u> Exhibit W, # <u>25</u> Exhibit X, # <u>26</u> Exhibit Y, # <u>27</u> Exhibit Z, # <u>28</u> Exhibit AA, # <u>29</u> Exhibit BB, # <u>30</u> Exhibit CC, # <u>31</u> Exhibit DD, # <u>32</u> Exhibit EE, # <u>33</u> Exhibit FF, # <u>34</u> Exhibit GG, # <u>35</u> Exhibit HH, # <u>36</u> Exhibit II, # <u>37</u> Exhibit JJ, # <u>38</u> Exhibit KK, # <u>39</u> Exhibit LL, # <u>40</u> Exhibit MM, # <u>41</u> Exhibit NN, # <u>42</u> Exhibit OO, # <u>43</u> Exhibit PP, # <u>44</u> Exhibit QQ, # <u>45</u> Text of Proposed Order)(Cayne, Howard) (Entered: 04/14/2022) |
| 04/15/2022 | <u>149</u> | REDACTED DOCUMENT– Redacted Memorandum and Exhibits in support of Motion for Partial Summary Judgment to <u>146</u> MOTION for Partial Summary Judgment , <u>147</u> SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # <u>1</u> Statement of Facts, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Exhibit 20, # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23, # <u>25</u> Exhibit 24, # <u>26</u> Exhibit 25, # <u>27</u> Exhibit 26, # <u>28</u> Exhibit 27, # <u>29</u> Exhibit 28, # <u>30</u> Exhibit 29, # <u>31</u> Exhibit 30)(Cooper, Charles) (Entered: 04/15/2022) |
| 04/15/2022 | <u>150</u> | SEALED OPPOSITION filed by EDWARD DEMARCO, DEPARTMENT OF THE TREASURY, FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MELVIN L. WATT. re <u>146</u> MOTION for Partial Summary Judgment (Attachments: # <u>1</u> Defendants' Counter–Statement of Facts, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L, # <u>14</u> Exhibit M, # <u>15</u> Exhibit N, # <u>16</u> Exhibit O, # <u>17</u> Exhibit P, # <u>18</u> Exhibit Q, # <u>19</u> Exhibit R, # <u>20</u> Exhibit S, # <u>21</u> Text of Proposed Order)(Cayne, Howard) (Entered: 04/15/2022) |
| 04/15/2022 | <u>151</u> | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re <u>145</u> SEALED MOTION filed by EDWARD DEMARCO, FEDERAL HOUSING FINANCE AGENCY (Attachments: # <u>1</u> Statement of Facts Plaintiffs' Response to Defendants' Statement of Material Undisputed Facts, # <u>2</u> Statement of Facts Plaintiffs' Statement of Additional Material Undisputed Facts, # <u>3</u> Exhibit 100, # <u>4</u> Exhibit 101, # <u>5</u> Exhibit 102, # <u>6</u> Exhibit 103, |

| | | |
|---|---|---|
| | | # 7 Exhibit 104, # 8 Exhibit 105, # 9 Exhibit 106, # 10 Exhibit 107, # 11 Exhibit 108, # 12 Exhibit 109, # 13 Exhibit 110, # 14 Exhibit 111, # 15 Exhibit 112, # 16 Exhibit 113, # 17 Exhibit 114, # 18 Exhibit 115, # 19 Exhibit 116, # 20 Exhibit 117, # 21 Exhibit 118, # 22 Exhibit 119, # 23 Exhibit 120, # 24 Exhibit 121, # 25 Exhibit 122, # 26 Exhibit 123, # 27 Exhibit 124, # 28 Exhibit 125, # 29 Exhibit 126, # 30 Exhibit 127, # 31 Exhibit 128, # 32 Exhibit 129, # 33 Exhibit 130, # 34 Exhibit 131, # 35 Exhibit 132, # 36 Exhibit 133, # 37 Exhibit 134, # 38 Exhibit 135, # 39 Exhibit 136, # 40 Exhibit 137, # 41 Exhibit 138, # 42 Exhibit 139, # 43 Exhibit 140, # 44 Exhibit 141, # 45 Exhibit 142, # 46 Exhibit 143, # 47 Exhibit 144, # 48 Exhibit 145, # 49 Exhibit 146, # 50 Exhibit 147, # 51 Exhibit 148, # 52 Exhibit 149, # 53 Exhibit 150, # 54 Exhibit 151, # 55 Exhibit 152, # 56 Exhibit 153, # 57 Exhibit 154, # 58 Exhibit 155, # 59 Exhibit 156, # 60 Exhibit 157, # 61 Exhibit 158, # 62 Exhibit 159, # 63 Exhibit 160, # 64 Exhibit 161, # 65 Exhibit 162, # 66 Exhibit 163, # 67 Exhibit 164, # 68 Exhibit 165, # 69 Exhibit 166, # 70 Exhibit 167, # 71 Exhibit 168, # 72 Exhibit 169, # 73 Exhibit 170, # 74 Exhibit 171, # 75 Exhibit 172, # 76 Exhibit 173, # 77 Exhibit 174, # 78 Exhibit 175, # 79 Exhibit 176, # 80 Exhibit 177, # 81 Exhibit 178)(Cooper, Charles) (Entered: 04/15/2022) |
| 04/28/2022 | 152 | Joint MOTION to Amend/Correct 143 Order on Motion to Amend/Correct,, Set/Reset Deadlines *(JOINT MOTION TO AMEND SCHEDULING ORDER)* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 04/28/2022) |
| 04/28/2022 | 153 | NOTICE *REGARDING LENGTH OF JURY TRIAL* by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A)(Cayne, Howard) (Entered: 04/28/2022) |
| 05/03/2022 | 154 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 6–15–2021; Page Numbers: 1–17. Date of Issuance:5–3–2022. Court Reporter/Transcriber Lisa Griffith, Telephone number (202) 354–3247, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above e. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 5/24/2022. Redacted Transcript Deadline set for 6/3/2022. Release of Transcript Restriction set for 8/1/2022.(Griffith, Lisa) (Entered: 05/03/2022) |
| 05/05/2022 | 155 | MOTION to Sever, MOTION to Stay FAIRHOLME PLAINTIFFS' CLAIMS AND ORDER JURY TRIAL FOR THE BERKLEY PLAINTIFFS IF PARALLEL CLASS ACTION IS TRIED BEFORE A JURY by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE |

| | | |
|---|---|---|
| | | COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Cooper, Charles). Added MOTION to Stay on 5/5/2022 (zjf). (Entered: 05/05/2022) |
| 05/06/2022 | 156 | SEALED REPLY TO OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 146 MOTION for Partial Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1)(Cooper, Charles) (Entered: 05/06/2022) |
| 05/06/2022 | 157 | SEALED REPLY TO OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY re 148 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Defendants Response to Plaintiffs Additional Statement of Facts, # 2 Exhibit RR, # 3 Exhibit SS, # 4 Exhibit TT, # 5 Exhibit UU, # 6 Exhibit VV, # 7 Exhibit WW, # 8 Exhibit XX, # 9 Exhibit YY)(Cayne, Howard) (Entered: 05/06/2022) |
| 05/19/2022 | 158 | RESPONSE re 155 MOTION to Sever MOTION to Stay *(DEFENDANTS' RESPONSE AND PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO SEVER AND STAY THE FAIRHOLME PLAINTIFFS' CLAIMS AND TO ORDER A JURY TRIAL FOR THE BERKLEY PLAINTIFFS)* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Cayne, Howard) (Entered: 05/19/2022) |
| 05/19/2022 | 159 | SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Cayne, Howard) (Entered: 05/19/2022) |
| 05/19/2022 | 160 | SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Text of Proposed Order)(Cayne, Howard) (Entered: 05/19/2022) |
| 05/19/2022 | 161 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Text of Proposed Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Cooper, Charles) (Entered: 05/19/2022) |
| 05/19/2022 | 162 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, |

| | | |
|---|---|---|
| | | FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Cooper, Charles) (Entered: 05/19/2022) |
| 05/26/2022 | 163 | REPLY to opposition re 155 MOTION to Sever, MOTION to Stay filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) Modified on 5/27/2022 to correct docket link(zjf). (Entered: 05/26/2022) |
| 05/31/2022 | 164 | ORDER granting 155 Motion to Sever and granting 155 Motion to Stay. Signed by Judge Royce C. Lamberth on 5/31/2022. (lcrcl3) (Entered: 05/31/2022) |
| 05/31/2022 | 165 | ORDER: The trial set for 7/11/2022 is hereby VACATED. The jury trial is reset for 9/19/2022 at 10:00 AM in Courtroom 15– In Person before Judge Royce C. Lamberth. See Order for more details. Signed by Judge Royce C. Lamberth on 5/31/2022. (lcrcl3) (lckm) (Entered: 05/31/2022) |
| 06/09/2022 | 166 | Joint MOTION to Reset Trial Date & Amend/Correct Scheduling Order by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 06/09/2022) |
| 06/13/2022 | 167 | ORDER granting 166 Motion to Amend/Correct. Pretrial Statements due by 8/19/2022. Jury Trial set for 10/17/2022 at 10:00 AM in Courtroom 15– In Person before Judge Royce C. Lamberth. See Order for more details. Signed by Judge Royce C. Lamberth on 06/13/2022. (lcrcl3) (Entered: 06/13/2022) |
| 06/17/2022 | 168 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 161 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order Proposed Order)(Varma, Asim) (Entered: 06/17/2022) |
| 06/17/2022 | 169 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 162 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Text of Proposed Order Proposed Order)(Varma, Asim) (Entered: 06/17/2022) |
| 06/17/2022 | 170 | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY |

| | | INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re 160 SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Cooper, Charles) (Entered: 06/17/2022) |
|---|---|---|
| 06/17/2022 | 171 | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re 159 SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Cooper, Charles) (Entered: 06/17/2022) |
| 07/01/2022 | 172 | SEALED REPLY TO OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY re 159 SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit E)(Varma, Asim) (Entered: 07/01/2022) |
| 07/01/2022 | 173 | SEALED REPLY TO OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY re 160 SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1)(Varma, Asim) (Entered: 07/01/2022) |
| 07/01/2022 | 174 | SEALED REPLY TO OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 161 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL (This document is SEALED and only available to authorized persons.)(Cooper, Charles) (Entered: 07/01/2022) |
| 07/01/2022 | 175 | SEALED REPLY TO OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 162 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPL (This document is SEALED and only available to authorized |

| | | persons.)(Cooper, Charles) (Entered: 07/01/2022) |
|---|---|---|
| 08/08/2022 | 176 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit A, # 2 Exhibit A–1, # 3 Exhibit A–2, # 4 Exhibit A–3, # 5 Exhibit A–4, # 6 Exhibit A–5, # 7 Exhibit A–6, # 8 Exhibit A–7, # 9 Exhibit A–8, # 10 Exhibit A–9, # 11 Exhibit A–10, # 12 Exhibit A–11, # 13 Exhibit A–12, # 14 Exhibit A–13, # 15 Exhibit A–14, # 16 Exhibit A–15, # 17 Exhibit A–16, # 18 Exhibit A–17, # 19 Exhibit A–18, # 20 Exhibit A–19, # 21 Exhibit A–20, # 22 Exhibit A–21, # 23 Exhibit B, # 24 Exhibit C, # 25 Exhibit D, # 26 Exhibit E, # 27 Exhibit F, # 28 Exhibit G, # 29 Exhibit H, # 30 Exhibit I, # 31 Exhibit J, # 32 Text of Proposed Order, # 33 Certificate of Service)(Cooper, Charles) (Entered: 08/08/2022) |
| 08/12/2022 | 177 | Unopposed MOTION for Extension of Time to *Extend the Briefing Schedule on Plaintiffs' Motion in Limine* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 08/12/2022) |
| 08/19/2022 | 178 | PRETRIAL STATEMENT by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A–1 – Plaintiffs' Trial Exhibit List, # 2 Exhibit A–2 – Plaintiffs' Summary Witness List Backup Documents, # 3 Exhibit B – Joint Proposed Trial Juror Questionnaire, # 4 Exhibit C – Plaintiffs' Proposed Jury Instructions, # 5 Exhibit D – Plaintiffs' Proposed Verdict Form)(Cooper, Charles) (Entered: 08/19/2022) |
| 08/19/2022 | 179 | PRETRIAL STATEMENT by FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION. (Attachments: # 1 Exhibit A –– Defendants Trial Exhibit List, # 2 Exhibit B –– Defendants Deposition Designations, # 3 Exhibit C –– Defendants Proposed Fact Stipulations, # 4 Exhibit D –– Proposed Juror Questionnaire, # 5 Exhibit E –– Defendants Proposed Preliminary Jury Instructions, # 6 Exhibit F –– Defendants Proposed Final Jury Instructions, # 7 Exhibit G –– Defendants Proposed Verdict Form)(Varma, Asim) (Entered: 08/19/2022) |
| 08/22/2022 | 180 | NOTICE *OF FILING AMENDED TRIAL EXHIBIT LIST* by FEDERAL HOME LOAN MORTGAGE CORPORATION, FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION re 179 Pretrial Statement,, (Attachments: # 1 Exhibit A – Defendants' Trial Exhibit List (amended as of August 21, 2022))(Varma, Asim) (Entered: 08/22/2022) |
| 08/24/2022 | 181 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 176 Sealed Motion,,,, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Text of Proposed Order)(Varma, Asim) (Entered: 08/24/2022) |
| 08/26/2022 | 182 | |

| | | |
|---|---|---|
| | | MOTION in Limine *Plaintiffs' Omnibus Motion in Limine* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 08/26/2022) |
| 08/26/2022 | 183 | SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Varma, Asim) (Entered: 08/26/2022) |
| 08/26/2022 | 184 | SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit PX–0092, # 5 Exhibit PX–0094, # 6 Exhibit PX–0114, # 7 Exhibit PX–0139, # 8 Exhibit PX–0146, # 9 Exhibit PX–0170, # 10 Exhibit PX–0205, # 11 Exhibit PX–0210, # 12 Exhibit PX–0221, # 13 Exhibit PX–0226, # 14 Exhibit PX–0227, # 15 Exhibit PX–0233, # 16 Exhibit PX–0249, # 17 Exhibit PX–0255, # 18 Exhibit PX–0258, # 19 Exhibit PX–0270, # 20 Exhibit PX–0271, # 21 Exhibit PX–0273, # 22 Exhibit PX–0274, # 23 Text of Proposed Order)(Varma, Asim) (Entered: 08/26/2022) |
| 08/30/2022 | 185 | Joint MOTION to Issue Jury Questionnaire in Advance of Voir Dire by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A)(Cooper, Charles) (Entered: 08/30/2022) |
| 09/02/2022 | 186 | SEALED REPLY TO OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 176 Sealed Motion,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Cooper, Charles) (Entered: 09/02/2022) |
| 09/02/2022 | 187 | MOTION in Limine *TO EXCLUDE EVIDENCE AND TESTIMONY BY PLAINTIFFS' PROPOSED SUMMARY WITNESS SUSAN HARTMAN* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Text of Proposed Order)(Varma, Asim) (Entered: 09/02/2022) |
| 09/02/2022 | 188 | SEALED DOCUMENT filed by FEDERAL HOUSING FINANCE AGENCY re 187 MOTION in Limine *TO EXCLUDE EVIDENCE AND TESTIMONY BY PLAINTIFFS' PROPOSED SUMMARY WITNESS SUSAN HARTMAN* (This document is SEALED and only available to authorized persons.)(Varma, Asim) (Entered: 09/02/2022) |

| 09/13/2022 | <u>189</u> | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re <u>184</u> Sealed Motion,, (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F)(Cooper, Charles) (Entered: 09/13/2022) |
| 09/13/2022 | <u>190</u> | RESPONSE re <u>182</u> MOTION in Limine *Plaintiffs' Omnibus Motion in Limine* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit DX0364, # <u>8</u> Exhibit DX0380, # <u>9</u> Exhibit DX0381, # <u>10</u> Exhibit DX0549, # <u>11</u> Exhibit PX0351, # <u>12</u> Text of Proposed Order)(Varma, Asim) (Entered: 09/13/2022) |
| 09/13/2022 | <u>191</u> | SEALED DOCUMENT filed by FEDERAL HOUSING FINANCE AGENCY re <u>190</u> Response to motion, (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Exhibit B, # <u>2</u> Exhibit C, # <u>3</u> Exhibit D, # <u>4</u> Exhibit E, # <u>5</u> Exhibit F, # <u>6</u> Exhibit DX0380, # <u>7</u> Exhibit DX0381)(Varma, Asim) (Entered: 09/14/2022) |
| 09/14/2022 | <u>192</u> | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re <u>183</u> Sealed Motion (Attachments: # <u>1</u> Exhibit A)(Cooper, Charles) (Entered: 09/14/2022) |
| 09/16/2022 | <u>193</u> | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re <u>187</u> Motion in Limine, (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Exhibit M, # <u>14</u> Exhibit N, # <u>15</u> Exhibit O, # <u>16</u> Exhibit P, # <u>17</u> Exhibit Q, # <u>18</u> Exhibit R, # <u>19</u> Exhibit S, # <u>20</u> Exhibit T, # <u>21</u> Certificate of Service)(Cooper, Charles) (Entered: 09/16/2022) |
| 09/23/2022 | <u>194</u> | SEALED MEMORANDUM OPINION re Defendants' Motion <u>145</u> for Summary Judgment and Plaintiffs' Motion for <u>146</u> for Partial Summary Judgment in 13–CV–1053; Defendants' Motion <u>143</u> for Summary Judgment and Plaintiffs' Motion <u>144</u> for Partial Summary Judgment in 13–MC–1288. (This document is SEALED and only available to authorized persons.) Signed by Judge Royce C. Lamberth on 12/23/2022.(zlsj) (Entered: 09/23/2022) |
| 09/23/2022 | <u>195</u> | ORDER granting in part and denying in part Sealed Motion <u>145</u> ; denying Motion <u>146</u> for Partial Summary Judgment; granting in part and denying in part Motion <u>148</u> for Summary Judgment: For the reasons set forth in the accompanying Memorandum Opinion <u>194</u> , it is hereby ORDERED that defendants' motion for summary judgment is GRANTED in part and DENIED in part, and plaintiffs' motion for partial summary judgment is DENIED. The parties are ORDERED to meet and confer and jointly |

| | | |
|---|---|---|
| | | identify which, if any, parts of the Memorandum Opinion should remain sealed within five days. See Order for details. Signed by Judge Royce C. Lamberth on 09/23/2022. (lcrcl3) (Entered: 09/23/2022) |
| 09/23/2022 | 196 | SEALED REPLY TO OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY re 184 Sealed Motion,, (This document is SEALED and only available to authorized persons.)(Varma, Asim) (Entered: 09/23/2022) |
| 09/23/2022 | 197 | REPLY to opposition to motion re 187 MOTION in Limine *TO EXCLUDE EVIDENCE AND TESTIMONY BY PLAINTIFFS' PROPOSED SUMMARY WITNESS SUSAN HARTMAN* filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 09/23/2022) |
| 09/23/2022 | 198 | REPLY to opposition to motion re 183 SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 09/23/2022) |
| 09/23/2022 | 199 | REPLY to opposition to motion re 182 MOTION in Limine *Plaintiffs' Omnibus Motion in Limine* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 09/23/2022) |
| 09/23/2022 | 200 | SEALED DOCUMENT filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 199 Reply to opposition to Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit B)(Cooper, Charles) (Entered: 09/23/2022) |
| 09/28/2022 | 201 | SEALED MOTION filed by JOSEPH CACCIAPELLE (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Hume, Hamish) (Entered: 09/28/2022) |
| 09/28/2022 | 202 | SEALED MOTION filed by JOSEPH CACCIAPELLE(Hume, Hamish) (Entered: 09/28/2022) |
| 09/28/2022 | 203 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Cooper, Charles) (Entered: 09/28/2022) |
| 09/28/2022 | 204 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY(Cooper, Charles) (Entered: |

| | | 09/28/2022) |
|---|---|---|
| 09/30/2022 | | MINUTE ORDER: Defendants are hereby ORDERED to file their responses to plaintiffs' motions 203 , 204 by 10/06/2022. Signed by Judge Royce C. Lamberth on 09/30/2022. (lcrcl3) (Entered: 09/30/2022) |
| 09/30/2022 | 205 | NOTICE by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 195 Order on Sealed Motion,,, Order on Motion for Partial Summary Judgment,,, Order on Motion for Summary Judgment,, (Cooper, Charles) (Entered: 09/30/2022) |
| 10/03/2022 | 206 | UNSEALED MEMORANDUM OPINION. Unsealed by Judge Royce C. Lamberth on 10/03/2022 (lcrcl3) (Entered: 10/03/2022) |
| 10/05/2022 | 207 | ORDER denying Motion 185 to Issue a Jury Questionnaire in Advance of Voir Dire and scheduling pretrial conference: It is hereby ORDERED that the joint motion to issue a jury questionnaire is DENIED. It is further ORDERED that the pretrial conference is set for 10:00 a.m. on Wednesday, October 12, 2022 in Courtroom 15 (in person) before Judge Royce C. Lamberth. See Order for details. Signed by Judge Royce C. Lamberth on 10/05/2022. (lcrcl3) (Entered: 10/05/2022) |
| 10/06/2022 | | MINUTE ORDER: Due to counsel's unavailability, it is hereby ORDERED that the pretrial conference is CONTINUED to 10/12/2022 at 1:00 p.m. in Courtroom 15 (in person) before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 10/06/2022. (lcrcl3) (Entered: 10/06/2022) |
| 10/06/2022 | | Set/Reset Hearings: Pretrial Conference set for 10/12/2022 at 1:00 PM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (lsj) (Entered: 10/06/2022) |
| 10/06/2022 | 208 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 202 Sealed Motion (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Varma, Asim) (Entered: 10/06/2022) |
| 10/06/2022 | 209 | MOTION in Limine *TO COMPEL ONE APPEARANCE OF DEFENDANTS' PRINCIPAL FACT WITNESS EDWARD DEMARCO IN DEFENDANTS' CASE–IN–CHIEF* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Varma, Asim) (Entered: 10/06/2022) |
| 10/06/2022 | 210 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 201 Sealed Motion (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Varma, Asim) (Entered: 10/06/2022) |
| 10/07/2022 | 211 | NOTICE of Appearance by Robert Stanton Jones on behalf of FEDERAL HOUSING FINANCE AGENCY (Jones, Robert) (Entered: 10/07/2022) |
| 10/07/2022 | 212 | NOTICE of Appearance by Jonathan Louis Stern on behalf of FEDERAL HOUSING FINANCE AGENCY (Stern, Jonathan) (Entered: 10/07/2022) |
| 10/07/2022 | 213 | Unopposed MOTION for Leave to File *SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE OPINIONS OF PROFESSOR S.P. KOTHARI [dkt. 162]* by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 10/07/2022) |

| 10/10/2022 | 214 | RESPONSE re 213 Unopposed MOTION for Leave to File *SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE OPINIONS OF PROFESSOR S.P. KOTHARI [dkt. 162]* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 10/10/2022) |
|---|---|---|
| 10/10/2022 | 215 | Memorandum in opposition to re 209 Motion in Limine, filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cooper, Charles) (Entered: 10/10/2022) |
| 10/10/2022 | 216 | REPLY to opposition to motion re 203 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUT filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 10/10/2022) |
| 10/11/2022 | 217 | SEALED MEMORANDUM OPINION re Motions 203 195 204 196 . (This document is SEALED and only available to authorized persons.) Signed by Judge Royce C. Lamberth on 10/11/22.(zlsj) (Entered: 10/11/2022) |
| 10/11/2022 | 218 | ORDER denying 203 Sealed Motion (duplicate filed at 201 ); denying 204 Sealed Motion (duplicate filed at 202 ): For the reasons stated in the accompanying 217 Memorandum Opinion, it is hereby ORDERED that plaintiffs' motion for leave to amend their pretrial statement, serve a supplemental expert report, and adjust the trial schedule is DENIED; and that plaintiffs' motion for clarification and/or partial reconsideration is DENIED. See Order for details. Signed by Judge Royce C. Lamberth on 10/11/2022. (lcrcl3) (Entered: 10/11/2022) |
| 10/11/2022 | 219 | REPLY to opposition to motion re 209 MOTION in Limine *TO COMPEL ONE APPEARANCE OF DEFENDANTS' PRINCIPAL FACT WITNESS EDWARD DEMARCO IN DEFENDANTS' CASE−IN−CHIEF* filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 10/11/2022) |
| 10/12/2022 | 220 | Proposed Voir Dire by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) |

| | | |
|---|---|---|
| | | (Entered: 10/12/2022) |
| 10/12/2022 | | Minute Entry for Final Pretrial Conference held before Judge Royce C. Lamberth on 10/12/2022. Oral arguments submitted on pending motions. Motions taken under advisement; forthcoming Order. Jury Trial to commence on October 17, 2022 at 10:00 AM in Courtroom 15. (Court Reporter: Lisa Bankins) (lsj) (Entered: 10/13/2022) |
| 10/13/2022 | 221 | SEALED MEMORANDUM OPINION (This document is SEALED and only available to authorized persons.)Signed by Judge Royce C. Lamberth on 10/13/22.(zlsj) (Entered: 10/13/2022) |
| 10/13/2022 | 222 | ORDER denying 159 Sealed Motion; granting 160 Sealed Motion; granting in part and denying in part 161 Sealed Motion; denying 162 Sealed Motion; denying 176 Sealed Motion; granting in part and denying in part 182 Motion in Limine; granting in part and denying in part 183 Sealed Motion; denying 184 Sealed Motion; granting in part and denying in part 187 Motion in Limine; denying 209 Motion in Limine; granting 213 Motion for Leave to File. See Order for details. Signed by Judge Royce C. Lamberth on 10/13/2022. (lcrcl3) (Entered: 10/13/2022) |
| 10/14/2022 | 223 | Proposed Jury Instructions by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Varma, Asim) (Entered: 10/14/2022) |
| 10/14/2022 | | MINUTE ORDER: It is hereby ORDERED that a status conference is set for 10/14/2022 at 3:30 p.m. by VTC before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 10/14/2022. (lcrcl3) (Entered: 10/14/2022) |
| 10/14/2022 | | Set/Reset Hearings: Status Conference set for 10/14/2022 at 03:30 PM in Telephonic/VTC before Judge Royce C. Lamberth. (lcrcl3) (Entered: 10/14/2022) |
| 10/14/2022 | | Minute Entry for video Status Conference held before Judge Royce C. Lamberth on 10/14/2022. (Court Reporter: Lorraine Herman) (lsj) (Entered: 10/14/2022) |
| 10/16/2022 | 224 | NOTICE *of Joint Submission of Objections to Deposition Designations* by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Varma, Asim) (Entered: 10/16/2022) |
| 10/16/2022 | 225 | SEALED DOCUMENT filed by FEDERAL HOUSING FINANCE AGENCY re 224 Notice (Other) (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Errata E)(Varma, Asim) (Entered: 10/16/2022) |
| 10/17/2022 | 226 | Joint MOTION to Dismiss FHFA Director Sandra L. Thompson, in Her Official Capacity, as a Defendant by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 10/17/2022) |
| 10/17/2022 | | Minute Entry for Jury Selection held before Judge Royce C. Lamberth on 10/17/2022. Jury Selection commenced and concluded with ten jurors selected, but not sworn. Jury Trial to commence on 10/18/2022 at 9:30 AM in Courtroom 15 (in |

| | | |
|---|---|---|
| | | person) before Judge Royce C. Lamberth. (Court Reporters: Sara Wick (AM) and Lorraine Herman (PM)) (lsj) (Entered: 10/17/2022) |
| 10/18/2022 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations, all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Royce C. Lamberth on 10/18/2022. (lsj) (Entered: 10/18/2022) |
| 10/18/2022 | 228 | ORDER granting Motion 226 to Dismiss Defendant Sandra L. Thompson: It is hereby ORDERED that the parties' joint motion is GRANTED, and Sandra L. Thompson is DISMISSED WITHOUT PREJUDICE as a defendant in this matter. See Order for details. Signed by Judge Royce C. Lamberth on 10/18/2022. (lcrcl3) (Entered: 10/18/2022) |
| 10/18/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/18/2022. Juror 0291 released from any further consideration in this case. Jury sworn and trial commences with nine jurors. Plaintiffs' Witness: Susan Hartman. Jury Trial to continue on 10/19/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Lisa Moreira (AM) and Sara Wick (PM)) (lsj) Modified on 10/19/2022 (lsj). (Entered: 10/18/2022) |
| 10/19/2022 | 229 | UNSEALED MEMORANDUM AND OPINION re Motions 203 195 204 196 , filed on 10/11/2022. SO ORDERED by Judge Royce C. Lamberth on 10/18/2022. (zlsj) (Entered: 10/19/2022) |
| 10/19/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/19/2022. Plaintiffs' Witnesses: Susan Hartman (resumed from 10/18/2022), Michelle Miller, Timothy Cassell, Joseph Cacciapalle (via video deposition), Edward Linekin and James Lockhart (via video deposition). Jury Trial to continue on 10/20/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Lorraine Herman (AM) and Lisa Moreira (PM)) (lsj) (Entered: 10/19/2022) |
| 10/20/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/20/2022. Plaintiffs Witnesses: Mario Ugoletti (via video deposition) and Edward DeMarco (evidence also entered as a defense witness). Jury Trial to continue on 10/21/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth.). (Court Reporters: Sara Wick (AM) and Lorraine Herman (PM)) (lsj) Modified on 10/21/2022 (lsj). (Entered: 10/20/2022) |
| 10/21/2022 | 230 | UNSEALED MEMORANDUM AND OPINION re SEALED MEMORANDUM OPINION 221 filed in 13–CV–1053 AND 222 in 13–MC–1288 signed by Judge Royce C. Lamberth on 10/13/2022.. Unsealed by Judge Royce C. Lamberth on 10/20/2022. (lsj) (Entered: 10/21/2022) |
| 10/21/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/21/2022. Plaintiffs' Witnesses: Edward DeMarco (resumed from 10/20/2022) and Naa Awaa Tagoe (via video deposition). Jury Trial to continue on 10/24/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters Lisa Moreira (AM) and Sara Wick (PM)) (lsj) (Entered: 10/21/2022) |
| 10/24/2022 | 231 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, |

| | | |
|---|---|---|
| | | PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cooper, Charles) (Entered: 10/24/2022) |
| 10/24/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/24/2022. Plaintiffs' Witnesses: Naa Waa Tagoe (via video deposition, resumed from 10/21/2022) and Bala Dharan. Jury Trial to continue on 10/25/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Lorraine Herman (AM) and Lisa Moreira (PM)) (lsj) (Entered: 10/24/2022) |
| 10/25/2022 | 232 | SEALED DOCUMENT filed by FEDERAL HOUSING FINANCE AGENCY re 231 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUT (This document is SEALED and only available to authorized persons.)(Varma, Asim) (Entered: 10/25/2022) |
| 10/25/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/25/2022. Plaintiffs' Witnesses: Balan Dharan (resumed from 10/24/2022), Susan McFarland (deposition read into the record), Timothy Mayopoulos (via video deposition), David Benson (via video deposition), Mukarram Attari (via video deposition), Joseph Mason and Anjan Thakor. Jury Trial to continue on 10/26/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters Sara Wick (AM) and Lorraine Herman (PM)) (lsj) (Entered: 10/25/2022) |
| 10/26/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/26/2022. Plaintiffs' Witness: Anjan Thakor (resumed from 10/25/2022). Plaintiffs rest and Defendants proceed with presentation of evidence. Defendants' Witnesses: Donald Layton (via video deposition) and Ross Kari (deposition read into the record). Defendants' Oral Motion for Rule 50 for Judgment as a Matter of Law, argued and DENIED for reasons stated on the record. Jury Trial to continue on 10/27/2022 at 9:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Lisa Moreira (AM) and Sara Wick (PM)) (lsj) (Entered: 10/26/2022) |
| 10/27/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/27/2022. Defendants' Witness: Mukarram Attari. Juror 0778 released from any further consideration in this case and trial proceeds with remaining eight jurors. Jury Trial to continue on 10/28/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Lorraine Herman (AM) and Lisa Moreira (PM)) (lsj) (Entered: 10/27/2022) |
| 10/28/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/28/2022. Defendants' Witnesses: Mukarram Attari (resumed from 10/27/2022) and Nicholas Satriano. Defendants rest and Plaintiffs present rebuttal case. Plaintiffs' Rebuttal Witness: Bala Dharan. Jury Trial to continue on 10/31/2022 at 9:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Sara Wick (AM) and Lisa Moreira (PM)) (lsj) Modified on 10/31/2022 (lsj). (Entered: 10/28/2022) |
| 10/28/2022 | 233 | MOTION in Limine *to Preclude Plaintiffs from Arguing Damages Unsupported by Record Evidence During Closing Arguments* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 10/28/2022) |
| 10/30/2022 | 234 | |

| | | |
|---|---|---|
| | | NOTICE *Joint Submission of Deposition Designations As Played During Trial* by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Varma, Asim) (Entered: 10/30/2022) |
| 10/30/2022 | 235 | Proposed Jury Instructions by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Stern, Jonathan) (Entered: 10/30/2022) |
| 10/30/2022 | 236 | SEALED DOCUMENT filed by FEDERAL HOUSING FINANCE AGENCY(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Varma, Asim) (Entered: 10/30/2022) |
| 10/31/2022 | 237 | Memorandum in opposition to re 233 Motion in Limine *to Preclude Plaintiffs from Arguing Damages Unsupported by Record Evidence During Closing Arguments* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 10/31/2022) |
| 10/31/2022 | 238 | REPLY to opposition to motion re 233 MOTION in Limine *to Preclude Plaintiffs from Arguing Damages Unsupported by Record Evidence During Closing Arguments* filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 10/31/2022) |
| 10/31/2022 | 239 | SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY(Varma, Asim) (Entered: 10/31/2022) |
| 10/31/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 10/31/2022. Plaintiffs' Rebuttal Witnesses: Bala Dharan (continued from 10/28/2022) and Anjan Thakor. Plaintiffs rest rebuttal case. Plaintiff's Motion 239 to take Judicial Motion (filed in 13–MC–1288) is DENIED, for reasons stated on the record. Defendants' Motion 233 239 in Limine to Preclude Plaintiffs from Arguing Damages Unsupported by Record Evidence During Closing Arguments is DENIED, for reasons stated on the record. Defendants' Renewed Motion for Rule 50 for Judgment as a Matter of Law is DENIED, for reasons stated on the record. Closing arguments commenced and to continue on 11/1/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporters: Lorraine Herman (AM) and Sara Wick (PM)) (lsj) (Entered: 10/31/2022) |
| 11/01/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 11/1/2022. Closing arguments resumed and concluded. Jurors received jury charge instructions. Jury deliberations commenced and continued to 11/2/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Courts Reporter: Lorraine Herman (AM) and Sara Wick (PM)) (lsj) (Entered: 11/01/2022) |
| 11/01/2022 | 240 | Final Jury Instructions. Signed by Judge Royce C. Lamberth on 11/1/2022.(lsj) (Entered: 11/01/2022) |
| 11/01/2022 | 241 | Plaintiffs' Final Trial Exhibit List. (lsj) (Entered: 11/01/2022) |
| 11/01/2022 | 242 | Defendants' Final Trial Exhibit List. (lsj) (Entered: 11/01/2022) |
| 11/01/2022 | 243 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS. (lsj) (Entered: 11/01/2022) |

| 11/02/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 11/2/2022. Plaintiffs' Unopposed Oral Motion to Declare a Mistrial is DENIED, for reasons stated on the record. Jury deliberations resumed and to continue on 11/3/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporter: Sara Wick) (lsj) (Entered: 11/02/2022) |
|---|---|---|
| 11/02/2022 | 244 | Jury Note #1 received on 11/2/2022. (lsj) (Entered: 11/02/2022) |
| 11/02/2022 | 245 | Jury Note #2 received on 11/2/2022. (lsj) (Entered: 11/02/2022) |
| 11/02/2022 | 246 | Court's Response to Jury Note #2 received on 11/2/2022 ( 245 filed in 13−cv−01053 (RCL) and 255 filed in 13−mc−01288 (RCL)). Signed by Judge Royce C. Lamberth on 11/2/2022. (lsj) (Entered: 11/02/2022) |
| 11/02/2022 | 247 | **Signature Page of Foreperson** on Jury Note #1 received on 11/2/2022. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 11/02/2022) |
| 11/02/2022 | 248 | **Signature Page of Foreperson** on Jury Note #2 received on 11/2/2022. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 11/02/2022) |
| 11/03/2022 | 249 | NOTICE of Appearance by Michael Weitzner on behalf of BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY (Weitzner, Michael) (Entered: 11/03/2022) |
| 11/03/2022 | 250 | Jury Note #3 received on 11/3/2022. (lsj) (Entered: 11/03/2022) |
| 11/03/2022 | 251 | Court's Response to Jury Note #3 received on 11/3/2022 ( 250 filed in 13−cv−01053 (RCL) and 259 filed in 13−mc−01288 (RCL)). Signed by Judge Royce C. Lamberth on 11/3/2022. (lsj) (Entered: 11/03/2022) |
| 11/03/2022 | 252 | **Signature Page of Foreperson** on Jury Note #3 received on 11/3/2022. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 11/03/2022) |
| 11/03/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 11/3/2022. Jury deliberations resumed and to continue on 11/4/2022 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporter: Lisa Moreira) (lsj) (Entered: 11/03/2022) |
| 11/04/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 11/4/2022. Jury deliberations resumed and to continue on 11/7/2022 at 9:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. (Court Reporter: Tammy Nestor) (lsj) (Entered: 11/04/2022) |
| 11/04/2022 | 253 | Jury Note #4 received on 11/4/2022. (lsj) (Entered: 11/04/2022) |
| 11/04/2022 | 254 | **Signature Page of Foreperson** on Jury Note #4 received on 11/4/2022. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 11/04/2022) |
| 11/04/2022 | 255 | Parties' Proposed Response to Jury Note #4 received on 11/4/2022. (lsj) (Entered: 11/04/2022) |
| 11/04/2022 | 256 | Court's Response to Jury Note #4 received on 11/4/2022 ( 253 filed in 13−cv−01053 (RCL) and 262 filed in 13−mc−01288 (RCL)). Signed by Judge Royce C. Lamberth |

| | | |
|---|---|---|
| | | on 11/4/2022. (lsj) (Entered: 11/04/2022) |
| 11/07/2022 | 257 | Jury Note #5 received on 11/4/2022. (lsj) (Entered: 11/07/2022) |
| 11/07/2022 | 258 | **Signature Page of Foreperson** on Jury Note #5 received on 11/4/2022. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.). (zlsj) (Entered: 11/07/2022) |
| 11/07/2022 | 259 | Court's Response to Jury Note #5 received on 11/4/2022 ( 266 filed in 13−mc−01288 (RCL) and 257 filed in 13−cv−01053 (RCL)). Signed by Judge Royce C. Lamberth on 11/7/2022. (lsj) (Entered: 11/07/2022) |
| 11/07/2022 | 260 | Jury Note #6 received on 11/7/2022. (lsj) (Entered: 11/07/2022) |
| 11/07/2022 | 261 | **Signature Page of Foreperson** on Jury Note on #6 received on 11/7/2022. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.). (zlsj) (Entered: 11/07/2022) |
| 11/07/2022 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 11/7/2022. Jury deliberations resumed and concluded. Plaintiffs' Renewed Oral Motion for a Mistrial is DENIED, for reasons stated on the record. Plaintiffs' Second Renewed Motion for a Mistrial is GRANTED, for reasons stated on the record. Hung jury as to all counts and a mistrial is declared by the Court. Jury panel is discharged from any further consideration in this matter. Forthcoming Order. (Court Reporter: Sara Wick) (lsj) (Entered: 11/07/2022) |
| 11/30/2022 | 262 | ORDER granting 177 Motion for Extension of Time; denying 231 Sealed Motion; denying 233 Motion in Limine; denying 239 Sealed Motion. See Order for details. Signed by Judge Royce C. Lamberth on 11/30/2022. (lcrcl3) (Entered: 11/30/2022) |
| 12/27/2022 | 263 | TRANSCRIPT OF JURY TRIAL, MORNING SESSION, before Judge Royce C. Lamberth, held on 10/17/2022. Page Numbers: 1−58. Date of Issuance: 12/27/2022. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter reference d above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/17/2023. Redacted Transcript Deadline set for 1/27/2023. Release of Transcript Restriction set for 3/27/2023.(Wick, Sara) (Entered: 12/27/2022) |
| 12/27/2022 | 264 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, AFTERNOON SESSION, before Judge Royce C. Lamberth, held on October 17, 2022. Page Numbers: 59−222. Date of Issuance: December 27, 2022. Court Reporter: Lorraine T. Herman. |

| | | |
|---|---|---|
| | | Telephone number: 202–354–3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/17/2023. Redacted Transcript Deadline set for 1/27/2023. Release of Transcript Restriction set for 3/27/2023.(Herman, Lorraine) (Entered: 12/27/2022) |
| 12/27/2022 | 265 | TRANSCRIPT OF JURY TRIAL – MORNING SESSION before Judge Royce C. Lamberth held on October 18, 2022; Page Numbers: 223–316. Date of Issuance:December 27, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or p urchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/17/2023. Redacted Transcript Deadline set for 1/27/2023. Release of Transcript Restriction set for 3/27/2023.(Moreira, Lisa) (Entered: 12/27/2022) |
| 12/27/2022 | 266 | TRANSCRIPT OF JURY TRIAL, AFTERNOON SESSION, before Judge Royce C. Lamberth held on 10/18/2022. Page Numbers: 317–422. Date of Issuance: 12/27/2022. Court Reporter: Sara Wick, telephone number 202–354–3287. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter refe renced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court |

| | | |
|---|---|---|
| | | reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/17/2023. Redacted Transcript Deadline set for 1/27/2023. Release of Transcript Restriction set for 3/27/2023.(Wick, Sara) (Entered: 12/27/2022) |
| 12/28/2022 | 267 | TRANSCRIPT OF JURY TRIAL − AFTERNOON SESSION before Judge Royce C. Lamberth held on October 19, 2022; Page Numbers: 545−626. Date of Issuance:December 28, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/18/2023. Redacted Transcript Deadline set for 1/28/2023. Release of Transcript Restriction set for 3/28/2023.(Moreira, Lisa) (Entered: 12/28/2022) |
| 12/28/2022 | 268 | TRANSCRIPT OF JURY TRIAL, MORNING SESSION, before Judge Royce C. Lamberth held on 10/20/2022. Page Numbers: 627−718. Date of Issuance: 12/28/2022. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter refere nced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our |

| | | |
|---|---|---|
| | | website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/18/2023. Redacted Transcript Deadline set for 1/28/2023. Release of Transcript Restriction set for 3/28/2023.(Wick, Sara) (Entered: 12/28/2022) |
| 12/28/2022 | 269 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, MORNING SESSION, before Judge Royce C. Lamberth. Held on October 19, 2022. Page Numbers: 423–544. Date of Issuance: December 28, 2022. Court Reporter: Lorraine Herman. Telephone number: 202–354–3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/18/2023. Redacted Transcript Deadline set for 1/28/2023. Release of Transcript Restriction set for 3/28/2023.(Herman, Lorraine) (Entered: 12/28/2022) |
| 12/28/2022 | 270 | TRANSCRIPT OF PROCEEDINGS, AFTERNOON SESSION, before Judge Royce C. Lamberth, held on October 20, 2022. Page Numbers: 719–866. Date of Issuance: December 28, 2022. Court Reporter: Lorraine Herman. Telephone number: 202–354–3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/18/2023. Redacted Transcript Deadline set for 1/28/2023. Release of Transcript Restriction set for 3/28/2023.(Herman, Lorraine) (Entered: 12/28/2022) |
| 12/28/2022 | 271 | TRANSCRIPT OF JURY TRIAL – MORNING SESSION before Judge Royce C. Lamberth held on October 21, 2022; Page Numbers: 867–983. Date of |

| | | |
|---|---|---|
| | | Issuance:December 28, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or p urchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/18/2023. Redacted Transcript Deadline set for 1/28/2023. Release of Transcript Restriction set for 3/28/2023.(Moreira, Lisa) (Entered: 12/28/2022) |
| 12/29/2022 | <u>272</u> | TRANSCRIPT OF JURY TRIAL, AFTERNOON SESSION, before Judge Royce C. Lamberth held on 10/21/2022. Page Numbers: 984–1084. Date of Issuance: 12/29/2022. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter ref erenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Wick, Sara) (Entered: 12/29/2022) |
| 12/29/2022 | <u>273</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, MORNING SESSION, before Judge Rudolph Contreras, held on October 24, 2022. Page Numbers: 1085–1235. Date of Issuance: December 29, 2022. Court Reporter: Lorraine Herman. Telephone number: 202–354–3196. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or pu rchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript |

| | | |
|---|---|---|
| | | formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Herman, Lorraine) (Entered: 12/29/2022) |
| 12/29/2022 | 274 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Royce C. Lamberth held on October 24, 2022; Page Numbers: 1236–1364. Date of Issuance:December 29, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Moreira, Lisa) (Entered: 12/29/2022) |
| 12/29/2022 | 275 | TRANSCRIPT OF JURY TRIAL, MORNING SESSION, before Judge Royce C. Lamberth held on 10/25/2022. Page Numbers: 1365–1481. Date of Issuance: 12/29/2022. Court Reporter: Sara Wick, telephone number 202–354–3287. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter refer enced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Wick, Sara) (Entered: 12/29/2022) |
| 12/29/2022 | 276 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, AFTERNOON SESSION, before Judge Royce C. Lamberth, held on October 25, 2022. Page Numbers: 1482–1610. Date of Issuance: December 29, 2022. Court Reporter: Lorraine Herman. Telephone number: 202–354–3196. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or pu rchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Herman, Lorraine) (Entered: 12/29/2022) |
| 12/29/2022 | 277 | TRANSCRIPT OF JURY TRIAL – MORNING SESSION before Judge Royce C. Lamberth held on October 26, 2022; Page Numbers: 1611–1720. Date of Issuance:December 29, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Moreira, Lisa) (Entered: 12/29/2022) |

| 12/29/2022 | 278 | TRANSCRIPT OF JURY TRIAL, AFTERNOON SESSION, before Judge Royce C. Lamberth held on 10/26/2022. Page Numbers: 1721–1858. Date of Issuance:12/29/2022. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter refer enced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Wick, Sara) (Entered: 12/29/2022) |
| 12/29/2022 | 279 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, MORNING SESSION, before Judge Royce C. Lamberth, held on October 27, 2022. Page Numbers: 1859–2015. Date of Issuance: December 29, 2022. Court Reporter: Lorraine Herman. Telephone number: 202–354–3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Herman, Lorraine) Modified trial date on 1/3/2023 (znmw). (Entered: 12/29/2022) |
| 12/29/2022 | 280 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Royce C. Lamberth held on October 27, 2022; Page Numbers: 2018–2169. Date of Issuance:December 29, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the |

| | | |
|---|---|---|
| | | courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Moreira, Lisa) (Entered: 12/29/2022) |
| 12/29/2022 | 281 | TRANSCRIPT OF JURY TRIAL, MORNING SESSION, before Judge Royce C. Lamberth held on 10/28/2022. Page Numbers: 2170–2346. Date of Issuance: 12/29/2022. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter refer enced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Wick, Sara) (Entered: 12/29/2022) |
| 12/29/2022 | 282 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Royce C. Lamberth held on October 28, 2022; Page Numbers: 2347–2370. Date of Issuance:December 29, 2022. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Moreira, Lisa) (Entered: 12/29/2022) |
| 12/29/2022 | 283 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, MORNING SESSION, before Judge Royce C. Lamberth, held on October 31, 2022. Page Numbers: 2371–2511. Date of issuance: December 29, 2022. Court Reporter: Lorraine Herman. Telephone number: 202–354–3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or p urchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/19/2023. Redacted Transcript Deadline set for 1/29/2023. Release of Transcript Restriction set for 3/29/2023.(Herman, Lorraine) (Entered: 12/29/2022) |
| 12/30/2022 | 284 | TRANSCRIPT OF JURY TRIAL, AFTERNOON SESSION, before Judge Royce C. Lamberth held on 10/31/2022. Page Numbers: 2512–2630. Date of Issuance: 12/30/2022. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter r eferenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/20/2023. Redacted Transcript Deadline set for 1/30/2023. Release of Transcript Restriction set for 3/30/2023.(Wick, Sara) (Entered: |

| | | |
|---|---|---|
| | | 12/30/2022) |
| 01/09/2023 | <u>285</u> | TRANSCRIPT OF JURY TRIAL, AFTERNOON SESSION, before Judge Royce C. Lamberth held on 11/01/2022. Page Numbers: 2804–2808. Date of Issuance: 01/09/2023. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter ref erenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/30/2023. Redacted Transcript Deadline set for 2/9/2023. Release of Transcript Restriction set for 4/9/2023.(Wick, Sara) (Entered: 01/09/2023) |
| 01/09/2023 | <u>286</u> | TRANSCRIPT OF JURY TRIAL before Judge Royce C. Lamberth held on 11/02/2022. Page Numbers: 2809–2844. Date of Issuance: 01/09/2023. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. Aft er 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/30/2023. Redacted Transcript Deadline set for 2/9/2023. Release of Transcript Restriction set for 4/9/2023.(Wick, Sara) (Entered: 01/09/2023) |
| 01/09/2023 | <u>287</u> | TRANSCRIPT OF JURY TRIAL before Judge Royce C. Lamberth held on 11/07/2022. Page Numbers: 2873–2889. Date of Issuance: 01/09/2023. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. Afte r 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court |

| | | |
|---|---|---|
| | | reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/30/2023. Redacted Transcript Deadline set for 2/9/2023. Release of Transcript Restriction set for 4/9/2023.(Wick, Sara) (Entered: 01/09/2023) |
| 01/12/2023 | 288 | TRANSCRIPT OF PROCEEDINGS – MORNING SESSION, before Judge Royce C. Lamberth, held on November 1, 2022. Page Numbers: 2631–2803. Date of Issuance: January 12, 2023. Court Reporter: Lorraine Herman: Telephone number: 202−354−3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/2/2023. Redacted Transcript Deadline set for 2/12/2023. Release of Transcript Restriction set for 4/12/2023.(Herman, Lorraine) (Entered: 01/12/2023) |
| 01/13/2023 | 289 | TRANSCRIPT OF JURY TRIAL before Judge Royce C. Lamberth held on November 3, 2022; Page Numbers: 2845–2858. Date of Issuance:January 13, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 2/3/2023. Redacted Transcript Deadline set for 2/13/2023. Release of Transcript Restriction set for 4/13/2023.(Moreira, Lisa) (Entered: 01/13/2023) |
| 02/07/2023 | | MINUTE ORDER: After consultation with the parties regarding availability, it is hereby ORDERED that a jury trial is set to begin on 07/24/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 02/07/2023. (lcrcl3) (Entered: 02/07/2023) |
| 02/17/2023 | 290 | Joint MOTION for Scheduling Order by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 02/17/2023) |
| 02/17/2023 | 291 | MOTION for Leave to Serve Supplemental Expert Reports by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit 1 – Supplemental Expert Report of Bala Dharan, # 2 Exhibit 2 – Supplemental Expert Report of Joseph Mason, # 3 Text of Proposed Order)(Cooper, Charles) (Entered: 02/17/2023) |
| 03/10/2023 | 292 | ORDER granting Motion 290 for Scheduling Order. See Order for details. Signed by Judge Royce C. Lamberth on 03/09/2023. (lcrcl3) (Entered: 03/10/2023) |
| 03/10/2023 | 293 | Memorandum in opposition to re 291 Motion for Miscellaneous Relief,, *Motion for Leave to Serve Supplemental Expert Reports* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A)(Varma, Asim) (Entered: 03/10/2023) |
| 03/13/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 293 Memorandum in opposition to re 291 Motion for Miscellaneous Relief,, *Motion for Leave to Serve Supplemental Expert Reports* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A)(Varma, Asim). Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/20/2023. (zbaj) Modified on 3/16/2023 (zbaj). (Entered: 03/13/2023) |
| 03/21/2023 | 294 | REPLY to opposition to motion re 291 MOTION for Leave to Serve Supplemental Expert Reports filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY |

| | | |
|---|---|---|
| | | INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 03/21/2023) |
| 04/12/2023 | 295 | Joint MOTION to Issue Jury Questionnaire in Advance of Voir Dire by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A)(Varma, Asim) (Entered: 04/12/2023) |
| 05/02/2023 | 296 | MOTION for Leave to Present Evidence and Argument Concerning Reliance Damages at Trial by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 05/02/2023) |
| 05/02/2023 | 297 | NOTICE of Appearance by John Ramer on behalf of ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Ramer, John) (Entered: 05/02/2023) |
| 05/16/2023 | 298 | Memorandum in opposition to re 296 Motion for Miscellaneous Relief, *(MOTION FOR LEAVE TO PRESENT EVIDENCE AND ARGUMENT CONCERNING RELIANCE DAMAGES AT TRIAL)* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 05/16/2023) |
| 05/23/2023 | 299 | REPLY to opposition to motion re 296 MOTION for Leave to Present Evidence and Argument Concerning Reliance Damages at Trial filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 05/23/2023) |
| 05/26/2023 | 300 | Joint MOTION to Modify *the Scheduling Order [dkt. 292]* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 05/26/2023) |
| 05/26/2023 | 301 | ORDER granting Motion 300 to Modify: It is hereby ORDERED that the motion is GRANTED and the parties shall file any motions to amend the jury instructions or verdict form or to address deposition designation rulings from Trial 1 by 06/09/2023. Signed by Judge Royce C. Lamberth on 05/26/2023. (lcrcl3) (Entered: 05/26/2023) |
| 05/26/2023 | | Set/Reset Deadlines: Motions to amend the jury instructions or verdict form or to address deposition designation rulings from Trial 1 by 6/9/2023. (smc) (Entered: 05/26/2023) |

| 05/26/2023 | 302 | Joint MOTION to Modify *the Scheduling Order [dkt. 292]* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 05/26/2023) |
|---|---|---|
| 05/26/2023 | 303 | MOTION in Limine *(DEFENDANTS' OMNIBUS MOTION IN LIMINE)* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Varma, Asim) (Entered: 05/26/2023) |
| 05/26/2023 | 304 | MOTION in Limine *(Defendants' Motion to Revisit the Court's Evidentiary Ruling Admitting Plaintiffs' Exhibit 205 (The Stegman Memo) into Evidence over Defendants' Hearsay Objection)* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Varma, Asim) (Entered: 05/26/2023) |
| 05/26/2023 | 305 | WITHDRAWN PURSUANT TO NOTICE FILED 6/14/2023.....SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Text of Proposed Order)(Varma, Asim) Modified on 6/15/2023 (znmw). (Entered: 05/26/2023) |
| 05/26/2023 | 306 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit 1–A, # 2 Exhibit 1–B, # 3 Exhibit 1–C, # 4 Exhibit 1–D, # 5 Exhibit 1–E, # 6 Exhibit 1–F, # 7 Exhibit 1–G, # 8 Exhibit 1–H, # 9 Exhibit 1–I, # 10 Exhibit 1–J, # 11 Exhibit 1–K, # 12 Exhibit 1–L, # 13 Exhibit 1–M, # 14 Exhibit 1–N, # 15 Exhibit 1–O, # 16 Exhibit 1–P, # 17 Exhibit 1–Q, # 18 Exhibit 1–R, # 19 Exhibit 2–A, # 20 Exhibit 2–B, # 21 Exhibit 2–C, # 22 Exhibit 2–D, # 23 Exhibit 2–E, # 24 Exhibit 2–F, # 25 Exhibit 2–G, # 26 Exhibit 2–H, # 27 Exhibit 2–I, # 28 Exhibit 2–J, # 29 Text of Proposed Order)(Cooper, Charles) (Entered: 05/26/2023) |
| 05/26/2023 | 307 | SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit 1–A, # 2 Exhibit 1–B, # 3 Exhibit 1–C, # 4 Exhibit 2–A, # 5 Exhibit 2–B, # 6 Exhibit 2–C, # 7 Exhibit 3–A, # 8 Exhibit 3–B, # 9 Exhibit 3–C, # 10 Exhibit 3–D, # 11 Exhibit 4–A, # 12 Exhibit 4–B, # 13 Exhibit 4–C, # 14 Exhibit 5–A, # 15 Exhibit 5–B, # 16 Exhibit 5–C, # 17 Exhibit 5–D, # 18 Exhibit 6–A, # 19 Exhibit 6–B, # 20 Exhibit 6–C, # 21 Exhibit 6–D, # 22 Exhibit 6–E, # 23 Exhibit 6–F, # 24 Exhibit 6–G, # 25 Exhibit 6–H, # 26 Exhibit 6–I, # 27 Text of Proposed Order)(Cooper, Charles) (Entered: 05/26/2023) |
| 05/26/2023 | 308 | MOTION in Limine *For Admission Of PX 550, PX 226, PX 562, PX 274, and PX 279* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA |

| | | |
|---|---|---|
| | | CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit T, # 20 Exhibit U, # 21 Exhibit V, # 22 Exhibit W, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit Z, # 26 Exhibit AA, # 27 Text of Proposed Order)(Cooper, Charles) (Entered: 05/26/2023) |
| 05/31/2023 | 309 | ORDER granting Motion 302 to Modify Scheduling Order: It is hereby ORDERED that the motion is GRANTED and the parties shall file the two specific motions in limine referenced therein by 06/09/2023, with oppositions due 06/23/2023, and replies due 06/30/2023. Signed by Judge Royce C. Lamberth on 05/31/2023. (lcrcl3) (Entered: 05/31/2023) |
| 05/31/2023 | | Set/Reset Deadlines: Motion in Limine due by 6/9/2023. Response due by 6/23/2023. Reply due by 6/30/2023. (smc) (Entered: 06/01/2023) |
| 06/02/2023 | 310 | MEMORANDUM OPINION re Motion 291 to Serve Supplemental Expert Reports, Motion 296 to Present Evidence and Arguments Concerning Reliance Damages. Signed by Judge Royce C. Lamberth on 06/02/2023. (lcrcl3) (Entered: 06/02/2023) |
| 06/02/2023 | 311 | ORDER denying Motion 291 to Serve Supplemental Expert Reports; denying Motion 295 to Issue a Jury Questionnaire in Advance of Voir Dire; denying Motion 296 to Present Evidence and Arguments Concerning Reliance Damages: For the reasons stated in the accompanying Memorandum Opinion 310 , it is hereby ORDERED that the motions to serve supplemental expert reports and to present evidence and arguments concerning reliance damages are both DENIED. It is further ORDERED that the motion to issue a jury questionnaire is DENIED. Signed by Judge Royce C. Lamberth on 06/02/2023. (lcrcl3) (Entered: 06/02/2023) |
| 06/09/2023 | 312 | MOTION and Memorandum in Support to Revise Jury Instructions by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Varma, Asim) (Entered: 06/09/2023) |
| 06/09/2023 | 313 | MOTION in Limine *to Preclude Defendants from Using Certain Deposition Testimony* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Certificate of Service)(Cooper, Charles) (Entered: 06/09/2023) |
| 06/09/2023 | 314 | SEALED DOCUMENT filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 313 MOTION in Limine *to Preclude Defendants from Using Certain Deposition Testimony* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Cooper, Charles) (Entered: 06/09/2023) |

| 06/14/2023 | 315 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 306 Sealed Motion,,, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Text of Proposed Order)(Varma, Asim) (Entered: 06/14/2023) |
|---|---|---|
| 06/14/2023 | 316 | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re 303 Motion in Limine (Attachments: # 1 Exhibit 1–A, # 2 Exhibit 1–B, # 3 Exhibit 1–C, # 4 Exhibit 2–A, # 5 Exhibit 2–B, # 6 Exhibit 2–C, # 7 Exhibit 2–D, # 8 Exhibit 2–E, # 9 Exhibit 2–F, # 10 Exhibit 2–G, # 11 Exhibit 2–H, # 12 Exhibit 2–I, # 13 Exhibit 2–J, # 14 Exhibit 3–A, # 15 Exhibit 3–B, # 16 Exhibit 4–A, # 17 Exhibit 4–B, # 18 Exhibit 4–C, # 19 Exhibit 4–D, # 20 Exhibit 4–E, # 21 Exhibit 4–F, # 22 Exhibit 4–G, # 23 Exhibit 4–H, # 24 Exhibit 4–I, # 25 Exhibit 4–J, # 26 Exhibit 4–K, # 27 Exhibit 4–L, # 28 Exhibit 4–M, # 29 Exhibit 4–N, # 30 Exhibit 4–O, # 31 Exhibit 4–P, # 32 Exhibit 4–Q, # 33 Exhibit 4–R, # 34 Exhibit 4–S, # 35 Exhibit 4–T, # 36 Exhibit 4–U, # 37 Exhibit 4–V, # 38 Exhibit 4–W, # 39 Text of Proposed Order)(Cooper, Charles) (Entered: 06/14/2023) |
| 06/14/2023 | 317 | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re 304 Motion in Limine, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Cooper, Charles) (Entered: 06/14/2023) |
| 06/14/2023 | 318 | Memorandum in opposition to re 308 Motion in Limine,,, *Defendants' Memorandum in Opposition to Plaintiffs' Motion In Limine for Admission of PX 550, PX 226, PX 562, PX 274 and PX 279* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 06/14/2023) |
| 06/14/2023 | 319 | NOTICE OF WITHDRAWAL OF MOTION by FEDERAL HOUSING FINANCE AGENCY re 305 SEALED MOTION filed by FEDERAL HOUSING FINANCE AGENCY (Varma, Asim) (Entered: 06/14/2023) |
| 06/14/2023 | 320 | SEALED OPPOSITION filed by FEDERAL HOUSING FINANCE AGENCY. re 307 Sealed Motion,,, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Text of Proposed Order)(Varma, Asim) (Entered: 06/14/2023) |
| 06/23/2023 | 321 | Memorandum in opposition to re 313 Motion in Limine, filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Varma, Asim) (Entered: 06/23/2023) |
| 06/23/2023 | 322 | REPLY to opposition to motion re 304 MOTION in Limine *(Defendants' Motion to Revisit the Court's Evidentiary Ruling Admitting Plaintiffs' Exhibit 205 (The Stegman* |

| | | |
|---|---|---|
| | | *Memo) into Evidence over Defendants' Hearsay Objection)* filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 06/23/2023) |
| 06/23/2023 | 323 | REPLY to opposition to motion re 303 MOTION in Limine *(DEFENDANTS' OMNIBUS MOTION IN LIMINE)* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A)(Varma, Asim) (Entered: 06/23/2023) |
| 06/23/2023 | 324 | REPLY to opposition to motion re 307 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUT filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit 3–E, # 2 Certificate of Service)(Cooper, Charles) (Entered: 06/23/2023) |
| 06/23/2023 | 325 | RESPONSE re 312 MOTION and Memorandum in Support to Revise Jury Instructions filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Cooper, Charles) (Entered: 06/23/2023) |
| 06/23/2023 | 326 | SEALED REPLY TO OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 306 Sealed Motion,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1–A, # 2 Exhibit 2–A, # 3 Certificate of Service)(Cooper, Charles) (Entered: 06/23/2023) |
| 06/23/2023 | 327 | REPLY to opposition to motion re 308 MOTION in Limine *For Admission Of PX 550, PX 226, PX 562, PX 274, and PX 279* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 06/23/2023) |
| 06/30/2023 | 328 | NOTICE *Joint Submission of Objections to Deposition Designations* by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Varma, Asim) (Entered: 06/30/2023) |
| 06/30/2023 | 329 | PRETRIAL STATEMENT by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit |

| | | E–1, # 6 Exhibit E–2, # 7 Exhibit F)(Varma, Asim) (Entered: 06/30/2023) |
|---|---|---|
| 06/30/2023 | 330 | REPLY to opposition to motion re 312 MOTION and Memorandum in Support to Revise Jury Instructions filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A)(Varma, Asim) (Entered: 06/30/2023) |
| 06/30/2023 | 331 | REPLY to opposition to motion re 313 MOTION in Limine *to Preclude Defendants from Using Certain Deposition Testimony* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 06/30/2023) |
| 06/30/2023 | 332 | PRETRIAL STATEMENT by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A–1, # 2 Exhibit A–2, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E–1, # 7 Exhibit E–2, # 8 Exhibit F)(Cooper, Charles) (Entered: 06/30/2023) |
| 07/06/2023 | | NOTICE of Hearing: Pretrial Conference set for 7/18/2023 at 2:00 PM in Courtroom 15– In Person before Judge Royce C. Lamberth. (zsmc) (Entered: 07/06/2023) |
| 07/10/2023 | 333 | MOTION in Limine *NO. 5: TO EXCLUDE EVIDENCE FEATURING POST HOC STATEMENTS BY FORMER FHFA DIRECTORS MELVIN WATT AND MARK CALABRIA* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order)(Varma, Asim) (Entered: 07/10/2023) |
| 07/14/2023 | 334 | RESPONSE re 333 MOTION in Limine *NO. 5: TO EXCLUDE EVIDENCE FEATURING POST HOC STATEMENTS BY FORMER FHFA DIRECTORS MELVIN WATT AND MARK CALABRIA* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Cooper, Charles) (Entered: 07/14/2023) |
| 07/17/2023 | 335 | REPLY to opposition to motion re 333 MOTION in Limine *NO. 5: TO EXCLUDE EVIDENCE FEATURING POST HOC STATEMENTS BY FORMER FHFA DIRECTORS MELVIN WATT AND MARK CALABRIA* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A)(Varma, Asim) (Entered: 07/17/2023) |
| 07/19/2023 | | Minute Entry for Final Pretrial Conference held on 7/19/2023 before Judge Royce C. Lamberth: Order forthcoming from Chambers. Court Reporter: Nancy Meyer. (smc) (Entered: 07/19/2023) |

| 07/21/2023 | 336 | SEALED MEMORANDUM OPINION (This document is SEALED and only available to authorized persons.) Signed by Judge Royce C. Lamberth on 7/21/2023.(smc) (Entered: 07/21/2023) |
|---|---|---|
| 07/21/2023 | 337 | ORDER granting in part and denying in part 303 Motion in Limine; denying 304 Motion in Limine; granting in part and denying in part 306 Sealed Motion; granting in part and denying in part 307 Sealed Motion; granting in part and denying in part 308 Motion in Limine; granting in part and denying in part 312 Motion ; denying 313 Motion in Limine. See Order and accompanying Memorandum Opinion 336 for details. Signed by Judge Royce C. Lamberth on 07/21/2023. (lcrcl3) (Entered: 07/21/2023) |
| 07/21/2023 | 338 | MOTION to Amend *Plaintiffs' Motion to Revise Juror Voir Dire Questionnaire* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A)(Cooper, Charles) Modified event on 7/24/2023 (znmw). (Entered: 07/21/2023) |
| 07/21/2023 | | MINUTE ORDER denying Motion 338 to Revise Voir Dire Questions: The parties having had an opportunity to submit proposed voir dire questions and to discuss voir dire questions at the pretrial conference, and the parties having failed to do so at either juncture, it is hereby ORDERED that the motion is DENIED and the Court will ask the same questions it asked at the first trial. Signed by Judge Royce C. Lamberth on 07/21/2023. (lcrcl3) (Entered: 07/21/2023) |
| 07/24/2023 | 339 | MOTION in Limine *to Admit Enterprise SEC Filings* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Varma, Asim) (Entered: 07/24/2023) |
| 07/24/2023 | 340 | RESPONSE re 339 MOTION in Limine *to Admit Enterprise SEC Filings* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Cooper, Charles) (Entered: 07/24/2023) |
| 07/24/2023 | | Minute Entry for Jury Selection held before Judge Royce C. Lamberth on 7/24/2023. Jury Selection commenced and continued to 7/25/2023 at 10:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Court Reporters: Lorraine Herman (AM) and Lisa Edwards (PM). (smc) (Entered: 07/24/2023) |
| 07/24/2023 | 341 | MOTION to Modify *Verdict Form* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 07/24/2023) |

| 07/25/2023 | 342 | REPLY to opposition to motion re 339 MOTION in Limine *to Admit Enterprise SEC Filings* filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 07/25/2023) |
|---|---|---|
| 07/25/2023 | 343 | UNSEALED MEMORANDUM OPINION. Unsealed by Judge Royce C. Lamberth on 7/25/2023. (smc) (Entered: 07/25/2023) |
| 07/25/2023 | | Minute Entry for Jury Selection held before Judge Royce C. Lamberth on 7/25/2023. Jury Selection resumed and concluded with eight jurors selected and sworn. Jury Trial to commence on 7/26/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Court Reporters: Nancy Meyer (AM) and Lorraine Herman (PM). (smc) (Entered: 07/25/2023) |
| 07/26/2023 | 345 | NOTICE *of Joint Statement of Undisputed Facts* by FEDERAL HOUSING FINANCE AGENCY (Attachments: # 1 Exhibit A – Joint Statement of Undisputed Facts)(Varma, Asim) (Entered: 07/26/2023) |
| 07/26/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 7/26/2023. Jury trial commenced and continued to 7/27/2023 at 10:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Plaintiffs' Witnesses: Jill Belack and James Lockhart, III (by video deposition). Court Reporters: Lisa Edwards (AM) and Nancy Meyer (PM). (smc) (Entered: 07/26/2023) |
| 07/26/2023 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Royce C. Lamberth on 7/25/2023. (smc) (Entered: 07/31/2023) |
| 07/27/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 7/27/2023. Jury trial resumed and continued to 7/28/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Plaintiffs' Witnesses: Susan Hartman, Edward Linekin, Joe Cacciapalle (by video deposition), Mukarram Attari (by video deposition) and Joe Mason. Court Reporters: Lorraine Herman (AM) and Lisa Edwards (PM). (zsmc) (Entered: 07/27/2023) |
| 07/28/2023 | 346 | MOTION in Limine *Plaintiffs' Motion Requesting an Order Overruling Defendants' Improper Objections Concerning Dr. Joseph Mason's Testimony on July 27, 2023* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Cooper, Charles) (Entered: 07/28/2023) |
| 07/28/2023 | | MINUTE ORDER denying Motion in Limine 346 : For the reasons stated in open court on the morning of 07/28/2023, it is hereby ORDERED that the motion is DENIED. Signed by Judge Royce C. Lamberth on 07/28/2023. (lcrcl3) (Entered: 07/28/2023) |
| 07/28/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 7/28/2023: Jury trial resumed and continued to 7/31/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Plaintiffs' Witnesses: Joe Mason, Anjan Thakor, Susan McFarland (deposition read into the record), Mario Ugoletti (by video deposition) and David Benson (by video deposition). Court Reporters: Nancy Meyer |

| | | |
|---|---|---|
| | | (AM) Lorraine Herman (PM). (smc) (Entered: 07/28/2023) |
| 07/28/2023 | 347 | RESPONSE re 341 MOTION to Modify *Verdict Form* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Varma, Asim) (Entered: 07/28/2023) |
| 07/28/2023 | 348 | MOTION to Clarify *The Court's Decision Regarding the Admissibility of Dr. Attari's Testimony* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Cooper, Charles) (Entered: 07/28/2023) |
| 07/29/2023 | 349 | MOTION For a Final Jury Instruction Regarding the 10% Cash Dividend Requirement by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Proposed Order)(Varma, Asim) (Entered: 07/29/2023) |
| 07/30/2023 | 350 | RESPONSE re 348 MOTION to Clarify *The Court's Decision Regarding the Admissibility of Dr. Attari's Testimony* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Proposed Order)(Varma, Asim) (Entered: 07/30/2023) |
| 07/31/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 7/31/2023. Jury trial resumed and continued to 8/1/2023 at 10:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Plaintiffs' Witnesses: Tim Mayopolous (by video deposition) and Dr. Bala Dharan. Court Reporters: Lisa Edwards (AM) and Nancy Meyer (PM). (smc) (Entered: 07/31/2023) |
| 08/01/2023 | 351 | SEALED OPPOSITION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. re 349 Motion for Miscellaneous Relief (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Cooper, Charles) (Entered: 08/01/2023) |
| 08/01/2023 | 352 | REPLY to opposition to motion re 348 MOTION to Clarify *The Court's Decision Regarding the Admissibility of Dr. Attari's Testimony* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 08/01/2023) |
| 08/01/2023 | 353 | SEALED CROSS MOTION to Preclude Further Argument filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS |

| | | |
|---|---|---|
| | | INSURANCE COMPANY. (This document is SEALED and only available to authorized persons.) (See Docket Entry <u>351</u> to view document). (znmw) (Entered: 08/01/2023) |
| 08/01/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/1/2023: Plaintiffs' Witnesses: Dr. Bala Dharan (resumed from 7/31/2023) and Jill Belack. Plaintiffs rest and Defendants proceed with presentation of evidence. Defendants' Witnesses: James Lockhart, III (by video deposition), Tim Mayopolous (by video deposition) and Ross Kari (deposition read into the record). Defendants' Oral Rule 50 Motion for Judgment as a Matter of Law, argued and DENIED for reasons stated on the record. Jury Trial to continue on 8/2/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Court Reporters: Lorraine Herman (AM) and Lisa Edwards (PM) (smc) (Entered: 08/01/2023) |
| 08/01/2023 | <u>354</u> | ORDER denying Motion <u>348</u> to Clarify: It is ORDERED that the motion is DENIED and Dr. Attari may testify about the bond study. Signed by Judge Royce C. Lamberth on 08/01/2023. (lcrcl3) (Entered: 08/01/2023) |
| 08/01/2023 | <u>355</u> | REPLY to opposition to motion re <u>349</u> MOTION For a Final Jury Instruction Regarding the 10% Cash Dividend Requirement *and Opposition to Plaintiffs' Cross−Motion to Preclude Further Argument that "Payment in Kind" Was Not An Available Option* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Varma, Asim) (Entered: 08/01/2023) |
| 08/02/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/2/2023. Jury trial resumed and continued to 8/4/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Defendants' Witness: Nick Satriano. Court Reporters: Nancy Meyer (AM) and Lorraine Herman (PM). (smc) (Entered: 08/02/2023) |
| 08/03/2023 | <u>356</u> | REPLY to opposition to motion re 353 SEALED MOTION filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAU filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 08/03/2023) |
| 08/03/2023 | <u>357</u> | MOTION For a Curative Instruction Regarding Plaintiffs' Statement to the Jury That a Document was "Never Produced in This Case" by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Proposed Order)(Varma, Asim) (Entered: 08/03/2023) |
| 08/04/2023 | <u>358</u> | NOTICE *REGARDING DEFENDANTS' MOTION TO REVISE THE JURY INSTRUCTION REGARDING VIRGINIA PREJUDGMENT INTEREST* by FEDERAL HOUSING FINANCE AGENCY (Varma, Asim) (Entered: 08/04/2023) |
| 08/04/2023 | <u>359</u> | MOTION in Limine *to Preclude Defendants From Making Any Price Recovery Arguments in Their Closing Argument* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE |

| | | |
|---|---|---|
| | | COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Cooper, Charles) (Entered: 08/04/2023) |
| 08/04/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/4/2023. Jury trial resumed and continued to 8/7/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Defendants' Witnesses: Don Layton (by video deposition) and Dr. Mukarram Attari. Court Reporters: Lorraine Herman (AM) and Lisa Edwards (PM). (smc) (Entered: 08/04/2023) |
| 08/04/2023 | 360 | MEMORANDUM ORDER denying Motion 349 for Final Jury Instruction; granting in part and denying in part Sealed Motion 353 : It is ORDERED that defendants' motion is DENIED and plaintiffs' cross−motion is GRANTED in part and DENIED in part. The Court will not give defendants' proposed instruction. Defendants may not argue that payment in kind was not a "legally available option," but they may describe it as a penalty and discuss its risks. See Memorandum Order for details. Signed by Judge Royce C. Lamberth on 08/04/2023. (lcrcl3) (Entered: 08/04/2023) |
| 08/06/2023 | 361 | RESPONSE re 357 MOTION For a Curative Instruction Regarding Plaintiffs' Statement to the Jury That a Document was "Never Produced in This Case" filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 08/06/2023) |
| 08/06/2023 | 362 | MOTION Plaintiffs' Motion for a Curative Instruction by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 08/06/2023) |
| 08/07/2023 | 363 | REPLY to opposition to motion re 341 MOTION to Modify *Verdict Form* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A)(Cooper, Charles) (Entered: 08/07/2023) |
| 08/07/2023 | 364 | REPLY to opposition to motion re 357 MOTION For a Curative Instruction Regarding Plaintiffs' Statement to the Jury That a Document was "Never Produced in This Case" filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) (Entered: 08/07/2023) |
| 08/07/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/7/2023: Jury trial resumed and continued to 8/8/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Defendants' Witnesses: Dr. Mukarram Attari and Edward Demarco. Court Reporters: Nancy Meyer (AM) and Lisa Edwards (PM). (smc) (Entered: 08/07/2023) |
| 08/08/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/8/2023. Jury trial resumed and continued to 8/9/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Defendants' Witness: Edward Demarco. Court Reporters: Lisa Edwards (AM) and Nancy Meyer (PM). (smc) (Entered: 08/08/2023) |
| 08/09/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/9/2023: Defendants' Witness: Edward Demarco. Defendants' Renewed Motion for Rule 50 for Judgment as a Matter of Law is DENIED. Defendants rest and Plaintiffs present rebuttal case. Plaintiffs' Rebuttal Witnesses: Anjan Thakor and Bala Dharan. Jury Trial (closing arguments) set for 8/10/2023 at 10:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Court Reporters: Lisa Edwards (AM) and Nancy Meyer (PM). (smc) (Entered: 08/09/2023) |
| 08/10/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/10/2023. Jury trial resumed and continued to 8/11/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Court Reporters: Lorraine Herman (AM) and Nancy Meyer (PM). (smc) (Entered: 08/10/2023) |
| 08/10/2023 | 365 | NOTICE *of Joint Submission of Deposition Designations as Played During Trial* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Cooper, Charles) (Entered: 08/10/2023) |
| 08/11/2023 | | Minute Entry for Jury Trial held before Judge Royce C. Lamberth on 8/11/2023: Jurors received jury charge instructions. Jury deliberations commenced and continued to 8/14/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Courts Reporter: Lisa Edwards. (smc) (Entered: 08/11/2023) |
| 08/13/2023 | 366 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 1 – MORNING SESSION, before Judge Royce C. Lamberth. Page Numbers: 1–89. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email: lorraine_herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | |
|---|---|---|
| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 367 | TRANSCRIPT OF JURY TRIAL (DAY 1 – AFTERNOON SESSION) before Judge Royce C. Lamberth held on July 24, 2023; Page Numbers: 90–238. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | 368 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY #2 (morning session) – before the Honorable Royce C. Lamberth held on 07/25/2023. Page Numbers: 239–338. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | 369 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – AFTERNOON SESSION, before Judge Royce C. Lamberth, held on July 25, 2023. Page Numbers: 339–400. |

| | | |
|---|---|---|
| | | Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | <u>370</u> | TRANSCRIPT OF JURY TRIAL (DAY 3 – MORNING SESSION) before Judge Royce C. Lamberth held on July 26, 2023; Page Numbers: 401–492. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | <u>371</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY #3 (afternoon session) – before the Honorable Royce C. Lamberth held on 07/26/2023. Page Numbers: 493–614. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, |

| | | |
|---|---|---|
| | | condensed, CD, or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | 372 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 4 – MORNING SESSION – before Judge Royce C. Lamberth, held on July 27, 2023. Page Numbers: 615–699. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 373 | TRANSCRIPT OF JURY TRIAL (DAY 4 – AFTERNOON SESSION) before Judge Royce C. Lamberth held on July 27, 2023; Page Numbers: 700–836. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | 374 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY #5 (morning session) – before the Honorable Royce C. Lamberth held on 07/28/2023. Page Numbers: 837–926. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | 375 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 5 – AFTERNOON SESSION – before Judge Royce C. Lamberth, held on July 28, 2023. Page Numbers: 927–1077. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 376 | TRANSCRIPT OF JURY TRIAL (DAY 6 – MORNING SESSION) before Judge Royce C. Lamberth held on July 31, 2023; Page Numbers: 1078–1151. Date of |

| | | |
|---|---|---|
| | | Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | <u>377</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY #6 (afternoon session) – before the Honorable Royce C. Lamberth held on 07/31/2023. Page Numbers: 1152–1305. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | <u>378</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 7 – MORNING SESSION – before Judge Royce C. Lamberth, held on August 1, 2023. Page Numbers: 1306–1423. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourt.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court |

| | | |
|---|---|---|
| | | reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 379 | TRANSCRIPT OF JURY TRIAL (DAY 7 − AFTERNOON SESSION) before Judge Royce C. Lamberth held on August 1, 2023; Page Numbers: 1424−1545. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354−3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | 380 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS − DAY #8 (morning session) − before the Honorable Royce C. Lamberth held on 08/02/2023. Page Numbers: 1548−1647. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202−354−3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left−hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi−page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | 381 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 8 – AFTERNOON SESSION – before Judge Royce C. Lamberth, held on August 2. 2023. Page Numbers: 1648–1822. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 382 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 9 – MORNING SESSION – before Judge Royce C. Lamberth, held on August 4, 2023. Page Numbers: 1823–1907. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 383 | TRANSCRIPT OF JURY TRIAL (DAY 9 – AFTERNOON SESSION) before Judge Royce C. Lamberth held on August 4, 2023; Page Numbers: 1908–2045. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone |

| | | |
|---|---|---|
| | | number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | <u>384</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 10 (morning session) – before the Honorable Royce C. Lamberth held on 08/07/2023. Page Numbers: 2046–2149. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | <u>385</u> | TRANSCRIPT OF JURY TRIAL (DAY 10 – AFTERNOON SESSION) before Judge Royce C. Lamberth held on August 7, 2023; Page Numbers: 2150–2248. Date of Issuance:August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | 386 | TRANSCRIPT OF JURY TRIAL (DAY 11 – MORNING SESSION) before Judge Royce C. Lamberth held on August 8, 2023; Page Numbers: 2249−2358. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354−3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | 387 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 11 (afternoon session) – before the Honorable Royce C. Lamberth held on 08/08/2023. Page Numbers: 2359−2507. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202−354−3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left−hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi−page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: |

| | | 08/13/2023) |
|---|---|---|
| 08/13/2023 | 388 | TRANSCRIPT OF JURY TRIAL (DAY 12 – MORNING SESSION) before Judge Royce C. Lamberth held on August 9, 2023; Page Numbers: 2508–2622. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/13/2023 | 389 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 12 (afternoon session) – before the Honorable Royce C. Lamberth held on 08/09/2023. Page Numbers: 2623–2768. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy J.) (Entered: 08/13/2023) |
| 08/13/2023 | 390 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 13 – MORNING SESSION – before Judge Royce C. Lamberth, held on August 10, 2023. Page Numbers: 2769–2860. Date of Issuance: August 13, 2023. Court Reporter: Lorraine Herman. Email:Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Herman, Lorraine) (Entered: 08/13/2023) |
| 08/13/2023 | 391 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 13 (afternoon session) – before the Honorable Royce C. Lamberth held on 08/10/2023. Page Numbers: 2861–2993. Date of Issuance: 08/13/2023. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left–hand side under Transcript Requests). For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi–page, condensed, CD, or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(Meyer, Nancy) (Entered: 08/13/2023) |
| 08/13/2023 | 392 | TRANSCRIPT OF JURY TRIAL (DAY 14) before Judge Royce C. Lamberth held on August 11, 2023; Page Numbers: 2994–3059. Date of Issuance: August 13, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2023. Redacted Transcript Deadline set for 9/13/2023. Release of Transcript Restriction set for 11/11/2023.(zlfe) (Entered: 08/13/2023) |
| 08/14/2023 | 393 | FINAL JURY INSTRUCTIONS. Signed by Judge Royce C. Lamberth on 8/11/2023. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 394 | Plaintiffs' Final Trial Exhibit List. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 395 | Defendants' Final Trial Exhibit List. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 396 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 397 | Jury Note #1 received on 8/11/2023. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 398 | **Signature Page of Foreperson**<br><br>on Jury Note #1 received on 8/11/2023. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 399 | Court's Response to Jury Note #1. Signed by Judge Royce C. Lamberth on 8/11/2023. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | | Minute Entry for Jury Trial held on 8/14/2023 before Judge Royce C. Lamberth: Jury deliberations resumed and concluded. Jury Verdict in favor of Plaintiffs against Defendants. Jury panel is discharged from any further consideration in this matter. Oral motion by Defendants' to defer entering Judgment, heard and GRANTED. Court Reporter: Lisa Edwards. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 400 | Jury Note #2 received on 8/14/2023. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 401 | **Signature Page of Foreperson**<br><br>on Jury Note #2 received 8/14/2023. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 402 | Verdict Form. (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 403 | **Signature Page of Foreperson**<br><br>on Verdict Form. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (smc) (Entered: 08/14/2023) |
| 08/14/2023 | 404 | TRANSCRIPT OF JURY TRIAL (DAY 15) before Judge Royce C. Lamberth held on August 14, 2023; Page Numbers: 3060–3069. Date of Issuance: August 14, 2023. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/4/2023. Redacted Transcript Deadline set for 9/14/2023. Release of Transcript Restriction set for 11/12/2023.(zlfe) (Entered: 08/14/2023) |
| 08/15/2023 | 405 | MOTION for Denial of Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 08/15/2023) |
| 08/24/2023 | 406 | RESPONSE re 405 MOTION for Denial of Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Declaration of Joseph R. Mason, # 2 Text of Proposed Order)(Cooper, Charles) (Entered: 08/24/2023) |
| 08/24/2023 | 407 | Cross MOTION for Judgment with Prejudgment Interest by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, FAIRHOLME FUND, FAIRHOLME FUNDS, INC, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (See Docket Entry 406 to view document). (znmw) (Entered: 08/24/2023) |
| 08/29/2023 | 408 | Consent MOTION for Extension of Time *BY DEFENDANTS TO EXTEND THE BRIEFING SCHEDULE ON MOTIONS REGARDING PREJUDGMENT INTEREST* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) Modified event title on 8/30/2023 (znmw). (Entered: 08/29/2023) |
| 08/31/2023 | 409 | ORDER granting Motion 408 for Extension of Time: It is ORDERED that the motion is GRANTED. Defendants' combined reply and opposition due 09/06/2023. Plaintiffs' reply due 09/18/2023. Signed by Judge Royce C. Lamberth on 08/31/2023. (lcrcl3) (Entered: 08/31/2023) |
| 09/06/2023 | 410 | ENTERD IN ERROR.....REPLY to opposition to motion re 405 MOTION for Denial of Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs *and Opposition to Plaintiffs' Cross−Motion for Entry of Judgment with Prejudgment Interest* filed by FEDERAL HOUSING FINANCE AGENCY. (Varma, Asim) |

| | | Modified on 9/7/2023; refiled as Docket Entry 411 . (znmw). (Entered: 09/06/2023) |
|---|---|---|
| 09/06/2023 | 411 | REPLY to opposition to motion re 405 MOTION for Denial of Prejudment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs *and Opposition to Plaintiffs' Cross−Motion for Entry of Judgment with Prejudgment Interest (CORRECTED REPLY)* filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A – (Dr. Attari Declaration), # 2 Text of Proposed Order)(Varma, Asim) (Entered: 09/06/2023) |
| 09/18/2023 | 412 | REPLY to opposition to motion re 405 MOTION for Denial of Prejudment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs , 407 MOTION for Judgment *Plaintiffs Reply in Support of Cross−Motion for Entry of Judgment with Prejudgment Interest* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Cooper, Charles) (Entered: 09/18/2023) |
| 10/24/2023 | 413 | ORDER granting in part and denying in part Motion 405 for Denial of Prejudment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs; granting in part and denying in part Cross−Motion 407 for Judgment with Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs: For the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that the Motion for Denial of Prejudment Interest is GRANTED in part and DENIED in part, and it is further ORDERED that the Cross−Motion for Judgment with Prejudgment Interest is GRANTED in part and DENIED in part. It is further ORDERED that within 14 days, the parties shall submit a joint statement setting forth their calculation of prejudgment interest using the criteria set forth in the Order, along with a proposed order of final judgment. See Order for details. Signed by Judge Royce C. Lamberth on 10/24/2023. (lcrcl3) Modified to correct Chambers error on 10/24/2023 (zsmc). (Entered: 10/24/2023) |
| 10/24/2023 | 414 | MEMORANDUM OPINION re: Motion 405 for Denial of Prejudment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs and Cross−Motion 407 for Judgment with Prejudgment Interest for Fannie Mae Preferred Class and Berkley Plaintiffs. Signed by Judge Royce C. Lamberth on 10/24/2023. (lcrcl3) (Entered: 10/24/2023) |
| 11/01/2023 | 415 | Joint MOTION for Extension of Time to File *Joint Statement Setting Forth Calculation of Prejudgment Interest and Proposed Order of Final Judgement.* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Varma, Asim) (Entered: 11/01/2023) |
| 11/03/2023 | 416 | ORDER granting Motion 415 for Extension of Time to File: It is hereby ORDERED that the Motion for Extension of Time to File is GRANTED. The parties shall submit a joint statement setting forth their calculation of prejudgment interest and a proposed order of final judgment by 11/14/2023. Signed by Judge Royce C. Lamberth on 11/3/2023. (lcrcl3) (Entered: 11/03/2023) |
| 11/17/2023 | 417 | Joint MOTION for Entry of Final Judgment by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, |

| | | |
|---|---|---|
| | | MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H)(Cooper, Charles) (Entered: 11/17/2023) |
| 12/05/2023 | 418 | ORDER denying Motion 417 for Entry of Final Judgment: It is hereby ORDERED that Plaintiffs' motion to enter final judgment is DENIED at this time. It is further ORDERED that the parties shall meet and confer regarding Plaintiffs' plan of allocation. It is further ORDERED that by 12/21/2023, the parties shall submit either a joint report or separate reports, which if necessary shall propose a scheduling order for briefing any disputes. Signed by Judge Royce C. Lamberth on 12/05/2023. (lcrcl3) (Entered: 12/05/2023) |
| 12/21/2023 | 419 | NOTICE *Joint Submission Regarding Plaintiffs' Proposed Plan of Allocation and a Schedule for Briefing Any Disputes* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY re 409 Order on Motion for Extension of Time to,, Set/Reset Deadlines, (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 12/21/2023) |
| 12/22/2023 | 420 | SCHEDULING ORDER: See Order for details. Signed by Judge Royce C. Lamberth on 12/22/2023. (lcrcl3) (Entered: 12/22/2023) |
| 01/17/2024 | 421 | Joint MOTION for Extension of Time to File *Joint Motion for Extension to Briefing Schedule* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles) (Entered: 01/17/2024) |
| 01/18/2024 | 422 | ORDER granting Motion 421 for Extension of Time to File: It is hereby ORDERED that the motion is GRANTED. Plaintiffs shall file their motion for approval of their Proposed Plan of Allocation and for entry of their Proposed Final Judgment on or before 01/22/2024. Defendants shall file any opposition to the motion by 02/05/2024. Plaintiffs shall file any reply in support of the motion by 02/12/2024. Signed by Judge Royce C. Lamberth on 01/18/2024. (lcrcl3) (Entered: 01/18/2024) |
| 01/22/2024 | 423 | MOTION for Entry of Final Judgment by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Cooper, Charles) (Entered: 01/22/2024) |
| 02/05/2024 | 424 | Memorandum in opposition to re 423 Motion for Entry of Final Judgment, filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Varma, Asim) (Entered: |

| | | |
|---|---|---|
| | | 02/05/2024) |
| 02/12/2024 | 425 | REPLY to opposition to motion re 423 MOTION for Entry of Final Judgment *Plaintiffs' Reply in Support of Motion for Entry of Proposed Judgment and Plan of Allocation* filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A)(Cooper, Charles) (Entered: 02/12/2024) |
| 02/15/2024 | 426 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Royce C. Lamberth held on July 18, 2023; Page Numbers: 1–163. Date of Issuance: February 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/7/2024. Redacted Transcript Deadline set for 3/17/2024. Release of Transcript Restriction set for 5/15/2024.(Zaremba, William) (Entered: 02/15/2024) |
| 03/20/2024 | 427 | MEMORANDUM ORDER granting Motion 23 for Entry of Final Judgment: For the reasons stated in the Memorandum Order, it is hereby ORDERED that plaintiffs' Motion for Entry of Final Judgment is GRANTED. Signed by Judge Royce C. Lamberth on 03/20/2024. (lcrcl3) (Entered: 03/20/2024) |
| 03/20/2024 | 428 | JUDGMENT. Signed by Judge Royce C. Lamberth on 03/20/2024. (Attachments: # 1 Plan of Allocation) (lcrcl3) (Entered: 03/20/2024) |
| 04/12/2024 | 429 | Unopposed MOTION for Leave to File Excess Pages *DEFENDANTS' UNOPPOSED MOTION FOR AN ENLARGEMENT OF THE PAGE LIMITATION FOR THEIR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW* by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Text of Proposed Order)(Stern, Jonathan) (Entered: 04/12/2024) |
| 04/17/2024 | 430 | MOTION for Judgment as a Matter of Law by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G – Placeholder., # 8 Exhibit H – Placeholder., # 9 Exhibit I, # 10 Text of Proposed Order)(Varma, Asim) (Entered: 04/17/2024) |

| 04/17/2024 | 431 | SEALED DOCUMENT filed by FEDERAL HOUSING FINANCE AGENCY re 430 MOTION for Judgment as a Matter of Law (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit H)(Varma, Asim) (Entered: 04/17/2024) |
| --- | --- | --- |
| 04/23/2024 | 432 | ORDER granting Motion 429 for Leave to File Excess Pages: It is hereby ORDERED that defendants' Unopposed Motion for an Enlargement of the Page Limitation of Their Renewed Motion for Judgment as a Matter of Law is GRANTED nunc pro tunc. Defendants' motion may not exceed fifty–five pages in length. Signed by Judge Royce C. Lamberth on 04/23/2024. (lcrcl3) (Main Document 432 replaced on 4/24/2024) (zsmc). (Entered: 04/23/2024) |
| 04/25/2024 | 433 | Joint MOTION for Scheduling Order *and Unopposed Motion for Enlargement of the Page Limitation for Opposition Brief* by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Text of Proposed Order)(Cooper, Charles). Added MOTION for Leave to File Excess Pages on 4/25/2024 (zdp). (Entered: 04/25/2024) |
| 05/14/2024 | 434 | ORDER granting Motion 433 for Scheduling Order; granting Motion 433 for Leave to File Excess Pages: It is hereby ORDERED that plaintiffs' opposition brief to defendants' Motion 430 for Judgment as a Matter of Law is due by 06/07/2024. Defendants' reply brief is due by 07/16/2024. It is further ORDERED that plaintiffs' opposition brief shall not exceed fifty–five (55) pages in length. Signed by Judge Royce C. Lamberth on 05/14/2024. (lcrcl3) (Entered: 05/14/2024) |
| 06/07/2024 | 435 | RESPONSE re 430 MOTION for Judgment as a Matter of Law filed by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C – Part 1, # 4 Exhibit C – Part 2, # 5 Exhibit C – Part 3, # 6 Exhibit C – Part 4, # 7 Exhibit D, # 8 Exhibit E)(Cooper, Charles) (Entered: 06/07/2024) |
| 07/16/2024 | 436 | REPLY to opposition to motion re 430 MOTION for Judgment as a Matter of Law filed by FEDERAL HOUSING FINANCE AGENCY. (Attachments: # 1 Exhibit J)(Varma, Asim) (Entered: 07/16/2024) |
| 09/20/2024 | 437 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 11/4/22; Page Numbers: 2499–2517. Court Reporter/Transcriber Tammy Nestor, tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/11/2024. Redacted Transcript Deadline set for 10/21/2024. Release of Transcript Restriction set for 12/19/2024.(Nestor, Tammy) (Entered: 09/20/2024) |
| 09/20/2024 | 438 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 11/4/22 CORRECTED TRANSCRIPT; Page Numbers: 2859−2872. Court Reporter/Transcriber Tammy Nestor, tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/11/2024. Redacted Transcript Deadline set for 10/21/2024. Release of Transcript Restriction set for 12/19/2024.(Nestor, Tammy) (Entered: 09/20/2024) |
| 03/14/2025 | 439 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 3/14/2025. (lcrcl3) (Entered: 03/14/2025) |
| 03/14/2025 | 440 | ORDER denying (430) Motion for Judgment as a Matter of Law in case 1:13−cv−01053−RCL; denying (423) Motion for Judgment as a Matter of Law in case 1:13−mc−01288−RCL. See Order and accompanying Memorandum Opinion for details. Signed by Judge Royce C. Lamberth on 3/14/2025. (lcrcl3) (Entered: 03/14/2025) |
| 04/11/2025 | 441 | NOTICE OF APPEAL TO DC CIRCUIT COURT by FEDERAL HOUSING FINANCE AGENCY. Filing fee $ 605, receipt number CDCDC−11611204. Fee Status: Fee Paid. Parties have been notified. (Varma, Asim) (Entered: 04/11/2025) |
| 04/14/2025 | 442 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 441 Notice of Appeal to DC Circuit Court. (zdp) (Entered: 04/14/2025) |
| 04/14/2025 | | USCA Case Number 25−5113 for 441 Notice of Appeal to DC Circuit Court filed by FEDERAL HOUSING FINANCE AGENCY. (zdp) (Entered: 04/14/2025) |
| 04/25/2025 | 443 | |

NOTICE OF APPEAL TO DC CIRCUIT COURT by ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY. Filing fee $ 605, receipt number ADCDC–11645092. Fee Status: Fee Paid. Parties have been notified. (Cooper, Charles) (Entered: 04/25/2025)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| |
|---|
| BERKLEY INSURANCE CO., et al.,<br><br>                *Plaintiffs*,<br><br>        v.<br><br>THE FEDERAL HOUSING FINANCE<br>AGENCY, et al.,<br><br>                *Defendants*. |

Case No. 1:13-cv-1053-RCL

## <u>NOTICE OF APPEAL</u>

Pursuant to Federal Rules of Appellate Procedure 3(c)(1) and 4(a), notice is hereby given that Plaintiffs Berkley Insurance Company, Acadia Insurance Company, Admiral Indemnity Company, Admiral Insurance Company, Berkley Regional Insurance Company, Carolina Casualty Insurance Company, Midwest Employers Casualty Insurance Company, Nautilus Insurance Company, and Preferred Employers Insurance Company (collectively, "the Berkley Plaintiffs"), appeal to the United States Court of Appeals for the District of Columbia Circuit. The Berkley Plaintiffs appeal the District Court's rulings and orders that merged into the final judgment entered on March 20, 2024, ECF No. 428, and that related to the denial of the Berkley Plaintiffs' ability to pursue restitution, reliance damages, or damages based on future lost profits based on the discounted cash flow analysis of the Plaintiffs' expert, including the Order granting in part and denying in part Defendants' Motion for Summary Judgment, ECF Nos. 195, 206; the Order denying Plaintiffs' Motion for Leave To Amend Their Pretrial Statement, Serve a Supplemental Expert Report, and Adjust the Trial Schedule and Plaintiffs' Motion for Clarification and/or Partial Reconsideration, ECF Nos. 217, 218; and the Order denying Plaintiffs' Motion To Present Evidence and Arguments Concerning Reliance Damages, ECF Nos. 310, 311.

1

Dated: April 25, 2025

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (Bar No. 1018419)
John D. Ramer (Bar No. 90002236)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs*

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, causing it to be served on all parties.

 Dated: April 25, 2025                    Respectfully submitted,

                                          */s/ Charles J. Cooper*
                                          Charles J. Cooper

                                          *Counsel for Berkley Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 1:13-cv-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.,* | |
| Defendants. | |
| In Re Fannie Mae / Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | Case No. 1:13-mc-01288 (RCL) |
| This document relates to: *ALL CASES* | |

### FINAL JUDGMENT

This action came before the Court for a trial by jury. The issues having been tried and the jury having rendered its verdict on August 14, 2023,

IT IS ORDERED AND ADJUDGED that judgment is hereby entered in favor of Lead Plaintiffs/Class Representatives Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin in Case No. 1:13-mc-01288 (RCL) (hereinafter "Class Plaintiffs"), on behalf of themselves and the following Classes that were certified by the Court in its Order of December 7, 2021:

(1) All holders of junior preferred stock in the Federal National Mortgage Association (known as "Fannie Mae") as of December 7, 2021, or their successors in interest to the

extent shares were sold after that date and before any final judgment[1] (the "Fannie Mae Preferred Class");

(2) All holders of junior preferred stock in the Federal Home Loan Mortgage Corporation (known as "Freddie Mac") as of December 7, 2021, or their successors in interest to the extent shares were sold after that date and before any final judgment (the "Freddie Mac Preferred Class"); and

(3) All holders of common stock in Freddie Mac as of December 7, 2021, or their successors in interest to the extent shares were sold after that date and before any final judgment (the "Freddie Mac Common Class").

IT IS FURTHER ORDERED AND ADJUDGED that judgment is also hereby entered in favor of Plaintiffs Berkley Insurance Company, Acadia Insurance Company, Admiral Insurance Company, Berkley Regional Insurance Company, Carolina Casualty Insurance Company, Midwest Employers Casualty, Nautilus Insurance Company and Preferred Employers Insurance Company in Case No. 1:13-cv-1053 (RCL) (hereinafter "WR Berkley Plaintiffs"), who will recover out of the overall judgment amounts listed for the Classes below. The portion of the judgment awarded to the WR Berkley Plaintiffs shall be based on their having opted out of the Classes with respect to certain holdings of Fannie Mae preferred shares and Freddie Mac preferred shares owned as of the date of their April 22, 2022 exclusion letter through to the date of this

---

[1] "Final judgment" for purposes of each the definitions of the Classes means the judgment of the Court after (1) any and all appeals to the U.S. Court of Appeals for the D.C. Circuit (the "Court of Appeals") have been adjudicated, or the time for appeal to the Court of Appeals has expired with no appeal having been taken, (2) any and all petitions for writ of certiorari to the U.S. Supreme Court (the "Supreme Court") have been adjudicated, or the time for filing petitions for writ of certiorari has expired with no petition having been filed, and (3) if any petition for writ of certiorari is granted, any and all appeals to the Supreme Court have been adjudicated. *See* ECF No. 140-1 at 6 (Class Notice Stipulation).

judgment, and proven at trial through PX-0462; provided that (a) the distribution of this allocable award to the WR Berkley Plaintiffs shall be dependent on the WR Berkley Plaintiffs still owning the shares identified in PX-0462 as of the date of the final, non-appealable judgment in this case, and (b) that allocable award as to the WR Berkley Plaintiffs shall be determined according to the same methodology used by the Court to determine the share of the judgment allocable to the various members of the Classes, except that no deduction shall be made from the WR Berkley Plaintiffs' share for any award of attorneys' fees or non-taxable costs to Class Counsel;

IT IS FURTHER ORDERED AND ADJUDGED that the judgment amount for each of the Classes shall be reduced by the sum of damages and interest attributable to "Specified Shares," as defined by the Plan of Allocation, incorporated herein.

IT IS FURTHER ORDERED AND ADJUDGED that the Court approves the Plan of Allocation filed by Class Counsel on January 22, 2024, subject to the Court's retaining jurisdiction to resolve any objections by class members to that Plan of Allocation following the issuance of appropriate notice to the classes of that plan;

IT IS FURTHER ORDERED AND ADJUDGED that said judgment shall be in the following amounts:

(1) $299,400,000.00 in favor of the Fannie Mae Preferred Class, plus $ 199,650,000.00 in prejudgment interest;

(2) $281,800,000.00 in favor of the Freddie Mac Preferred Class;

(3) $31,200,000.00 in favor of the Freddie Mac Common Class,

for a total judgment in the amount of $ 812,050,000.00;

IT IS FURTHER ORDERED AND ADJUDGED that post-judgment interest shall accrue separately and additionally on the principal, prejudgment interest, and costs and expenses

3

awarded to each separate Class in this Judgment from the date of entry of this judgment until paid in full, at the rate established under 28 U.S.C. § 1961, with post-judgment interest computed daily to the date of payment and compounded annually;

IT IS FURTHER ORDERED AND ADJUDGED that taxable costs in this action shall be awarded to Plaintiffs and their counsel in accordance with Federal Rule of Civil Procedure 54(d)(1) and Local Rule of Civil Procedure 54.1, except that the deadline for the submission of the request for such taxable costs shall be the later of 30 days after the date this Judgment is entered or 30 days after the date this Court resolves any motion under Federal Rules of Civil Procedure 50, 59, or 60;

IT IS FURTHER ORDERED AND ADJUDGED that:

(1) Judgment in favor of the Fannie Mae Preferred Class shall hereby be entered jointly and severally against Defendants Fannie Mae and the Federal Housing Finance Agency (often referred to as "FHFA" or "the Conservator"), in its role as Conservator of the company known as Fannie Mae;

(2) Judgment in favor of the Freddie Mac Preferred Class shall hereby be entered jointly and severally against Defendants Freddie Mac and FHFA, in its role as Conservator of the company known as Freddie Mac;

(3) Judgment in favor of the Freddie Mac Common Class shall hereby be entered in jointly and severally against Defendants Freddie Mac and FHFA, in its role as Conservator of the company known as Freddie Mac;

IT IS FURTHER ORDERED AND ADJUDGED that the Court shall retain jurisdiction to award attorneys' fees and nontaxable costs and expenses in this action, out of the final judgment amounts, to counsel for Lead Plaintiffs/Class Representatives. In accordance with Federal Rules of Civil Procedure 54(d)(2) and 23(h), the Court extends the deadline for Lead Plaintiffs/Class Representatives and their counsel to make a motion for such attorneys' fees and costs beyond the

4

date that is 14 days from the date of this Judgment, with such deadline being the later of 45 days after the date this Judgment is entered or 30 days after the date this Court resolves any motion filed under Federal Rule of Civil Procedure 50, 59, or 60, unless set at a different time through subsequent order of this Court.

This is a final appealable order, subject to the possibility that the Court may exercise its discretion under Federal Rule of Civil Procedure 58(e) to order that the anticipated motion for attorneys' fees and nontaxable expenses under Federal Rules of Civil Procedure 54(d)(2) and 23(h) shall be treated as a timely motion under Rule 59 for purposes of establishing the deadline for filing notices of appeal under Federal Rule of Appellate Procedure 4(a)(4).

SO ORDERED.

DATED this 20th day of _____ mann _____, 2024.

Royce C. Lamberth
United States District Judge

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re Fannie Mae / Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | Case No. 1:13-mc-01288 (RCL) |

## <u>ORDER GOVERNING PLAN OF ALLOCATION</u>

Before the Court is Plaintiffs' proposed Plan of Allocation.    The Court being fully advised in the premises, and for good cause shown, the Court hereby ORDERS as follows:

**I.**    **Definitions.  For the purposes of this Order:**

      a.    "Fannie Mae" means the Federal National Mortgage Association.

      b.    "Freddie Mac" means the Federal Home Loan Mortgage Corporation.

      c.    "Fannie Preferred Class" means all current holders of junior preferred stock in Fannie Mae listed in Appendix A hereto as of December 7, 2021, or their successors in interest to the extent shares are sold after December 7, 2021, and before the date of the Final Non- appealable Judgment.

      d.    "Freddie Preferred Class" means all current holders of junior preferred stock in Freddie Mac listed in Appendix B hereto as of December 7, 2021, or their successors in interest to the extent shares are sold after December 7, 2021, and before the date of the Final Non- appealable Judgment.

      e.    "Freddie Common Class" means all current holders of common stock in Freddie Mac as of December 7, 2021, or their successors in interest to the extent shares are sold after December 7, 2021, and before the date of the Final Non-appealable Judgment.

      f.    "Final Non-appealable Judgment" means the judgment of the Court after (1) any and all appeals to the U.S. Court of Appeals for the D.C. Circuit (the "Court of Appeals") have

been adjudicated, or the time for appeal to the Court of Appeals has expired with no appeal having been taken, (2) any and all petitions for writ of certiorari to the U.S. Supreme Court (the "Supreme Court") have been adjudicated, or the time for filing petitions for writ of certiorari has expired with no petition having been filed, and (3) if any petition for writ of certiorari is granted, any and all appeals to the Supreme Court have been adjudicated.

g.      "Stated Value" means the dollar amount identified in the Certificate of Designation of each series of Fannie Mae Junior Preferred Stock as the "stated value" of the shares in that series.  For example, the Stated Value of shares of Fannie Mae Series T Junior Preferred Stock is $25.

h.      "Redemption Price" means the dollar amount identified in the Certificate of Designation of each series of Freddie Mac Junior Preferred Stock as the "redemption price" or "redemption value" of the shares in that series.  For example, the Redemption Price of shares of Freddie Mac Series B Junior Preferred Stock is $50 per share.

i.      "Classes" means, collectively, the Fannie Preferred Class, the Freddie Preferred Class, and the Freddie Common Class.

j.      "Class Counsel" means the law firms appointed by the Court to represent the Classes in this action:  Boies Schiller Flexner LLP; Kessler Topaz Meltzer & Check, LLP; Bernstein Litowitz Berger & Grossmann LLP; and Grant & Eisenhofer P.A.

k.      "Total Plaintiffs' Award" means the sum of all damages and interest awarded during the trial of the claims in this matter and post-trial proceedings, and allowed after Defendants' appeal (or after the expiration of time allowed for filing such appeal, if no appeal is filed within that time), inclusive of attorneys' fees, non-taxable litigation expenses, and pre- and post-judgment interest

as have been or may be awarded to Plaintiffs, and inclusive of any interest earned through such investments as the Court may direct following Defendants' payment of the judgment.

l.      "Distribution Administrator" means A.B. Data, the administrator proposed by Plaintiffs to be appointed by the Court pursuant to this Order to recommend for the Court's approval the final allocation of the Net Class Award to Class members, to administer the distribution of the Net Class Award to the Class members, and to perform such incidental and additional duties as are set forth in this Order or as the Court may subsequently direct.

m.      "Net Class Award" means the Total Plaintiffs' Award less: (i) service awards, if any, to the representative Plaintiffs; (ii) attorneys' fees and litigation expenses awarded to Class Counsel; (iii) compensation and expenses paid or reimbursed to the Distribution Administrator; (v) any additional administrative expenses that may be charged against the Total Plaintiffs' Award at the Court's direction; and (vi) the Net Berkley Award.

n.      "Fannie Preferred Net Class Award" means the portion of the Net Class Award to be allocated to the Fannie Preferred Class.

o.      "Freddie Preferred Net Class Award" means the portion of the Net Class Award to be allocated to the Freddie Preferred Class.

p.      "Freddie Common Net Class Award" means the portion of the Net Class Award to be allocated to the Freddie Common Class.

q.      "Net Berkley Award" means the portion of the Total Plaintiffs' Award to be allocated to the WR Berkley Plaintiffs.

r.      "Opt-out" means a shareholder, other than one or more of the WR Berkley Plaintiffs, that submitted a timely, complete, and accurate request for exclusion from the relevant Class(es)

in accordance with the instructions set forth in the Notice of Class Action, and which included an identification of Specified Shares.

s.     "Specified Shares" means the shares of Fannie Mae Junior Preferred Stock, Freddie Mac Junior Preferred Stock, and/or Freddie Mac Common Stock identified in the "Exclusion Report" dated May 13, 2022 (filed as Ex. D in ECF No. 153, Case No. 1:13-mc-01288-RCL) in which an identified Opt-out provided a valid exclusion request by identifying the series and number of shares owned.  A list of valid Specified Shares is set forth in Appendix C hereto.

t.     "Held Specified Shares" means Specified Shares still held by Opt-outs at the time of distribution.

u.     "WR Berkley Plaintiffs" means Berkley Insurance Company, Acadia Insurance Company, Admiral Insurance Company, Berkley Regional Insurance Company, Carolina Casualty Insurance Company, Midwest Employers Casualty, Nautilus Insurance Company and Preferred Employers Insurance Company.

## II.     Allocation Plan and Distribution Procedures

### A.     Appointment of Distribution Administrator

1.     The Court hereby appoints A.B. Data as the Distribution Administrator.  A.B. Data is currently serving as the Notice Administrator for the Classes upon prior order of this Court (ECF 141) and previously sent the Class Notice to potential members of the Class.  As a result, there are significant efficiencies from A.B. Data serving in the role of Distribution Administrator.

### B.     Duties of Distribution Administrator

2.     The Distribution Administrator shall be responsible for finalizing with Class Counsel a final allocation plan ("Allocation Plan") and a final distribution method ("Distribution Method") of the Net Class Award to the members of the Classes and the Net Berkley Award to the WR Berkley Plaintiffs.  The Allocation Plan and Distribution Method shall be developed in a

4

manner that implements the guidelines and principles set forth in this Order, under supervision from the Court and Class Counsel, and that is subject to ultimate approval by the Court after notice is provided to the Classes and members of the Classes are given an opportunity to object.

3.    The Distribution Administrator is authorized to make reasonable expenditures to secure the resources and assistance reasonably necessary to the performance of its duties. Such expenses, and reasonable compensation for the work performed by the Distribution Administrator, will be paid and reimbursed from the Judgment Fund periodically.

**C.    Procedures and Principles for the Allocation Plan**

4.    The Allocation Plan shall allocate the Net Class Award to members of the Classes on a proportional basis. Within each Class, each Class member's proportional share of the Net Class Award for that Class will reflect a reasonable allocation.

a.    For the Fannie Preferred Class, and subject to the provisions below, that reasonable allocation will be based on the proportion of the aggregate Stated Value of all the issued shares in the Fannie Preferred Class listed in Appendix A that is represented by each Fannie Mae junior preferred share held by Class members.

b.    For the Freddie Preferred Class, and subject to the provisions below, that reasonable allocation will be based on the proportion of the aggregate Redemption Price of all the issued shares in the Freddie Preferred Class listed in Appendix B that is represented by each Freddie Mac junior preferred share held by Class members.

c.    For the Freddie Common Class, and subject to the provisions below, that reasonable allocation will be based on the proportion of the total number of outstanding Freddie Mac common shares that is represented by each Freddie Mac common share held by Class members.

      d.     For each of the following, as discussed below, the number of Held Specified Shares shall not be included in the calculation of the total number of shares in each Class.

     5.     In order to implement the foregoing principles, and subject to the input and recommendations of the Distribution Administrator and Class Counsel, the Distribution Administrator shall consult appropriate records, data, and such other sources as the Distribution Administrator may reasonably determine to be suitable and reliable for the purposes of

      a.     determining an aggregate Stated Value of all the issued shares in the Fannie Preferred Class (the "Fannie Preferred Class Value") by aggregating the Stated Values of all the issued shares listed in Appendix A, adjusted as necessary and appropriate to account for the aggregate Stated Value of Held Specified Shares of Fannie Preferred and the aggregate Stated Value of Fannie Preferred shares held by WR Berkley Plaintiffs; and

      b.     determining an aggregate Redemption Price of all the issued shares in the Freddie Preferred Class (the "Freddie Preferred Class Value") by aggregating the Redemption Prices of all the issued shares listed in Appendix B, adjusted as necessary and appropriate to account for the aggregate Redemption Price of Held Specified Shares of Freddie Preferred and the aggregate Redemption Price of Freddie Preferred shares held by WR Berkley Plaintiffs; and

      c.     determining the number of issued shares in the Freddie Common Class, adjusted as necessary and appropriate to account for Held Specified Shares of Freddie Common and Freddie Common shares held by WR Berkley Plaintiffs.

     6.     As discussed in more detail below, a sample distribution to a member of the Fannie Preferred Class is represented by this formula:

*Fannie Preferred Class Member Distribution*

$= (Fannie\ Preferred\ Net\ Class\ Award)$

$\times \dfrac{Number\ of\ Fannie\ Preferred\ Shares\ Held \times Stated\ Value\ per\ Share}{Fannie\ Preferred\ Class\ Value - (Held\ Specified\ Shares\ of\ Fannie\ Preferred\ \ x\ Stated\ Value\ per\ Share)}$

7.    In other words, the Distribution Administrator shall compute the share of the Fannie Preferred Net Class Award to be allocated to each share of Fannie Mae Junior Preferred Stock held by members of the Fannie Preferred Class, which shall bear the same ratio to the Fannie Preferred Net Class Award as each share bears to the Fannie Preferred Class Value.

8.    As discussed in more detail below, a sample distribution to a member of the Freddie Preferred Class is represented by this formula:

*Freddie Preferred Class Member Distribution*

$= (Freddie\ Preferred\ Net\ Class\ Award)$

$\times \dfrac{Number\ of\ Freddie\ Preferred\ Shares\ Held \times Redemption\ Price\ per\ Share}{Freddie\ Preferred\ Class\ Value - (Held\ Specified\ Shares\ of\ Freddie\ Preferred\ x\ Redemption\ Price\ per\ Share)}$

9.    In other words, the Distribution Administrator shall compute the share of the Freddie Preferred Net Class Award to be allocated to each share of Freddie Mac Junior Preferred Stock held by members of the Fannie Preferred Class, which shall bear the same ratio to the Freddie Preferred Net Class Award as each share bears to the Freddie Preferred Class Value.

10.    As discussed in more detail below, a sample distribution to a member of the Freddie Common Class is represented by this formula:

*Freddie Common Class Member Distribution*

$= (Freddie\ Common\ Net\ Class\ Award)$

$\times \dfrac{Number\ of\ Freddie\ Common\ Shares\ Held}{Freddie\ Common\ Shares\ Issued - Held\ Specified\ Shares\ of\ Freddie\ Common}$

7

11.     In other words, the Distribution Administrator shall allocate the Freddie Common Net Class Award pro rata to the shares in the Freddie Common Class.

**D.      Procedures for Payment of the Net Class Award**

12.     Prior to disbursement of any funds to any Class members, the Court will establish procedures for approval of the Allocation Plan, including, but not limited to, procedures for notifying Class members of the Allocation Plan and providing them an opportunity to object thereto.

13.     The Distribution Administrator shall propose, and the Court shall approve, a final Distribution Method that reflects the following principle:  the Distribution Administrator shall consult appropriate records, data, and such other sources as the Distribution Administrator may reasonably determine to be suitable and reliable for the purposes of:

      a.      determining the portion of the Net Class Award to be disbursed to each broker that holds shares of Fannie Mae Junior Preferred Stock, Freddie Mac Junior Preferred Stock, and/or Freddie Mac Common Stock on behalf of its account holders as of the record date for disbursement to be determined by the Distribution Administrator and approved by the Court (the "Record Date") (each a "Broker Disbursement"), and the portion of each Broker Disbursement to be disbursed to each Class member based on their respective holdings as of the Record Date;

      b.      determining the portion of the Net Class Award, if any, to be disbursed directly to each registered shareholder of record that holds shares of Fannie Mae Junior Preferred Stock, Freddie Mac Junior Preferred Stock, and/or Freddie Mac Common Stock as of the Record Date (each a "Direct Disbursement"); and

    c.    identifying the Opt-outs and the number of Specified Shares each Opt-out holds as of the Record Date.

14.    The Distribution Administrator shall propose a Distribution Method pursuant to which:

    a.    the Net Class Award will be disbursed to Class Members via Broker Disbursements and Direct Disbursements;

    b.    Opt-outs who hold Specified Shares as of the Record Date will be excluded from disbursement with regard to the Specified Shares they hold as of the Record Date; and

    c.    to the extent that as of the Record Date any Opt-outs hold shares in addition to their Specified Shares ("Additional Shares"), such Opt-outs will not be excluded from disbursement with regard to the Additional Shares.[1]

15.    Given the Allocation Plan and Distribution Method, Plaintiffs expect there will not be any unclaimed or undistributed funds in this case. The Court shall defer decision on the disposition of undistributed funds until such time as the amount of undistributed funds, if any, has been determined.

16.    In implementing the Allocation Plan and Distribution Method, the Distribution Administrator shall issue the Net Berkley Award to the WR Berkley Plaintiffs based on the shares they held on the date of their opt-out notice, as proven in trial in PX-0462, in accordance with the procedures and principles described herein with respect to the Net Class Award except that the

---

[1] For the avoidance of doubt, to the extent that as of the Record Date an Opt-out owns Additional Shares, those Additional Shares shall be eligible for disbursements to the same extent as any other shares held by members of the Classes as of the Record Date.

9

portion of the Total Plaintiffs' award allocable to the WR Berkley Plaintiffs shall not be reduced

by any of the amounts referenced in the definition of Net Class Award.


DATED: _____3/20/24_____


_____
Hon. Royce C. Lamberth, U.S.D.J.

10

## Appendix A:  Fannie Mae Junior Preferred Stock

8.25% Non-Cumulative Preferred Stock, Series T (OTCBB: FNMAT)
Fixed-to-Floating Rate Non-Cumulative Preferred Stock, Series S (OTCBB: FNMAS)
7.625% Non-Cumulative Preferred Stock, Series R (OTCBB: FNMAJ)
6.75% Non-Cumulative Preferred Stock, Series Q (OTCBB: FNMAI)
Variable Rate Non-Cumulative Preferred Stock, Series P (OTCBB: FNMAH)
Variable Rate Non-Cumulative Preferred Stock, Series O (OTCBB: FNMFN)
5.375% Non-Cumulative Convertible Series 2004-1 Preferred Stock (OTCBB: FNMFO)
5.50% Non-Cumulative Preferred Stock, Series N (OTCBB: FNMAK)
4.75% Non-Cumulative Preferred Stock, Series M (OTCBB: FNMAL)
5.125% Non-Cumulative Preferred Stock, Series L (OTCBB: FNMAN)
5.375% Non-Cumulative Preferred Stock, Series I (OTCBB: FNMAG)
5.81% Non-Cumulative Preferred Stock, Series H (OTCBB: FNMAM)
Variable Rate Non-Cumulative Preferred Stock, Series G (OTCBB: FNMAO)
Variable Rate Non-Cumulative Preferred Stock, Series F (OTCBB: FNMAP)
5.10% Non-Cumulative Preferred Stock, Series E (OTCBB: FNMFM)
5.25% Non-Cumulative Preferred Stock, Series D (OTCBB: FDDXD)

## Appendix B:  Freddie Mac Junior Preferred Stock

Variable Rate, Non-Cumulative Preferred Stock, Series I (OTCQB: FMCCI)
5% Non-Cumulative Preferred Stock, Series KK (OTCQB: FMCKK)
Variable Rate, Non-Cumulative Preferred Stock, Series G (OTCQB: FMCCG)
5.1% Non-Cumulative Preferred Stock, Series H (OTCQB: FMCCH)
5.79% Non-Cumulative Preferred Stock, Series K (OTCQB: FMCCK)
Variable Rate, Non-Cumulative Preferred Stock, Series L (OTCQB: FMCCL)
Variable Rate, Non-Cumulative Preferred Stock, Series M (OTCQB: FMCCM)
Variable Rate, Non-Cumulative Preferred Stock, Series N (OTCQB: FMCCN)
5.81% Non-Cumulative Preferred Stock, Series O (OTCQB: FMCCO)
6% Non-Cumulative Preferred Stock, Series P (OTCQB: FMCCP)
Variable Rate, Non-Cumulative Preferred Stock, Series J (OTCQB: FMCCJ)
5.7% Non-Cumulative Preferred Stock, Series KP (OTCQB: FMCKP)
Variable Rate, Non-Cumulative Perpetual Preferred Stock, Series S (OTCQB: FMCCS)
6.42% Non-Cumulative Perpetual Preferred Stock, Series T (OTCQB: FMCCT)
5.9% Non-Cumulative Perpetual Preferred Stock, Series KO (OTCQB: FMCKO)
5.57% Non-Cumulative Perpetual Preferred Stock, Series KM (OTCQB: FMCKM)
5.66% Non-Cumulative Perpetual Preferred Stock, Series KN (OTCQB: FMCKN)
6.02% Non-Cumulative Perpetual Preferred Stock, Series KL (OTCQB: FMCKL)
6.55% Non-Cumulative Perpetual Preferred Stock, Series KI (OTCQB: FMCKI)
Fixed-to-Floating Rate Non-Cumulative Perpetual Preferred Stock, Series KJ (OTCQB: FMCKJ)
5.1% Non-Cumulative Preferred Stock (OTC: FREJO)
5.3% Non-Cumulative Preferred Stock (OTC: FREJP)
5.81% Non-Cumulative Preferred Stock (OTC: FREGP)
5.81% Non-Cumulative Preferred Stock (OTC: FREJN)

**Appendix C - List of Valid Opt-Outs (Green)**
*In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
**Exclusion Report**

| Exclusion ID # | Name | Postmark Date | Fannie Mae Junior Preferred Stock | Freddie Mac Junior Preferred Stock | Freddie Mac Common Stock | Ineligible Stock | Requests To Be Exclude From | Exclusion Type |
|---|---|---|---|---|---|---|---|---|
| | D    M M    r | | 7 Shares (Not Specified) | | 9 Shares | | | M |
| | d r R M | | | | 48 Shares | | | M |
| | d r r | | | | 1,194 Shares | | | M |
| | d        rr | | 25,000 FNMAT 5,000 FNMAH 32,040 FNMAH 10,000 FNMAT 3,500 FNMAT 20,060 FNMAS | 5,000 FMCKJ 2,082 FMCKL 1,075 FMCCS 590 FMCCS | | M | | M |
| | M r | | 200 FNMAT | 400 FMCKJ | | | | M |
| | M        R R     r R | | Not Provided | Not Provided | Not Provided | | d | M |
| | M      d  R   R R | | Not Provided | Not Provided | Not Provided | | d | M |
| | R   r   R  d | | Not Provided | Not Provided | Not Provided | | d | M |
| | d r R M | | | Not Provided | 50 Shares | | | M |
| | D   d M r       r | | Not Provided | Not Provided | Not Provided | | d | M |
| | M        r      r | | | | 5,100 Shares | M | | M |
| | | | | | 500 Shares | M | | M |
| | r          d | | | | 4,490 Shares | M | | M |
| | R  r        r | | | 200 FMCKJ, SRS57 | | M | | M |
| | rr | | Not Provided | | Not Provided | | | M |
| | M M         r r    M M | | | | 2,136 Shares | | | M |
| | d r      rr | | | | 110,000 Shares | M   r | | M |

**Appendix C - List of Valid Opt-Outs (Green)**
*In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
**Exclusion Report**

| Exclusion ID # | Name | Postmark Date | Fannie Mae Junior Preferred Stock | Freddie Mac Junior Preferred Stock | Freddie Mac Common Stock | Ineligible Stock | Requests To Be Exclude From | Exclusion Type |
|---|---|---|---|---|---|---|---|---|
| | | | N/A | N/A | N/A | M<br>r | | M |
| | r | | 1,750 FNMAS<br>5,000 FNMAT<br>525 FNMFN<br>1,050 FNMAH<br>3,000 FNMAK<br>540 FNMAM<br>5,250 FNMAP | 575 FMCCI<br>650 FMCCM<br>1,050 FMCKO<br>1,075 FMCKI<br>565 FMCCL<br>7,500 FMCKM<br>5,500 FMCKN | | | | M |
| | M      R | | 6,750 FNMAS | | | M<br>r | | M |
| | r | | 12,000 FNMAS<br>1,580 FNMAG<br>1,000 FNMAL<br>1,350 FNMAK<br>4,980 FNMAM<br>400 FNMAN | 10,000 FMCKJ<br>2,100 FMCKM | 2,000 Shares | M<br>r | | M |
| | M      r   d | | 2,028 FNMAH<br>3,000 FNMAS<br>2,640 FNMAY | 1,175 FMCKL<br>1,125 FMCJK | | | | M |
| | M r | | 1 FNMAK | 1 FMCKK | 20,500 Shares | M<br>r | | M |
| | r      r | | 7,977,023 Series O<br>230,000 Series R<br>1,000 Series S | | | r      M<br>r      M<br>r | | M |
| | | | Not Provided | Not Provided | Not Provided | | d | M |
| | | | 16,173 Shares (Not Specified) | 3,592 Shares (Not Specified) | | | d | M |
| | r | | Fannie Mae shares through an IRA with Fidelity Investments | | | | d | M |
| | r      r | | Not Provided | Not Provided | Not Provided | | d | M |
| | r    D    r | | 3,680 FNMAS | | 8,286 Shares | M | d | M |
| | r | | 200 Shares (Not Specified) | 200 Shares (Not Specified) | | | | M |
| | r      D  r  d<br>r | | Not Provided | Not Provided | Not Provided | | | M |
| | d    r | | | | | | | M |

**Appendix C - List of Valid Opt-Outs (Green)**
*In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
**Exclusion Report**

| Exclusion ID # | Name | Postmark Date | Fannie Mae Junior Preferred Stock | Freddie Mac Junior Preferred Stock | Freddie Mac Common Stock | Ineligible Stock | Requests To Be Exclude From | Exclusion Type |
|---|---|---|---|---|---|---|---|---|
| | d  r   d | | | | | | | M |
| | d  r    r | | | | | | | M |
| |  r   R       r | | | | | | | M |
| |  r           r | | | | | | | M |
| | M d        r | | | | | | | M |
| |          r | | | | | | | M |
| |  r  rr d       r | | | | | | | M |
| | Phillip M Brauckmann | 4/7/2022 | 200 FNMAT | 400 FMCKJ | N/A | - | All Classes | MAIL |
| | M       r    r | | | | 5,100 Shares | M | | M |
| | | | | | | d r         M r<br><br>d r        M r<br> r  r | | M |
| |  r     d | | | 501 FMCKJ | | | | M |
| | M      R | | 6,750 FNMAS | | | M<br>      r | | M |
| |        r | | 1,750 FNMAS<br>5,000 FNMAT<br>525 FNMFN<br>1,050 FNMAH<br>3,000 FNMAK<br>540 FNMAM<br>5,250 FNMAP | 575 FMCCI<br>650 FMCCM<br>1,050 FMCKO<br>1,075 FMCKI<br>565 FMCCL<br>7,500 FMCKM<br>5,500 FMCKN | | | | M |
| | dr    rr | | | | 110,000 Shares | M<br>     r | | M |
| | | | | | | M<br>     r | | M |

**Appendix C - List of Valid Opt-Outs (Green)**
*In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
**Exclusion Report**

| Exclusion ID # | Name | Postmark Date | Fannie Mae Junior Preferred Stock | Freddie Mac Junior Preferred Stock | Freddie Mac Common Stock | Ineligible Stock | Requests To Be Exclude From | Exclusion Type |
|---|---|---|---|---|---|---|---|---|
| | Michael Carmody | | 2,028 FNMAH<br>3,000 FNMAS<br>2,640 FNMAY | 1,175 FMCKL<br>1,125 FMCJK | | | | M |
| | M   r | | 1 FNMAK | 1 FMCKK | 20,500 Shares | M<br>       r | | M |
| | Alvin Wilson Jr. | | 12,000 FNMAS<br>1,580 FNMAG<br>1,000 FNMAL<br>1,350 FNMAK<br>4,980 FNMAM<br>400 FNMAN | 10,000 FMCKJ<br>2,100 FMCKM | 2,000 Shares | M<br>       r | | M |
| | Doug and Mary Wickham | | Not Provided | Not Provided | Not Provided | - | | M |
| | Sara Rivera | 4/21/2022 | N/A | N/A | 100 Shares | 100 FNMA | All Classes | MAIL |
| | James & Ruthanne Mcvey | | N/A | N/A | Joint Shares:<br>900 Shares<br>James McVey:<br>11,080 Shares<br>Ruthanee McVey:<br>1,100 Shares | FNMA:<br>Joint Shares:<br>900 Shares<br>James McVey:<br>11,270 Shares<br>Ruthanee McVey:<br>1,100 Shares | All Classes | MAIL |
| | r         r | | 7,977,023 Series O<br>230,000 Series R<br>1,000 Series S | | | r      M<br>r      M<br>r | | MAIL |
| | Robert Yew | 4/18/2022 | 2 FNMAS | N/A | 14,000 Shares | - | All Classes | MAIL |
| | d      r | | | | | | | MAIL |
| | d   r   d | | | | | | | MAIL |
| | d   r     r | | | | | | | MAIL |
| | r   R       r | | | | | | | MAIL |
| | r                 r | | | | | | | MAIL |

**Appendix C - List of Valid Opt-Outs (Green)**
*In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
**Exclusion Report**

| | Exclusion ID # | Name | Postmark Date | Fannie Mae Junior Preferred Stock | Freddie Mac Junior Preferred Stock | Freddie Mac Common Stock | Ineligible Stock | Requests To Be Exclude From | Exclusion Type |
|---|---|---|---|---|---|---|---|---|---|
| | | M d        r r | | | | | | | MAIL |
| | | r | | | | | | | MAIL |
| | | r  rr d       r r | | | | | | | MAIL |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**BERKLEY INSURANCE CO.**, *et al.*,

    *Plaintiffs,*

**v.**

**FEDERAL HOUSING FINANCE**
**AGENCY**, *et al.*,

    *Defendants.*

Case No. 1:13-cv-1053-RCL

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' Motion [291] to Serve Supplemental Expert Reports is **DENIED** and that Plaintiffs' Motion [296] to Present Evidence and Arguments Concerning Reliance Damages is **DENIED**.

It is further **ORDERED** that the Joint Motion [295] to Issue a Jury Questionnaire in Advance of Voir Dire is **DENIED**. The Court declines to place that additional burden on the Jury Office, which is currently facing an unusually high number of trials due to the January Sixth criminal cases.

**IT IS SO ORDERED.**

Date: June 2, 2023

Royce C. Lamberth
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERKLEY INSURANCE CO.**, *et al.*, | |
| *Plaintiffs,* | |
| v. | Case No. 1:13-cv-1053-RCL |
| **FEDERAL HOUSING FINANCE AGENCY**, *et al.*, | |
| *Defendants.* | |
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | Case No. 1:13-mc-1288-RCL |
| This Order relates to:<br>ALL CASES | <u>CLASS ACTION</u> |

## <u>MEMORANDUM OPINION</u>

Some parties just won't take no for an answer. Ever since this Court issued its summary judgment decision prior to the first trial in these cases, *see Fairholme Funds, Inc. v. FHFA* ("*Fairholme I*"), Nos. 13-cv-1053, 13-mc-1288, 2022 WL 4745970 (D.D.C. Oct. 3, 2022), plaintiffs have sought to turn back the clock on the orderly process of litigation in order to avoid its consequences. Now plaintiffs in both No. 13-cv-1053 ("the Berkley Plaintiffs") and No. 13-mc-1288 ("the Class Action Plaintiffs") once again seek, in effect, to reopen expert discovery; and the Berkley Plaintiffs also seek leave to argue for a measure of damages the Court has already held to be unavailable as a matter of law.

1

Before the Court are Plaintiffs' Motion to Serve Supplemental Expert Reports ("Supp. Expert Rep. Mot."), Berkley ECF No. 291, Class ECF No. 276,[1] and the Berkley Plaintiffs' Motion to Present Evidence and Arguments Concerning Reliance Damages ("Reliance Damages Mot."), Berkley ECF No. 296. For the reasons that follow, the Court will **DENY** both motions.

## I.     BACKGROUND

The factual and procedural background of this matter are recounted at length in multiple prior opinions. *See Fairholme I*, 2022 WL 4745970, at *1–3; *Fairholme Funds, Inc. v. FHFA*, No. 1:13-cv-1053-RCL, 2018 WL 4680197, at *1–4 (D.D.C. Sept. 28, 2018); *Perry Capital LLC v. Lew*, 70 F. Supp. 3d 208, 214–19 (D.D.C. 2014). The Court will therefore summarize the relevant background only as necessary to resolve the motions at hand.

These suits grow out of the "Net Worth Sweep," an agreement between the Federal Housing Finance Agency ("FHFA"), as conservator for the government-sponsored entities ("GSEs") Fannie Mae and Freddie Mac, and the U.S. Department of the Treasury ("Treasury") requiring the GSEs to pay 100 percent of their net profits in excess of a predetermined capital reserve to Treasury as compensation for Treasury's bailout of the GSEs following the 2008 financial crisis. Both sets of plaintiffs filed their complaints in 2013. *See* Berkley ECF No. 1, Class ECF No. 1. After years of extensive litigation, the parties filed cross-motions for summary judgment in April 2022, Berkley ECF Nos. 145, 146, Class ECF Nos. 143, 144, and a month later, the Court set a trial date for October 17, 2022, *see* Berkley ECF No. 167, Class ECF No. 160.

In its summary judgment opinion, the Court held that plaintiffs' primary theory of harm— that the Net Worth Sweep deprived them of dividends that they otherwise would have received—

---

[1] The Court will use "Berkley ECF No." to refer to docket numbers in No. 13-cv-1053 and "Class ECF No." to refer to docket numbers in No. 13-mc-1288.

was barred as a matter of law because it relied on the impermissibly speculative assumption that Treasury would have allowed FHFA to pay down Treasury's Liquidation Preference[2] in the GSEs enough that the GSEs would have been able to pay dividends to other shareholders. *See Fairholme I*, 2022 WL 4745970, at *9–10. The Court also held that one of plaintiffs' proposed remedies, rescission and restitution, was barred by a provision of the Recovery Act, or "HERA," prohibiting nonmonetary remedies for the FHFA's actions as conservator. *See id.* at *11–12. However, the Court allowed an alternative theory of harm to proceed to trial, one based on the loss in share value that the Net Worth Sweep allegedly caused by effectively eliminating the dividend rights that came with those shares. *See id.* at *11.

Shortly after the Court issued its summary judgment decision, both sets of plaintiffs filed a motion for leave to amend their pretrial statement, serve a supplemental expert report, and adjust the trial schedule, Berkley ECF No. 203, Class ECF No. 195, as well as a motion for clarification and/or partial reconsideration, Berkley ECF No. 204, Class ECF No. 196. The Court denied both motions. *See Fairholme Funds v. FHFA* ("*Fairholme II*"), Nos. 13-cv-1053-RCL, 13-mc-1288-RCL, 2022 WL 11110548 (D.D.C. Oct. 11, 2022). The first of those motions, and the Court's decision denying it, involved two of the same requests at issue in the present motions: (1) to serve a supplemental expert report by existing expert witness Dr. Joseph Mason, and (2) to present evidence and arguments concerning reliance damages. The Court denied both requests, in part because they came on the eve of trial. As to the former request, the Court further reasoned that plaintiffs had no excuse for failing to develop Dr. Mason's testimony earlier. *Id.* at *2–3. And as to the latter request, the Court also concluded that reliance damages were unavailable as a matter

---

[2] The Liquidation Preference is "a priority right before all other stockholders to receive distributions from assets in the event of a liquidation." *Fairholme I*, 2022 WL 4745970, at *2.

of Delaware and Virginia law, which govern the claims in these cases, since the sum sought—$48 billion—far exceeded ascertainable expectation damages. *Id.* at \*3–4.

The Court held the jury trial as scheduled, beginning on October 17, 2022. *See* Minute Entry (Oct. 17, 2022). After three weeks, the jury hung, and the Court declared a mistrial. *See* Minute Entry (Nov. 7, 2022).

On February 7, 2023, the Court set a second jury trial to begin on July 24, 2023. *See* Minute Order (Feb. 7, 2023). Thereafter, plaintiffs in both cases filed a motion to serve supplemental expert reports by Dr. Mason and another existing expert, Dr. Bala Dharan. Defendants filed an opposition ("Supp. Expert Rep. Opp'n"), Berkley ECF No. 293, Class ECF No. 283, and plaintiffs filed a reply ("Supp. Expert Rep. Reply"), Berkley ECF No. 294, Class ECF No. 284. That motion is now ripe for review.

Subsequently, the Berkley Plaintiffs, but not the Class Action Plaintiffs, filed a motion for leave to present evidence and arguments concerning reliance damages, asking "the Court to reconsider its prior ruling precluding the Berkley Plaintiffs from seeking reliance damages in this case—or, in the alternative, to clarify that the basis for precluding such damages is solely the Court's ruling that they are unavailable as a matter of law, not any issue of timeliness or prejudice to defendants." Reliance Damages Mot. at 2. Defendants filed an opposition ("Reliance Damages Opp'n"), Berkley ECF No. 298, and the Berkley Plaintiffs filed a reply ("Reliance Damages Reply"), Berkley ECF No. 299. That motion is also ripe for review.

## II.    LEGAL STANDARDS

### A. Supplemental Expert Reports and Reopening Expert Discovery

Federal Rule of Civil Procedure 26(e)(1) provides as follows:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

4

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Although that rule is phrased in terms of parties' *obligations*, courts have interpreted it to place certain limits on parties' ability to *voluntarily* serve supplemental discovery materials. "Courts do not allow supplemental or amended [expert] reports simply at the whim of a party;" in general, "they are permitted: '(1) upon court order; (2) when the party learns that the earlier information is inaccurate or incomplete; or (3) when answers to discovery requests are inaccurate or incomplete.'" *Barnes v. District of Columbia*, 289 F.R.D. 1, 6–7 (D.D.C. 2012) (quoting *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)).

When a party seeks to serve an expert report that is not merely supplemental, that is effectively a request to reopen expert discovery, and thus it "falls under [Federal Rule of Civil Procedure] 16(b) . . . because it asks to modify the discovery deadlines contained in a scheduling order." *Cf. id.* at 14. That rule provides in relevant part that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Furthermore, once a court enters a final pretrial order, it may modify that order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

### B. Reconsideration, Clarification, and the Law of the Case Doctrine

Motions for reconsideration of a prior order are governed by Federal Rule of Civil Procedure 60(b). Rule 60(b) motions are discretionary and allow the court to relieve a party or attorney "from a final judgment, order, or proceeding" for one of a list of enumerated reasons, such as "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

5

Rule 59(b)"; or "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3); *see Jordan v. U.S. Dep't of Labor*, 331 F.R.D. 444, 448–49 (D.D.C. 2019). "In addition to the enumerated grounds for relief listed in Rule 60(b)(1) through (5), Rule 60(b)(6) permits relief based on 'any other reason that justifies relief.'" *Walsh v. Hagee*, 316 F.R.D. 2, 4 (D.D.C. 2015) (quoting Fed. R. Civ. P. 60(b)(6)). "This catchall provision has been interpreted to apply when a party demonstrates 'extraordinary circumstances.'" *Marino v. Drug Enf't Admin.*, 685 F.3d 1076, 1079 (D.C. Cir. 2012) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 393 (1993)).

"Although no Federal Rule of Civil Procedure specifically governs 'motions for clarification,' these motions are generally recognized and allowed by federal courts . . . . The general purpose of a classic 'motion for clarification is to explain or clarify something ambiguous or vague[.]'" *Barnes*, 289 F.R.D. at 13 n.6 (brackets in original) (citing *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168–69 (D.D.C. 2011) and quoting *Resolution Trust Corp. v. KPMG Peat Marwick*, No. 92-cv-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)).

Also relevant to resolution of the Berkley Plaintiffs' motion is the law of the case doctrine. That doctrine "refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided . . . by that court or a higher one in earlier phases." *Wye Oak Technology, Inc. v. Republic of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022) (ellipsis in original) (internal quotation marks omitted) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)).

### III.    DISCUSSION

The Court will deny both of the present motions for many of the same reasons it denied similar relief on the eve of the first trial, as well as one additional reason: Although the trial date is further away this time, it would be unfair to allow plaintiffs to effectively reopen expert

discovery and/or inject an additional damages theory unavailable at the first trial simply because they managed to convince a jury to at least hang.

### A. Plaintiffs May Not Serve Supplemental Expert Reports

Not content to play with the evidentiary hand they were dealt for the first trial, plaintiffs seek to draw a few new cards, in the form of supplemental expert reports by Dr. Dharan and Dr. Mason. In plaintiffs' words, Dr. Dharan's proposed report adds four points to the opinions laid out in his previous reports and his trial testimony:

> First, Dr. Dharan provides additional analysis regarding the payment-in-kind (PIK) option that he addressed in his initial expert report and testified about at trial . . . . Second, Dr. Dharan identifies supplemental support in response to [defense expert] Dr. Attari's event study by showing the absence of concern among GSE bond and MBS investors, a topic that Dr. Dharan addressed in his Rebuttal Report . . . . Third, Dr. Dharan refers to multiple documents admitted [at] trial, as well as additional documents produced by FHFA and Treasury, supporting his preexisting opinion that the Net Worth Sweep was not reasonably needed to address any concerns over circular draws eroding the Treasury Commitment . . . . Fourth, Dr. Dharan supplements his trial testimony about "the outsized role played by non-cash accounting adjustments on the GSEs' financial performance between 2008 and 2021, particularly 2008 to 2013," in support of which he presented data (at trial) showing the impact that DTA valuation allowances and loan loss reserves (non-cash accounting adjustments) had on the GSEs' reported comprehensive income.

Supp. Expert Rep. Mot. at 4–7 (emphases and citations omitted). Dr. Mason's proposed report addresses a single topic: his opinion that any loss in stock value caused by the announcement of the Net Worth Sweep was not mitigated by a subsequent recovery in stock price. *See id.* at 8–11.

As an initial matter, the proposed reports are not merely supplemental in nature. That is, plaintiffs do not assert that they seek to supplement or correct anything in the initial expert reports that was "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rather, they seek to *bolster* both experts' existing testimony. In effect, plaintiffs are really asking the Court to reopen expert

7

discovery so that they can shore up points of their experts' opinions that they did not anticipate would feature as heavily at trial as they did. The motion is thus governed by Rule 16, not Rule 26(e).

As both parties note, neither the D.C. Circuit nor any court in this district has decided whether a request to reopen discovery between a trial and a retrial is governed by Rule 16(b)(4)'s "good cause" standard or Rule 16(e)'s "manifest injustice" standard. *See* Supp. Expert Rep. Opp'n at 14; Supp. Expert Rep. Reply at 7. This Court need not decide that question, because plaintiffs fail to meet even the lower bar of good cause.

Plaintiffs' stated "good cause" justification for Dr. Dharan's proposed report is that it "responds to various *new* opinions offered by Dr. Attari at trial, other testimony offered by Defendants' fact witnesses at trial, and inaccurate closing argument and misleading cross-examination offered by Defendants' counsel." Supp. Expert Rep. Reply at 8 (double emphasis in original). But that is not good cause to serve an entirely new report. To the extent that Dr. Dharan wishes to opine on expert testimony or other evidence that defendants may present at trial, plaintiffs are free to re-call him in their rebuttal case. Assuming it is otherwise admissible, such testimony would be entirely permissible under Rule 703, which allows an expert to apply his previously disclosed methodology to evidence "present[ed] at the trial," without filing a report outlining that specific opinion in advance. Fed. R. Evid. 703 Advisory Committee Note; *see Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 423 (3d Cir. 2006). And plaintiffs make no meaningful attempt to show good cause for Dr. Mason's proposed report, merely arguing that it would not *prejudice* defendants because it was disclosed far enough in advance of trial and

relates to an opinion discussed in his prior report. *See* Supp. Expert Rep. Mot. at 8–12; Supp. Expert Rep. Reply at 16.[3]

More broadly, the interim period between a first and second trial is not, absent extenuating circumstances, a proper time to reopen expert discovery. "Federal trial courts enjoy wide discretion in handling pretrial discovery matters," *Childers v. Slater*, 197 F.R.D. 185, 187 (D.D.C. 2000), and "[i]f a new trial is granted, . . . . [d]ecisions respecting the admission of additional witnesses and proof should be guided by considerations of fairness and justice to all parties," Wright & Miller, 11 Fed. Prac. & Proc., Civ. § 2803 (3d ed. Apr. 2023 update). This Court will not exercise its discretion in a manner that disrupts the orderly process of litigation and subverts basic principles of fairness to the nonmoving party. Generally speaking, "[a] new trial means just that; it does not also include new discovery." *Allied Erecting and Dismantling Co., Inc. v. U.S. Steel Corp.*, No. 4:12-cv-1390, 2021 WL 3847782, at *4 (N.D. Ohio Aug. 27, 2021). It would be patently unfair to defendants if the Court simply allowed plaintiffs, who generally bear the burden of proof in civil suits, a second chance to bolster a record on which they were unable to secure a unanimous verdict the first time around.

While plaintiffs cite some cases in which courts have allowed parties to serve supplemental or additional expert reports after the close of discovery, all but one of them are inapposite. Some did not involve a retrial. *See Barnes* 289 F.R.D. at 4–5; *Richardson v. Korson*, 905 F. Supp. 2d 193, 195–96 (D.D.C. 2012); *Dormu v. District of Columbia*, 795 F. Supp. 2d 7, 15–16 (D.D.C. 2011), *Nnadili v. Chevron U.S.A., Inc.*, Nos. 02-cv-1620-ESH-AK, 03-1593-ESH-AK, 2005 WL 6271043, at *1 (D.D.C. Aug. 11, 2005). Others involved special considerations or limitations not

---

[3] The Court reserves decision as to whether to reconsider its ruling at the first trial sustaining defendants' objection to Dr. Mason's testimony regarding a "recovery" in stock price, which was arguably based on an application of previously disclosed methodology to other testimony presented at trial.

9

at issue here. *See Mondis Tech. Ltd. v. LG Electronics, Inc.*, No. 15-cv-4431-SRC, 2020 WL 1933979, at *5 (D.N.J. Apr. 22, 2010) (after vacating jury's damages award and ordering retrial, allowing plaintiff to serve new expert report "based solely on the evidence presented at the previous trial"); *Hoffman v. Tonnemacher*, No. 04-cv-5714-AWI, 2006 WL 3457201, at *3–4 (E.D. Cal. Nov. 30, 2006) (allowing new expert to testify at retrial when expert who testified at first trial became unavailable); *Yong ex rel. Yong v. The Nemours Foundation*, 432 F. Supp. 2d 439, 441–42 (D. Del. 2006) (allowing plaintiffs to call new expert witness at retrial *in lieu* of expert witness who sought to testify on same subject at first trial but was disqualified from doing so).

The only case plaintiffs cite in which a court in a similar posture allowed additional expert discovery between a trial and a retrial is an unpublished, out-of-circuit decision that also required the nonmoving party to pay attorneys' fees occasioned by the additional discovery. *See White v. McDermott*, No. 3:08-cv-634-JBA, 2010 WL 4876025, at *2–3 (D. Conn. Nov. 19, 2020). At least one other court has distinguished and declined to follow that case. *See Allied Erecting and Dismantling Co., Inc.*, No. 4:12-cv-1390, 2021 WL 5850693, at *5 (N.D. Ohio Dec. 9, 2021). This Court will do the same. Plaintiffs have not offered to pay defendants' way through the additional discovery, and at any rate, as just explained, the Court concludes in its discretion that it would be unfair to defendants to turn back the clock at this juncture.

For these reasons, the motion for leave to serve supplemental expert reports will be denied.

### B. The Berkley Plaintiffs May Not Seek Reliance Damages

Finally, the Berkley Plaintiffs' motion for leave to seek reliance damages at the retrial— which the Class Action Plaintiffs do not join—merits little discussion. The Court denied the same request just before the first trial, when plaintiffs sought leave to amend their pretrial statement, reasoning that granting the request would prejudice defendants because it came on the eve of trial,

10

and that reliance damages were barred as a matter of Delaware and Virginia law. *See Fairholme II*, 2022 WL 11110548, at *3–4. Although the first reason no longer applies, the Court stands by the second and adds another.

The Berkley Plaintiffs' request is, in effect, nothing more than one for reconsideration of the Court's prior ruling on the availability of reliance damages. Defendants point out that "the Berkley Plaintiffs' motion does 'not even cite, much less apply, the stringent standard for reconsideration of a court's prior order'" under Rule 60(b). Reliance Damages Opp'n at 1 (quoting *Fairholme II*, 2022 WL 11110548, at *6). True though that may be, the Berkley Plaintiffs are technically correct that, because they are not seeking reconsideration of the "order" that denied them a chance to amend their first pretrial statement, Rule 60(b) does not apply. *See* Reliance Damages Reply at 3; Fed. R. Civ. P. 60(b).

Nevertheless, the Court stands by its prior holding that reliance damages are unavailable as a matter of law, which is the law of this case. *See Wye Oak*, 24 F.4th at 697. The Berkley Plaintiffs acknowledge that the law of the case "doctrine would apply, at most, to the merits of seeking reliance damages," Reliance Damages Mot. at 4 (emphasis removed), and they make no effort to explain why the Court should depart from that doctrine here, except to rehash the same arguments they made before. The Court stands by its prior reasoning and reaffirms that reliance damages are unavailable here as a matter of Delaware and Virginia law because "plaintiffs asserting contract claims cannot recover reliance damages so far in excess of ascertainable expectation damages that they would necessarily place those plaintiffs in a better position than they would have been in had the contract been performed." *Fairholme II*, 2022 WL 11110548, at *4.

Furthermore, even if the Court had reason to reconsider its prior holding on the merits, it would exercise its inherent "trial-management discretion" to preclude the injection of a new damages measure between the first and second trials, based on fairness concerns similar to those discussed above with respect to the proposed supplemental expert reports. *Cf. id.* at *3. Again, "[i]f a new trial is granted, . . . . [d]ecisions respecting the admission of additional witnesses and proof should be guided by considerations of fairness and justice to all parties," Wright & Miller, 11 Fed. Prac. & Proc., Civ. § 2803. Even assuming there would be no need to take additional discovery, it would be fundamentally unfair to defendants to require the presentation of evidence and arguments on an entirely new and substantial issue at the second trial simply because the jury hung at the first. That is particularly true where the issue "was alluded to once four [now five] years ago and never developed during discovery." *Fairholme II*, 2022 WL 11110548, at *3.

For these reasons, the Court will deny the Berkley Plaintiffs' motion for leave to seek reliance damages.

## IV.    CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiffs' Motion to Serve Supplemental Expert Reports, and the Court will **DENY** the Berkley Plaintiffs' Motion to Present Evidence and Arguments Concerning Reliance Damages. A separate Order shall issue this date.

Date: June 2, 2023

Royce C. Lamberth
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FAIRHOLME FUNDS, INC.**, *et al.*,

     *Plaintiffs,*

**v.**                                                        Case No. 1:13-cv-1053-RCL

**FEDERAL HOUSING FINANCE**
**AGENCY**, *et al.*,

     *Defendants.*

<u>**ORDER**</u>

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' Motion [203] for Leave to Amend Their Pretrial Statement, Serve a Supplemental Expert Report, and Adjust the Trial Schedule and Plaintiffs' Motion [204] for Clarification and/or Partial Reconsideration are **DENIED**.

The Memorandum Opinion was filed under seal because it references documents the parties filed under seal. It is hereby **ORDERED** that the parties meet and confer and jointly identify which, if any, parts of the Memorandum Opinion should remain sealed within three days.

**IT IS SO ORDERED.**

Date: October 11, 2022

                                                      _/s/ Royce C. Lamberth_____
                                                      Royce C. Lamberth
                                                      United States District Judge

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FAIRHOLME FUNDS, INC.**, *et al.*, | |
| *Plaintiffs*, | |
| **v.** | **Case No. 1:13-cv-1053-RCL** |
| **FEDERAL HOUSING FINANCE AGENCY**, *et al.*, | |
| *Defendants*. | |
| | |
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | **Case No. 1:13-mc-1288-RCL** |
| | |
| This Memorandum Opinion relates to: ALL CASES | <u>CLASS ACTION</u> |

<del>*** FILED UNDER SEAL***</del>

unsealed October 3, 2022
/s/ RCL

<u>**MEMORANDUM OPINION**</u>

Before the Court are the parties' cross-motions for summary judgment. *See* Defs.' Motion for S.J., Fairholme ECF No. 145, Class ECF No. 143; Pls.' Mot. for Partial S.J., Fairholme ECF No. 146, Class ECF No. 144.[1] Defendants the Federal Housing Finance Agency ("FHFA") as conservator for Fannie Mae and Freddie Mac, FHFA Acting Director Sandra L. Thompson, Fannie Mae, and Freddie Mac move for summary judgment on plaintiffs' remaining claims in both of the above-captioned cases. Plaintiffs Fairholme Funds, Inc., Fairholme Fund, Berkeley Insurance Company, Acadia Insurance Company, Admiral Indemnity Company, Admiral Insurance

---

[1] The summary judgment filings in both cases are identical. For ease of reference, the Court cites the ECF number under which the same document is filed in each case, using the citation "Fairholme ECF No." for No. 1:13-cv-1053-RCL and "Class ECF No." for No. 1:13-mc-1288-RCL.

1

Company, Berkeley Regional Insurance Company, Carolina Casualty Insurance Company, Midwest Employers Casualty Insurance Company, Nautilus Insurance Company, and Preferred Employers Insurance Company in No. 1:13-cv-1053-RCL and the class-action Plaintiffs in No. 1:13-mc-1288-RCL move for partial summary judgment on the enforceability of a single contractual provision in both cases. Upon consideration, defendants' motion is **GRANTED** in part and **DENIED** in part, and plaintiffs' motion is **DENIED**.

## I.     BACKGROUND

The Court has explained the factual background of this matter extensively in prior opinions. *See Fairholme Funds, Inc. v. Federal Housing Finance Agency*, No. 1:13-cv-1053-RCL, 2018 WL 4680197, at *1–4 (D.D.C. Sept. 28. 2018); *Perry Capital LLC v. Lew* ("*Perry I*"), 70 F. Supp. 3d 208, 214-19 (D.D.C. 2014). The Court will therefore set out the facts here only as necessary to resolve the cross-motions for summary judgment, drawing on the parties' statements and counter-statements of material fact and other materials in the summary judgment record. *See generally* Defs.' Statement of Undisputed Material Facts ("DSUMF"), Fairholme ECF No. 145-1, Class ECF No. 143-1; Pls.' Resp. to Defs.' Statement of Undisputed Material Facts ("PRDSUMF"), Fairholme ECF No. 151-1, Class ECF No. 147-1; Pls.' Statement of Add'l Material Facts ("PSAMF"), Fairholme ECF No. 151-2, Class ECF No. 147-2; Defs.' Resp. to Pls.' Statement of Add'l Material Facts ("DRPSAMF"), Fairholme ECF No. 157-1, Class ECF No. 152-1; Pls.' Statement of Undisputed Material Facts, Fairholme ECF No. 147-1, Class ECF No. 144-1 (D.D.C. Mar. 21, 2022); Defs.' Counter-Statement of Facts, Fairholme ECF No. 150-1, Class ECF No. 146-1.

This matter is brought before the Court by a class-action lawsuit and an individual lawsuit. The class-action lawsuit was brought by a class of private individual institutional investors who own either preferred or common stock in Fannie Mae or Freddie Mac. Second Am. Consolidated

Class Action Compl. ¶¶ 18-33, Class ECF No. 71. The individual lawsuit was brought by an institutional investor owning junior preferred stock in Fannie Mae and Freddie Mac and by various insurance companies. First Am. Compl. ¶¶ 5-20, Fairholme ECF No. 75.Following this Court's most recent opinion, *see Fairholme Funds*, 2018 WL 4680197, a single, substantially identical claim remains in both cases.

Fannie Mae and Freddie Mac are government-sponsored entities ("GSEs") created by Congress to, among other goals, "promote access to mortgage credit throughout the Nation . . . by increasing the liquidity of mortgage investments and improving the distribution of investment capital available for residential mortgage financing." 12 U.S.C. § 1716(4). Although the GSEs are government-sponsored, Congress has converted them by statute to publicly traded companies. *See* Housing and Urban Development Act, Pub. L. No. 90-448, § 802, 82 Stat. 536–538 (1968); Financial Institutions Reform, Recovery and Enforcement Act, Pub. L. No. 101-73, § 731, 103 Stat. 432–433 (1989). The GSEs have issued both common stock and non-cumulative preferred stock over the years, but neither has issued any further publicly traded stock since 2008. DSUMF ¶ 2; PRDSUMF ¶ 2.

The GSEs suffered substantial losses following the onset of the 2008 financial crisis, including a loss of $108 billion in 2008 alone. DSUMF ¶ 4; PRDSUMF ¶ 4. In response, Congress enacted the Housing and Economic Recovery Act ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (2008), which, among other things, created the FHFA and authorized it to act as a conservator or receiver for both of the GSEs "for the purpose of reorganizing, rehabilitating, or winding up the[ir] affairs." 12 U.S.C. § 4617(a)(2). The FHFA placed both GSEs into conservatorship on September 6, 2008. DSUMF ¶ 6; PRDSUMF ¶ 6.

3

Almost immediately after the conservatorship began, the GSEs entered into Senior Preferred Stock Purchase Agreements ("PSPAs") with the U.S. Department of the Treasury ("Treasury"), with Treasury committing to invest up to $100 billion in each of the GSEs ("the Treasury Commitment"). DSUMF ¶ 6; PRDSUMF ¶ 6; *see* PSPA, Ex. E to Defs.' Mot. for S.J., Fairholme ECF No. 145-6, Class ECF No. 143-6. The PSPAs set out the general terms of the agreements between the GSEs and Treasury, with more specific terms set out in the Certificates of Designation of Terms of Variable Preference Senior Preferred Stock ("Treasury Stock Certificates") for each GSE. DSUMF ¶ 7; PRDSUMF ¶ 7; *see* Treasury Stock Certificate, Ex. F to Defs.' Mot. for S.J., Fairholme ECF No. 145-7, Class ECF No. 143-7.

As relevant here, the PSPAs and the Treasury Stock Certificates provided that, as consideration for investing in the GSEs, Treasury was entitled to (1) a $1 billion senior liquidation preference ("the Liquidation Preference")—a priority right before all other stockholders to receive distributions from assets in the event of a liquidation, PSPA § 3.1; (2) an increase in that Liquidation Preference equal to every dollar that the GSEs draw on the Treasury Commitment, *id.* § 3.3; (3) an annual dividend equal to 10 percent of the Liquidation Preference if paid in cash, Treasury Stock Certificate § 2(a)–(c); (4) warrants allowing Treasury to purchase up to 79.9 percent of the GSEs' common stock at a nominal price, PSPA §§ 1, 3.1; and (5) periodic commitment fees ("PCFs") to be agreed upon at a later date, *id.* § 3.2(b). The Treasury Stock Certificates also provided that the GSEs, "[p]rior to the termination of the Commitment . . . may pay down the Liquidation Preference of all outstanding shares of [Treasury's] Senior Preferred Stock pro rata, at any time, out of funds legally available therefor, but only to the extent of (i) accrued and unpaid dividends previously added to the Liquidation Preference pursuant to Section 8 [of the Treasury Stock Certificate] and not repaid by any prior pay down of Liquidation

Preference and (ii) Periodic Commitment Fees previously added to the Liquidation Preference pursuant to Section 8 [] and not repaid by any prior pay down of Liquidation Preference." Treasury Stock Certificate § 3(a).[2] The parties do not dispute that because of that provision, the GSEs were contractually prohibited from paying down the Liquidation Preference except under the conditions provided. DSUMF ¶ 8; PRDSUMF ¶ 8. Furthermore, the PSPAs prohibited the GSEs from making "any other distribution," including paying dividends to non-Treasury shareholders, without Treasury's permission. PSPA § 5.1.

Treasury and FHFA twice agreed to amend the PSPAs before the amendment at issue in this case. The First Amendment doubled Treasury's Commitment to $200 billion for each of the GSEs, while the Second Amendment provided that Treasury would invest as much as the GSEs needed until December 31, 2012, before reinstating the $200 billion cap on the Treasury Commitment. DSUMF ¶ 11; PRDSUMF ¶ 11. In the course of negotiating the first two amendments to the PSPAs, FHFA sent a letter to Treasury proposing a "simple revision to each [Treasury Stock] Certificate, easing the impediments to optional paydown" to correct the original Treasury Stock Certificates' "unintended consequence of dissuading the companies from repurchasing preferred shares when they are able," Letter from A. Pollard to S. Albrecht (Feb. 25, 2009), Ex. I to Defs.' Mot. for S.J., Fairholme ECF No. 145-10, Class ECF No. 143-10. However, Treasury declined to adopt that proposed revision, DSUMF ¶ 10; PRDSUMF ¶ 10.

By early 2012, the GSEs had turned a corner and begun to record net profits. PSAMF ¶ 37; DRPSAMF ¶ 37. Nevertheless, the GSEs found themselves in a circular problem of having to draw further on the Treasury Commitment to pay its required dividends to Treasury, and so on August

---

[2] The same section provided less restrictive terms for paying down the Liquidation Preference *after* the termination of Treasury's Commitment. *See* Treasury Stock Certificate § 3(a).

17, 2012, Treasury and FHFA adopted the Third Amendment to the PSPAs, the subject of the parties' present dispute. DSUMF ¶ 17; PRDSUMF ¶ 17. The Third Amendment replaced the fixed 10 percent dividend each GSE would pay to Treasury with a process known as the "Net Worth Sweep," whereby each GSE would be required to pay Treasury the difference between its net worth and a predetermined capital reserve each year, with that capital reserve decreasing until it reached zero in 2018. DSUMF ¶ 17; PRDSUMF ¶ 17; *see* Third Amendment § 2, Ex. FF to Defs.' Mot. for S.J., Fairholme ECF No. 145-33, Class ECF No. 143-33. The Third Amendment thus eliminated the circular-draw problem, but it also eliminated any future possibility for any non-Treasury stockholder, including plaintiffs, to receive dividends from the GSEs, because the GSEs owed their net worth to Treasury and would not take on further debt to pay dividends to other shareholders. Importantly, the Third Amendment did not alter the Treasury Stock Certificates' restrictions on paying down the Liquidation Preference. *See id.* § 3(a). Treasury and FHFA amended the PSPAs three times after the Third Amendment, no amendment eased the existing restrictions on paydown of the Liquidation Preference. DSUMF ¶ 10; PRDSUMF ¶ 10.

## II.  PROCEDURAL HISTORY

Plaintiffs filed their respective suits challenging the Third Amendment in 2013. The initial complaint in each suit alleged various claims for violations of the Administrative Procedure Act, breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, seeking damages as well as injunctive relief. The Court dismissed the initial complaints in their entirety for failure to state a claim on September 30, 2014. *See Perry I*, 70 F. Supp. 3d at 246. On appeal, the D.C. Circuit affirmed in part, remanding certain of plaintiffs' breach of contract and implied covenant claims. *See Perry Capital LLC v. Mnuchin* ("*Perry II*"), 864 F.3d 591, 633–34 (D.C. Cir. 2017). Plaintiffs then filed an amended complaint in each case, each of which defendants moved to dismiss. On September 28, 2018, the Court granted in part and

6

denied in part defendants' motion to dismiss in each case, holding that plaintiffs failed to state a claim for breach of contract but allowing the implied covenant claim in each case to proceed. *See Fairholme Funds*, 2018 WL 4680197, at *17.

Earlier this year, defendants moved for summary judgment in both cases, and plaintiffs moved for partial summary judgment in both cases on the issue of whether the provisions of the PSPAs entitling Treasury to PCFs are legally enforceable. A trial is set for October of this year.

### III.    LEGAL STANDARDS

#### A.  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court evaluating a summary judgment motion must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Arthridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 629 (D.C. Cir. 2010). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

#### B.  The Implied Covenant of Good Faith and Fair Dealing

Under Delaware and Virginia law, which govern the claims of the Fannie Mae and Freddie Mac shareholders, respectively, *see Fairholme Funds*, 2018 WL 4680197, at *2, an implied covenant of good faith and fair dealing "attaches to every contract," *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 442 (Del. 2005); *see also Historic Green Springs, Inc. v. Brandy Farm, Ltd.*, 32 Va. Cir. 98, 1993 WL 13029827, at *3 (Va. Cir. 1993). The difference between an ordinary breach of contract claim and an implied covenant claim is that while the former turns on the express terms of the contract, the latter involves a "cautious enterprise" whereby the court

7

"infer[s] contractual terms to handle developments or contractual gaps that the asserting party pleads neither party anticipated." *Nemec v. Shrader*, 991 A.2d 1120, 1125 (Del. 2010) (internal quotation marks and citation omitted). A breach of the implied covenant occurs where one party "'act[s] arbitrarily or unreasonably,'" which is to say that it "violate[s] the reasonable expectations of the parties" at the time of contracting, *Perry II*, 864 F.3d at 631 (first alteration in original; second alteration added) (quoting *Nemec*, 991 A.2d at 1126, and citing *Historic Green Springs*, 1993 WL 13029827, at *3).

Otherwise, "[t]he elements of an implied covenant claim remain those of a breach of contract claim: 'a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff.'" *ASB Allegiance Real Estate Fund. v. Scion Breckenridge Managing Member, LLC*, 50 A.3d 434, 444 (Del. Ch. 2012) (quoting *Fitzgerald v. Cantor*, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998)), *rev'd on other grounds*, 68 A.3d 665 (Del. 2013); *see also Charles E. Brauer Co., Inc. v. NationsBank of Virginia, N.A.*, 251 Va. 28, 33 (1996) ("The breach of the implied duty [of good faith and fair dealing] gives rise only to a cause of action for breach of contract."). In both Delaware and Virginia, the last element—damages resulting from the breach—must be proven "with reasonable certainty." *SIGA Technologies, Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1111 (Del. 2015); *see also MCR Federal, LLC v. JB&A, Inc.*, 294 Va. 446, 462 (2017).

## IV.    ANALYSIS

### A.  Defendants' Motions for Summary Judgment

Defendants make four arguments in support of summary judgment: (1) that the Supreme Court's decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021) definitively establishes that FHFA acted reasonably and therefore could not have breached the implied covenant of good faith and fair dealing; (2) that the contracts between plaintiffs and defendants incorporate HERA, which

8

authorized the execution of the Third Amendment, and thus left no relevant "gaps" for the implied covenant of good faith and fair dealing to fill; (3) that plaintiffs will not be able to prove the fact or amount of damages; and (4) that plaintiffs' alternative request for "restitution" is barred by HERA and as a windfall impermissible under equitable principles governing that remedy.

For the reasons explained below, the Court is not persuaded by the first two arguments, but defendants are entitled to summary judgment on the third issue in part and the fourth in full. Although a reasonable jury could conclude from the record with reasonable certainty that the Third Amendment injured plaintiffs by depriving their shares of much of their value, a reasonable jury could not conclude from the record with reasonable certainty that the Third Amendment in fact deprived plaintiffs of dividends that they otherwise would have received. Furthermore, plaintiffs may not pursue their proposed alternative remedy, because the type of "restitution" they request includes rescission, an equitable remedy barred by HERA.

### 1. *Collins* Does Not Govern Plaintiffs' Claim

Defendants' first argument for summary judgment is that the Supreme Court's decision in *Collins* definitively establishes that FHFA acted reasonably and therefore could not have breached the implied covenant of good faith and fair dealing. That argument falls wide of the mark. Defendants both misconstrue the relevant standard, by taking the Supreme Court's use of the word "reasonable" in *Collins* out of context, and fail to make any alternative argument as to why they might be entitled to judgment as a matter of law under the correct standard.

The Supreme Court used the word "reasonable" in *Collins* in the course of analyzing whether FHFA exceeded its statutory authority under HERA by enacting the Third Amendment. The plaintiffs in that case sought, among other relief, an injunction that would effectively undo the Third Amendment. *Collins*, 141 S. Ct. at 1775. The Supreme Court held that such an injunction

would violate a provision of HERA providing that "no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator or a receiver." 12 U.S.C. § 4617(f). The Court noted that HERA authorizes FHFA, in its capacity as conservator of the GSEs, to act "in the best interests of the regulated entity or the Agency." *Id.* § 4617(b)(2)(J)(ii). The Court reasoned that because of that statutory authorization, "when the FHFA acts as a conservator, it may aim to rehabilitate the regulated entity in a way that, while not in the best interests of the regulated entity, is beneficial to the Agency and, by extension, the public it serves." *Collins*, 141 S. Ct. at 1776. Because "the FHFA could have reasonably concluded that [the Third Amendment] was in the best interests of members of the public who rely on a stable secondary mortgage market," the Court explained, HERA "authorized the Agency to choose this option." *Id.* at 1777. And because the FHFA was acting within the scope of its authority as conservator, HERA barred the plaintiffs' claim for injunctive relief. *Id.* at 1778.

These cases involve a different type of reasonableness analysis. A party to a contract violates the implied covenant of good faith and fair dealing if it "act[s] arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party reasonably expected." *Nemec*, 991 A.2d at 1125. The question is not whether defendants acted reasonably *in the abstract*—rather, "[w]hen conducting this analysis, [a court] must assess the parties' reasonable expectations at the time of contracting." *Id.* at 1126; *see also Perry II*, 864 at 631 ("We remand [the implied covenant] claim . . . for the district court to evaluate it under the correct legal standard, namely, whether the Third Amendment violated the reasonable expectations of the parties.").

In other words, *Collins* does not resolve the issue here, because although reasonableness factors into both analyses, it is reasonableness with respect to different matters. At issue in *Collins* was whether FHFA could reasonably have determined that adopting the Third Amendment was

"in the *best interests* of the *regulated entity* or the *Agency*," 12 U.S.C. § 4617(b)(2)(J)(ii) (emphasis added), and thus acted within its statutory authority as conservator of the GSEs in so doing. Here, in contrast, the issue is whether FHFA "violated the reasonable *expectations* of the *parties*" by adopting the Third Amendment. *Perry II*, 864 F.3d at 631 (emphasis added).

Defendants miss the difference between the relevant inquiries because they misapprehend the applicable legal standard for implied covenant claims. Defendants argue that "[a] breach of implied covenant claim involves a two-pronged inquiry: (1) whether the defendant acted arbitrarily and unreasonably, *and* (2) whether the defendant acted in a way that was not reasonably expected by the plaintiff." Defs.' Mot. for S.J. at 12 n.1 (emphasis in original). On defendants' understanding, the Court need not reach the question of whether FHFA violated plaintiffs' reasonable expectations so long as FHFA acted reasonably *in the abstract*. That simply is not a correct reading of Delaware or Virginia law.

Whether defendants acted reasonably and whether they violated plaintiffs' reasonable expectations are not two separate prongs; rather, the former is determined *in reference* to the latter. Defendants cite one Delaware Superior Court case stating that "[i]f [the plaintiff] succeeds in demonstrating that its reasonable expectations under the [contract] have been thwarted, in order to benefit from the implied covenant of good faith and fair dealing, [the plaintiff] *next* must prove that Defendants have acted arbitrarily or unreasonably." *TWA Res. v. Complete Production Servs., Inc.*, No. N11C-08-100-MMJ, 2013 WL 1304457, at *11 (Del. Super. Mar. 28, 2013) (emphasis added) (citing *Nemec*, 991 A.2d at 1126). But that unreported trial-court opinion appears to mischaracterize governing Delaware law. The Delaware Supreme Court has stated plainly that "what is 'arbitrary' or 'unreasonable'—or conversely 'reasonable'—depends on the parties' original contractual expectations." *Gerber v. Ent. Pords. Holdings, LLC*, 67 A.3d 400, 419 (Del.

11

2013) (quoting *ASB Allegiance*, 50 A.3d at 442), *overruled on other grounds by Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808 (Del. 2013); *see also Nemec*, 991 A.2d at 1126 (emphasis added) ("[Courts] will only imply contract terms when the party asserting the implied covenant proves that the other party has acted arbitrarily or unreasonably, *thereby* frustrating the fruits of the bargain that the asserting party reasonably expected."). While the Virginia Supreme Court has not so clearly laid out a standard for evaluating implied covenant claims, courts applying Virginia law have favorably cited the Second Restatement's definition of the implied covenant and its comment stating that "[g]ood faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Restatement (Second) of Contracts § 205 & cmt. a (1981); *see SunTrust Mortg., Inc. v. Mortgages Unlimited, Inc.*, 2012 WL 1942056, at *3 (E.D. Va. May 29, 2013); *Howie v. Atl. Home Inspection, Inc.*, 62 Va. Cir. 164, 2003 WL 23162330, at *4–5 (Va. Cir. Ct. 2003). Moreover, defendants cite no Virginia authority for their bifurcated test.

Defendants make no argument at this stage concerning plaintiffs' reasonable expectations. Accordingly, their reliance on *Collins* does not help them to meet their burden as movants for summary judgment of showing that they are entitled to judgment as a matter of law.

## 2. The Contract Itself Did Not Specifically Authorize the Third Amendment

Defendants next argue that a claim for breach of the implied covenant of good faith and fair duty cannot lie because this Court has held that plaintiffs' shareholder contracts incorporate HERA, which the Supreme Court held in *Collins* "authorized" the Third Amendment, leaving no "gaps" for the implied covenant to fill. *See Nemec*, 991 A.2d at 1125–26. That argument, like the previous one, fails because defendants misread Delaware and Virginia law.

12

It is true that in Delaware, "one generally cannot base a claim for breach of the implied covenant on conduct authorized by the agreement." *Nemec*, 991 A.2d at 1125–26 (alteration removed) (quoting *Dunlap*, 878 A.2d at 441). Similarly, "in Virginia, when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." *Ward's Equipment, Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 385 (1997). And it is true that this Court held in a previous opinion that "certain changes to federal law—*i.e.*, those affecting governance of the GSEs and their relationships with their shareholders—amend or inform the investor contract." *Fairholme Funds*, 2018 WL 4680197, at *9.

But whether a certain act falls within FHFA's statutorily authorized discretion and whether FHFA may incur monetary damages for exercising that discretion in a manner inconsistent with its independent contractual obligations are two separate inquiries. HERA makes that much clear by authorizing FHFA, in its capacity as conservator of the GSEs, to repudiate contracts, 12 U.S.C. § 4617(d)(1), while also providing for the assessment of damages when FHFA does so, *id.* § 4617(d)(3); *see also Perry II*, 864 F.3d at 630 (citing repudiation provision for proposition that "the Companies' contractual obligations otherwise remain in force"). As this Court previously explained when evaluating a similar argument at the motion to dismiss stage, "Defendants cannot simply say that since HERA permits the conservator to act in its own best interests, the FHFA can do whatever it wants and Plaintiffs could not expect otherwise. The question is whether Defendants exercised their discretion arbitrarily or unreasonably in a way that frustrated Plaintiffs' expectations under the contract." *Fairholme Funds*, 2018 WL 4680197, at *13.

Because HERA only authorizes the *discretion* through which FHFA agreed to the Third Amendment, rather than the Third Amendment itself, the prohibition of implied covenant claims

13

based on contractually authorized conduct does not bar plaintiffs' claims and does not entitle defendants to summary judgment.

### 3.   Some Disputed Issues of Material Fact Remain as to Damages

Next, defendants argue that they are entitled to summary judgment because a reasonable jury could not conclude from the summary judgment record that the Third Amendment caused plaintiffs harm, a key element of plaintiffs' implied covenant claim. Defendants argue that in order to accept either plaintiffs' theory of harm or their proposed measure of damages, a jury would have to rely on inferences that the record does not reasonably support. The Court agrees in part.

As an initial matter, an impermissibly speculative *measure* of damages does not necessarily preclude a finding of *harm* for purposes of liability, as both Delaware and Virginia law distinguish between the degree of certainty required to establish each. *See SIGA Technologies*, 132 A.3d at 1111 (emphasis in original) (footnotes and citations omitted) ("[W]hen a contract is breached, expectation damages can be established as long as the plaintiff can prove the *fact* of damages with reasonable certainty. The *amount* of damages can be an estimate."); *MCR Federal*, 294 Va. at 462 (2017) (internal quotation marks and citation omitted) ("When it is certain that substantial damages have been caused by the breach of a contract, and the uncertainty is not whether there have been any damages, but only an uncertainty as to their true amount, then there can rarely be any good reason for refusing all damages due to the breach merely because of that uncertainty.").

Accordingly, the Court begins with the question of whether a reasonable jury could conclude from the summary judgment record that the Third Amendment caused plaintiffs any harm. In both Delaware and Virginia, plaintiffs seeking to establish liability on a contract must prove the fact of harm resulting from the alleged breach "with reasonable certainty." *SIGA Technologies*, 132 A.3d at 1111; *see also MCR Federal*, 294 Va. at 461–62. In other words, though

14

the evidentiary burden is only a preponderance of the evidence, "speculation and conjecture" as to whether the plaintiff suffered any substantial amount of harm "cannot form the basis for recovery." *Condominium Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condominium, Inc.*, 281 Va. 561, 577 (internal quotation marks omitted) (quoting *Shepherd v. Davis*, 265 Va. 108, 125 (2003)); *see also Kronenberg v. Katz*, 872 A.2d 568, 609 (Del. Ch. 2004) (quoting *Laskowski v. Wallis*, 205 A.2d 825, 826 (Del.1964)) ("Under Delaware law, plaintiffs . . . cannot recover damages that are 'merely speculative or conjectural.'").

To be sure, Delaware and Virginia law do not necessarily bar liability on a theory of harm that relies on contingencies other than the alleged breach, but the plaintiff must be able to prove to a reasonable factfinder that such contingencies were reasonably certain to occur. For example, in *BTG Int'l, Inc. v. Wellstate Therapeutics Corp.*, No. 12562-VCL, 2017 WL 4151172 (Del. Ch. Sept. 19, 2017), the Delaware Chancery Court noted that Delaware "[c]ourts will award damages for a renewal term" of a contract whose renewal was forgone because of the alleged breach "when a plaintiff can prove that the contract would have been renewed with reasonable certainty," but nevertheless determined that such an award of damages was inappropriate in the case before it because the initial contract did not expire until eight years after the alleged breach, and "[p]redicting how [the parties] would approach the renewal right eight years in the future would be, at best, an educated guess." *Id.* at *20. And in *TechDyn Sys. Corp. v. Whittaker Corp.*, 245 Va. 291 (1993), the Virginia Supreme Court affirmed a trial court's decision to exclude as speculative evidence of lost profits that depended on the assumption that the plaintiff "would have been the successful bidder on" other contracting projects. *Id.* at 299. In other words, under both Delaware and Virginia law, neither the overall theory of harm nor the contingencies upon which it depends may be speculative or conjectural; both must be reasonably certain to have occurred.

15

The Court must therefore evaluate whether the summary judgment record contains evidence from which a reasonable jury could conclude that the harms plaintiffs allege, and any contingencies upon which those harms depend, occurred without relying on mere speculation and conjecture. At this stage, plaintiffs appear to offer two different theories of harm that they contend they can prove with reasonable certainty. First, and primarily, they argue that the Third Amendment deprived them of future dividends that they otherwise would have received. Second, and in the alternative, they argue—and defendants do not directly dispute on the merits—that by eliminating any possibility of future dividends, the Third Amendment at least caused their shares to decline significantly in value. The Court will refer to those theories as "the lost-dividends theory" and "the lost-value theory," respectively.[3] For the reasons that follow, the Court concludes that defendants are entitled to summary judgment on the lost-dividends theory but that a genuine dispute of material fact precludes summary judgment on the lost-value theory.

> *(i)  No genuine dispute remains as to the lost-dividends theory.*

Before applying the legal principles outlined above to plaintiffs' lost-dividends theory— that the Third Amendment deprived plaintiffs of dividends that they would have eventually received—it is important to note three propositions that neither party disputes. First, before the Third Amendment, the PSPAs and Treasury Stock Certificates prohibited the GSEs from paying down Treasury's Liquidation Preference absent certain conditions that have never in fact occurred, and the Third Amendment did not change that. *See* PRDSUMF ¶ 8.[4] Second, and as a result, any

---

[3] One might hypothesize that a decline in stock price caused by the Third Amendment would reflect a corresponding decline in probability-adjusted expectations regarding future dividends, and thus that these two theories of harm are closely related. But plaintiffs apparently do not believe that the post–Third-Amendment decline in stock price captured the entire value of the possible future dividends extinguished by the Net Worth Sweep. *See* Pls.' Opp'n to Defs.' Mot. for S.J. at 36, Fairholme ECF No. 151, Class ECF No. 147 ("[E]ven [the decline in stock price] establishes the existence of damages, although it significantly understates them.").

[4] Plaintiffs "[d]ispute[]" that proposition only insofar as they maintain that "[t]he PSPAs can be *amended* to permit Fannie Mae and Freddie Mac to pay down the Treasury liquidation preference." *Id.* (emphasis added).

significant paydown would only be possible through a further amendment to the PSPAs. *See id.* Third, even without the Third Amendment, the GSEs would not have been able to resume paying plaintiffs dividends without first paying down Treasury's Liquidation Preference, which in the real world they have yet to do. *See* Pls.' Opp'n to Defs.' Mot. for S.J. ("Pls.' Opp'n") at 26–37, Fairholme ECF No. 151, Class ECF No. 147. Thus, in order to find it reasonably certain that the Third Amendment actually deprived plaintiffs of future dividends, a jury would have to find it reasonably certain that, among other things, Treasury and FHFA eventually would have amended the PSPAs to allow a paydown of the Liquidation Preference.

Defendants argue that they are entitled to summary judgment on the fact of damages under plaintiffs' lost-dividends theory because there is insufficient evidence in the record from which a reasonable factfinder could conclude with reasonable certainty that Treasury and FHFA would have amended the PSPAs to allow such a paydown. The Court agrees.

There certainly is no *direct* evidence in the record that Treasury and FHFA planned to amend the PSPAs to allow a paydown if they did not implement the Net Worth Sweep. Defendants have adduced evidence that early in negotiations leading to the first two amendments, FHFA proposed a revision that at least would have eased restrictions on paydown and Treasury rejected that proposal. *See* Letter from A. Pollard to S. Albrecht (Feb. 25, 2009); DSUMF ¶ 10; PRDSUMF ¶ 10. Plaintiffs can point to no evidence that Treasury had any actual plans to reverse that position around the time it agreed to the Third Amendment. Plaintiffs must therefore rely on circumstantial evidence to prove a key assumption underlying the lost-dividends theory.

Plaintiffs argue that a reasonable jury could infer that Treasury would have allowed a paydown for four reasons cited in the report of their expert, Dr. Joseph R. Mason: First, the federal government has historically allowed prompt repayment of emergency financial assistance it has

17

given to companies in times of financial crisis; second, allowing a paydown would have served the conservatorship's goal of returning the GSEs to stability and normal operations; third, a paydown would serve Treasury's financial interests by resulting in the prompt return of the money it loaned to the GSEs and maximizing the value of its stock warrants; and fourth, continuing to prohibit a paydown would have been politically unpopular because the GSEs would have built up substantial capital while still owing taxpayers billions of dollars. *See* Pls.' Opp'n at 31–33; Corrected Expert Report of Joseph R. Mason ("Mason Report") ¶ 43, Ex. MM to Defs.' Mot. for S.J., Fairholme ECF No. 145-40, Class ECF No. 143-40. In sum, plaintiffs essentially argue that they could convince a reasonable jury that but for the Third Amendment, Treasury and FHFA would have had every financial and political incentive to bargain for a paydown and that doing so would be consistent with historical practice. Then, plaintiffs contend, the jury could reasonably infer that Treasury and FHFA would have acted on those incentives.

The flaw in plaintiffs' argument is that it requires the jury simply to *guess* how Treasury and FHFA would have balanced their obligations to different stakeholders and responded to financial and political incentives in a counterfactual world. For example, it is conceivable that Treasury would have considered it more financially advantageous in the medium or long term to keep the GSEs on the hook for substantial payments based on the large Liquidation Preference— or even to wind them down by some means other than the Net Worth Sweep—than to take advantage of large capital surpluses in the short term by allowing prompt repayment. It also is uncertain how strong the political will would have been to see the GSEs repay taxpayers by paying down the Liquidation Preference rather than continuing to pay Treasury dividends and PCFs. Moreover, even if Treasury and FHFA found it mutually beneficial to negotiate an amendment easing restrictions on paydown of the Liquidation Preference, it is difficult to say whether they

ultimately would be able to reach an agreement and whether the specific terms of that agreement in fact would result in a paydown in the foreseeable future that would be substantial enough for the GSEs to resume paying dividends to plaintiffs.

To be sure, it might be a "reasonable inference," in the sense of the summary judgment standard, to infer from the incentives at play that it would have been *rational* for Treasury and FHFA to agree to a paydown of the Liquidation Preference, eventually, in some way, shape, or form. But, as explained above, Delaware and Virginia law both require *reasonable certainty* as to the fact of damages; and a reasonable inference that it would be *rational* for one to take a course of action does not alone support a further inference that it is *reasonably certain* one would take that course of action. That Treasury and FHFA would have amended the PSPAs to allow a paydown rather than responding to their incentives in some other manner would be, "at best, an educated guess" that assumes the occurrence of contingencies for which there is no specific support in the record. *Cf. BTG Int'l*, 2018 WL 4151172, at *20.

Nor does the federal government's past practice of generally allowing recipients of financial assistance to repay their debts support an inference of reasonable certainty that Treasury would have allowed the GSEs to pay down the Liquidation Preference in the foreseeable future. Plaintiffs cite *M & G Polymers, LLC v. Carestream Health, Inc.*, No. 07C-11-242-PLA, 2010 WL 1611042 (Del. Super. Apr. 21, 2010) for the proposition that courts often allow theories of harm to proceed to trial where past practice would allow a factfinder to determine with reasonable certainty that a key contingency would have occurred, but that case is inapposite here. The court in that case concluded that expert testimony opining that the plaintiff and defendant likely would have renewed their contract for one period was not merely speculative. *Id.* at *39–40. Key to the court's reasoning was uncontroverted evidence that "both [parties] have a history of renewing"

similar contracts for at least one period. *Id.* at \*40 (quoting *M & G Polymers, LLC v. Carestream Health, Inc.*, No. 07C-11-242-PLA, 2009 WL 353466, at \*9 (Del. Super. Aug. 5, 2009)). In other words, both parties to the contract had a demonstrated history of doing something uncomplicated and not inconsistent with the contract's terms—renewing it—in precisely the same way it was theorized they would have done again but for the breach. Here, in contrast, plaintiffs and their expert base their conclusion that Treasury would have amended the PSPAs, which prohibited a substantial paydown, to allow such a paydown, on federal agencies' general historical practice of minimizing the amount of time spent as conservators of private companies and Treasury's post-2008 practice of allowing a redemption of stock it had purchased in non–government-sponsored companies like AIG, without any evidence of whether Treasury previously had agreements with those companies prohibiting such a redemption. *See* Mason Report, App. C, ¶¶ 1–14. Moreover, plaintiffs cannot point to *any* historical practices by the other party to the PSPAs—FHFA—which did not even exist prior to HERA.[5]

Even taking into account the general historical practices plaintiffs cite, a jury would be left to guess as to whether Treasury would have behaved similarly under materially different circumstances and made the affirmative decision to amend a contract that did not allow the paydown that plaintiffs' primary theory of harm assumes—and whether FHFA, which has no prior history with similar financial arrangements, even would have pushed the issue. Even a good guess would require an inherently speculative logical leap that could not result in the reasonable certainty that Delaware and Virginia law require as to damages. The Court therefore concludes that defendants are entitled to summary judgment on plaintiffs' lost-dividends theory of harm.

---

[5] Plaintiffs also cite *LG Display Co., Ltd. V. AU Optronics Corp.*, 722 F. Supp. 2d 466 (D. Del. 2010), but that is a patent case applying a test that the Federal Circuit has approved for determining a "reasonable royalty" for a patent license based on, among other things, industry practice, *see id.* at 471–72, and thus is of little relevance to determining damages based on the parties' past practice in a Delaware-and-Virginia–law contract case.

*(ii) A genuine dispute remains as to the lost-value theory.*

However, in their opposition to defendants' motions for summary judgment, plaintiffs suggest an alternative theory of harm: that the Third Amendment, by eliminating any possibility of future dividends for non-Treasury shareholders, deprived plaintiffs' shares of much of their value, even if such dividends were not reasonably certain to occur in the foreseeable future. Specifically, plaintiffs argue that an event study by one of defendants' experts showing a sharp decline in stock prices after the Third Amendment's announcement "refutes the claim that this action caused no harm." Pls.' Opp'n at 35.[6] The Court agrees that on that lost-value theory, disputed issues of material fact preclude summary judgment as to the fact of harm.

Defendants do not dispute on the merits the proposition that a decline in share value caused by the elimination of possible future dividends would constitute a cognizable harm under Delaware or Virginia law. Instead, they argue in conclusory fashion that "[p]laintiffs cannot avoid summary judgment based on a theory of harm that their own expert rejected," Defs.' Reply to Pls.' Opp'n ("Defs.' Reply") at 18, Fairholme ECF No.157-3, Class ECF No. 152-3, a reference to Dr. Mason's argument that the decline in stock price underestimates the value of possible future dividends, *see* Expert Reply Report of Joseph R. Mason ("Mason Reply Report") ¶ 85, Fairholme ECF No. 145-42, Class ECF No. 143-42; Depo. of Joseph R. Mason at 51:1–22, 55:6–22, 79:20–81:13, Ex. SS to Defs.' Reply, Fairholme ECF No. 157-3, Class ECF No. 152-3. But defendants cite no authority for the proposition that relying on expert testimony for one assertion estops a party from making an argument inconsistent with another assertion in that expert's testimony. Such an estoppel

[6] The parties do not cite the event study itself, referring instead to PSAMF ¶ 97, which draws conclusions about damage calculations from it but does not appear to describe or cite it. Neither party, however, disputes its basic content, and other materials in the summary judgment record, cited below, show a robust dispute between the parties' experts over the relevance of the drop in stock price.

argument makes especially little sense here, as it is clear that plaintiffs' expert considered the drop in stock price an *underestimate* of the harm plaintiffs suffered rather than a non-harm entirely.

There is no reason to preclude plaintiffs from relying on the lost-value theory in the alternative to defeat total summary judgment. The Court therefore concludes that defendants are not entitled to summary judgment *in full* on the question of damages, there being a lingering dispute of material fact as to whether the Third Amendment and its elimination of possible future dividends harmed plaintiffs by depriving them of much of the value of their shares. Since defendants do not specifically dispute that plaintiffs can prove the amount of damages resulting from that alleged harm, the Court has no occasion to consider that separate question at this time.

### 4. Plaintiffs' Proposed Alternative Remedy Is Barred

Finally, defendants argue that plaintiffs' alternative request for "restitution" is barred as a matter of law, both by HERA and as an impermissible windfall under equitable principles governing that remedy.  The "alternative request" to which defendants refer comes in two passages in Dr. Mason's expert report proposing "restitution" as an "alternative measure of damages." Mason Report ¶ 15; *see also id.* ¶¶ 94–95. The Court agrees that HERA bars the alternative remedy that plaintiffs seek and accordingly does not reach defendants' further argument that that remedy would grant plaintiffs an impermissible windfall.

According to defendants, plaintiffs' alternative request for "restitution" would violate a provision of HERA found at 12 U.S.C. § 4617(f), which states that, "[e]xcept as provided in this section or at the request of the Director, no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator or a receiver." The D.C. Circuit has described that clause as "draw[ing] a sharp line in the sand against litigative interference— through judicial injunctions, declaratory judgments, or other equitable relief—with FHFA's

statutorily permitted actions as conservator or receiver." *Perry II*, 864 F.3d at 606. Defendants argue that "restitution," as plaintiffs use that word, is a form of "other equitable relief" that the statute bars. By "equitable relief," this Court understands the D.C. Circuit to mean remedies other than a money judgment or enforcement thereof. That is apparent from its grouping of "other equitable relief" with "judicial injunctions," *id.*, and from the text of the statute, which speaks of remedies that "restrain or affect the exercise of powers or functions of the Agency as a conservator or a receiver," 12 U.S.C. § 4617(f). Thus, the Court must determine what type of alternative remedy plaintiffs propose and whether it requires only the payment of a money judgment or something more.

Despite Dr. Mason's use of the word "restitution," the remedy he describes is more precisely characterized as "rescission." Courts often use the word "restitution" to mean at least three different things—the first an independent cause of action and the others alternative remedies for breach of contract. *See* Restatement (Third) of Restitution & Unjust Enrichment, Intro. Note to Pt. 2, Ch. 4 (2011). In his report, Dr. Mason explains that the proposed alternative remedy of "restitution" would "requir[e] the Defendants to disgorge the net benefits they have received under the contracts" and plaintiffs to "give up [their] right to the shares," resulting in an "unwinding [of] the [shareholder] contracts in their entirety." Mason Report ¶¶ 94–95. That describes a use of the word "restitution" that the Restatement calls "rescission," an alternative remedy for breach of contract which "requires a mutual restoration and accounting in which each party (a) restores property received from the other, to the extent such restoration is feasible, (b) accounts for additional benefits obtained at the expense of the other party as a result of the transaction and its subsequent avoidance, as necessary to prevent unjust enrichment, and (c) compensates the other for loss from related expenditure as justice may require." Restatement (Third) of Restitution &

23

Unjust Enrichment § 54(2). And indeed, Dr. Mason himself notes that his proposed alternative remedy is called "'rescission' in some courts." Mason Report ¶ 94.

Although Dr. Mason describes that remedy as "an alternative measure of damages," *id.* ¶ 15, it is actually a form of equitable relief barred by § 4617(f). The Supreme Courts of Delaware and Virginia, whose laws govern plaintiffs' claims, have both described rescission as an equitable remedy. *See Devine v. Buki*, 289 Va. 162, 172–73 (2015) (describing rescission as an "equitable remedy"); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P*, 817 A.2d 160, 176–78 (Del. 2002) (describing "rescission" and "rescissory damages" as "equitable remedies"). And that classification fits the way the D.C. Circuit used the phrase "equitable relief" in *Perry II*, 864 F.3d at 606. Rescission here would require more than a money judgment. It would terminate plaintiffs' shareholder contracts, extinguishing their ownership rights and forcing a reorientation of the GSEs' capital structure. And because that remedy would be for an action that FHFA took within the scope of its authority as conservator—adopting the Third Amendment—it would violate § 4617(f).

Plaintiffs argue that "monetary restitution" is a legal remedy rather than an equitable one, but the four principal cases they cite for that proposition do not support their position. One describes as legal (in *dictum*) a remedy that it calls "unjust enrichment" or "restitution" but the Restatement calls "performance-based damages," whereby the nonbreaching party simply recovers the value it bestowed on the breaching party without any further need to unwind an ongoing contractual relationship. *Dickerson v. Villages of Five Points Property Owners Ass'n, Inc.*, No. 2020-0420-PWG, 2020 WL 7251512, at *5 (Del. Ch. Dec. 9, 2020); *see* Restatement (Third) of Restitution & Unjust Enrichment § 38. Two others concern money judgments as a remedy for the *cause of action* known as restitution. *Clark v. Teeven Holding Co., Inc.*, 625 A.2d

869, 878 (Del. Ch. 1992); *Belcher v. Kirkwood*, 238 Va. 430, 432–33 (1989). The last case describes a "claim for return of the payments" as "one cognizable at law" but a "request for rescission [as] solely for equitable relief." *Primrose Dev. Corp. v. Benchmark Acquisition Fund I Ltd. P'ship*, 45 Va. Cir. 461, 1998 WL 972200, at *2–3 (Va. Cir. 1998). None of those cases stand for the proposition that the remedy of *rescission* is, or can be, legal rather than equitable, and all of them discuss remedies that *solely* involve a money judgment.[7] Here, in contrast, Dr. Mason proposes a wholesale unwinding of the shareholder contracts, with plaintiffs giving up their rights as shareholders. That is an equitable remedy that, as explained above, includes more than just a money judgment.

Properly understood, the alternative remedy of rescission that Dr. Mason proposes asks the Court to "affect the exercise of powers or functions of the Agency as a conservator or a receiver" in violation of HERA. 12 U.S.C. § 4617(f). Accordingly, defendants are entitled to summary judgment on the unavailability of that remedy.[8]

## B. Plaintiffs' Motions for Partial Summary Judgment

Plaintiffs in both cases also move for partial summary judgment on a narrow issue: whether the provision of the PSPAs entitling Treasury to PCFs would have been enforceable in a world without the Third Amendment. Plaintiffs argue that those provisions are unenforceable as a matter

---

[7] The Restatement takes the position that "[r]escission as a remedy for breach of contract is not available against a defendant whose defaulted obligation is exclusively an obligation to pay money." Restatement (Third) of Restitution & Unjust Enrichment § 37(2).

[8] The Court further notes that even if HERA did not bar rescission as a remedy for the alleged breach of the implied covenant of good faith and fair dealing, under both Delaware and Virginia law, "the remedy of equitable rescission [for a contract claim] is only available when the underlying breach . . . is 'substantial' or 'material.'" *Young-Allen v. Bank of America, N.A.*, 298 Va. 462, 469 (2020); *see also Segovia v. Equities First Holdings, LLC*, C.A. No. 06C-09-149-JRS, 2008 WL 2251218, at *23 (Del. Super. May 30, 2008) (emphasis added) ("The concept of cancelling contracts upon a *material breach* is well-settled in Delaware law."). "A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Horton v. Horton*, 254 Va. 111, 115 (1997). While defendants do not raise that issue in their summary judgment motion, and thus the Court will not grant summary judgment on that ground, plaintiffs also do not explain how they intend to prove at trial that the alleged breach here was material.

of New York law, which governs them, and under federal statutes setting out the GSEs' charters; or, in the alternative, that no PCF could have been assessed before 2016 because of the expiration of a contractual deadline for setting a periodic commitment fee for the period between 2011 and 2015. Thus, plaintiffs contend, no disputed issue of material fact remains as to whether, in their but-for world, the GSEs would have paid Treasury PCFs, at least before 2016. Plaintiffs argue that the alleged unenforceability of the PCF provisions affects both liability, because it informs what plaintiffs' reasonable expectations were at the time of the Third Amendment,[9] and damages, because it affects the GSEs' projected profitability in the but-for world.

Defendants raise a host of counterarguments, both procedural and substantive, in opposition to plaintiffs' motion. Most importantly, they argue that without evidence suggesting that the PCFs *would not* have been assessed as a matter of fact, a determination in 2022 that they *should not* have been assessed as a matter of law would not itself be material to determining plaintiffs' reasonable expectations at the time of the Third Amendment or the profits the GSEs could have been expected to reap but for the Net Worth Sweep. The Court agrees.

Plaintiffs are not necessarily wrong to suggest that the assessment of PCFs or lack thereof would have affected their reasonable expectations of what FHFA might "bargain away" in negotiations over an amendment to the PSPAs, and they are doubtless correct that it would have affected the GSEs' ability to pay future dividends in a world without the Net Worth Sweep. But whether plaintiffs reasonably could have expected the GSEs to pay PCFs to Treasury and whether the GSEs in fact would have done so—and thus burdened their future ability to pay dividends to

---

[9] This Court has previously held that the relevant time of "contracting" for purposes of evaluating plaintiffs' implied covenant claim is the time immediately before the enactment of the Third Amendment. *See Fairholme Funds*, 2018 WL 4680197, at *8–9.

non-Treasury shareholders—are factual questions conceptually distinct from the legal question of whether the GSEs could have been *required* to do so.

With respect to liability, plaintiffs argue that "[a]n interpretation of the [PSPAs] that is at odds with governing law is per se unreasonable," and thus, "[i]f the PCF was legally unenforceable, the only reasonable shareholder expectation, as a matter of law, was that the PCF would never be paid," Pls.' Reply to Defs.' Opp'n to Pls.' Mot. for Partial S.J. at 3, Fairholme ECF No. 156, Class ECF No. 151, but that argument is unpersuasive for two reasons. First, plaintiffs do not cite any authority, whether from Delaware, Virginia, or elsewhere, to support it. Second, it makes no logical sense. It does not follow from a third party's legal conclusion—even a correct one—that a contractual provision is unenforceable that the parties to the contract will not perform according to the terms of that provision. The logical link that is missing is evidence that some person would have challenged the provision, or that one of the parties to the contract would have declined to perform. And plaintiffs point to no evidence, much less undisputed evidence, that anyone at FHFA or Treasury considered the PCF provisions unenforceable or had any plans not to comply with their terms, nor that any person planned to challenge them in court. Plaintiffs therefore have not demonstrated that no genuinely disputed issue of material fact remains as to whether they reasonably could have expected the GSEs to pay PCFs to Treasury.

With respect to damages, plaintiffs argue that if the PCF provisions are unenforceable, the jury can assume for purposes of calculating expectation damages that the GSEs would not have paid PCFs to Treasury in a world without the Net Worth Sweep. But again, that does not follow, because plaintiffs point to no evidence suggesting that the GSEs in fact would not have done so.

Plaintiffs therefore have not demonstrated that no genuinely disputed issue of material fact remains as to whether the GSEs would have paid PCFs to Treasury but for the Net Worth Sweep.[10]

Because plaintiffs have not met their burden as the moving party of demonstrating that no genuine dispute of material fact remains as to the issues raised in their motion, they are not entitled to partial summary judgment regarding the enforceability of the PCF provisions. The Court has no occasion to consider on the merits whether the provisions are enforceable.

## V.    CONCLUSION

In accordance with the above analysis,

1)  In No. 1:13-cv-1053-RCL, Defendants' Motion [145] for Summary Judgment will be **GRANTED** with respect to the lost-dividends theory of harm and plaintiffs' proposed alternative remedy of rescission and **DENIED** in all other respects, and Plaintiffs' Motion [146] for Partial Summary Judgment will be **DENIED**.

2)  In No. 1:13-mc-1288-RCL, Defendants' Motion [143] for Summary Judgment will be **GRANTED** with respect to the lost-dividends theory of harm and plaintiffs' proposed alternative remedy of rescission and **DENIED** in all other respects, and Plaintiffs' Motion [144] for Partial Summary Judgment will be **DENIED**.

Separate orders in each case consistent with this Memorandum Opinion shall issue this date.

Date: September 23, 2022                               /s/ Royce C. Lamberth
                                                        Royce C. Lamberth
                                                        United States District Judge

---

[10] The Court further notes that given its determination that defendants are entitled to summary judgment on plaintiffs' lost-dividends theory of harm, it is now less clear what effect PCFs would have on damage calculations.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FAIRHOLME FUNDS, INC.**, *et al.*,

    *Plaintiffs,*

**v.**
                           **Case No. 1:13-cv-1053-RCL**

**FEDERAL HOUSING FINANCE
AGENCY**, *et al.*,

    *Defendants.*

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion:

Defendants' Motion [145] for Summary Judgment (redacted version at [148]) is **GRANTED** insofar as no genuine dispute remains on the fact of harm on the theory that plaintiffs were denied dividends that they otherwise were reasonably certain to receive, and insofar as plaintiffs' proposed alternative remedy of rescission and restitution is barred as a matter of law; and **DENIED** insofar as a genuine dispute of material fact remains on the fact of harm on the theory that plaintiffs' shares lost of much of their value, and in all other respects.

Plaintiffs' Motion [146] for Partial Summary Judgment is **DENIED**.

The Memorandum Opinion was filed under seal because it references documents the parties filed under seal. It is hereby **ORDERED** that the parties meet and confer and jointly identify which, if any, parts of the Memorandum Opinion should remain sealed within five days.

    **IT IS SO ORDERED.**

Date: September 23, 2022
                                 /s/ Royce C. Lamberth
                                 Royce C. Lamberth
                                 United States District Judge